Miscellaneous Docket No. _____

# United States Court of Appeals

*for the*

# Federal Circuit

---

IN RE GOOGLE INC.,

*Petitioner.*

---

*On Petition for a Writ of Mandamus to the*
*U.S. District Court for the Eastern District of Texas in*
*Case No. 2:14-cv-00760-JRG-RSP, Magistrate Judge Roy S. Payne*

---

# PETITION FOR WRIT OF MANDAMUS WITH APPENDIX IN SUPPORT

David A. Perlson
Michelle Clark
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
415-875-6600 telephone
415-875-6700 facsimile

*Attorneys for Petitioner Google Inc.*

JUNE 1, 2015

## CERTIFICATE OF INTEREST FOR GOOGLE INC.

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Petitioner Google Inc. certifies the following:

1.     The full name of every party represented by the undersigned is Google Inc.

2.     There are no other real parties in interest represented by the undersigned.

3.     There are no parent corporations or publicly held companies that own 10 percent or more of the stock of the party represented by the undersigned.

4.     The names of all law firms and the partners or associates that appeared for the party now represented by the undersigned in the trial court or agency, or are expected to appear in this Court, are:

Quinn Emanuel Urquhart & Sullivan LLP:  David A. Perlson, Michelle A. Clark, Antonio Sistos, Miles D. Freeman, and William O. Cooper ;

Potter Minton:  Michael E. Jones, Allen F. Gardner, and Patrick C. Clutter IV;

Mayer Brown LLP: John P. Mancini, Amr O. Aly, Ann Marie Duffy, and Saqib J. Siddiqui.


DATED:  June 1, 2015                    /s/ *David A. Perlson*
                                        _____
                                        Counsel of Record for Petitioner Google Inc.

i

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST FOR GOOGLE INC...............................................I

INTRODUCTION ........................................................................................1

RELIEF SOUGHT .....................................................................................3

ISSUES PRESENTED..................................................................................3

STATEMENT OF FACTS ...........................................................................4

      A.    Brite Smart Launches Its Litigation Campaign In The Eastern District Of Texas .........................................................................4

      B.    The District Court Fails To Rule On Google's Motion To Transfer And Proceeds To The Merits...................................6

      C.    This Litigation Has Strong Ties To The Northern District Of California that Underlie Google's Motion to Transfer .......................8

REASONS WHY THE WRIT SHOULD ISSUE .................................................11

I.    THIS COURT SHOULD DIRECT THE DISTRICT COURT TO RULE ON GOOGLE'S MOTION TO TRANSFER ....................................12

      A.    A Writ Of Mandamus Is The Proper Remedy Where The District Court Fails To Rule On A Transfer Motion...........................13

      B.    Mandamus Is Appropriate To Prevent Prejudice From The District Court's Delay .......................................................15

II.    MANDAMUS IS ESPECIALLY WARRANTED HERE BECAUSE THIS COURT'S PRECEDENTS REQUIRE TRANSFER OF THIS CASE ..............................................................................................18

      A.    The Private Interest Factors Weigh Heavily In Favor Of Transfer......................................................................................19

           1.    The Relative Ease Of Access To Sources Of Proof Weighs In Favor Of Transfer ..................................................19

**Page**

2.    The Convenience Of Attendance For Willing Witnesses Weighs In Favor Of Transfer ...................................................21

3.    The Availability Of Compulsory Process Weighs In Favor Of Transfer ...................................................................22

4.    There Are No Practical Problems With Transferring This Case To The Northern District Of California ...........................24

B.    The Public Interest Factors Weigh In Favor Of Transfer Or Are Neutral ...........................................................................25

C.    Brite Smart's Attempts To Manipulate Venue Are Entitled To No Weight .............................................................................26

D.    This Court Has Repeatedly Held That A District's Central Location Does Not Favor Denying Transfer .......................................28

III.    THIS COURT SHOULD DIRECT THE DISTRICT COURT TO STAY PROCEEDINGS UNTIL VENUE IS FINALLY RESOLVED........29

CONCLUSION ................................................................................29

APPENDIX ...................................................................................A1

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010) ..........................................................................18

*In re Apple Inc.*,
  456 F. App'x 907 (Fed. Cir. 2012) ...................................................................15

*In re Apple, Inc.*,
  581 F. App'x 886 (Fed. Cir. 2014) ...................................................................22

*Cont'l Grain Co. v. The Barge FBL-585*,
  364 U.S. 19 (1960) ...........................................................................................14

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) ...................................................................25

*In re Fusion-IO, Inc.*,
  489 F. App'x 465 (Fed. Cir. 2012) ....................................................14, 17, 29

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .................................................18, 19, 21, 23, 29

*Hassine v. Zimmerman*,
  160 F.3d 941 (3d Cir. 1998) .............................................................................12

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ...........................................................................................27

*In re Hijazi*,
  589 F.3d 401 (7th Cir. 2009) ............................................................................14

*In re Hoffman-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) .................................................14, 18, 21, 26, 29

*In re Horseshoe Entm't*,
  337 F.3d 429 (5th Cir. 2003) ...........................................................2, 14, 17, 29

*Indus. Tech. Research Inst. v. LG Corp.*,
  No. 10-cv-628, 2011 U.S. Dist. LEXIS 154778 (E.D. Tex. Nov. 29, 2011) .....24

iv

**Page**

*Johnson v. Rogers*,
  917 F.2d 1283 (10th Cir. 1990) .......................................................................17

*Knickerbocker Ins. Co. v. Comstock*,
  83 U.S. 258 (1872) .............................................................................................13

*McClellan v. Carland*,
  217 U.S. 268 (1910) ..........................................................................................13

*McDonnell Douglas Corp. v. Polin*,
  429 F.2d 30 (3d Cir. 1970) ...............................................................15, 16, 17

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011) .......................................................18, 21, 27, 28

*Mitel Networks Corp. v. Facebook, Inc.*,
  943 F. Supp. 2d 463 (D. Del. 2013) ....................................................................23

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
  425 F. Supp. 2d 325 (E.D.N.Y. 2006) ........................................................19, 21

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) .................................................................18, 19, 29

*In re Nintendo Co.*,
  544 F. App'x 934 (Fed. Cir. 2013) ...................................................2, 13, 14, 17

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) .......................................................................18

*Personalweb Techs., LLC v. Yahoo!, Inc.*,
  No. 6:12-cv-658, 2014 WL 1689046 (E.D. Tex. Feb. 12, 2014) .......................16

*Portal Techs. LLC v. IAC/Interactivecorp*,
  No. 2:11-cv-439-JRG-RSP, 2012 WL 3494826 (E.D. Tex. Aug. 15, 2012) .....16

*In re Scott*,
  163 F.3d 282 (5th Cir. 1998) ...................................................................14,, 16

v

**Page**

*In re Syncora Guar. Inc.*,
    757 F.3d 511 (6th Cir. 2014) ......................................................................14, 16

*In re Toa Techs., Inc.*,
    543 F. App'x 1006 (Fed. Cir. 2013) ............................................................18, 25

*TQP Dev., LLC v. Yelp Inc.*,
    No. 2:12-cv-656-JRG-RSP, 2013 WL 5450309 (E.D. Tex. Sept. 30, 2013) .....16

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ..................................................................17, 19

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014) ..........................................................................26

*In re VTech Commc'ns, Inc.*,
    Misc. No. 909, 2010 WL 46332 (Fed. Cir. Jan. 6, 2010) ........................2, 16, 16

*Ventronics Sys., LLC v. Drager Med. GmbH*,
    No. 10-cv-582, 2011 U.S. Dist. LEXIS 154793 (E.D. Tex. Oct. 20, 2011).......24

*In re Volkswagen of Am.*,
    545 F.3d 304 (5th Cir. 2008) ..........................................................17, 19, 23, 28

*Will v. Calvert Fire Ins. Co.*,
    437 U.S. 655 (1978)............................................................................................13

*In re WMS Gaming Inc.*,
    564 Fed App'x 579 (Fed. Cir. 2014) ..................................................................18

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010) ......................................................18, 21, 27, 28

<u>**Statutes**</u>

28 U.S.C. § 1292(b) ................................................................................................17

28 U.S.C. § 1391 ....................................................................................................27

28 U.S.C. § 1404....................................................................................................27

**Page**

28 U.S.C. § 1404(a) ...........................................................................14, 17

## **Federal Rules of Civil Procedure**

Fed. R. Civ. Pro. 72...........................................................................2, 29

## STATEMENT OF RELATED CASES

No appeal in or from the same civil action or proceeding in the lower court has previously been before the Federal Circuit or any other appellate court.

# INTRODUCTION

Like the long line of recent cases in which this Court has mandated transfer, this one has no meaningful connection to the Eastern District of Texas. Two months before filing suit, Plaintiff registered as a foreign company in Texas claiming as its "principal place of business" a Tyler address that it "shares" with at least nine other companies. Plaintiff claims no other connection to the Eastern District of Texas. The Federal Circuit has held repeatedly that such artificial presence in the district that exists for no other purpose than to manufacture venue does not establish convenience in a venue analysis. As a result, Google moved to transfer to the Northern District of California on October 24, 2014.

Instead of granting that motion, however, the district court has not ruled at all. The district court has, however, moved forward with merits-related issues. The magistrate judge[1] entered the schedule on November 24, 2014. The parties have since proceeded to exchange claim construction positions. A *Markman* hearing is scheduled for June 30, 2015. Brite Smart has filed two motions to compel. Google has filed one. Each side has filed motions to supplement their Local Patent Rules Contentions. Google filed a Motion to Dismiss Willfulness Allegations.

---

[1] On July 10, 2014, United States District Judge Rodney Gilstrap referred the case to United States Magistrate Judge Roy S. Payne. (A004, Dkt. 6.)

The district court's failure to rule on Google's transfer motion amounts to an effective pocket veto and denial of transfer.  This Court recognizes the "importance of addressing motions to transfer at the outset of litigation," *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (internal quotation marks omitted), and "before proceeding to any motion on the merits," *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012).  It is a clear abuse of discretion for the district court to wade into the merits without first determining whether it is the appropriate venue to do so.  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam) ("[I]n our view disposition of [a] motion [to transfer] should have taken a top priority in the handling of this case by the . . . District Court.").

It is well established that a court of appeals may grant mandamus to require the district court to rule timely.  Where a remedy is needed for delay, mandamus provides it.  That is especially true here, where the delay might affect the outcome of the motion itself:  the Eastern District of Texas has relied on the familiarity it has acquired with a case—during the pendency of a transfer motion—as a reason to deny transfer.  *In re VTech Commc'ns, Inc.*, Misc. No. 909, 2010 WL 46332, at *1 (Fed. Cir. Jan. 6, 2010).  Even were the magistrate judge to issue an order on Google's transfer motion soon, the parties would file objections pursuant to Federal Rule of Civil Procedure 72(a) before seeking any relief from this Court.  At the current pace, those objections will not likely be ruled on until after the

2

*Markman* hearing on June 30, and potentially not even until after summary judgment proceedings. Thus, Google has no choice but to seek relief from this Court to prevent such prejudice.

Moreover, the delay in ruling is particularly prejudicial because the merits of the motion to transfer are very strong. The Northern District of California is where Google is located and where the accused products are developed. The only named inventor and owner of Brite Smart resides in Florida. Brite Smart's connection to the Eastern District is solely litigation driven.

## RELIEF SOUGHT

Google respectfully requests that the Court grant this petition for a writ of mandamus and direct the district court (i) promptly to rule on Google's motion to transfer and (ii) to stay this case pending final resolution of that motion, including any subsequent petition for a writ of mandamus.

## ISSUES PRESENTED

(1)    Whether this Court should direct the district court to rule on Google's long-pending transfer motion to prevent prejudice to Google and require the resolution of the transfer issue before further litigation proceeds on the merits.

(2)    Whether this Court should direct the district court to stay this litigation pending final resolution of Google's motion to transfer, including disposition of any subsequent petition for a writ of mandamus.

## STATEMENT OF FACTS

### A.     Brite Smart Launches Its Litigation Campaign In The Eastern District Of Texas

Plaintiff Brite Smart Corp. ("Brite Smart") holds itself out as a patent holding and patent licensing company.  Brite Smart incorporated in Delaware in 2002.  (A066.)  It then registered as a foreign corporation in Tyler, Texas on May 9, 2014.  (*Id.*)  Brite Smart filed this suit on July 10, 2014.  (A016.)  Brite Smart's complaint alleged that Google infringes a family of patents which Brite Smart characterized as covering "technology for reducing invalid clicks or click-fraud by enabling advertisement-providers such as [pay-per-click] search engines to detect clicks that likely do not reflect bona-fide indications of Internet users' interest."[2] ( A017.)

---

[2] These patents are U.S. Patent Nos. 7,249,104 ("the '104 patent"), 7,953,667 ("the '667 patent"), 8,326,763 ("the '763 patent"), and 8,671,057 ("the '057 patent") (collectively "the patents-in-suit."). The '104 patent is entitled "Pay-Per-Click System And Method That Determine Whether A Requested Link To A Merchant Website Is Legitimate Or Fraudulent." (A019.) The remaining patents are entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems." (A020–22). The other patents-in-suit claim priority to the '104 patent.

Brite Smart shares its office with at least nine other companies.[3] (A055, ¶ 4; A065–85.)  All ten companies list Michael J. Collins as their corporate representative—e.g., "Manager," "Managing Member," "Member of the Board of Directors," or "Director"—and as their registered agent.  (A065–85.)  Mr. Collins is known to be a private investigator for litigation support.  (A056, ¶ 5.)  The sole common inventor of the four patents-in-suit, Mr. Patrick Zuili, resides in Boca Raton, Florida.  (A059–60, ¶¶ 7-8; A087.)

In opposition to Google's Motion to Transfer Venue, Brite Smart represented that its hardcopy files are located at its alleged office in Tyler, Texas and that these documents "include . . . organizational and operational documents relating to its day-to-day activities."[4]  (A208.)  Despite this representation, as of April 22, 2015, Brite Smart had produced very few documents, and hardly any non-public documents in this case, forcing Google to file a motion to compel the very same "organization and operational documents" Brite Smart represented were

---

[3] The nine companies are: Collins Inv. LLC; Patent Group, LLC; Better Mouse Company, LLC; Piney Woods Patent Group LLC; East Texas Patent Management LLC; Fare Technologies LLC; Aloe Technologies, LLC; Anderson County Jail, LLC; and Collins Inv. 2 LLC.  (A055, ¶ 4; A058, ¶ 5; A065–85.)  The first three companies, along with Brite Smart, are listed physically on the door of the office.  (A055, ¶ 4.)

[4] Brite Smart's Vice-President, Michael Collins, also made this representation in his declaration attached to Brite Smart's Opposition to Google's Motion to Transfer Venue.  (A224, ¶ 8.)

readily available in Tyler, Texas.  (A277–81.)  In opposing Google's Motion to Compel, Brite Smart argued: "Brite Smart Corp. is a relatively simple organization and thus, few documents exist."  (A290.)

### B.    The District Court Fails To Rule On Google's Motion To Transfer And Proceeds To The Merits

On October 24, 2014, Google moved to transfer this case to the Northern District of California.  (A025.)  The transfer motion was fully briefed by December 1, 2014.  (A202; A226; A243.)  On January 7, 2015, Google filed a Request for Oral Hearing on Defendant's Motion to Transfer Venue.  (A009, Dkt. 54.)  To date, the district court has not held a hearing or ruled.[5]

While failing to rule on the pending contested motion regarding transfer, the district court has ordered the parties to engage in claim construction and extensive merits-related discovery.  On November 24, 2014, the district court entered a Docket Control Order setting case deadlines.  (A238–42.)  Under this order, the parties have already served infringement contentions and invalidity contentions. The parties were required to substantially complete their document production by

---

[5]    On May 7, 2015, Google filed a Motion for Leave to File Further Evidence in Support of Google's Motion to Transfer Venue along with a Motion to Expedite.  (A012, Dkts. 83–84.)  In its Motion for Leave, Google noted: "[i]f the Court believes that consideration of this additional evidence would delay resolution of Google's Motion to Transfer, Google requests the Court deny Google's motion."  (A287 n.1.)  The district court did not rule on Google's Motion to Expedite, which Google later withdrew as moot.  (A015, Dkt. 104.)

May 19, 2015. Pursuant to this order, the parties are also well into claim construction. On April 10, 2015, they filed a Joint Claim Construction and Pre-Hearing Statement, containing 32 disputed terms from Brite Smart's 63 asserted claims. (A264–69.) Indeed, the end of claim construction proceedings is already imminent: Brite Smart filed its opening claim construction brief and both parties' filed their Technology Tutorials on May 19, 2015. (A013, Dkts. 87–90.) The *Markman* hearing is set for June 30, 2015. Thereafter, fact discovery closes August 10, 2015, summary judgment letter briefs are due on September 21, 2015, and jury selection is set for January 11, 2016. Absent resolution of the motion to transfer by the magistrate judge (and in light of the lengthy procedures for objecting to the magistrate's order on the motion to transfer pursuant to Rule 72), the parties will finish briefing claim construction and the district court will hold a *Markman* hearing without a final determination of which court should rule on those legal issues.

In addition to the imminent claim construction briefing, there are several other substantive issues the parties have asked the district court to resolve. On February 9, 2015, Brite Smart filed a Motion to Compel interrogatory responses. (A010, Dkt. 57.) On April 22, 2015, Google filed a Motion to Compel documents and a Rule 30(b)(6) deposition. (A011, Dkt. 78; A274–85.) And on May 4, 2015, Brite Smart filed another Motion to Compel. (A012, Dkt. 80.) On April 27, 2015,

Google filed a Motion to Dismiss Brite Smart's willfulness allegations. (A012, Dkt. 79.) On May 5, 2015, Brite Smart filed a Motion for Leave to Amend/Supplement Infringement Contentions, (A012, Dkt. 81), and Google filed a Motion for Leave to Supplement Invalidity Contentions. (A012, Dkt. 82.)

### C.    This Litigation Has Strong Ties To The Northern District Of California that Underlie Google's Motion to Transfer

Google is a Delaware corporation that has been headquartered in Northern California since 1998 and in Mountain View, California since 2004. (A047, ¶ 5.) Google's Mountain View headquarters is the strategic center of Google's business. (*Id.*, ¶ 6.) Decisions related to Google's overall business are made by managers and other employees located in Mountain View, including the most significant decisions related to Google's click fraud detection services. (*Id.*)

Particularly, Google's click fraud detection system was designed and created at the Mountain View headquarters in 2003. (A051–52, ¶ 5.) The Mountain View office is responsible for developing and implementing invalid click detection filters and accounting for invalid click traffic, which is what Plaintiff has accused in this case. (*Id.*) Other members of the Ad Traffic Quality Team are located in Zurich

and London,[6] but the majority of them—more than forty—are in Mountain View. (*Id.*, ¶ 6.)

Further, Google's records regarding the relevant technology are predominantly located in its headquarters in Mountain View. (A047–48, ¶ 8.) Most click fraud-related documents are created and maintained at the Mountain View headquarters, though some were created in Zurich. (A052, ¶ 7.) Plus, given that most, if not all, of the employees with relevant knowledge of the accused instrumentalities are based in Mountain View, any hard copies of documents and employee notebooks that might exist would be located in Mountain View. (A047–48, ¶ 8; A052, ¶ 7.) In addition, documents that are relevant to this case and would eventually be produced in this case must be collected, reviewed, and produced by Google's central litigation support team that is located at the Mountain View headquarters. (A048, ¶ 9.)

Relevant third parties are also in the Northern District of California. Joe Zheng, who prosecuted at least one of the four patents-in-suit (U.S. Patent No. 7,249,104), resides in Cupertino, California, which is in the Northern District of

---

[6] The Zurich and London offices focus primarily on queries and impressions—a measure of the number of times an advertisement is seen—rather than clicks, which are the subject of the patents-in-suits. (A052, ¶ 6.) There was a small team of about three individuals in Pittsburgh, Pennsylvania on the Ad Traffic Quality Team, but that location closed down around June 2007 after only a few months. (*Id.*)

California.    (A060, ¶ 9; A090.)    Former Ad Traffic Quality Team engineers Shuman Ghosemajumder, Neil Daswani, and Michael Stoppelman reside in the Northern District of California.    (A060–61, ¶¶ 10–12; A091–98.)    They have knowledge regarding the initial design and implementation of Google's click fraud detection services and potentially invalidating art.    (A052, ¶ 8.)    Additionally, former Google employee Johnny Chen, whom Brite Smart subpoenaed to testify by deposition, resides in the Northern District.  (A295.)

Further, many of the potential prior art witnesses are located in or near the Northern District of California.  California is the epicenter of the search engine and search engine advertising industry that will likely have significant prior art evidence as they developed and implemented schemes to identify and combat click fraud, the subject of the patents-in-suit.[7]  Many are based in California, or have co-founders or inventors who reside in California.  (A099–170; A171–97; A061–63, ¶¶ 13–15.)

---

[7] The Northern District of California is home to four of the five founding members of the Interactive Advertising Bureau (IAB) Click Measurement Panel, a working group that was formed to create an industry standard for quantifying click fraud, namely, Google, Yahoo!, Ask.com (now IAC Search & Media), and LookSmart.    (A061–63, ¶¶ 14–15; A172–77; A198–201.)    The fifth founding member, Microsoft, is headquartered in Washington, which is in the Ninth Circuit and is much closer to the Northern District of California than the Eastern District of Texas.  (A061–63, ¶¶ 14–15; A180.)

In contrast, Brite Smart's action has no meaningful connection to the Eastern District of Texas. Google has no relevant employees or documents in the Eastern District of Texas, nor do prior art witnesses work or reside there. (A048, ¶ 10.) The named inventor developed the patented technology while working in Florida, where he resides. (A059–60, ¶¶ 7–8; A087.) None of the prosecutors of the patents are located in the Eastern District of Texas. While Brite Smart maintains an office in the Eastern District of Texas, Brite Smart's activities in that office appear to be limited to litigation and licensing, at most. (A066; A222–25.) Indeed, Brite Smart did not register to do business in Texas until two months before it filed this lawsuit. (A066.)

## REASONS WHY THE WRIT SHOULD ISSUE

The parties should long ago have been litigating this case in the Northern District of California. Instead, as the claim construction process has commenced and less than three months before the close of fact discovery, the district court has still not ruled on Google's motion to transfer. This delay has forced Google to litigate in an inconvenient forum, thwarting the efficiencies that a timely transfer would provide and creating the risk that continued delay will effectively deprive this Court of jurisdiction to review any transfer decision.

The potential prejudice from this delay is especially significant because of the strength of the merits of Google's transfer motion. This case involves a

defendant, documents, third-party prior artists, and a third-party prosecutor based in the Northern District of California.  Notably, Brite Smart's opposition to Google's motion to transfer relied on arguments that this Court has repeatedly rejected and that are legally erroneous, including that the Eastern District of Texas is centrally located for witnesses located across the country and that Brite Smart's litigation office in the Eastern District of Texas weighs against transfer.

## I.     THIS COURT SHOULD DIRECT THE DISTRICT COURT TO RULE ON GOOGLE'S MOTION TO TRANSFER

By this point in the case, one of two things should have happened.  Either the district court should have granted Google's transfer motion, or this Court should have had the opportunity to review a denial of that motion and to direct the district court to transfer this case to the Northern District of California.  Although Google was reluctant to file this petition, the district court has continued to take up and resolve merits-related matters in this case without ruling on Google's transfer motion.  As a result, this case now presents the following question:  can a district court simply decline to rule on a transfer motion and thereby prejudice the parties and evade this Court's review?  Because the only conceivable answer to that question is no, this Court should issue a writ of mandamus.

## A.    A Writ Of Mandamus Is The Proper Remedy Where The District Court Fails To Rule On A Transfer Motion

It is well settled that "delay by the district court [can] become so excessive as to warrant the issuance of a writ of mandamus." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).  A court may issue a writ "to direct a subordinate Federal court to decide a pending cause." *Knickerbocker Ins. Co. v. Comstock*, 83 U.S. 258, 270 (1872); *see also Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661–62 (1978) (plurality opinion) ("There can be no doubt that, where a district court persistently and without reason refuses to adjudicate a case properly before it, the court of appeals may issue the writ 'in order that [it] may exercise the jurisdiction of review given by law.'") (citation omitted).  Indeed, this Court has issued a writ of mandamus directing a district court to exercise its discretion and rule on a motion where it had failed to do so.  *In re Nintendo*, 544 F. App'x at 942–43 (directing district court to rule on severance and transfer motions).

This is a classic circumstance for mandamus because the absence of a ruling can effectively decide the issue against the moving party while escaping appellate review.  Because one of the purposes of the writ of mandamus is to protect the Court's jurisdiction, "a court of appeals has the power to direct a district court to proceed to judgment in a pending case 'when it is its duty to do so.'"  *Will*, 437 U.S. at 662.  "Otherwise the appellate jurisdiction could be defeated and the purpose of the statute authorizing the writ thwarted by unauthorized action of the

13

district court obstructing the appeal." *Id.* (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943)); *see also McClellan v. Carland*, 217 U.S. 268, 280 (1910); *In re Nintendo*, 544 F. App'x at 942 (issuing writ of mandamus and stating "[b]y improperly refusing to exercise that discretion, the district court effectively deprived petitioners of any meaningful review of the questions its motions posed"). Sister courts of appeals, including the Fifth Circuit, have agreed and ordered district courts to rule.[8]

The nature of the relief sought in a transfer motion makes it especially important for district courts to rule in a timely manner. The purpose of a transfer motion is to ensure that cases are litigated in an appropriate forum. *See, e.g.*, *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (stating that § 1404(a) is "design[ed] to protect litigants, witnesses and the public against unnecessary inconvenience and expense" (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 27 (1960))). Timely rulings on transfer are thus essential. District courts should resolve motions to transfer at an early stage and before reaching the merits because "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case." *In re*

---

[8] *See, e.g.*, *In re Syncora Guar. Inc.*, 757 F.3d 511, 514 (6th Cir. 2014) (directing district court to decide bankruptcy appeal that had "languished . . . for seven months"); *In re Hijazi*, 589 F.3d 401, 414 (7th Cir. 2009) (compelling ruling on motion to dismiss indictment); *In re Scott*, 163 F.3d 282, 283–85 (5th Cir. 1998) (per curiam) (setting deadline by which district court must rule).

*Nintendo*, 544 F. App'x at 941. "Indeed, this court has specifically recognized the 'importance of addressing motions to transfer at the outset of litigation'"[9] and has rebuked litigants for *not* petitioning for a writ of mandamus to end unreasonable district court delay. *In re Apple Inc.*, 456 F. App'x 907, 908 (Fed. Cir. 2012) ("[Petitioner] failed to employ any strategy to pressure the district court to act, such as seeking mandamus to direct the district court to rule on the motion [to transfer]."). For that reason, at least one other court of appeals has directed a district court to rule on a pending motion to transfer. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30–31 (3d Cir. 1970) (per curiam) (ordering district court to rule on transfer motion before reaching the merits of the case because "[t]o undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided").

## B.   Mandamus Is Appropriate To Prevent Prejudice From The District Court's Delay

An order directing the district court to rule is necessary to prevent prejudice to Google. Delay in ruling on transfer while pressing forward with the merits may predetermine the outcome. In one case, this Court denied relief because, by the

---

[9] *In re Nintendo*, 544 F. App'x at 941 (citation omitted); *see also In re Fusion-IO*, 489 F. App'x at 466 (district court should rule on transfer motion "before proceeding to any motion on the merits"); *In re Horseshoe Entm't*, 337 F.3d at 433 (district court's delay was improper because transfer motion "should have taken a top priority").

time the defendant sought mandamus, "the trial court's familiarity with the case and the completion of claim construction" weighed against transfer. *In re VTech Commc'ns*, 2010 WL 46332, at *2.[10] While the defendant argued that a district court's delay in ruling on a transfer motion should not constitute sufficient grounds for denying the motion, this Court determined that "[i]t was incumbent upon [the defendant] to actively and promptly pursue its motion to transfer venue before the district court invested considerable time and attention on discovery and completing claim construction." *Id.*

The potential for prejudice in this case is apparent, necessitating action by this Court. The district court has already required merits-related discovery and claim construction briefing in an inconvenient and improper venue. The *Markman* hearing is imminent. Just as other courts have ordered district courts to rule on time-sensitive motions after undue delay, so too should this Court to prevent any potential prejudice. *In re Syncora Guar.*, 757 F.3d at 514, 517; *In re Scott*, 163 F.3d at 285; *McDonnell Douglas*, 429 F.2d at 30–31. Moreover, now that merits-

---

[10] *See also Personalweb Techs., LLC v. Yahoo!, Inc.*, No. 6:12-cv-658, 2014 WL 1689046, at *7 n.6 (E.D. Tex. Feb. 12, 2014) (delaying seven months in ruling on motion to transfer and doing so only after issuing a *Markman* order); *TQP Dev., LLC v. Yelp Inc.*, No. 2:12-cv-656-JRG-RSP, 2013 WL 5450309, at *5 (E.D. Tex. Sept. 30, 2013) (citing judicial economy and the court's familiarity with the patents as reasons for denying transfer after delaying nine months and holding a *Markman* hearing); *Portal Techs. LLC v. IAC/Interactivecorp*, No. 2:11-cv-439-JRG-RSP, 2012 WL 3494826, at *3 (E.D. Tex. Aug. 15, 2012) (relying on already-conducted *Markman* hearing as a reason for denying transfer after delaying five months).

related discovery motions are before the district court—including motions to compel and motions to amend Local Patent Rule Contentions by both Brite Smart and Google—this Court has all the more reason to issue a writ ordering a decision on transfer, as district courts should not adjudicate merits issues until they resolve transfer motions. *McDonnell Douglas*, 429 F.2d at 30 ("[W]e feel it is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed."); *In re Horseshoe Entm't*, 337 F.3d at 433; *In re Nintendo Co.*, 544 F. App'x at 941; *In re Fusion-IO*, 489 Fed. App'x at 466.

The importance of obtaining a ruling on transfer at an early stage is confirmed by the fact that a transfer order will be reviewed only on mandamus. A transfer order is not subject to interlocutory review under 28 U.S.C. § 1292(b) or on appeal from a final judgment because that party "would not be able to show that it would have won the case had it been tried in a convenient [venue]." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008) (alteration in original) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318–19 (5th Cir. 2008) (en banc)). Google should not be deprived of the opportunity for appellate review of its transfer motion by the district court's failure to rule.

Undoubtedly, the district court has a full docket, but that fact cannot account for the prejudicial inaction in this case. Undue delay in ruling on a time-sensitive motion "for no reason other than docket congestion is impermissible." *Johnson v.*

*Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).  Regardless of the district court's case load, it should rule on the motion for transfer that Google filed seven months ago.  This is particularly true now that the claim construction hearing is less than one month away, discovery motions are before the district court, and the close of fact discovery is set for August.  (A239; A010–12, Dkts. 57, 78, 80.)  Google's only recourse is to seek mandamus now, before claim construction occurs and potentially renders untimely any further efforts to enforce its right to transfer.

## II.    MANDAMUS IS ESPECIALLY WARRANTED HERE BECAUSE THIS COURT'S PRECEDENTS REQUIRE TRANSFER OF THIS CASE

Mandamus is particularly warranted here because, like other cases in which this Court has required transfer, this case "features a stark contrast in relevance, convenience, and fairness between the two venues." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014); *In re WMS Gaming Inc.*, 564 Fed App'x 579, 580–82 (Fed. Cir. 2014); *In re Toa Techs., Inc.*, 543 Fed. App'x 1006, 1008–10 (Fed. Cir. 2013); *In re Microsoft Corp.*, 630 F.3d 1361, 1363–65 (Fed. Cir. 2011); *In re Acer Am. Corp.*, 626 F.3d 1252, 1254–56 (Fed. Cir. 2010); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1380–82 (Fed. Cir. 2010); *In re Hoffman-La Roche*, 587 F.3d at 1336–38; *In re Genentech*, 566 F.3d 1338, 1348 (Fed. Cir. 2009).  Google is based in the Northern District of California, while Brite Smart manufactured its tenuous

18

connections to the Eastern District of Texas in anticipation of litigation and to manipulate venue.[11]

## A.    The Private Interest Factors Weigh Heavily In Favor Of Transfer

"[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo*, 589 F.3d at 1198. That is precisely the case here.

### 1.    The Relative Ease Of Access To Sources Of Proof Weighs In Favor Of Transfer

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). Many of the documents and source code

---

[11] This Court applies the law of the regional circuit to motions to transfer. *In re TS Tech USA*, 551 F.3d at 1319. The Fifth Circuit considers two categories of factors—"private" and "public"—in deciding transfer motions. The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *In re Volkswagen of Am.*, 545 F.3d at 315 (citation omitted). The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Id.* (alteration in original) (citation omitted).

related to Google's products were created at—and are easily accessed from—Google's headquarters in the Northern District of California. (A047–48, ¶¶ 8–9; A052, ¶ 7.) There is no evidence that any relevant Google documents were created in (or are located in) the Eastern District of Texas. (A048, ¶¶ 10–11.)

Brite Smart's connection to the Eastern District of Texas is, by contrast, solely a product of its patent litigation strategy. Brite Smart's only connection to the Eastern District of Texas is an "office" opened just weeks before it commenced its patent litigation campaign. Brite Smart has no business in that office or in the Eastern District of Texas other than litigation. (A066; A222–25.) Brite Smart and its Vice President, Mr. Collins, have represented that Brite Smart's hardcopy files are located at this alleged office and that these documents "include . . . organizational and operational documents relating to its day-to-day activities." (A208; A224.) But as noted above (*supra*, Statement of Facts, Part A), despite this representation, Brite Smart had produced very few such documents, forcing Google to file a motion to compel. (A278–79.) Rather, Brite Smart admits it is a "relatively simple organization" with "few documents." (A290.) And Brite Smart's President and the sole common inventor of the four patents-in-suit, Mr. Patrick Zuili, has resided in Boca Raton, Florida since 2002. (A060, ¶ 8; A087.)

Brite Smart's minimal connections to the Eastern District of Texas were "made in anticipation of litigation and for the likely purpose of making that forum

appear convenient" and thus cannot defeat transfer.[12]  *In re Microsoft*, 630 F.3d at 1364; *see also In re Hoffmann-La Roche*, 587 F.3d at 1337 (rejecting such an attempt "to manipulate the propriety of venue").  Because far more evidence is located in the Northern District of California, this factor weighs heavily in favor of transfer.

### 2.  The Convenience Of Attendance For Willing Witnesses Weighs In Favor Of Transfer

"The convenience of the witnesses is probably the single most important factor in a transfer analysis."  *In re Genentech*, 566 F.3d at 1342 (quoting *Neil Bros.*, 425 F. Supp. 2d at 329).  In this case, Google employees with pertinent technical, business, and financial knowledge of the accused products largely live and work in the Northern District of California.  (A047–48, ¶¶ 6–8.)  As mentioned above, three of Google's Ad Traffic Quality Team engineers knowledgeable regarding the design and development of the accused features who may provide testimony in this action are located in Mountain View.  (A047, ¶ 7.)  Likewise, former Ad Quality Team engineers Shuman Ghosemajumder, Neil Daswani, and

---

[12] To the extent any of the documents Brite Smart identified were created in, or moved to, the Eastern District of Texas in anticipation of litigation, they should be considered legal "fiction" and should be given little, if any, weight in establishing Brite Smart's connection to the Eastern District of Texas.  *In re Hofmann-La Roche*, 587 F.3d at 1337; *see also In re Zimmer Holdings*, 609 F.3d at 1381–82 (ordering transfer out of the Eastern District of Texas, where plaintiff had "attempt[ed] to game the system . . . by sharing office space with another of the trial counsel's clients").

Michael Stoppelman, who have knowledge regarding the initial design and implementation of Google's click fraud detection services and potentially invalidating prior art, reside in the Northern District of California. (A052, ¶ 8; A060–61, ¶¶ 10–12; A091–98.) So too do key prior art witnesses, including most of the search engine and search advertising industry. (A061–63, ¶ 14; *see also supra* pg. 10.) If transfer is granted, these witnesses would testify close to home, weighing heavily in favor of transfer. In contrast, there are no Google employees in the Eastern District of Texas. (A048, ¶ 10.)

Finally, Brite Smart pointed to Google's purchase of Adometry, an Austin-based company that provides click forensics services, as somehow warranting denial of transfer. (A211–12.) However, Adometry is not involved in Google's online click fraud detection services accused in this case (A033–34), and is not in the Eastern District in any event.

### 3.    The Availability Of Compulsory Process Weighs In Favor Of Transfer

The availability of compulsory process "will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (per curiam). As detailed above, many non-party witnesses are located in the Northern District of California, including an attorney who prosecuted the patents-in-suit and numerous prior artists. (A061–63, ¶ 14; A090; *see also supra*

22

pg. 10.)  Brite Smart has already subpoenaed one such former Google employee, Johnny Chen, who resides in the Northern District of California.  (A295.)  Other former Google employees are also there.  (*See supra* pg. 10; A060–61, ¶¶ 10–12; A091–98.)  While the Eastern District of Texas District Court has the authority to subpoena these third-party witnesses for deposition, these California witnesses would not be subject to compulsory process for trial in Texas.[13]

By contrast, Brite Smart does not identify a single non-party witness[14] in the Eastern District of Texas, other than 15 "damages witnesses."  (A209–10.)  These "witnesses," include "employees of non-party businesses that provide ad analytics and optimization for the online advertising community," "non-party click-fraud specialists who work as employees within enterprises or as independent companies on behalf of small and medium-size businesses who identify invalid clicks," and "AdWords customers themselves who are cognizant of their conversion rates for PPC advertising."  (A210.)  However, these individuals do not have any unique knowledge or information not known to any witness identified by Google, and

---

[13] *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 473 (D. Del. 2013) ("It is enough that likely witnesses reside beyond the court's subpoena power and that there is reason to believe those witnesses will refuse to testify absent a subpoena.").

[14] The proper focus for this factor is on non-party witnesses.  *See In re Volkswagen of Am.*, 545 F.3d at 316.  The Court should "assess the relevance and materiality of the information the witness may provide."  *In re Genentech*, 566 F.3d at 1343.

Brite Smart does not even allege that any of their testimonies will be needed at trial. In fact, Google identified three "similarly situated third-party witnesses" in the Northern District of California, who are Google AdWords certified individuals and/or AdWords users and who have as much knowledge regarding remedy issues as the 15 "damages witnesses" that Brite Smart has identified. (A236–37, ¶¶ 4–7.) When "indistinguishable" and "similarly situated witnesses" are available to testify in the transferee forum, the identification of witnesses in Texas becomes inconsequential. *Ventronics Sys., LLC v. Drager Med. GmbH*, No. 10-cv-582, 2011 U.S. Dist. LEXIS 154793, at *13–14 (E.D. Tex. Oct. 20, 2011); *Indus. Tech. Research Inst. v. LG Corp.*, No. 10-cv-628, 2011 U.S. Dist. LEXIS 154778, at *29–30 (E.D. Tex. Nov. 29, 2011) (granting motion to transfer despite witnesses in Texas based, in part, because the "witnesses [were] indistinguishable from similarly situated witnesses elsewhere").

### 4.    There Are No Practical Problems With Transferring This Case To The Northern District Of California

No other private convenience factor weighs against transfer. Brite Smart has not filed similar suits in Texas. Moreover, because "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted,'" Brite Smart cannot rely on "[a]ny subsequent familiarity gained by the [Eastern District of Texas] district court" in the case. *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Thus, Brite Smart's arguments based on the fact that (1) the

district court has already held a scheduling conference and (2) Brite Smart has already served its infringement contentions are irrelevant. (A219.)

## B.      The Public Interest Factors Weigh In Favor Of Transfer Or Are Neutral

The public has an interest in trying patent cases in the Northern District of California, where the accused product was designed. *In re Toa Techs., Inc.*, 543 F. App'x at 1009–10. It is undisputed that Google's principal place of business is in the Northern District of California and that the accused features were created and are maintained in the Northern District of California. Contrary to Brite Smart's suggestion (A220), the Zurich and London offices of the Ad Traffic Quality Team are irrelevant to the analysis here, because 1) the London and Zurich offices do not work on the online click fraud detection services accused in this case, (A052, ¶ 6); and 2) in the venue analysis, comparison must be made between the transferor and transferee forums and it should "not [be] altered by the presence of other witnesses and documents in places outside both forums."[15] Moreover, the public interest is stronger in the Northern District of California because Google's infringement is alleged to be willful (A252–63, ¶¶ 16, 23, 30, 37),[16] which "calls into question the work and reputation of several individuals residing in or near that district and who

---

[15] *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014).

[16] Google has moved to dismiss Brite Smart's allegation of willfulness. (A012, Dkt. 79.)

presumably conduct business in that community." *In re Hoffman La-Roche*, 587 F.3d at 1336. Likewise, because much of the relevant prior art was developed in the Northern District of California (*see supra* pg. 10), that District has a strong local interest in resolving this dispute. *Id.*

The Eastern District of Texas, on the other hand, has no local interest in this case. Brite Smart's statement regarding "the substantial volume of AdWords business that [Google] conducts in Texas" (A220) is inapposite, because Google's AdWords service is offered worldwide via the Internet.

Additionally, the Northern District of California's docket is less congested than the Eastern District of Texas' docket. The number of cases pending per judge, the median time to trial, and the median case length are all lower for the Northern District of California. (A296–301.) Thus, this factor weighs in favor of transfer. Both the Eastern District of Texas and the Northern District of California are familiar with the law that will govern. Accordingly, the remaining public interest factors are neutral.

## C.    Brite Smart's Attempts To Manipulate Venue Are Entitled To No Weight

This Court construes the transfer statute "to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just. A plaintiff's attempt to manipulate venue in anticipation of . . . a motion to transfer falls squarely within

26

these prohibited activities." *In re Hoffman-LaRoche*, 587 F.3d at 1337 (citation omitted) (internal quotation marks omitted).   This Court, therefore, does not consider evidence manufactured to manipulate venue.  *In re Microsoft*, 630 F.3d at 1364 (rejecting the "fallacious assumption[] that this court must honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient"); *In re Zimmer Holdings*, 609 F.3d at 1381 (similar); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 96–97 (2010) (urging courts to ensure that the purposes of jurisdictional laws are not frustrated by manipulation).[17]  Here, the bulk of the evidence Brite Smart has relied upon in its effort to defeat transfer is simply a product of its venue manipulation strategy.

Brite Smart's Tyler, Texas office is superficial.  Brite Smart opened it two months before filing this suit, and Brite Smart had operated in Florida for more than a decade prior to its bringing suit in this case.  (A066.)  The facts contained in the declaration of Mr. Collins (A222–25)—*e.g.*, setting up Brite Smart's website, maintaining Brite Smart's corporate and tax documents and registrations—all evidence an intent to set up a shell or sham corporation for the sole purpose of

---

[17] Under the venue statute, 28 U.S.C. § 1391, plaintiffs have virtually no restrictions in choosing where to file suit against corporations.  Thus, as the Fifth Circuit has explained, the venue-transfer statute, 28 U.S.C. § 1404, plays an important role in preventing "plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient." *In re Volkswagen of Am.*, 545 F.3d at 313.

creating an aura of proper venue. This evidence is entitled to no weight because Brite Smart's purported presence in the Eastern District of Texas is "recent, ephemeral, and an artifact of litigation." *In re Zimmer Holdings*, 609 F.3d at 1381; *see also In re Microsoft*, 630 F.3d at 1364–65.

### D. This Court Has Repeatedly Held That A District's Central Location Does Not Favor Denying Transfer

Brite Smart opposed transfer, in part, by contending that party and non-party witnesses are scattered in places other than California and Texas. (A217–18.) ("potential prior art witnesses are scattered across the country"; "the identity and location of the third-party witnesses are speculative at this stage in litigation"; "several non-party witnesses . . . do not reside in either district, and will be required to travel in any case.") However, this Court has repeatedly rejected the contention that the Eastern District of Texas may serve as a "central location" as a consideration against transfer. *In re Genentech*, 566 F.3d at 1344; *see also In re Nintendo*, 589 F.3d at 1199–1200. In particular, this Court has concluded that a witness's ability to testify close to home deserves far more weight in the transfer analysis than the convenience of witnesses that must "travel a significant distance no matter where they testify." *In re Genentech*, 566 F.3d at 1344, 1348.

## III.  THIS COURT SHOULD DIRECT THE DISTRICT COURT TO STAY PROCEEDINGS UNTIL VENUE IS FINALLY RESOLVED

This Court should, in addition to directing the district court to rule on Google's transfer motion, direct the district court to stay further proceedings in this case until venue is finally resolved, including through briefing on any objections to the magistrate's decision under Rule of Civil Procedure 72(a) and any subsequent petition for a writ of mandamus.  Absent an order directing the district court to stay the litigation, Google will be forced to continue litigating this dispute in an inconvenient venue without a resolution on whether the Eastern District of Texas is the appropriate forum to be addressing the merits.  *See In re Fusion-IO*, 489 F. App'x at 466 (district court should act on the motion to transfer "before proceeding to any motion on the merits"); *In re Horseshoe Entm't*, 337 F.3d at 433 ("[D]isposition of [a] motion [to transfer] should have taken a top priority in the handling of this case by the . . . District Court.").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue a writ of mandamus directing the district court to rule promptly on Google's transfer motion.  The Court should also direct the district court to stay this litigation until the transfer motion is finally resolved and venue determined, including through any subsequent petition for a writ of mandamus challenging that ruling, if any.

29

Respectfully submitted,

DATED:  June 1, 2015

By   /s/ David A. Perlson _____

David A. Perlson
Michelle A. Clark
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
michelleclark@quinnemanuel.com
davidperlson@quinnemanuel.com

*Attorneys for Petitioner Google Inc.*

# APPENDIX

# TABLE OF CONTENTS

| File date | Docket No. | Descriptions | Apx. No. |
|---|---|---|---|
| -- | -- | Docket Sheets | A1 |
| 07/10/2014 | 1 | Complaint | A16 |
| 10/24/2014 | 18 | Defendant Google's Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(A) and Supporting Memorandum | A25 |
| 10/24/2014 | 18.1 | Exhibit A – Declaration of Abeer Dubey | A45 |
| 10/24/2014 | 18.2 | Exhibit B – Declaration of David Turner | A50 |
| 10/24/2014 | 18.3 | Exhibit C – Declaration of Amanda Tekell | A54 |
| 10/24/2014 | 18.4 | Exhibit D – Declaration of Jeong Ah Joy Lee | A57 |
| 10/24/2014 | 18.5 | Exhibit E – Texas Secretary of State Reports | A65 |
| 10/24/2014 | 18.7 | Exhibit G – Accurint reports and LinkedIn profiles | A86 |
| 10/24/2014 | 18.8 | Exhibit H – S&P Capital IQ Company Profiles | A171 |
| 10/24/2014 | 18.9 | Exhibit I – Interactive Advertising Bureau (IAB) press release, "The Interactive Industry Commits to the Development of Click Measurement Guidelines" (Aug. 2, 2006) | A198 |
| 11/10/2014 | 27 | Plaintiff Brite Smart Corp.'s Opposition to Google Inc.'s Motion to Transfer Venue | A202 |
| 11/10/2014 | 27.2 | Exhibit B – Declaration of Michael J. Collins | A222 |
| 11/20/2014 | 33 | Defendant Google's Reply Brief in Support of its Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. §1404(A) | A226 |
| 11/20/2014 | 33.1 | Supplemental Declaration of Jeong Ah Joy Lee | A236 |
| 11/24/2014 | 35 | Docket Control Order | A238 |
| 12/01/2014 | 43 | Plaintiff Brite Smart Corp.'s Sur-Reply in Support of its Opposition to Google Inc.'s Motion to Transfer Venue | A243 |

| File date | Docket No. | Descriptions | Apx. No. |
|-----------|-----------|--------------|----------|
| 04/09/2015 | 74 | First Amended Complaint for Patent Infringement | A252 |
| 04/10/2015 | 75 | Patent Rule 4-3 Joint Claim Construction and Pre-Hearing Statement | A264 |
| 04/13/2015 | 76 | Joint Motion for Entry of an Order Focusing Patent Claims and Prior Art to Reduce Costs | A271 |
| 04/22/2015 | 78 | Google Inc.'s Motion to Compel Discovery (Unsealed on May 27, 2015, Docket Entry No. 103) | A274 |
| 05/07/2015 | 83 | Google Inc.'s Motion for Leave to Supplement the Record with Further Evidence in Support of Google Inc.'s Motion to Transfer Venue to the Northern District of California | A286 |
| 05/28/2015 | 107 | Plaintiff's Sur-Reply in Opposition to Google's Motion to Compel Discovery | A289 |
| 03/16/2015 | -- | Notification letter from Robert Katz, counsel for Brite Smart, to Michelle Clark, counsel for Google, re: Johnny Chen deposition subpoena | A295 |
| | -- | Table C from the 2013 Report of the Judicial Business of the United States Courts, titled "Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending September 30, 2012 and 2013" | A296 |
| | -- | Table C-5 from the 2013 Report of the Judicial Business of the United States Courts, titled "Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition During the 12-Month Period Ending September 30, 2013" | A299 |

CASREF,JURY,MEDIATION,PATENT/TRADEMARK,PROTECTIVE-ORDER

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Marshall)
## CIVIL DOCKET FOR CASE #: 2:14-cv-00760-JRG-RSP

| | |
|---|---|
| Brite Smart Corp. v. Google Inc. | Date Filed: 07/10/2014 |
| Assigned to: Judge Rodney Gilstrap | Jury Demand: Both |
| Referred to: Magistrate Judge Roy S. Payne | Nature of Suit: 830 Patent |
| Cause: 28:1338 Patent Infringement | Jurisdiction: Federal Question |

**Mediator**

**David Folsom**                    represented by **David Folsom**
                                                   Jackson Walker, LLP
                                                   6002-B Summerfield Drive
                                                   Texarkana, TX 75503
                                                   Email: dfolsom@jw.com
                                                   *PRO SE*

**Plaintiff**

**Brite Smart Corp.**               represented by **Robert David Katz**
                                                   Katz PLLC
                                                   2908 Rosedale Avenue
                                                   Dallas, TX 75205
                                                   469-278-5999
                                                   Fax: 888-231-5775
                                                   Email: rkatz@katzlawpllc.com
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Stafford Grigsby Helm Davis**
                                                   The Stafford Davis Firm
                                                   305 South Broadway Ave
                                                   Ste 406
                                                   Tyler, TX 75702
                                                   903-593-7000
                                                   Fax: 903-705-7369
                                                   Email: sdavis@stafforddavisfirm.com
                                                   *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Google Inc.**                     represented by **A John P Mancini**
                                                   Mayer Brown LLP - New York
                                                   1675 Broadway
                                                   New York, NY 10019-5820

– A1 –

212/506-2500
Fax: 212/262-1910
Email: jmancini@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amr O Aly**
Mayer Brown LLP - New York
1675 Broadway
New York, NY 10019-5820
212-506-2304
Fax: 212-849-5788
Email: aaly@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Perlson**
Quinn Emanuel Urquhart & Sullivan
LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415/875-6600
Fax: 415/875-6700
Email: davidperlson@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Ann Clark**
Quinn Emanuel Urquhart & Sullivan
LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415/875-6600
Fax: 415/875-6700
Email:
michelleclark@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Franklin Gardner**
Potter Minton, a Professional
Corporation
110 N College Avenue
Suite 500
Tyler, TX 75702
903/597-8311
Fax: 903-593-0846
Email: allengardner@potterminton.com

*ATTORNEY TO BE NOTICED*

**Ann Marie Duffy**
Mayer Brown, LLP - Washington
1999 K Street, NW
Washington, DC 20006-1101
202.263.3000
Fax: 202.263.3300
Email: aduffy@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Antonio Sistos**
Quinn Emanuel Urquhart & Sullivan
LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415/875-6600
Fax: 415/875-6700
Email:
antoniosistos@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
Potter Minton, a Professional
Corporation
110 N College Avenue
Suite 500
Tyler, TX 75702
903-597-8311
Fax: 903-593-0846
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*

**Miles Davenport Freeman**
Quinn Emanuel Urquhart & Sullivan
LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415.875.6600
Fax: 415.875.6700
Email:
milesfreeman@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Colbert Clutter , IV**
Potter Minton, a Professional
Corporation

**– A3 –**

110 N College Avenue
Suite 500
Tyler, TX 75702
903/597-8311
Email: patrickclutter@potterminton.com
*ATTORNEY TO BE NOTICED*

**Saqib Javaid Siddiqui**
Mayer Brown, LLP - Washington
1999 K Street, NW
Washington, DC 20006-1101
202.263.3167
Fax: 202.263.5367
Email: ssiddiqui@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**William O Cooper**
Quinn Emanuel Urquhart & Sullivan
LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6426
Fax: 415-875-6700
Email: willcooper@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2014 | 1 | COMPLAINT *for Patent Infringement* against Google Inc. ( Filing fee $ 400 receipt number 0540-4739057.), filed by Brite Smart Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet) (Davis, Stafford) (Entered: 07/10/2014) |
| 07/10/2014 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Davis, Stafford) (Entered: 07/10/2014) |
| 07/10/2014 | 3 | SUMMONS Issued as to Google Inc. (nkl, ) (Entered: 07/10/2014) |
| 07/10/2014 | 4 | NOTICE of Attorney Appearance by Robert David Katz on behalf of Brite Smart Corp. (Katz, Robert) (Entered: 07/10/2014) |
| 07/10/2014 | 5 | CORPORATE DISCLOSURE STATEMENT filed by Brite Smart Corp. (Katz, Robert) (Entered: 07/10/2014) |
| 07/10/2014 | | Case assigned to Judge Rodney Gilstrap. (ch, ) (Entered: 07/10/2014) |
| 07/10/2014 | 6 | ORDER REFERRING CASE to Magistrate Judge Roy S. Payne. Signed by Judge Rodney Gilstrap on 7/10/2014. (ch, ) (Entered: 07/10/2014) |
| 07/10/2014 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct |

| | | |
|---|---|---|
| | | any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge.* (ch, ) (Entered: 07/10/2014) |
| 07/16/2014 | 7 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Google Inc.( Jones, Michael) (Entered: 07/16/2014) |
| 07/16/2014 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Google Inc. to 9/3/2014. 30 Days Granted for Deadline Extension.( nkl, ) (Entered: 07/16/2014) |
| 07/22/2014 | 8 | SUMMONS Returned Executed by Brite Smart Corp.. Google Inc. served on 7/14/2014. (ch, ) (Entered: 07/22/2014) |
| 08/29/2014 | 9 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Google Inc.( Jones, Michael) (Entered: 08/29/2014) |
| 09/02/2014 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Google Inc. to 9/8/2014. 3 Days Granted for Deadline Extension.( nkl, ) (Entered: 09/02/2014) |
| 09/08/2014 | 10 | ANSWER to 1 Complaint, *and Defenses* by Google Inc..(Jones, Michael) (Entered: 09/08/2014) |
| 09/08/2014 | 11 | DEMAND for Trial by Jury by Google Inc.. (Jones, Michael) (Entered: 09/08/2014) |
| 09/08/2014 | 12 | CORPORATE DISCLOSURE STATEMENT filed by Google Inc. identifying Corporate Parent None for Google Inc.. (Jones, Michael) (Entered: 09/08/2014) |
| 09/08/2014 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge.* (nkl, ) (Entered: 09/08/2014) |
| 09/09/2014 | 13 | NOTICE of Readiness for Scheduling Conference by Brite Smart Corp. (Davis, Stafford) (Entered: 09/09/2014) |
| 09/16/2014 | 14 | NOTICE of Attorney Appearance by Amr O Aly on behalf of Google Inc. (Aly, Amr) (Entered: 09/16/2014) |
| 09/19/2014 | 15 | NOTICE of Attorney Appearance by Patrick Colbert Clutter, IV on behalf of Google Inc. (Clutter, Patrick) (Entered: 09/19/2014) |
| 09/19/2014 | 16 | NOTICE of Attorney Appearance by A John P Mancini on behalf of Google Inc. (Mancini, A) (Entered: 09/19/2014) |
| 10/15/2014 | 17 | ORDER - ( Scheduling Conference set for 11/3/2014 10:00 AM before Judge the Honorable Rodney Gilstrap and the Honorable Roy Payne.). Signed by Magistrate Judge Roy S. Payne on 10/15/2014. (nkl, ) (Entered: 10/15/2014) |

| 10/24/2014 | 18 | MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum* by Google Inc.. (Attachments: # 1 Ex A - Decl of Abeer Dubey ISO mot to transfer [SIGNED] (711696266_1), # 2 Ex B - Decl of David Turner ISO mot to transfer [SIGNED] (711638962_1), # 3 Ex C - Tekell Declaration, # 4 Ex D - Decl of Joy Lee ISO mot to transfer [SIGNED] (711669323_1), # 5 Ex E - Tex. Sec. of St. Rpts, # 6 Ex F - Dkt. Rpts of S Davis, # 7 Ex G - Accurint Rpts. and LinkedIn Profilespdf, # 8 Ex H - S&P Capital IP Co Profiles, # 9 Ex I - IAB Press Release, # 10 Ex J - PW Patent Litigation Study, # 11 Ex K - Time to Disposition, # 12 Text of Proposed Order) (Jones, Michael) (Entered: 10/24/2014) |
| --- | --- | --- |
| 10/28/2014 | 19 | Opposed MOTION for Leave to File *Amended Complaint* by Brite Smart Corp.. (Katz, Robert) (Additional attachment(s) added on 10/28/2014: # 1 Text of Proposed Order) (nkl, ). (Entered: 10/28/2014) |
| 10/28/2014 | 20 | **DEFICIENT DOCUMENT - FILED IN ERROR** <br><br> AMENDED COMPLAINT against Google Inc., filed by Brite Smart Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Katz, Robert) Modified on 10/28/2014 (nkl, ). (Entered: 10/28/2014) |
| 10/28/2014 | 21 | AMENDED COMPLAINT against Google Inc., filed by Brite Smart Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Katz, Robert) (Entered: 10/28/2014) |
| 10/28/2014 | 22 | **DEFICIENT DOCUMENT - FILED IN ERROR** <br><br> Additional Attachments to Main Document: 19 Opposed MOTION for Leave to File *Amended Complaint*.. (Katz, Robert) Modified on 10/28/2014 (nkl, ). (Entered: 10/28/2014) |
| 10/28/2014 | | NOTICE of Deficiency regarding the Amended Complaint submitted document 20 does not contain a Certificate of Service. Correction should be made by one business day. (nkl, ) (Entered: 10/28/2014) |
| 10/28/2014 | | NOTICE of Deficiency regarding the Additional Attachment to Main Document submitted document 22 a proposed order that should not be filed on the docket as a separate entry. Correction should be made by one business day. (nkl, ) (Entered: 10/28/2014) |
| 10/31/2014 | 23 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Google Inc. (Gardner, Allen) (Entered: 10/31/2014) |
| 11/03/2014 | 24 | NOTICE by Brite Smart Corp *of Compliance Regarding P.R. 3-1 and P.R. 3-2* (Katz, Robert) (Entered: 11/03/2014) |
| 11/03/2014 | | Minute Entry for proceedings held before Judge Rodney Gilstrap: Scheduling Conference held on 11/3/14. Counsel for the parties appeared and were asked if they consented to a trial before Judge Payne. The Court then gave Markman and Jury Selection dates; deadlines for submitting Mediator names (3 days); and deadlines for submitting Agreed Scheduling and Discovery Orders (14 days). (Court Reporter Shelly Holmes, CSR-TCRR.)(jml) (Entered: 11/04/2014) |
| 11/05/2014 | 25 | NOTICE of Designation of Mediator, Hon. David Folsom, filed by Brite Smart |

| | | Corp.. (Katz, Robert) (Entered: 11/05/2014) |
|---|---|---|
| 11/06/2014 | 26 | ORDER REFERRING CASE to Mediator. Hon. David Folsom is hereby appointed as mediator in the above referenced case. Signed by Magistrate Judge Roy S. Payne on 11/06/2014. (nkl, ) (Entered: 11/06/2014) |
| 11/10/2014 | 27 | RESPONSE in Opposition re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum filed by Brite Smart Corp..* (Attachments: # 1 Exhibit A - Declaration of Patrick Zuili, # 2 Exhibit B - Declaration of Michael J. Collins, # 3 Exhibit C - Declaration of John R. Kasha, # 4 Exhibit D - Declaration of Dr. Gregory J. Gonsalves, # 5 Exhibit E - Declaration of Robert D. Katz, # 6 Exhibit F - Documents relating to other relevant click fraud litigation, # 7 Exhibit G - Documents containing website pages and witness location information from Tracers Information Specialists, # 8 Text of Proposed Order)(Katz, Robert) (Entered: 11/10/2014) |
| 11/12/2014 | 28 | Joint MOTION for Entry of Docket Control Order by Brite Smart Corp.. (Attachments: # 1 Exhibit A - Proposed Docket Control Order)(Katz, Robert) (Entered: 11/12/2014) |
| 11/17/2014 | 29 | RESPONSE in Opposition re 19 Opposed MOTION for Leave to File *Amended Complaint filed by Google Inc..* (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 11/17/2014) |
| 11/17/2014 | 30 | Joint MOTION for Entry of Discovery Order by Brite Smart Corp.. (Attachments: # 1 Text of Proposed Order Proposed Discovery Order)(Katz, Robert) (Entered: 11/17/2014) |
| 11/17/2014 | 31 | Joint MOTION for Entry of E-Discovery Order by Brite Smart Corp.. (Attachments: # 1 Text of Proposed Order Proposed E-Discovery Order, # 2 Appendix Appendix 1 to Proposed E-Discovery Order)(Katz, Robert) (Entered: 11/17/2014) |
| 11/19/2014 | 32 | REPLY to Response to Motion re 19 Opposed MOTION for Leave to File *Amended Complaint filed by Brite Smart Corp..* (Attachments: # 1 Exhibit A - Declaration of Robert D. Katz, # 2 Exhibit B - Email thread regarding amendment of complaint, # 3 Exhibit C - Brite Smart's P.R. 3-1 & 3-2 Disclosures, # 4 Exhibit D - Email transmittal of P.R. 3-1 & 3-2 Disclosures, Infringement Contentions, and Appendices)(Katz, Robert) (Entered: 11/19/2014) |
| 11/20/2014 | 33 | REPLY to Response to Motion re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum filed by Google Inc..* (Attachments: # 1 Lee Supplemental Declaration, # 2 Ex A - LinkedIn Profiles)(Jones, Michael) (Entered: 11/20/2014) |
| 11/21/2014 | 34 | Joint MOTION for Extension of Time to File *Proposed Protective Order* by Brite Smart Corp., Google Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 11/21/2014) |
| 11/24/2014 | 35 | DOCKET CONTROL ORDER re 28 Joint MOTION for Entry of Docket Control Order filed by Brite Smart Corp.., SCHEDULING ORDER:( Pretrial Conference |

|  |  | set for 12/1/2015 09:00 AM in Mag Ctrm (Marshall) before Magistrate Judge Roy S. Payne., Amended Pleadings due by 4/14/2015., Joinder of Parties due by 11/10/2014., Jury Selection set for 1/11/2016 09:00 AM in Ctrm 106 (Marshall) before Judge Rodney Gilstrap., Mediation Completion due by 7/28/2015., Markman Hearing set for 6/30/2015 09:00 AM in Mag Ctrm (Marshall) before Magistrate Judge Roy S. Payne., Motions in Limine due by 11/9/2015., Proposed Pretrial Order due by 11/23/2015.). Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
|---|---|---|
| 11/24/2014 | 36 | DISCOVERY ORDER re 30 Joint MOTION for Entry of Discovery Order filed by Brite Smart Corp. Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 37 | E-DISCOVERY ORDER re 31 Joint MOTION for Entry of E-Discovery Order filed by Brite Smart Corp. Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 38 | ORDER granting 34 Motion for Extension of Time to File Proposed Protective Order. Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 39 | NOTICE of Discovery Disclosure by Google Inc. *regarding Compliance with Initial Disclosures* (Jones, Michael) (Entered: 11/24/2014) |
| 11/24/2014 | 40 | NOTICE of Discovery Disclosure by Brite Smart Corp. *regarding Compliance with Initial Disclosures* (Katz, Robert) (Entered: 11/24/2014) |
| 11/26/2014 | 41 | Joint MOTION for Entry of Agreed Protective Order by Brite Smart Corp., Google Inc.. (Attachments: # 1 Text of Proposed Order Protective Order)(Jones, Michael) (Entered: 11/26/2014) |
| 12/01/2014 | 42 | SUR-REPLY to Reply to Response to Motion re 19 Opposed MOTION for Leave to File *Amended Complaint filed by Google Inc.*. (Jones, Michael) (Entered: 12/01/2014) |
| 12/01/2014 | 43 | SUR-REPLY to Reply to Response to Motion re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum filed by Brite Smart Corp.*. (Katz, Robert) (Entered: 12/01/2014) |
| 12/02/2014 | 44 | PROTECTIVE ORDER. Signed by Magistrate Judge Roy S. Payne on 12/02/2014. (nkl, ) (Entered: 12/02/2014) |
| 12/15/2014 | 45 | NOTICE by Google Inc. *Notice of Subpoenas* (Attachments: # 1 Exhibit A-1, Ask.com Document Subpoena, # 2 Exhibit A-2, Ask.com Deposition Subpoena, # 3 Exhibit B-1, LookSmart Document Subpoena, # 4 Exhibit B-2, LookSmart Deposition Subpoena, # 5 Exhibit C-1, Yahoo Document Subpoena, # 6 Errata C-2, Yahoo Deposition Subpona, # 7 Exhibit D-1, Microsoft Document Subpoena, # 8 Exhibit D-2, Microsoft Deposition Subpoena, # 9 Exhibit E-1, TravelClick Document Subpoena, # 10 Exhibit E-2, TravelClick Deposition Subpoena, # 11 Exhibit F-1, Zinman Document Subpoena, # 12 Exhibit D-2, Zinman Deposition Subpoena, # 13 Exhibit G-1, Strober Document Subpoena, # 14 Exhibit G-2, Strober Deposition Subpoena, # 15 Exhibit H-1, Conru Document Subpoena, # 16 Exhibit H-2, Conru Deposition Subpoena, # 17 Exhibit I-1, NetGravity Document |

**– A8 –**

| | | |
|---|---|---|
| | | Subpoena, # 18 Exhibit I-2, NetGravity Deposition Subpoena)(Jones, Michael) (Entered: 12/15/2014) |
| 12/15/2014 | 46 | Additional Attachments to Main Document: 45 Notice (Other),,,.. (Attachments: # 1 Exhibit J-1, Seligman Document Subpoena, # 2 Exhibit J-2, Seligman Deposition Subpoena, # 3 Exhibit K-1, AdForce Document Subpoena, # 4 Exhibit K-2, AdForce Deposition Subpoena, # 5 Exhibit L-1, Mathers Document Subpoena, # 6 Exhibit L-2, Mathers Deposition Subpoena, # 7 Exhibit M-1, eBayu Document Subpoena, # 8 Exhibit M-2 eBay Deposition Subpoena, # 9 Exhibit N-1, Business.com Media Document Subpoena, # 10 Exhibit N-2, Business.com Deposition Subpoena, # 11 Exhibit O-1, Amazon Document Subpoena, # 12 Exhibit O-2 Amazon Deposition Subpoena, # 13 Exhibit P-1, Expedia Document Subpoena, # 14 Exhibit P-2, Expedia Deposition Subpoena, # 15 Exhibit CJ Affiliate Document Subpoena, # 16 Exhibit Q-2, CJ Affiliate Deposition Subpoena, # 17 Exhibit R-1, Adknowledge Document Subpoena, # 18 Exhibit R-2, Adknowledge Deposition Subpoena, # 19 Exhibit S-1, Schultz Document Subpoena, # 20 Exhibit S-2, Schultz Deposition Subpoena)(Jones, Michael) (Entered: 12/15/2014) |
| 12/15/2014 | 47 | NOTICE of Attorney Appearance - Pro Hac Vice by Ann Marie Duffy on behalf of Google Inc.. Filing fee $ 100, receipt number 0540-4968146. (Duffy, Ann) (Entered: 12/15/2014) |
| 12/16/2014 | 48 | NOTICE of Attorney Appearance by Saqib Javaid Siddiqui on behalf of Google Inc. (Siddiqui, Saqib) (Entered: 12/16/2014) |
| 12/31/2014 | 49 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - Adknowledge, Inc.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 12/31/2014 | 50 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - eBay Inc.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 12/31/2014 | 51 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - Expedia, Inc.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 12/31/2014 | 52 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - Microsoft Corp.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 01/05/2015 | 53 | NOTICE of Discovery Disclosure by Google Inc. *regarding Compliance with PR 3-3 and 3-4* (Jones, Michael) (Entered: 01/05/2015) |
| 01/07/2015 | 54 | NOTICE by Google Inc. re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum Request for Oral Hearing* (Jones, Michael) (Entered: 01/07/2015) |
| 01/14/2015 | 55 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service* (Attachments: # 1 Exhibit A - Ask.com, # 2 Exhibit B - LookSmart, # 3 Exhibit C - Yahoo, # 4 Exhibit D - TravelClick, # 5 Exhibit E - Zinman, # 6 Exhibit F - Strober, # 7 Exhibit G - Seilgma, # 8 Exhibit H - Business.com Media, # 9 Exhibit I - Amazon.com, # 10 Exhibit J - CJ Affiliate by Conversant, # 11 Exhibit K - |

**– A9 –**

|  |  | Schulz)(Jones, Michael) (Entered: 01/14/2015) |
|---|---|---|
| 01/28/2015 | 56 | NOTICE by Google Inc. *of Subpoenas* (Attachments: # 1 Gifford, Krass Doc Subpoena Signed, # 2 Possa Depo Subpoena Signed, # 3 Possa Doc Subpoena Signed)(Jones, Michael) (Entered: 01/28/2015) |
| 02/09/2015 | 57 | MOTION to Compel *Answers to Interrogatories* by Brite Smart Corp.. (Attachments: # 1 Affidavit Katz Declaration, # 2 Exhibit A - 1st Set of Interrogatories, # 3 Exhibit B - 2nd Set of Interrogatories, # 4 Exhibit C - Response to 1st Set of Interrogatories, # 5 Exhibit D - Response to 2nd Set of Interrogatories, # 6 Exhibit E - Discovery Dispute Communications, # 7 Exhibit F - Performance Pricing v Google, # 8 Exhibit G - Beneficial Innovations v AOL, # 9 Exhibit H - Round Rock v Dell, # 10 Exhibit I - Personal Audio v Apple, # 11 Exhibit J - LaserDynamics v Asus, # 12 Text of Proposed Order Proposed Order) (Katz, Robert) (Entered: 02/09/2015) |
| 02/12/2015 | 58 | NOTICE of Attorney Appearance by Michelle Ann Clark on behalf of Google Inc. (Clark, Michelle) (Entered: 02/12/2015) |
| 02/12/2015 | 59 | NOTICE of Attorney Appearance by David A Perlson on behalf of Google Inc. (Perlson, David) (Entered: 02/12/2015) |
| 02/12/2015 | 60 | NOTICE of Attorney Appearance by William O Cooper on behalf of Google Inc. (Cooper, William) (Entered: 02/12/2015) |
| 02/12/2015 | 61 | NOTICE of Attorney Appearance by Antonio Sistos on behalf of Google Inc. (Sistos, Antonio) (Entered: 02/12/2015) |
| 02/12/2015 | 62 | NOTICE of Attorney Appearance - Pro Hac Vice by Miles D Freeman on behalf of Google Inc.. Filing fee $ 100, receipt number 0540-5057363. (Freeman, Miles) (Entered: 02/12/2015) |
| 02/24/2015 | 63 | NOTICE of Discovery Disclosure by Brite Smart Corp. *regarding Compliance with P.R. 4-1* (Katz, Robert) (Entered: 02/24/2015) |
| 02/24/2015 | 64 | NOTICE of Discovery Disclosure by Google Inc. *Compliance with Patent Local Rule 4-1* (Sistos, Antonio) (Entered: 02/24/2015) |
| 02/26/2015 | 65 | Unopposed MOTION for Extension of Time to File Response/Reply as to 57 MOTION to Compel *Answers to Interrogatories* by Google Inc.. (Perlson, David) (Additional attachment(s) added on 2/27/2015: # 1 Text of Proposed Order) (nkl, ). (Entered: 02/26/2015) |
| 03/03/2015 | 66 | ORDER granting 65 Motion for Extension of Time to File Response re 57 MOTION to Compel *Answers to Interrogatories*. Responses due by 3/12/2015. Signed by Magistrate Judge Roy S. Payne on 03/02/2015. (nkl, ) (Entered: 03/03/2015) |
| 03/11/2015 | 67 | NOTICE of Designation of Attorney in Charge to Michelle Ann Clark on behalf of Google Inc. (Clark, Michelle) (Entered: 03/11/2015) |
| 03/12/2015 | 68 | SEALED RESPONSE to Motion re 57 MOTION to Compel *Answers to Interrogatories* filed by Google Inc.. (Attachments: # 1 Affidavit Clark Declaration, # 2 Text of Proposed Order [Proposed] Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, |

| | | |
|---|---|---|
| | | # [10](#) Exhibit 8, # [11](#) Exhibit 9, # [12](#) Exhibit 10, # [13](#) Exhibit 11, # [14](#) Exhibit 12, # [15](#) Exhibit 13, # [16](#) Exhibit 14, # [17](#) Exhibit 15, # [18](#) Exhibit 16, # [19](#) Exhibit 17, # [20](#) Exhibit 18, # [21](#) Exhibit 19, # [22](#) Exhibit 20, # [23](#) Exhibit 21, # [24](#) Exhibit 22, # [25](#) Exhibit 23, # [26](#) Exhibit 24, # [27](#) Exhibit 25, # [28](#) Exhibit 26, # [29](#) Exhibit 27, # [30](#) Exhibit 28, # [31](#) Exhibit 29, # [32](#) Exhibit 30, # [33](#) Exhibit 31, # [34](#) Exhibit 32, # [35](#) Exhibit 33, # [36](#) Exhibit 34, # [37](#) Exhibit 35)(Clark, Michelle) (Entered: 03/12/2015) |
| 03/18/2015 | [69](#) | NOTICE of Discovery Disclosure by Brite Smart Corp. *P.R. 4-2 Disclosures* (Katz, Robert) (Entered: 03/18/2015) |
| 03/23/2015 | [70](#) | REPLY to Response to Motion re [57](#) MOTION to Compel *Answers to Interrogatories filed by Brite Smart Corp..* (Attachments: # [1](#) Affidavit Katz Declaration, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Text of Proposed Order Amended Proposed Order)(Katz, Robert) (Entered: 03/23/2015) |
| 04/02/2015 | [71](#) | SEALED REPLY to Response to Motion re [57](#) MOTION to Compel *Answers to Interrogatories filed by Google Inc..* (Attachments: # [1](#) Affidavit Declaration of Michelle Clark, # [2](#) Exhibit Exhibit 1, # [3](#) Exhibit Exhibit 2, # [4](#) Exhibit Exhibit 3, # [5](#) Exhibit Exhibit 4, # [6](#) Exhibit Exhibit 5, # [7](#) Exhibit Exhibit 6, # [8](#) Exhibit Exhibit 7, # [9](#) Exhibit Exhibit 8, # [10](#) Exhibit Exhibit 9, # [11](#) Exhibit Exhibit 10, # [12](#) Exhibit Exhibit 11, # [13](#) Exhibit Exhibit 12, # [14](#) Exhibit Exhibit 13)(Clark, Michelle) (Entered: 04/02/2015) |
| 04/06/2015 | [72](#) | Joint MOTION to Amend/Correct *Docket Control Order* by Brite Smart Corp.. (Attachments: # [1](#) Text of Proposed Order Proposed Amended Docket Control Order)(Katz, Robert) (Entered: 04/06/2015) |
| 04/09/2015 | [73](#) | NOTICE by Brite Smart Corp. re [19](#) Opposed MOTION for Leave to File *Amended Complaint -- Notice of Withdrawal of Motion* (Katz, Robert) (Entered: 04/09/2015) |
| 04/09/2015 | [74](#) | AMENDED COMPLAINT -- *First Amended Complaint* against Google Inc., filed by Brite Smart Corp.. (Attachments: # [1](#) Exhibit A - '104 patent, # [2](#) Exhibit B - '667 patent, # [3](#) Exhibit C - '763 patent, # [4](#) Exhibit D - '057 patent)(Katz, Robert) (Entered: 04/09/2015) |
| 04/10/2015 | [75](#) | Claim Construction and Prehearing Statement by Brite Smart Corp.. (Attachments: # [1](#) Exhibit A - Brite Smart's Constructions and Evidence, # [2](#) Exhibit B - Google's Constructions and Evidence)(Katz, Robert) (Entered: 04/10/2015) |
| 04/13/2015 | [76](#) | Joint MOTION FOR ENTRY OF AN ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE COSTS by Google Inc.. (Attachments: # [1](#) Exhibit A)(Clark, Michelle) (Entered: 04/13/2015) |
| 04/14/2015 | [77](#) | AMENDED ANSWER to [1](#) Complaint, by Google Inc.. (Perlson, David) (Entered: 04/14/2015) |
| 04/22/2015 | [78](#) | SEALED MOTION *to Compel Discovery* by Google Inc.. (Attachments: # [1](#) Affidavit Declaration of Michelle Clark, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Exhibit 10, # [12](#) Exhibit 11, # [13](#) Text of Proposed Order [Proposed] Order)(Clark, Michelle) (Entered: 04/22/2015) |

– A11 –

| 04/27/2015 | 79 | SEALED MOTION *to Dismiss* by Google Inc.. (Attachments: # 1 Affidavit Perlson Declaration, # 2 Exhibit 1, # 3 Text of Proposed Order [Proposed] Order) (Perlson, David) (Entered: 04/27/2015) |
|---|---|---|
| 05/04/2015 | 80 | SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* by Brite Smart Corp.. (Attachments: # 1 Affidavit Katz Declaration, # 2 Exhibit A - Brite Smart's PR3-1 and 3-2 Disclosures, # 3 Exhibit B - Discovery Dispute Letters, # 4 Exhibit C - Exemplary Infringement Contention Chart, # 5 Exhibit D - Brite Smart's 1st 30(b)(6) Notice, # 6 Exhibit E - Turner Transcript, # 7 Exhibit F - Matthews Transcript, # 8 Exhibit G - Brite Smart's 3rd Roggs to Google, # 9 Exhibit H - Google's Obj and Resps to Brite Smart's 3rd Rogs, # 10 Exhibit I - Brite Smart's 1st RFP to GoogleI - Personal Audio v Apple, # 11 Exhibit J - Brite Smart's 3rd RFP to Google, # 12 Exhibit K - Google's Resp to Brite Smart's 3rd RFPs, # 13 Exhibit L - Brite Smart's 4th RFP to Google, # 14 Exhibit M - Google's Resp to Brite Smart's 4th RFPs, # 15 Exhibit N - Mtn containing Rick Woods' requests to Google, # 16 Exhibit O - Surdulescu Transcript, # 17 Text of Proposed Order)(Katz, Robert) (Entered: 05/04/2015) |
| 05/05/2015 | 81 | Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions* by Brite Smart Corp.. (Attachments: # 1 Exhibit Katz Declaration, # 2 Exhibit A - Infringement Contention Chart - Version 2, # 3 Exhibit B - Ltr from Google - March 9, 2015, # 4 Exhibit C - Exemplary Google Production, # 5 Exhibit D - Production Ltr Dated Feb 16, 2015, # 6 Exhibit E - Ltr from Google - April 28, 2015, # 7 Exhibit F - Infringement Contention Chart - Version 3, # 8 Exhibit G - Production Ltr Dated March 24, 2015, # 9 Text of Proposed Order) (Katz, Robert) (Entered: 05/05/2015) |
| 05/05/2015 | 82 | SEALED MOTION *for Leave to Supplement Invalidity Contentions* by Google Inc.. (Attachments: # 1 Affidavit Declaration of L. Yang, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Appendix 1, # 13 Appendix 2, # 14 Appendix 3, # 15 Appendix 4, # 16 Appendix 5, # 17 Appendix 6, # 18 Appendix 7, # 19 Appendix 8, # 20 Appendix 9, # 21 Appendix 10, # 22 Appendix 11, # 23 Appendix 12, # 24 Appendix 13, # 25 Appendix 14, # 26 Appendix 15, # 27 Appendix 16, # 28 Appendix 17, # 29 Appendix 18, # 30 Appendix 19, # 31 Appendix 20, # 32 Appendix 21, # 33 Appendix 22, # 34 Appendix 23, # 35 Appendix 24, # 36 Appendix 25, # 37 Appendix 26, # 38 Appendix 27, # 39 Appendix 28, # 40 Text of Proposed Order [Proposed] Order) (Perlson, David) (Entered: 05/05/2015) |
| 05/07/2015 | 83 | Opposed MOTION for Leave to File *Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District of California* by Google Inc.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order [Proposed] Order) (Perlson, David) (Entered: 05/07/2015) |
| 05/07/2015 | 84 | **WITHDRAWN PER ORDER 106**<br><br>Opposed MOTION to Expedite *Google's Motion For Leave To Supplement The Record With Further Evidence In Support of Google Inc.'s Motion To Transfer Venue To Northern District Of California* by Google Inc.. (Attachments: # 1 Text of Proposed Order [Proposed] Order)(Perlson, David) Modified on 5/28/2015 |

| | | |
|---|---|---|
| | | (nkl, ). (Entered: 05/07/2015) |
| 05/11/2015 | 85 | RESPONSE in Opposition re 78 SEALED MOTION *to Compel Discovery filed by Brite Smart Corp.*. (Attachments: # 1 Affidavit Declaration of Robert D. Katz, # 2 Exhibit A - Discovery Communications, # 3 Exhibit B - Google's Rule 30(b)(6) Deposition Notice to Brite Smart, # 4 Exhibit C - Collins v Nissan - Opinion, # 5 Text of Proposed Order)(Katz, Robert) (Entered: 05/11/2015) |
| 05/11/2015 | 86 | RESPONSE in Opposition re 79 SEALED MOTION *to Dismiss filed by Brite Smart Corp.*. (Attachments: # 1 Text of Proposed Order)(Katz, Robert) (Entered: 05/11/2015) |
| 05/19/2015 | 87 | Sealed Document. (Attachments: # 1 Exhibit 1 - United States Patent No. 7,249,104, # 2 Exhibit 2 - United States Patent No. 7,953,667, # 3 Exhibit 3 - United States Patent No. 8,326,763, # 4 Exhibit 4 - United States Patent No. 8,671,057, # 5 Exhibit 5 - Google Design Document re Fighting Spam, # 6 Exhibit 6 - Google Annual Report Excerpts, # 7 Exhibit 7 - Client Definition from A Dictionary of Computing, # 8 Exhibit 8 - Client Definition from Dictionary of Computer Science, # 9 Exhibit 9 - Cookie Definition from Google's Key Terms, # 10 Exhibit 10 - Excerpts from Surdulescu Transcript, # 11 Exhibit 11 - Google Design Document re Cookie, # 12 Exhibit 12 - Julia Layton - Click Fraud Article, # 13 Exhibit 13 - Wendy Davis - Click Fraud Article, # 14 Exhibit 14 - Jessie Stricchhiola - Click Fraud Article, # 15 Exhibit 15 - Tuzhilin Report, # 16 Exhibit 16 - United States Patent No. 7,523,016 to Google, # 17 Exhibit 17 - File History Excerpt - Patent No. 8,671,057, # 18 Exhibit 18 - Cost-Per-Click Definition from Google's AdWords Help, # 19 Exhibit 19 - Link Definition from Federal Standard, # 20 Exhibit 20 - Search Engine Definition from Glossary of Netspeak, # 21 Exhibit 21 - Excerpts from Matthews Transcript, # 22 Exhibit 22 - Client-side Definition from Wikipedia, # 23 Exhibit 23 - Server-side Definition from Wikipedia, # 24 Exhibit 24 - Identify Definition from Encarta Dictionary, # 25 Exhibit 25 - Concatenate Definition from Encarta Dictionary, # 26 Exhibit 26 - Concatenate Definition from Computer Science Dictionary)(Katz, Robert) (Entered: 05/19/2015) |
| 05/19/2015 | 88 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 87 Sealed Document,,,,,,,. (Attachments: # 1 Exhibit 27 - Google Design Documents re Concatenate and Cookie, # 2 Exhibit 28 - Excerpts from Agrawal Transcript, # 3 Exhibit 29 - Google Exemplary Cookie Definition, # 4 Exhibit 30 - ZeroAccess Click-Fraud Article, # 5 Exhibit 31 - Pretermined Definition from Encarta Dictionary, # 6 Exhibit 32 - Website and Webpages Definition from Random House Dictionary, # 7 Exhibit 33 - Website and Webpates Definition from Microsoft Dictionary, # 8 Exhibit 34 - Excerpts from Turner Transcript)(Katz, Robert) (Entered: 05/19/2015) |
| 05/19/2015 | 89 | NOTICE by Brite Smart Corp. *Notice of Technology Tutorial* (Katz, Robert) (Entered: 05/19/2015) |
| 05/20/2015 | 90 | NOTICE by Google Inc. *of Compliance Regarding Technology Tutorial* (Jones, Michael) (Entered: 05/20/2015) |
| 05/20/2015 | 91 | MOTION to Unseal Document 78 SEALED MOTION *to Compel Discovery* filed by Google Inc. by Google Inc. (Attachments: # 1 Text of Proposed Order)(Clark, Michelle) (Entered: 05/20/2015) |

| | | |
|---|---|---|
| 05/21/2015 | 92 | Unopposed MOTION for Extension of Time to File Response/Reply as to 80 SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* by Google Inc.. (Attachments: # 1 Text of Proposed Order [Proposed] Order)(Perlson, David) (Entered: 05/21/2015) |
| 05/21/2015 | 93 | REPLY to Response to Motion re 79 SEALED MOTION *to Dismiss filed by Google Inc.*. (Perlson, David) (Entered: 05/21/2015) |
| 05/21/2015 | 94 | SEALED REPLY to Response to Motion re 78 SEALED MOTION *to Compel Discovery* filed by Google Inc.. (Attachments: # 1 Affidavit Declaration of Michelle Clark, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Clark, Michelle) (Entered: 05/21/2015) |
| 05/22/2015 | 95 | ORDER granting 92 Motion for Extension of Time to File Response/Reply re 80 SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* Responses due by 5/28/2015. Signed by Magistrate Judge Roy S. Payne on 5/22/2015. (ch, ) (Entered: 05/22/2015) |
| 05/22/2015 | 96 | DOCKET CONTROL ORDER - Pretrial Conference set for 12/1/2015 09:00 AM before Magistrate Judge Roy S. Payne., Amended Pleadings due by 4/14/2015., Jury Selection set for 1/11/2016 09:00AM before Judge Rodney Gilstrap., Mediation Completion due by 7/28/2015., Markman Hearing set for 6/30/2015 09:00 AM before Magistrate Judge Roy S. Payne., Motions due by 11/9/2015., Proposed Pretrial Order due by 11/23/2015. Signed by Magistrate Judge Roy S. Payne on 5/22/2015. (ch, ) (Entered: 05/22/2015) |
| 05/22/2015 | 97 | ORDER granting 76 Motion For Entry of Model Order. Signed by Magistrate Judge Roy S. Payne on 5/22/2015. (ch, ) (Entered: 05/22/2015) |
| 05/22/2015 | 98 | RESPONSE in Opposition re 82 SEALED MOTION *for Leave to Supplement Invalidity Contentions* filed by Brite Smart Corp. (Attachments: # 1 Text of Proposed Order)(Katz, Robert) (Entered: 05/22/2015) |
| 05/26/2015 | 99 | RESPONSE in Opposition re 83 Opposed MOTION for Leave to File *Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District of California filed by Brite Smart Corp.*. (Attachments: # 1 Exhibit A (emails to David Perlson), # 2 Text of Proposed Order)(Davis, Stafford) (Entered: 05/26/2015) |
| 05/26/2015 | 100 | RESPONSE in Opposition re 84 Opposed MOTION to Expedite *Google's Motion For Leave To Supplement The Record With Further Evidence In Support of Google Inc.'s Motion To Transfer Venue To Northern District Of California filed by Brite Smart Corp.*. (Attachments: # 1 Text of Proposed Order)(Davis, Stafford) (Entered: 05/26/2015) |
| 05/26/2015 | 101 | Unopposed MOTION for Extension of Time to File Response/Reply as to 81 Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions* by Google Inc.. (Attachments: # 1 Text of Proposed Order)(Perlson, David) (Entered: 05/26/2015) |
| 05/27/2015 | 102 | NOTICE by Google Inc. re 83 Opposed MOTION for Leave to File *Further |

– A14 –

| | | |
|---|---|---|
| | | *Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District of California Notice of Waiver of Reply* (Perlson, David) (Entered: 05/27/2015) |
| 05/27/2015 | 103 | ORDER granting 91 Motion to Unseal Document 78 SEALED MOTION *to Compel Discovery*. Signed by Magistrate Judge Roy S. Payne on 05/27/2015. (nkl, ) (Entered: 05/27/2015) |
| 05/27/2015 | 104 | Unopposed MOTION to Withdraw 84 Opposed MOTION to Expedite *Google's Motion For Leave To Supplement The Record With Further Evidence In Support of Google Inc.'s Motion To Transfer Venue To Northern District Of California* by Google Inc.. (Attachments: # 1 Text of Proposed Order)(Perlson, David) (Entered: 05/27/2015) |
| 05/28/2015 | 105 | ORDER granting 101 Motion for Extension of Time to File Response re 81 Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions*. Responses due by 5/28/2015. Signed by Magistrate Judge Roy S. Payne on 05/28/2015. (nkl, ) (Entered: 05/28/2015) |
| 05/28/2015 | 106 | ORDER withdrawing 84 Motion to Expedite; granting 104 Motion to Withdraw. Signed by Magistrate Judge Roy S. Payne on 05/28/2015. (nkl, ) (Entered: 05/28/2015) |
| 05/28/2015 | 107 | SUR-REPLY to Reply to Response to Motion re 78 SEALED MOTION *to Compel Discovery filed* by Brite Smart Corp.. (Katz, Robert) (Entered: 05/28/2015) |
| 05/28/2015 | 108 | SUR-REPLY to Reply to Response to Motion re 79 SEALED MOTION *to Dismiss filed* by Brite Smart Corp.. (Katz, Robert) (Entered: 05/28/2015) |
| 05/28/2015 | 109 | SEALED RESPONSE to Motion re 80 SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials filed* by Google Inc.. (Attachments: # 1 Affidavit Matthews Declaration, # 2 Affidavit Clark Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Text of Proposed Order) (Perlson, David) (Entered: 05/28/2015) |
| 05/28/2015 | 110 | SEALED RESPONSE to Motion re 81 Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions filed* by Google Inc.. (Attachments: # 1 Perlson Declaration, # 2 Duffy Declaration, # 3 Friesen Declaration, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Text of Proposed Order)(Perlson, David) (Entered: 05/28/2015) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brite Smart Corp. ("Brite Smart" or "Plaintiff") files this complaint for patent infringement against Google Inc. ("Google" or "Defendant") and states as follows:

### NATURE OF ACTION

1.      This is a patent infringement action in which Brite Smart seeks compensatory damages, past and future, amounting to no less than a reasonable royalty. In the Internet advertising industry, advertisers are often charged on a pay-per-click basis whereby the advertiser pays for each time an Internet user is directed to their website or advertisement.   These pay-per-click charges are the primary source of revenue for providers of Internet advertising.  As pay-per-click charges may be very significant costs for Internet advertisers, such advertisers seek to ensure that the clicks for which they are charged reflect genuine interest in the advertisers' products and services from Internet users and are not clicks that only serve to inflate the charges for which advertisers are responsible, otherwise known as "invalid clicks" or "click-fraud."   It has been reported that about 36% of all web traffic is considered fake, the product of computers hijacked by viruses and programmed to visit sites.  Patrick Zuili, inventor of U.S. Patent Nos.

7,249,104 ("the '104 patent"), 7,953,667 ("the '667 patent"), 8,326,763 ("the '763 patent"), and 8,671,057 ("the '057 patent") (collectively "the patents-in-suit"), invented a technology for reducing invalid clicks or click-fraud by enabling advertisement-providers such as search engines to detect clicks that likely do not reflect bona-fide indications of Internet users' interest.  Google has used, and continues to use, the patented technology unlawfully.

2.     Google operates a search website and a search advertising platform on the Internet.  In response to search queries, Google returns search results pages with a list of "natural" or "algorithmic" results from the search engine and where applicable, a list of "paid for" search advertising  or "sponsored links"  placed on the side of the search engine (typically on the right side of the search engine page results). Google controls the Internet's largest ad network in the world, and dominates the markets of search engine usage and search-driven Internet advertising. Google's highly profitable advertising platform (known as "AdWords") receives the overwhelming majority of its revenue from search advertising.

3.     Search advertisements are normally sold on a "cost per click" or "CPC" basis whereby advertisers pay the search website each time their ad is clicked by a user of the search website. If a search ad is shown on a search-results page, but not clicked, then the advertiser generally does not pay.

4.     Google displays CPC advertising on its own search engine, and also on other websites through its "AdSense" program.  Through AdSense, other website operators display advertisements on their website.  The underlying advertiser must pay for each "click" by an Internet user on their AdSense advertisement. Google also allows

advertisers to purchase advertising on other websites through its DoubleClick Bid
Manager.   Advertising revenues are then split between Google and the third party
website.

## THE PARTIES

5.     Plaintiff Brite Smart Corp. is a corporation organized under the laws of
Delaware with its principal place of business at 110 North College Avenue, Suite 1504,
Tyler, Texas 75702.

6.     Google, Inc. is a Delaware corporation with its principal place of business
at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Google's registered agent
for service in Texas is Corporation Service Company d/b/a CSC – Lawyers Incorporating
Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of
the United States, Title 35, United States Code.   Jurisdiction as to these claims is
conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

8.     Venue is proper within this District under 28 U.S.C. §§1391 and 1400(b).
On information and belief, Google has committed acts of infringement in this District,
has purposely transacted business in this District, has advertised and solicited business in
this District, has committed acts of infringement in this District, and has established
minimum contacts within this District

9.     This Court has personal jurisdiction over Google because, on information
and belief, Google has conducted and does conduct business within this District, has
committed acts of infringement in this District, and continues to commit acts of

infringement in this District.  On information and belief, Google generates millions of dollars of search advertising revenue in this District.  On information and belief, at least hundreds of thousands of residents within this District use Google's website and thus generate search advertising revenue.

## First Claim for Patent Infringement ('104 patent)

10.     Brite Smart incorporates by reference paragraphs 1-9 as if fully set forth herein.

11.     On July 24, 2007, United States Patent No. 7,249,104 ("the '104 patent") entitled "Pay-Per-Click System And Method That Determine Whether A Requested Link To A Merchant Website Is Legitimate Or Fraudulent" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '104 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '104 patent is attached hereto as Exhibit A.

12.     The '104 patent is valid and enforceable.

13.     Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '104 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

14.    Google has been at no time, either expressly or impliedly, licensed under the '667 patent.

15.    Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

16.    Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

### Second Claim for Patent Infringement ('667 patent)

17.    Brite Smart incorporates by reference paragraphs 1-16 as if fully set forth herein.

18.    On May 31, 2011, United States Patent No. 7,953,667 ("the '667 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '667 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '667 patent is attached hereto as Exhibit B.

19.    The '667 patent is valid and enforceable.

20.    Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '667 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems,

including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

21.    Google has been at no time, either expressly or impliedly, licensed under the '667 patent.

22.    Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

23.    Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

### Third Claim for Patent Infringement ('763 patent)

24.    Brite Smart incorporates by reference paragraphs 1-23 as if fully set forth herein.

25.    On December 4, 2012, United States Patent No. 8,326,763 ("the '763 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '763 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '763 patent is attached hereto as Exhibit C.

26.    The '763 patent is valid and enforceable.

27.    Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '763 patent in this judicial district and elsewhere in the United States, by making, using,

6

operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

28.    Google has been at no time, either expressly or impliedly, licensed under the '763 patent.

29.    Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

30.    Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

### Fourth Claim for Patent Infringement ('057 patent)

31.    Brite Smart incorporates by reference paragraphs 1-30 as if fully set forth herein.

32.    On March 11, 2014, United States Patent No. 8,671,057 ("the '057 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '057 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '057 patent is attached hereto as Exhibit D.

33.    The '057 patent is valid and enforceable.

34.    Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '057

patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

35.    Google has been at no time, either expressly or impliedly, licensed under the '057 patent.

36.    Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

37.    Brite Smart reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

## DEMAND FOR JURY TRIAL

Brite Smart hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, Brite Smart respectfully requests that the Court:

1.    Enter judgment that Google has infringed the '104, '667, '763, and '057 patents;

2.    Award Brite Smart compensatory damages for Google's infringement of the '104, '667, '763, and '057 patents, together with enhanced damages, costs, and pre- and post-judgment interest; and

3.    Award any other relief deemed just and equitable.

8

DATED: July 10, 2014                    Respectfully submitted,


                                        /s/ *Stafford Davis* (with permission)
                                        Stafford Davis
                                        State Bar No. 24054605
                                        Email: sdavis@stafforddavisfirm.com
                                        **THE STAFFORD DAVIS FIRM, PC**
                                        305 South Broadway
                                        Suite 406
                                        Tyler, TX 75702
                                        Phone: (903) 593-7000
                                        Fax: (903) 703-7369


                                        Robert D. Katz
                                        Lead Attorney
                                        State Bar No. 24057936
                                        Email: rkatz@katzlawpllc.com
                                        **KATZ PLLC**
                                        6060 N. Central Expressway, Suite 560
                                        Dallas, TX 75206
                                        Phone: (214) 865-8000

                                        **ATTORNEYS FOR PLAINTIFF
                                        BRITE SMART CORP.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BRITE SMART CORP, <br><br>                 Plaintiff, <br><br> vs. <br><br> GOOGLE INC., <br><br>                 Defendant. | 2:14-cv-00760-JRG |

## GOOGLE'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A) AND SUPPORTING MEMORANDUM

**TABLE OF CONTENTS**

I.      **INTRODUCTION** ...................................................................................................... 1

II.     **BACKGROUND** ....................................................................................................... 2

    A.    Plaintiff Has No Connection to the EDTX ............................................... 2

    B.    The Patents-in-Suit Target Google's Click Fraud Detection Features...................... 2

    C.    The Bulk of Google's Relevant Evidence and Witnesses Are Located in the NDCA at Google's Headquarters in Mountain View, California ........................................ 3

    D.    Third-Party Witnesses, Including A Prosecuting Attorney, Former Google Employees, and Potential Prior Art Witnesses, Are Located in the NDCA ............. 4

    E.    Google Has No Offices or Facilities in the EDTX .................................................. 5

III.    **APPLICABLE LAW** ................................................................................................ 6

IV.    **ARGUMENT** ............................................................................................................ 6

    A.    Google Could Have Been Sued in the NDCA ........................................................ 7

    B.    The Balance of Private Interest Factors Strongly Supports Transfer to the NDCA.. 7

        1.    Relative Ease of Access to Sources of Proof Strongly Favors Transfer ....... 7

        2.    Availability of Compulsory Process to Secure the Attendance of Non-Party Witnesses Strongly Favors Transfer ........................................................ 10

        3.    Cost of Attendance for Willing Witnesses Strongly Favors Transfer......... 11

        4.    Remaining Private Factors Are Neutral .................................................... 12

    C.    The Balance of Public Interest Factors Supports Transfer to the NDCA ............... 12

        1.    Court Congestion is Neutral ..................................................................... 12

        2.    Local Interest Strongly Favors Transfer ................................................... 13

        3.    Both Courts are Equally Familiar with Patent Law, and There is No Concern Regarding Conflict of Laws ....................................................... 14

V.     **CONCLUSION** ...................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Texas v. Samsung Elecs. Co*., 968 F. Supp. 2d 852 (E.D. Tex. Sept. 18, 2013) 13

*In re Acer Am. Corp*., 626 F.3d 1252 (Fed. Cir. 2011) ................................................................ 12

*In re Genentech Inc*., 566 F.3d 1338 (Fed. Cir. 2009)................................................. 7, 8, 10, 11

*In re Google Inc.*, Case No. 2014-147 (Fed. Cir. Oct. 9, 2014) ..................................................... 7

*In re Hoffmann-La Roche Inc*., 587 F.3d 1333 (Fed. Cir. 2009) .................................................. 13

*In re Link-a-Media Devices Corp*., 662 F.3d 1221 (Fed. Cir. 2011) ............................................ 14

*In re Microsoft Corp*., 630 F.3d 1361 (Fed. Cir. 2011) ................................................................. 9

*In re Morgan Stanley*, 417 Fed. Appx. 947 (Fed. Cir. 2011) ........................................................ 8

*In re Nintendo Co., Ltd*., 589 F.3d 1194 (Fed. Cir. 2009) ................................................... 6, 8, 11

*In re TOA Techs., Inc*., 543 F. App'x 1006 (Fed. Cir. Oct. 3, 2013) ...................................... 8, 13

*In re Toyota Motor Corp.*, 747 F.3d 1338 (Fed. Cir. Apr. 3, 2014) .................................... 8, 10, 11

*In re TS Tech USA Corp*., 551 F.3d 1315 (Fed. Cir. 2008) ................................................... 6, 7, 9

*In re Volkswagen of Am., Inc*., 545 F.3d 304 (5th Cir. 2008).............................................. 6, 11, 13

*In re Zimmer Holdings, Inc*., 609 F.3d 1378 (Fed. Cir. 2010).......................................................... 9

*Invensense, Inc. v. STMicroelectronics, Inc*., No. 13-40501, 2014 WL 105627 (E.D. Tex. Jan. 10, 2014) .......................................................................................................................................... 14

*Lake Cherokee Hard Drive Techs., LLC v. Bass Computers, Inc*., No. 10-216, 2012 WL 462956 (E.D. Tex. 2012).......................................................................................................................... 9

*Lone Star Doc. Mgmt., LLC v. Catalyst Repository Sys., Inc*., No. 12-164, 2013 WL 5496816 (E.D. Tex. Mar. 15, 2013) ......................................................................................................... 12

*Mitel Networks Corp. v. Facebook, Inc*., 943 F.Supp. 2d 463 (D.Del. May 1, 2013)................. 11

*Wacoh co. v. Kionix Inc*., 845 F. Supp. 2d 597 (D. Del. 2012) .................................................... 8

*Wireless Recognition Techs. LLC v. Nokia Corp. et al.*, No. 2:10-cv-365, 2012 WL 506669 (E.D. Tex. 2012) .......................................................................................................................... 7


**Statutes**

28 U.S.C. § 1400(b)....................................................................................................................... 6

28 U.S.C. § 1404(a) ............................................................................................................. 1, 6, 14

28 U.S.C. § 1406(a) ....................................................................................................................... 1

## TABLE OF EXHIBITS

Exhibit A        Declaration of Mr. Abeer Dubey

Exhibit B        Declaration of Mr. David Turner

Exhibit C        Declaration of Ms. Amanda Tekell

Exhibit D        Declaration of Ms. Jeong Ah Joy Lee

Exhibit E        Tex. Sec. of St. Rpts.

Exhibit F        Dkt. Rpts. of Stafford Davis

Exhibit G        Accurint Rpts. and LinkedIn Profiles

Exhibit H        S&P Capital IQ Company Profiles

Exhibit I        IAB Press Release

Exhibit J        Excerpt from PW Patent Litigation Study

Exhibit K        Time to Disposition

Pursuant to 28 U.S.C. § 1404(a), Defendant Google Inc. ("Google") hereby moves the Court for a transfer of venue from the Eastern District of Texas ("EDTX") to the Northern District of California ("NDCA").[1] This motion is supported by the memorandum below and the declarations of Abeer Dubey ("Dubey Decl.", Ex. A), David Turner ("Turner Decl.", Ex. B), Amanda Tekell ("Tekell Decl.", Ex. C), and Jeong Ah Joy Lee ("Lee Decl.", Ex. D).

## I.     INTRODUCTION

Two months before filing suit, Plaintiff registered as a foreign company in Texas claiming as its "principal place of business" a Tyler address that it "shares" with at least nine other companies. Some of those companies have (or had) the same litigation counsel as Plaintiff. Plaintiff claims no other connection to the EDTX. The Federal Circuit has held repeatedly that such artificial presence in the district that exists for no other purpose than to manufacture venue does not establish convenience in venue analysis.

The convenience factors point firmly in the direction of the NDCA. Google's click fraud detection services, the target of this infringement action, were designed and created in the NDCA. Many of the witnesses—including current and former Google employees—who can testify to the design and the development of click fraud detection services reside near Google's headquarters in Mountain View, California, which is in the NDCA. At least one prosecuting attorney for the patents-in-suit and several witnesses who likely possess relevant prior art information also reside in the NDCA. Four out of eight private and public interest factors that are used in the Fifth Circuit when determining transfer motions weigh heavily in favor of transfer, and the remaining factors are neutral or do not apply. No factor weighs against transfer. Accordingly, the established Fifth Circuit and Federal Circuit precedent directs that this case be transferred to the NDCA.

---

[1] Google does not waive its right to challenge venue under 28 U.S.C. § 1406(a).

## II.    BACKGROUND

### A.    Plaintiff Has No Connection to the EDTX

Plaintiff Brite Smart Corp. ("Brite Smart") holds itself out as a patent holding and patent licensing company. Brite Smart incorporated in Delaware in 2002. (Ex. E, Tex. Sec. of St. Rpts., at 1.) It then registered as a foreign corporation in Austin, Texas on May 9, 2014. (*Id.*) Brite Smart filed this suit on July 10, 2014.

Brite Smart shares its office with at least nine other companies.[2] (*Id.*; Tekell Decl. at ¶ 4.) All ten companies list Michael J. Collins as their corporate representative—*e.g.*, "Manager", "Managing Member", "Member of the Board of Directors", or "Director"—and as their registered agent. (Ex. E.) Mr. Collins is known to be a private investigator for litigation support. (Tekell Decl. at ¶ 5.) One of Plaintiff's law firms in this case, Stafford Davis, also represents, or has represented, at least two of those companies, Patent Group LLC and Better Mouse Company, LLC, in more than a dozen recent patent infringement actions in the EDTX. (Ex. F, Dkt. Rpts. of Stafford Davis; Lee Decl. at ¶ 6.)

Google is not aware of any Brite Smart witness or document that is materially relevant to this action that is located in the EDTX. The sole common inventor of the four patents-in-suit, Mr. Patrick Zuili, resides in Boca Raton, Florida. (Ex. G, Accurint Rpts. and LinkedIn Profiles, at 1; Lee Decl. at ¶¶ 7-8.)

### B.    The Patents-in-Suit Target Google's Click Fraud Detection Features

Brite Smart's complaint asserts four patents that relate to methods of detecting fraudulent

---

[2] The nine companies are: Collins Inv. LLC; Patent Group, LLC; Better Mouse Company, LLC; Piney Woods Patent Group LLC; East Texas Patent Management LLC; Fare Technologies LLC; Aloe Technologies, LLC; Anderson County Jail, LLC; and Collins Inv. 2 LLC. (Ex. E; Lee Decl. at ¶ 5.) The first three companies, along with Brite Smart, are listed physically on the door of the office. (Tekell Decl. at ¶ 4.)

clicks. (D.I. 1 at ¶¶ 11, 18, 25, 32.) Brite Smart alleges infringement by Google's "pay-per-click advertising and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense." (D.I. 1 at ¶¶ 13, 20, 27, 34.)

Google formed Ad Traffic Quality Team in 2003. (Turner Decl. at ¶ 5.) Ad Traffic Quality Team provides invalid click and click fraud detection services for all of Google's advertising products, including AdWords, AdSense, and DoubleClick. (*Id*.) In other words, the claims of the asserted patents target Google's click fraud detection services, rather than Google's search engine or specific advertising platforms such as AdWords, AdSense, or DoubleClick.

### C.    The Bulk of Google's Relevant Evidence and Witnesses Are Located in the NDCA at Google's Headquarters in Mountain View, California

Google is a Delaware corporation that has been headquartered in Northern California since 1998 and in Mountain View since 2004. (Dubey Decl. at ¶ 5.) Google's Mountain View headquarters is the strategic center of Google's business. (*Id*. at ¶ 6.) Decisions related to Google's overall business are made by managers and other employees located in Mountain View, including the most significant decisions related to Google's click fraud detection services. (*Id*.)

Particularly, Google's click fraud detection system was designed and created at the Mountain View headquarters in 2003. (Turner Decl. at ¶ 5.) The Ad Traffic Quality Team is located in three locations: the Mountain View headquarters, Zurich, and London.[3] (*Id*. at ¶ 6.) There are about eighty Ad Traffic Quality engineers worldwide, and the majority of them—more than forty—are in Mountain View. (*Id*.) The Mountain View office is responsible for developing and implementing invalid click detection filters and accounting for invalid click traffic. (*Id*. at ¶ 5.)

---

[3] The Zurich Ad Traffic Quality Team was added in 2005. (Turner Decl. at ¶ 6.) The London Ad Traffic Quality Team was formed in 2013 when Google acquired Spider.io, a London-based company. (*Id.*) There was a small team of about three in Pittsburgh, Pennsylvania on the Ad Traffic Quality Team, but that location closed down around June 2007 after only a few months. (*Id.*)

The Zurich and London offices focus primarily on queries and impressions—a measure of the number of times an advertisement is seen—rather than clicks, which are the subject of the patents-in-suits. (*Id.* at ¶ 6)

The following three Ad Traffic Quality Team engineers are knowledgeable regarding the design and development of the accused features and may provide testimony in this action: (1) David Turner, Software Engineer; (2) Razvan Surdulescu, Senior Staff Software Engineer; and (3) Per Bjorke, Product Manager. (Dubey Decl. at ¶ 7.) All three are located in Mountain View. (*Id.*)

Further, Google's records regarding the relevant technology are predominantly located in its headquarters in Mountain View. (*Id.* at ¶ 8.) All or nearly all of these documents are hosted on Google's various secure servers, which are accessible from anywhere, as long as one has proper login credentials and a secure network connection. (*Id.* at ¶ 9.)

However, all documents hosted on Google's servers are ultimately managed by the Mountain View headquarters. (*Id.*) Plus, given that most, if not all, of the employees with relevant knowledge of the accused instrumentalities are based in Mountain View, any hard copies of documents and employee notebooks that might exist would be located in Mountain View. (*Id.*) In addition, documents that are relevant to this case and would eventually be produced in this case must be collected, reviewed, and produced by Google's central litigation support team that is located at the Mountain View headquarters. (*Id.*) Moreover, most click fraud-related documents are created and maintained at the Mountain View headquarters, though some were created in Zurich. (Turner Decl. at ¶ 7.)

### D.    Third-Party Witnesses, Including A Prosecuting Attorney, Former Google Employees, and Potential Prior Art Witnesses, Are Located in the NDCA

Key potential third-party witnesses are also located in the NDCA. First, Joe Zheng, who prosecuted at least one of the four patents-in-suit (U.S. Patent No. 7,249,104), resides in Cupertino,

California, which is in the NDCA. (Ex. G at 4; Lee Decl. at ¶ 9.)

Second, former Ad Traffic Quality Team engineers Shuman Ghosemajumder, Neil Daswani, and Michael Stoppelman reside in the NDCA. (Ex. G at 5-12; Lee Decl. at ¶¶ 10-12.) They have knowledge regarding the initial design and implementation of Google's click fraud detection services and potentially invalidating art. (Turner Decl. at ¶ 8.)

Third, many of the potential prior art witnesses are located in or near the NDCA. California is the epicenter of the PPC search engine industry. As discussed above, PPC advertisers and advertising platforms likely have significant prior art evidence because they developed and implemented schemes to identify and combat click fraud.[4] Most of them are based in California, or have co-founders or inventors that reside in California, as shown in the table in ¶ 14 of the Lee Declaration.[5]

### E.     Google Has No Offices or Facilities in the EDTX

Google has no offices or facilities in the EDTX. (Dubey Decl. at ¶ 10.) Google is not aware of any document relevant to this action or any witness with relevant information located in the EDTX. (*Id.*) Google has offices in Austin and Dallas, which are in the Western District and Northern District of Texas, respectively. (*Id.* at ¶ 11.) However, these offices have no involvement

---

[4] The NDCA is home to four of the five founding members of the Interactive Advertising Bureau (IAB) Click Measurement Panel, a working group that was formed to create an industry standard for quantifying click fraud, namely, Google, Yahoo!, Ask.com (now IAC Search & Media), and LookSmart. (Ex. H, S&P Capital IQ Company Profiles, at 1-6; Ex. I, IAB Press Release, "The Interactive Industry Commits to the Development of Click Measurement Guidelines" (Aug. 2, 2006); Lee Decl. at ¶¶ 14-15.) The fifth founding member Microsoft is headquartered Washington, which is in the Ninth Circuit and is much closer to the NDCA than the EDTX. (Ex. H at 9; Lee Decl. at ¶ 14.)

[5] Such companies and individuals include: Yahoo!; Ask.com; Garrett Gruener and David Warthen (co-founders of Ask.com); LookSmart, Ltd.; Microsoft Corp.; David Zinman, Jason Strober, and Andrew Conru (co-founders of FocaLink Media Service); eBay Inc.; Paul Nakada, Tom Shields, and John Danner (co-founders of NetGravity); Russ Seligman (formerly with NetGravity); Andrew Schulz (formerly with Adknowledge); CJ Affiliate by Conversant; Chad Steelberg and Ryan Steelberg (co-founders of AdForce); Sandilee Mathers (formerly with AdForce); Business.com; Amazon.com; and Expedia (Ex. G at 13-84; Ex. H; Lee Decl. at ¶¶ 13-15.)

with the click fraud detection services accused in this case. (*Id.*)

## III.     APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold inquiry under § 1404(a) is "whether a civil action might have been brought in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (citations and quotations omitted) ("*Volkswagen*"). A patent infringement suit may be brought in any district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

The Fifth Circuit considers eight private and public interest factors when determining whether the proposed venue is "clearly more convenient" than the transferor forum. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." *Id.* at 1319.

## IV.     ARGUMENT

Each of the private and public interest factors either strongly favors transfer or is neutral,

and no factor weighs against transfer. Accordingly, transfer should be granted to the NDCA.[6]

### A.     Google Could Have Been Sued in the NDCA

There can be no dispute that there is personal jurisdiction over Google in the NDCA and that it would be an appropriate venue. Google's principal place of business in Mountain View, California is located within the NDCA. Thus, the threshold requirement for a § 1404(a) transfer has been satisfied.

### B.     The Balance of Private Interest Factors Strongly Supports Transfer to the NDCA

#### 1.     Relative Ease of Access to Sources of Proof Strongly Favors Transfer

Accessibility to sources of proof is an important private interest factor that weighs heavily in favor of transfer.[7] Virtually all of the witnesses and documents related to Google's click fraud detection service are located in, or accessible from, Mountain View. (Dubey Decl. at ¶ 8; Turner Decl. at ¶¶ 5-7.)

Most importantly, all of Google's click fraud detection-related development occur in the NDCA. (Turner Decl. at ¶¶ 5-7.) The majority of the worldwide Ad Traffic Quality Team (more than forty out of eighty Ad Traffic Quality Team engineers), and specifically all of the U.S.-based Ad Traffic Quality Team employees who develop the click fraud detection services at issue in this case are located in Mountain View. (*Id.* at ¶ 6.) The three Ad Traffic Quality Team engineers who

---

[6] *Nintendo*, 589 F.3d at 1198 ("[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer."); *see also In re Google Inc.*, Case No. 2014-147, *7-8 (Fed. Cir. Oct. 9, 2014) (granting Google's petition for a writ of mandamus to stay cases in the EDTX pending the outcome of the NDCA action, and stating that the comparative convenience "considerations point firmly in the direction of the [NDCA]").

[7] "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). "Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor." *Wireless Recognition Techs. LLC v. Nokia Corp. et al.*, No. 2:10-cv-365, 2012 WL 506669, *2 (E.D. Tex. 2012); *see also TS Tech*, 551 F.3d at 1321.

are expected to testify in this litigation are in Mountain View. (Dubey Decl. at ¶ 7.) Most documents relevant to this litigation are created and maintained in Mountain View.[8] (Turner Decl. at ¶ 7.)

To the extent Plaintiff argues that New York, Zurick, or London holds some relevant evidence, that argument is irrelevant because those locations are outside of either the transferor or transferee forum. "The comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums." *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. Apr. 3, 2014); *see Nintendo*, 589 F.3d at 1199-1200; *Genentech*, 566 F.3d at 1346.

In addition, third-party witnesses with information relevant to the prosecution and invalidity of the patents-in-suit and non-infringement of the accused instrumentalities also reside in the NDCA. First, Joe Zheng, the prosecuting attorney who lives in Cupertino, may testify regarding prosecution history estoppels which may be valuable evidence for Google's non-infringement arguments.[9] (Ex. G at 4; Lee Decl. at ¶ 9.)

Second, the three former Ad Traffic Quality Team engineers in the NDCA identified above, have crucial information regarding the initial design and implementation of click fraud detection features and potential prior art systems or publications that existed in the 2000s.[10]

---

[8] This Court and the Fifth Circuit previously ruled that, even when some evidence is widely accessible electronically, "this does not negate the significance of having trial closer to where [moving party]'s physical documents and employee notebooks are located." *In re TOA Techs., Inc.*, 543 F. App'x 1006, 1010 (Fed. Cir. Oct. 3, 2013); *see also Volkswagen*, 545 F.3d at 316.

[9] The Federal Circuit gives weight to the locale of patent prosecution attorneys in transfer analysis. *In re Morgan Stanley*, 417 Fed. Appx. 947, 949 (Fed. Cir. 2011) (finding that there is "an even more compelling showing for transfer" where "[n]otably, the inventors, patent prosecution attorneys, and the defendants' employees with unique knowledge regarding the accused products reside in or near the transferee venue").

[10] Further, courts have recognized that "with the passage of time from now until trial, it is possible, if not probable, that some [Google] employees will become ex-employees." *See Wacoh co. v. Kionix Inc.*, 845

(Turner Decl. at ¶ 8; Ex. G at 5-12.) Further, their testimonies may be required to demonstrate the legacy functionality of Google's click fraud detection services, particularly with respect to Google's laches defense, which will rely on those services as they existed at the time of their releases.

Third, the entities and witnesses associated with prior art systems that are located in or near the NDCA, identified in ¶ 14 of the Lee declaration, have information and documentary evidence that are highly relevant to formulating Google's invalidity positions. (Ex. G at 13-84; Ex. H.) Some of them are known to have invented PPC advertising, and many of them provided competing services in the click fraud detection arena around the time the patents-in-suit were filed. (Lee Decl. at ¶ 14.) The technical details of how to detect click fraud are generally extremely sensitive information to companies that provide advertising platforms, because spammers could use such information to circumvent the filter signals. Thus, finding the most relevant prior art systems or references requires a lengthy, in-depth investigation and likely involvement of third party prior art authors or entities.

In contrast, no relevant evidence, witness, or document is in the EDTX. Michael J. Collins—who, in addition to acting as the corporate representative and the registered agent for at least ten companies, works as an independent private investigator—likely has no material knowledge regarding the substance of this litigation. (*See* Tekell Decl. at ¶ 5.) Brite Smart's presence in the EDTX is artificial and recent and amounts to no more than a "classic case" of "gam[ing] the system"; thus, it should be given no weight in the venue analysis.[11] *In re Zimmer*

---

F. Supp. 2d 597, 602-03 (D. Del. 2012).

[11] *See also In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (holding that the Court need not weigh connections to forum "made in anticipation of litigation and for the likely purpose of making that forum appear convenient," where the plaintiff incorporated sixteen days before filing suit); *TS Tech.*, 551 F.3d at 1319-20 ("Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a

*Holdings, Inc.*, 609 F.3d 1378, 1381-82 (Fed. Cir. 2010) (holding that the patentee's office in the EDTX which the patentee shared with one of its litigation counsel's clients and which "staffed no employees, were recent, ephemeral, and an artifact of litigation and appeared to exist for no other purpose than to manipulate venue" does not establish convenience in the venue analysis).

The facts here are analogous to those in *Toyota.* In *Toyota*, the plaintiff incorporated in the Western District of Texas five months before filing suit and shared the same office and the same CEO with numerous other companies. *Toyota*, 747 F.3d at 1339 (granting mandamus on transfer). Because the plaintiff failed to identify any specific party or non-party witness in the EDTX, and because it was "undisputed that a number of witnesses in the [transferee forum] have knowledge potentially relevant to infringement and validity issues," the Federal Circuit determined that there is "nothing on the transferor-forum side of the ledger [and thus] the transferee forum is '*clearly* more convenient" and that a finding that the transferee forum is "*far* more convenient . . . is not what is required." *Toyota*, 747 F.3d at 1341 (emphasis in original). Similarly, here, because there is no relevant evidence in the EDTX, and because Google identified numerous witnesses in the NDCA that have knowledge potentially relevant to infringement and validity issues, the NDCA is clearly more convenient.

> **2.    Availability of Compulsory Process to Secure the Attendance of Non-Party Witnesses Strongly Favors Transfer**

"The fact that [a] transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly." *Genentech*, 566 F.3d at 1345. As discussed above, one prosecution attorney, three former Ad Traffic Quality Team engineers, and numerous potential

distinct factor in the § 1404(a) analysis."); *Lake Cherokee Hard Drive Techs., LLC v. Bass Computers, Inc.*, No. 10-216, 2012 WL 462956, at *3 (E.D. Tex. 2012) ("[I]t is the Court's duty to carefully scrutinize" party assertions supporting venue claims, "to determine whether the party is trying to manipulate venue through its place of incorporation or principal place of business.").

prior artists are located in the NDCA and are subject to process there. As described above, their live trial testimonies may be necessary to Google's invalidity and non-infringement defenses at trial.

This Court has the authority to subpoena these third-party witnesses for deposition, but the California witnesses would not be subject to compulsory process for trial here. Because third-party witnesses are unlikely to voluntarily disrupt their lives and fly across the country for litigation in which they have no interest, procuring their attendance at trial will likely require compulsion.[12]

Google is not aware of any third-party witness in the EDTX for whom compulsory process would be needed if the case is transferred. The inventor of the patents-in-suit resides outside of both transferor and transferee districts, in Boca Raton, Florida. (Ex. G at 1.) Given the likely unavailability of numerous key third-party witnesses in the EDTX, this factor weighs heavily in favor of transfer.

### 3.    Cost of Attendance for Willing Witnesses Strongly Favors Transfer

The convenience of witnesses "is probably the single most important factor" in determining the convenience of a forum.[13] *Genentech*, 566 F.3d at 1342. Consideration of this factor shows that the NDCA is clearly more favorable for Google than this district.

It is clear that a number of Google witnesses in the NDCA have knowledge potentially relevant to infringement, validity, and damage issues—including the three identified above— despite Brite Smart's vague infringement allegations regarding the accused services and/or

---

[12] *Mitel Networks Corp. v. Facebook, Inc.*, 943 F.Supp. 2d 463, 473 (D.Del. May 1, 2013) ("It is enough that likely witnesses reside beyond the court's subpoena power and that there is reason to believe those witnesses will refuse to testify absent a subpoena.").

[13] The Fifth Circuit recognizes that inconvenience and costs to a witness increase with distance from the trial venue. *See Volkswagen*, 545 F.3d at 317.

products.[14] There is no Google employee in the EDTX. Every Google employee witness with relevant knowledge would have to be transported, mostly from California, to this district for trial.[15] That would incur needless travel and lodging expenses, as well as the loss of work hours occasioned by travel, which could be avoided if the dispute was decided in the NDCA.[16]

### 4.    Remaining Private Factors Are Neutral

Other than the access to sources of proof, availability of compulsory process, and cost of attendance for willing witnesses, there appears to be no practical obstacle to trying this case in either district, so the remaining factors are neutral. This case is in its infancy; nothing has happened beyond the filing of the complaint and the answer and an order regarding the scheduling conference. Thus, this Court has not expended a great deal of time or resources on this case.[17]

### C.    The Balance of Public Interest Factors Supports Transfer to the NDCA

While the first, third, and fourth public interest factors are either inapplicable or neutral, the local interest factor weighs strongly in favor of transfer to the NDCA, where this dispute is likely to be resolved expediently and where the local interest is stronger.

### 1.    Court Congestion is Neutral

---

[14] *See Toyota*, 747 F.3d at 1340 (determining that "it appears undisputed that a number of witnesses in the [transferee forum] have knowledge potentially relevant to infringement and validity issues, even if it is not possible at present to specify further just how material their testimony might be to the yet-undeveloped issues in the case").

[15] Where "a substantial number of material witnesses reside within the transferee venue and [transferee state], and no witnesses reside within the Eastern District of Texas," this factor must weigh "substantially in favor of transfer." *Genentech*, 566 F.3d at 1345; *see also Nintendo*, 589 F.3d at 1199 (holding that this factor "clearly" favored transfer where potential witnesses were located in the transferee forum (Washington), Japan, Ohio, and New York, and where no witnesses were in the transferor forum).

[16] *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2011) (required travel of party witnesses to forum would cause "significant expenses for airfare, meals, and lodging, as well as losses in productivity from time spent away from work," as well as "personal costs associated with being away from work, family, and community," considerations that should be taken into account in a transfer decision).

[17] *See Lone Star Doc. Mgmt., LLC v. Catalyst Repository Sys., Inc.*, No. 12-164, 2013 WL 5496816, at *5 (E.D. Tex. Mar. 15, 2013) (considering the amount of court resources spent on the case until the transfer decision).

The PriceWaterhouseCoopers 2014 Patent Litigation Study indicates that the median time to trial for patent cases in this Court is 2.21 years, compared to 2.44 years in the NDCA. (Ex. J, Excerpt from PW 2014 Patent Litigation Study, 17; Lee Decl. at ¶ 16.) Similarly, civil cases that require "Court Action" in the EDTX have a 26.8 month median time period from filing to disposition through trial, compared to 29 months in the NDCA. (Ex. K, U.S. District Courts— Median Time Intervals From Filing to Disposition of Civil Cases (Sept. 30, 2012); Lee Decl. at ¶ 17.) Because the difference in median time is only about two to three months, this factor is neutral.[18]

### 2.      Local Interest Strongly Favors Transfer

The Federal Circuit has directed that in patent actions, the locale where the allegedly infringing product was designed and developed should be considered to have a "significant interest" in the controversy.[19] The NDCA has a significant interest in this dispute because: (1) Google headquarters and most of the likely witnesses are in that district; (2) the bulk of the allegedly infringing activities as well as the research and development of the accused services and/or products occurred there; and (3) Brite Smart's allegations call into question the work and reputation of several individuals residing or conducting business in that community.[20] As discussed above, many of the potential prior art inventors—the value of whose work is in effect

---

[18] *See Affinity Labs of Texas v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 853 (E.D. Tex. Sept. 18, 2013) (court congestion factor neutral as between the EDTX and the NDCA).

[19] *TOA*, 543 F. App'x at 1010 (holding that the transferee venue has a local interest in deciding the matter, whereby the defendant had many employees and top executives in the transferee forum and there was no connection between the case and the EDTX except for the fact that the accused products were sold there); *see also Hoffman-LaRoche*, 587 F.3d at 1338 ("[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor.").

[20] *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (finding that the proposed transferee district's "local interest in this case remains strong because the cause of action calls into question the work and reputation" of the accused product's developers); *see also Affinity Labs*, 968 F. Supp. 2d at 855 ("The Northern District of California has an interest in protecting intellectual property rights that stem from research and development in Silicon Valley.").

challenged by the later-conceived Zuili patent claims—are located in or near the NDCA.

In contrast, the only alleged connection between the EDTX and the parties' dispute is that certain Google ad services are available here. But these are offered and sold worldwide via the Internet. Thus, the EDTX has no more connection to the present dispute than any other federal district court.[21]

### 3.      Both Courts are Equally Familiar with Patent Law, and There is No Concern Regarding Conflict of Laws

The remaining two public interest factors are neutral and inapplicable. First, because the parties' claims arise under the federal patent laws, the law is uniform nationwide, and the judges in both districts are equally well-versed in patent law. *See In re Link-a-Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011). Second, patent cases generally do not present any conflict of law issues, and no such issues are apparent in this case. *See Invensense, Inc. v. STMicroelectronics, Inc.*, No. 13-40501, 2014 WL 105627, at *7 (E.D. Tex. Jan. 10, 2014).

## V.      CONCLUSION

For the foregoing reasons, Google respectfully submits that this Court should transfer this action to the NDCA pursuant to 28 U.S.C. § 1404(a).

October 24, 2014

Mayer Brown LLP
A. John P. Mancini (*pro hac vice*)
Amr O. Aly (*pro hac vice*)
1675 Broadway
New York, NY 10019
(212) 506 -2500

Respectfully submitted by:

*/s/ Michael E. Jones*
Michael E. Jones, SBN: 10929400
POTTER MINTON LLP
110 N College Avenue, Suite 500
Tyler, TX 75702
903-597-8311
mikejones@potterminton.com
*Attorneys for Defendant Google Inc.*

---

[21] *See Volkswagen*, 545 F.3d at 318 (noting that a "rationale [which] could apply to virtually any judicial district and division of the United States" does not support transfer); *TOA*, 543 F. App'x at 1010 (holding that where the accused product is sold nationwide, its alleged sale in the plaintiff's chosen forum does not establish a substantial connection to that forum).

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant has complied with the meet and confer requirement in Local Rule CV-7(h). This motion is opposed. The personal conference required by Local Rule CV-7(h) was conducted on September 22, 2014 between Patrick Clutter, counsel for Defendant Google Inc., and Stafford Davis, counsel for Plaintiff Brite Smart Corp. Mr. Davis confirmed that Plaintiff is opposed to the relief sought in this motion.

*/s/ Michael E. Jones*
Michael E. Jones

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 24, 2014.

*/s/ Michael E. Jones*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

|  |  |
|---|---|
| BRITE SMART CORP, <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE INC., <br><br> Defendant. | 2:14-cv-00760-JRG |

<u>DECLARATION OF ABEER DUBEY IN SUPPORT OF GOOGLE INC.'S  MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>

I, Abeer Dubey, declare and state as follows:

1.      I am an employee of Google Inc. ("Google") and work at Google's Mountain View, California headquarters. I have been a Google employee since January 17, 2006, and my current title at Google is People Analytics Manager.

2.      As People Analytics Manager, I am responsible for analytics and research on employee-related topics like selection, retention, and organizational design. As part of my job, I have access to relevant employee data.

3.      I provide this declaration in support of Google's motion to transfer this action to the United States District Court for the Northern District of California. I submit this declaration based upon my knowledge of the corporate structure of Google and my investigation of the location of witnesses and evidence relevant to the Complaint filed in this action by Plaintiff Brite Smart Corp.

4.      Plaintiff's Complaint alleges infringement by Google's "pay-per-click advertising and systems, including, for example and without limitation, those used in

connection with Google's search engine, AdWords, DoubleClick, and AdSense." I understand

that the four patents that Plaintiff asserts against Google concern click fraud detection methods

and systems. I have made efforts to identify the location of persons with relevant technical

knowledge about Google's click fraud detection services, as well as the location of persons with

relevant business and financial information. I have also made efforts to identify the location of

documents and other evidence relevant to this action. As discussed below, the Northern District

of California is a significantly more convenient forum than this Court for all or virtually all

Google witnesses likely to testify in this action. Furthermore, all or nearly all relevant

documents and evidence are accessible from Google's headquarters in Mountain View.

5.      Google is a Delaware Corporation that has been headquartered in Northern

California since its founding in 1998. It has been headquartered at its current location at 1600

Amphitheatre Parkway in Mountain View, California since March 2004.

6.      Google's Mountain View headquarters is the strategic center of Google's business.

Decisions related to Google's overall business are made by managers and other employees

located in Mountain View, California, including the most significant decisions related to

Google's click fraud detection services.

7.      Google employees who have relevant knowledge of Google's click fraud

detection services and who may be expected to provide testimony in this action include: (1)

David Turner, Software Engineer at Ad Traffic Quality Team; (2) Razvan Surdulescu, Senior

Staff Software Engineer at Ad Traffic Quality Team; and (3) Per Bjorke, Product Manager at

Ad Traffic Quality Team. They all work at the Mountain View headquarters.

8.      Google's records regarding the relevant technology are predominantly located in

its headquarters in Mountain View. Individuals knowledgeable of the information contained in

such documents—including engineers, software developers, product managers, and staff—are primarily located at Google's Mountain View offices.

9.    All or nearly all of these documents are stored on Google's various secure servers, which are accessible from anywhere, as long as one has proper login credentials and a secure network connection. However, all documents hosted on Google's servers are ultimately managed by the Mountain View headquarters. Plus, given that most, if not all, of the employees with relevant knowledge of click fraud detection services are based in Mountain View, any hard copies of documents and employee notebooks that might exists would be located in Mountain View. In addition, Google's litigation support team responsible for collecting, reviewing, and producing documents in litigations is located in Mountain View. All documents produced during discovery in this case will accordingly be processed at the Mountain View headquarters.

10.    Google has no offices or facilities in the Eastern District of Texas. I am not aware of any document located in the Eastern District of Texas that is related to this litigation. I am not aware of any Google witness with relevant information who resides in the Eastern District of Texas.

11.    Google's presence in the State of Texas is limited to Google's Austin and Dallas offices in the Western District and Northern District of Texas, respectively. The employees in these offices are not on the Ad Traffic Quality Team and do not work on click fraud detection services identified in the Complaint.

12.    In April 2012, Google opened a small office in Frisco, Texas in order to temporarily house a handful of employees. This temporary office has been vacant since November 2013. All Google hardware was removed from there in December 2013. None of the employees had been part of the Ad Traffic Quality Team or had worked on click fraud detection

services.

      I declare under penalty of perjury that the foregoing is true and correct.

Executed in Mountain View, California on October 24, 2014.

_____
Abeer Dubey

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BRITE SMART CORP,

        Plaintiff,

    vs.

GOOGLE INC.,

        Defendant.

2:14-cv-00760-JRG

___

DECLARATION OF DAVID TURNER IN SUPPORT OF GOOGLE INC.'S  MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

    I, David Turner, declare and state as follows:

    1.    I am an employee of Google Inc. ("Google") and work at Google's Mountain

View, California headquarters. I have been a Google employee since 2006, and my current title

at Google is Software Engineer on the Ad Traffic Quality Team.

    2.    As Software Engineer on the Ad Traffic Quality Team, I am responsible for the

development of Google's click fraud detection services. As part of my job, I have access to

relevant data regarding Google's efforts to detect click fraud.

    3.    I provide this declaration in support of Google's motion to transfer this action to

the United States District Court for the Northern District of California. I submit this declaration

based upon my knowledge of the Ad Traffic Quality Team.

    4.    I understand that the claims of the asserted patents are directed to detecting

fraudulent clicks on pay-per-click advertising systems.

    5.    Google's click fraud detection services, the target of this infringement action,

were designed and created at the Mountain View headquarters. The Ad Traffic Quality Team

711471733.1

**– A51 –**

was formed at the Mountain View headquarters in 2003, shortly after Google released AdWords and AdSense, in 2000 and 2003, respectively. The Ad Traffic Quality Team in Mountain View is responsible for developing and implementing invalid click detection filters and accounting for invalid click activities. The Ad Traffic Quality Team provides invalid click and click fraud detection services to all Google's advertising products, including AdWords, AdSense, and DoubleClick.

6.      The Ad Traffic Quality Team is located in Mountain View, Zurich, and London. Currently, there are more than forty Ad Traffic Quality Team engineers in Mountain View, about thirty Ad Traffic Quality Team engineers in Zurich, and about eight in London. In 2005, the Ad Traffic Quality Team expanded to Zurich. The Ad Traffic Quality Team added its London location, when Google recently acquired Spider.io, a London-based company. There was a small team of about three in Pittsburgh on the Ad Traffic Quality Team, but that location closed down after only a few months in about June 2007.  The Zurich and London Ad Traffic Quality Team members focus on queries and impressions—a measure of the number of times an advertisement is seen, rather than clicked. The Zurich and London offices do not currently focus on click activities, to which the claims of the patents-in-suit are directed.

7.      Most click fraud-related documents are created and maintained at the Mountain View headquarters, and some were created in Zurich.

8.      Many Google engineers, software developers, and product managers who were involved in the initial design and implementation of click fraud detection features have left Google. In particular, Shuman Ghosemajumder, Neil Daswani, and Michael Stoppelman are former Ad Traffic Quality Team engineers who are knowledgeable regarding click fraud detection services and products, as well as potentially invalidating prior art.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Mountain View, California on October 17, 2014.

David Turner

711471733.1

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BRITE SMART CORP,

        Plaintiff,

    vs.

GOOGLE INC.,

        Defendant.

2:14-cv-00760-JRG

<u>DECLARATION OF AMANDA TEKELL IN SUPPORT OF GOOGLE INC.'S  MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>

I, Amanda Tekell, declare and state as follows:

1.      I am a paralegal at Potter Minton P.C. As a paralegal, one of my responsibilities is to assist my attorneys in preparing for filings, including gathering relevant information to the case.

2.      I provide this declaration in support of Google's motion to transfer this action to the United States District Court for the Northern District of California. I submit this declaration based upon my investigation of Plaintiff Brite Smart Corp.("Brite Smart")'s office and my knowledge of the building structure and its existing tenants.

3.      Under my attorney's supervision, on the afternoon of September 3, 2014, I visited Brite Smart's office, as per the address stated in Brite Smart's complaint (100 North College, Suite 1504, Tyler, Texas 75702). Brite Smart's office is on the fifteenth floor of the same building as Potter Minton.

4.      The door of Brite Smart's office had signs of several company names posted, including Collins Inv. LLC, Patent Group LLC, Better Mouse Company LLC, and Brite Smart.

5.    To the extent of my knowledge, the same office belongs to Michael J. Collins Private Investigations. Michael J. Collins is a private investigator who helps attorneys with jury selection, as well as other types of private investigations.

6.    I was unable to find Brite Smart's phone number.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tyler, Texas on October 20, 2014.

Amanda Tekell

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRITE SMART CORP, | |
| Plaintiff, | |
| vs. | 2:14-cv-00760-JRG |
| GOOGLE INC., | |
| Defendant. | |

DECLARATION OF JEONG AH JOY LEE IN SUPPORT OF GOOGLE INC.'S  MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

I, Jeong Ah Joy Lee, declare and state as follows:

1.      I am an attorney licensed to practice law in the State of New York and an associate at the law firm of Mayer Brown LLP, attorneys for defendant Google Inc. in this action.

2.      I have knowledge of the facts set forth herein, and if called upon as a witness, I could and would testify competently under oath.

3.      I make this declaration in support of Google's motion to transfer this action to the United States District Court for the Northern District of California ("NDCA") (the "motion").

4.      I have reviewed the four patents asserted in Brite Smart's complaint and the file wrappers of those patents.

5.      Attached to the motion as **Exhibit E** is a compilation of Texas Secretary of State Reports of the following companies: Brite Smart Corp.; Collins Inv. LLC; Patent Group, LLC; Better Mouse Company, LLC; Piney Woods Patent Group LLC; East Texas Patent Management LLC; Fare Technologies LLC; Aloe Technologies, LLC; Anderson County Jail, LLC; and Collins Inv. 2 LLC.

1

6.     Attached to the motion as **Exhibit F** is a compilation of excerpts from Bloomberg Law docket reports of patent infringement cases from 2012 to October 2014 in the Eastern District of Texas ("EDTX") in which Stafford Davis represents (or represented) Patent Group LLC and Better Mouse Company, LLC. Those cases include: *Better Mouse Company, LLC v. Anker Tech Corp. et al.*, 2:14cv376 (E.D. Tex.) (filed Apr. 17, 2014); *Better Mouse Company, LLC v. Giga-byte Technology Co., Ltd.* et al., 2:14-cv298 (E.D. Tex.) (filed Apr. 4, 2014); *Better Mouse Company, LLC v. Asustek Computer Inc.*, 2:14cv296 (E.D. Tex.) (filed Apr. 4, 2014); *Better Mouse Company, LLC v. Cooler Master Co., Ltd. et al.*, 2:14cv297 (E.D. Tex.) (filed Apr. 4, 2014); *Better Mouse Company, LLC v. Thermaltake Technology Co. et al.*, 2:14cv299 (E.D. Tex.) (filed Apr. 4, 2014); *Better Mouse Company, LLC v. Perixx Computer GmbH*, 2:14cv281 (E.D. Tex.) (filed Mar. 28, 2014); *Better Mouse Company, LLC v. Corsair Components, Inc. et al.*, 2:14cv283 (E.D. Tex.) (filed Mar. 28, 2014); *Better Mouse Company, LLC v. E-Blue International Corp. et al.*, 2:14cv282 (E.D. Tex.) (filed Mar. 28, 2014); *Better Mouse Company, LLC v. ROCCAT GmbH et al.*, 2:14cv297 (E.D. Tex.) (filed Mar. 11, 2014); *Better Mouse Company, LLC v. Mad Catz Interactive, Inc. et al.*, 2:14cv204 (E.D. Tex.) (filed Mar. 11, 2014); *Better Mouse Company, LLC v. Steelseries ApS et al.*, 2:14cv198 (E.D. Tex.) (filed Mar. 7, 2014); *Patent Group, LLC v. Under Armour, Inc.*, 2:13cv49 (E.D. Tex.) (filed Jan. 23, 2013); *Patent Group, LLC v. SkyMall Inc.*, 2:13cv19 (E.D. Tex.) (filed Jan. 9, 2013); *Patent Group, LLC v. Abercrombie & Fitch Co.*, 2:13cv20 (E.D. Tex.) (filed Jan. 9, 2013); *Patent Group, LLC v. BMW of North America, LLC*, 2:13cv20 (E.D. Tex.) (filed Nov. 6, 2012); *Patent Group, LLC v. BMW of North America, LLC*, 2:13cv20 (E.D. Tex.) (filed Nov. 6, 2012).

7.     Attached to the motion as **Exhibit G** is a compilation of LexisNexis Accurint reports and LinkedIn profiles of third-party witnesses. Specifically, it shows results returned by

Accurint for the following individuals: Patrick Zuili (inventor); Joe Zheng (prosecuting attorney); Shuman Ghosemajumder, Neil Daswani, and Michael Stoppelman (former Google Ad Traffic Quality Team engineers); Garrett Gruener (co-founder of Ask.com); David Zinman, Jason Strober, and Andrew Conru (co-founders of FocaLink Media Service); Paul Nakada (co-founder of NetGravity Inc.); Russ Seligman (formerly with NetGravity, Inc.); Andrew Schulz (formerly with Adknowledge, Inc.); Chad Steelberg and Ryan Steelberg (co-founders of AdForce); and Sandilee Mathers (formerly with AdForce). Also, it shows LinkedIn profiles for the following third-party witnesses: David Warthen (co-founder of Ask.com) and Tom Shields and John Danner (co-founders of NetGravity Inc.).

      a.      According to my research, Accurint gathers information about an individual from the following sources: public record (*e.g.*, real estate title records, liens, death records, and motor vehicle registrations), non-public information (*e.g.*, current and previous addresses, birth date information, telephone numbers), and publicly available information (*e.g.*, newspapers, magazine articles, and telephone directories).

      b.      According to my research, LinkedIn profile pages are created and edited by the individual or the entity to which the profile belongs. In other words, LinkedIn profile shows information (*e.g.*, locations, employer name, job title and description, employment history) as last added or edited by the profile owner.

8.      According to the results returned by Accurint, Patrick Zuili, the sole named inventor of all four patents-in-suit, lives in Boca Raton, Florida. (Ex. G at 1.)

9.      According to the results returned by Accurint, Joe Zheng, who prosecuted the U.S. Patent No. 7,249,104, lives in Cupertino, California, which is in the NDCA. (*Id.* at 4.)

10.      According to the results returned by Accurint, Shuman Ghosemajumder, a former

– A60 –

Ad Traffic Quality Team engineer with relevant knowledge, lives in Mountain View, California, which is in the NDCA. (*Id.* at 5.)

11.    According to the results returned by Accurint, Neil Daswani, a former Ad Traffic Quality Team engineer with relevant knowledge, lives in San Jose, California, which is in the NDCA. (*Id.* at 8.)

12.    According to the results returned by Accurint, Michael Stoppelman, a former Ad Traffic Quality Team engineer with relevant knowledge, lives in San Francisco, California, which is in the NDCA. (*Id.* at 11.)

13.    Attached to the motion as **Exhibit H** is a compilation of S&P Capital IQ Company Profiles of the following third-party entities: Yahoo! Inc. (Ex. H at 1-3); Ask.com (now IAC Search & Media, Inc.) (*Id.* at 4-5); LookSmart, Ltd. (*Id.* at 6-8); Microsoft Corp. (*Id.* at 9-12); eBay Inc. (*Id.* at 13-16); CJ Affiliate by Conversant (*Id.* at 17-18); Business.com Media, Inc. (*Id.* at 19-20); Amazon.com Inc. (*Id.* at 21-23); and Expedia Inc (*Id.* at 24-26). According to my research, S&P Capital IQ Company Profiles provide information about companies, such as business description, primary office location, information about investors, stocks, finances, board members, and subsidiaries.

14.    The table below shows individuals and entities that have invented or implemented potentially invalidating prior art and that are based in or near California, according to my research. I gathered the location information of these individuals and entities in the third column of the table through Accurint, LinkedIn, and S&P Capital IQ Company Profiles (Exs. G-H).

4

**– A61 –**

| Prior Art Entity/Person | Description of Entity/Person | Location in or near the NDCA |
|---|---|---|
| Yahoo! Inc. | A search engine mogul and the operator of one of the largest advertising networks Yahoo! Search Marketing. Yahoo!'s subsidiary Goto.com is known for inventing pay-per-click advertising. | It has headquarters and principal place of business in Sunnyvale, California, which is in the NDCA. |
| Ask.com (formerly Ask Jeeves, Inc. and now IAC Search & Media, Inc.) and its co-founders Garrett Gruener and David Warthen | A question answering-focused web search engine and an online advertising platform. | It is headquartered in Oakland, California, which is in the NDCA. Gruener and Warthen reside in Berkeley and the San Francisco Bay Area, respectively, which are both in the NDCA. |
| LookSmart, Ltd. | An online advertising company. | It is headquartered in San Francisco, California, which is in the NDCA. |
| Microsoft Corp. | A computer software and hardware company and the operator of the search engine Bing and the online advertising systems Bing Ads (formerly adCenter) and Atlas Media Console. | It is headquartered in Redmond, Washington, which is in the Ninth Circuit. |
| David Zinman, Jason Strober, and Andrew Conru (co-founders of FocaLink Media Service) | They developed and introduced the first remote ad server for controlling online advertising. Their services include click activity monitoring. | Zinman, Strober, and Conru live in Saratoga, Los Altos Hills, and San Mateo County, respectively, which are all in the NDCA. |
| eBay Inc. | An e-commerce company and the operator of AdCommerce. | It is headquartered in San Jose, California, which is in the NDCA. |
| Paul Nakada, Tom Shields, and John Danner (co-founders NetGravity Inc.) and Russ Seligman (formerly with NetGravity Inc.) | NetGravity is a search engine and PPC management company that provides click fraud monitoring. It was acquired by DoubleClick in 1999. | Nakada resides in Windsor, California, which is in the NDCA. Shields and Danner reside in the San Francisco Bay Area, which is in the NDCA. Seligman, who was formerly a User Experience Manager, resides in San Mateo, California, which is in the NDCA. |
| Andrew Schulz (formerly with Adknowledge, Inc.) | Adknowledge is a digital advertising company. | He resides in San Carlos, California, which is in the NDCA. |

5

| Prior Art Entity/Person | Description of Entity/Person | Location in or near the NDCA |
|---|---|---|
| CJ Affiliate by Conversant (formerly Commission Junction) | An online advertising company. | It is headquartered in Santa Barbara, California, which is in the Central District of California. |
| Chad Steelberg and Ryan Steelberg (co-founders of AdForce) and Sandilee Mathers (formerly with AdForce) | AdForce is one of the world's largest centralized independent ad serving and management solution. | Both Steelbergs reside in Irvine, California, which is in the Central District of California. Mathers lives in Newport Beach, California, which is in the Central District of California. |
| Business.com Media, Inc. | A business advertising network, which offers PPC services. | It is headquartered in Carlsbad, California, which is in the Southern District of California. |
| Amazon.com Inc. | An e-commerce company. | It is headquartered in Seattle, Washington, which is in the Ninth Circuit. |
| Expedia Inc. | An Internet-based travel website company. | It is headquartered in Bellevue, Washington, which is in the Ninth Circuit. |

15.    Attached to the motion as **Exhibit I** is a copy of Interactive Advertising Bureau (IAB) press release, "The Interactive Industry Commits to the Development of Click Measurement Guidelines" (Aug. 2, 2006). According to my research, the NDCA is home to four of the five founding members of the IAB Click Measurement Panel—a working group that was formed to create an industry standard for quantifying click fraud—namely, Google, Yahoo!, Ask.com, and LookSmart. The fifth founding member Microsoft Corp. is headquartered Washington, which is in the Ninth Circuit and which is much closer to the NDCA than the EDTX.

16.    Attached to the motion as **Exhibit J** is an excerpt from PriceWaterhouseCoopers 2014 Patent Litigation Study.

17.    Attached to the motion as **Exhibit K** is an excerpt from U.S. District Courts— Median Time Intervals From Filing to Disposition of Civil Cases (Sept. 30, 2012).

6

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, NY on October 22, 2014.

Jeong Ah Joy Lee

7

Case 2:14-cv-00760-JRG-RSP    Document 18-5    Filed 10/24/14    Page 1 of 21 PageID #: 116

# Exhibit E

| Form 301 |  | Filed in the Office of the |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $750 | **Application for Registration of a Foreign For-Profit Corporation** | **Secretary of State**<br>**Filing #: 801987033 05/09/2014**<br>**Document #: 543613420002**<br>**Image Generated Electronically**<br>**for Web Filing** |

1. The entity is a foreign for-profit corporation. The name of the entity is :

**BRITE SMART CORP.**

2A. The name of the corporation in its jurisdiction of formation does not contain the word "corporation," "company," "incorporated," or "limited" (or an abbreviation thereof). The name of the corporation with the word or abbreviation which it elects to add for use in Texas is:

2B. If the corporate name is not available in Texas, then set forth the name under which the corporation will qualify and transact business in Texas:

3. Its federal employer identification number is: **205386040**
☐ Federal employer identification number is not available at this time.

4. It is incorporated under the laws of:  **DELAWARE, USA**  and the date of its formation in that jurisdiction is: **6/18/2002**

5. As of the date of filing, the undersigned certifies that the foreign corporation currently exists as a valid corporation under the laws of the jurisdiction of its formation.

6. The purpose or purposes of the corporation that it proposes to pursue in the transaction of business in Texas are set forth below. The entity also certifies that it is authorized to pursue such stated purpose or purposes in the state or country under which it is organized.
**any lawful business or activity under the law of this state**

7. The date on which the foreign entity intends to transact business in Texas, or the date on which the foreign entity first transacted business in Texas is: **05/09/2014**

8. The principal office address of the corporation is:
**110 North College Avenue, Suite 1504, Tyler, TX, USA 75702**

☐ 9A. The initial registered agent is an organization by the name of:

☑ 9B. The initial registered agent is an individual resident of the state whose name is:
**Michael  J  Collins**
☑ 9C. The business address of the registered agent and the registered office address is:
**110 N College Ave, Suite 1504    Tyler  TX  75702**

**Consent of Registered Agent**

☐ A. A copy of the consent of registered agent is attached.

**OR**

☑ B. The consent of the registered agent is maintained by the entity.

10. The corporation hereby appoints the Secretary of State of Texas as its agent for service of process under the circumstances set forth in section 5.251 of the Texas Business Organizations Code.

11. The name and address of each person on the board of directors is:

| Director 1: | **Michael   J  Collins** |
| Address: | **110 N College, Suite 1504     Tyler  TX, USA  75702** |

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

**Effectiveness of Filing**

☑ A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date: **May 9, 2014**          **Michael J Collins**

Signature and title of authorized person on behalf of the foreign entity

FILING OFFICE COPY

| | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | <br><br>**Certificate of Formation<br>Limited Liability Company** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 801248173 03/26/2010<br>Document #: 300747690002<br>Image Generated Electronically<br>for Web Filing** |

## Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## Patent Group, LLC

## Article 2 – Registered Agent and Registered Office

☐A. The initial registered agent is an organization (cannot be company named above) by the name of:

### OR

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**

**Michael  J  Collins**

C. The business address of the registered agent and the registered office address is:

**Street Address:**

**110 North College, Suite 1504   Tyler  TX  75702**

### Consent of Registered Agent

☐A. A copy of the consent of registered agent is attached.

### OR

☑B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☐A. The limited liability company is to be managed by managers.

### OR

☑B. The limited liability company will not have managers. Management of the company is reserved to the members. The names and addresses of the governing persons are set forth below:

| | | |
|---|---|---|
| Managing Member 1: **Michael   J  Collins** | | Title: **Managing Member** |
| Address: **PO BOX 155   Tyler  TX, USA  75710** | | |

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

### Organizer

The name and address of the organizer are set forth below.

**Jon Rowan**        **110 North College, Suite 500, Tyler, Texas 75702**

### Effectiveness of Filing

☑A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

### Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Jon Rowan**

Signature of Organizer

**FILING OFFICE COPY**

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300



**Certificate of Formation
Limited Liability Company**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 801940665 02/25/2014
Document #: 531058670002
Image Generated Electronically
for Web Filing**

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

**Better Mouse Company, LLC**

### Article 2 – Registered Agent and Registered Office

☑ A. The initial registered agent is an organization (cannot be company named above) by the name of:

**East Texas Patent Management LLC**

#### OR

☐ B. The initial registered agent is an individual resident of the state whose name is set forth below:

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**110 North College Avenue Suite 1504     Tyler  TX  75702**

#### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

#### OR

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑ A. The limited liability company is to be managed by managers.

#### OR

☐ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Manager 1: (Business Name) **East Texas Patent Management LLC**

Address: **110 North College Avenue, Suite 1504    Tyler  TX, USA  75702**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

**Any action or decision of any manager of Better Mouse Company, LLC (the "Company") that will (or reasonably could be anticipated to) involve in the aggregate an excess of $1,000.00 in the assets of (or liabilities to) the Company will require prior, written consent by the holders of a majority of the membership interest in the Company.**

[The attached addendum, if any, is incorporated herein by reference.]

### Organizer

The name and address of the organizer are set forth below.

**Michael Collins**        **110 N College, Suite 1504, Tyler, Texas 75702**

### Effectiveness of Filing

☑A. This document becomes effective when the document is filed by the secretary of state.

### OR

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

### Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Michael Collins**

Signature of Organizer

**FILING OFFICE COPY**

<div align="center">

**ARTICLES OF ORGANIZATION**

**OF**

**COLLINS INV. LLC**

</div>

<div align="right">

FILED
In the Office of the
Secretary of State of Texas

DEC 0 5 2000

Corporations Section

</div>

A limited liability company under the Texas Limited Liability Company Act is hereby formed as follows:

1.    <u>Name</u>.  The name of the company is Collins Inv. LLC

2.    <u>Duration</u>.  The period of duration of the company is perpetual, unless the company dissolves in accordance with the provisions of its Regulations.

3.    <u>Purpose</u>.  The purpose for which the company is organized is the transaction of any or all lawful business for which limited liability companies may be organized under the Texas Limited Liability Company Act, subject only to any limitations set forth in the Regulations of the company.

4.    <u>Registered Office and Agent</u>.  The street address of the company's initial registered office in the State of Texas is 401 Plaza Tower, 110 N. College, Tyler, Texas 75702, and the name of the company's initial registered agent at that address is Michael J. Collins.

5.    <u>Management by Members</u>.  The management of the company is fully reserved to its members, and the company does not have managers.  The names and addresses of the initial members of the company are:

Michael J. Collins            401 Plaza Tower
P. O. Box 155
Tyler, Texas  75710

6.    <u>Officers of Company</u>.  The officers of the company are a president, secretary, treasurer, vice president and any such other executive officers as determined by the members. The officers of the company are delegated the authority and duties generally ascribed to their respective offices, subject to any other delegation of authority and duties as may be determined by the members, but the officers are not managers of the company.

7.    <u>Name and Address of Organizer</u>.  The name and address of the organizer is Michael J. Collins, 401 Plaza Tower, 110 N. College, Tyler, Texas 75702.

8.    <u>Effective Time and Date</u>.  These articles of organization shall become effective when filed in the office of the Secretary of State of Texas.

P69\5488\3\190408

Dated.  December  1 , 2000.

ORGANIZER:

Michael J. Collins

P69\5488\3\190408

Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300



**Certificate of Formation**
**Limited Liability Company**

**Filed in the Office of the**
**Secretary of State of Texas**
**Filing #: 801657391 09/19/2012**
**Document #: 444333730018**
**Image Generated Electronically**
**for Web Filing**

---

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

### COLLINS INV 2 LLC

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

#### OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Collins    Michael**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**110 N College**
**Suite 1504  Tyler  TX  75702**

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

#### OR

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑ A. The limited liability company is to be managed by managers.

#### OR

☐ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Manager 1: **Collins    Michael** | Title: **Manager**

Address: **110 N College   Suite 1504  Tyler  TX, USA  75702**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

---

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

### Organizer

The name and address of the organizer are set forth below.

**Michael J Collins**         **110 N College, Tyler, TX 75702**

### Effectiveness of Filing

☑ A. This document becomes effective when the document is filed by the secretary of state.

### OR

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

### Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Michael J Collins**

Signature of Organizer

**FILING OFFICE COPY**



Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300

**Certificate of Formation
Limited Liability Company**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 801917576 01/18/2014
Document #: 525417680002
Image Generated Electronically
for Web Filing**

---

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## EAST TEXAS PATENT MANAGEMENT LLC

### Article 2 – Registered Agent and Registered Office

☐A. The initial registered agent is an organization (cannot be company named above) by the name of:

### OR

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Michael    Collins**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**110 North College Avenue
Suite 1504  Tyler  TX  75702**

### Consent of Registered Agent

☐A. A copy of the consent of registered agent is attached.

### OR

☑B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑A. The limited liability company is to be managed by managers.

### OR

☐B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Manager 1: **Michael    Collins**                                      Title: **Manager**

Address: **110 North College Avenue   Suite 1504  Tyler  TX, USA  75702**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

**Organizer**

The name and address of the organizer are set forth below.

**Jon Rowan**          **305 South Broadway, Suite 810, Tyler, Texas 75702**

**Effectiveness of Filing**

☑A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Jon Rowan**

Signature of Organizer

**FILING OFFICE COPY**

**– A77 –**

| | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | <br>**Certificate of Formation<br>Limited Liability Company** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 801334824 10/25/2010<br>Document #: 336556450002<br>Image Generated Electronically<br>for Web Filing** |

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

### Piney Woods Patent Group LLC

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

### OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Michael  J  Collins**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**110 N College**
**Suite 1504  Tyler  TX  75702**

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

### OR

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☐ A. The limited liability company is to be managed by managers.

### OR

☑ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

| Managing Member 1: | **Michael   J  Collins** | Title: | **Managing Member** |
|---|---|---|---|
| Address: | **PO Box 155   Tyler  TX, USA  75710** | | |

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

| | |
|---|---|
| **Organizer** | |

The name and address of the organizer are set forth below.

**Michael J Collins        PO Box 155, Tyler, TX 75710**

**Effectiveness of Filing**

☑ A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Michael J Collins**

Signature of Organizer

**FILING OFFICE COPY**

| | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | **Certificate of Formation<br>Limited Liability Company** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 801186830 10/27/2009<br>Document #: 281022440002<br>Image Generated Electronically<br>for Web Filing** |

## Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## ALOE TECHNOLOGIES, LLC

The name of the entity must contain the words "Limited Liability Company" or "Limited Company," or an accepted abbreviation of such terms. The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for "name availability" is recommended.

## Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

### OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Michael  J  Collins**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**110 North College, Suite 1504    Tyler TX  75702**

## Article 3 - Governing Authority

☐ A. The limited liability company is to be managed by managers.

### OR

☑ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

| Manager 1: **Michael   J  Collins** | Title: **Manager** |
|---|---|
| Address: **PO Box 155   Tyler  TX, USA  75710** | |

## Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

## Supplemental Provisions / Information

[The attached addendum, if any, is incorporated herein by reference.]

**– A80 –**

Case 2:14-cv-00760-JRG-RSP   Document 18-5   Filed 10/24/14   Page 17 of 21 PageID #:  132

| Organizer |
|---|

The name and address of the organizer are set forth below.

**Jon Rowan**          **PO Box 359, Tyler, Texas 75710**

| Effectiveness of Filing |
|---|

☑ A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

| Execution |
|---|

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

**Jon Rowan**

Signature of Organizer

**FILING OFFICE COPY**

| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | <br>**Certificate of Formation<br>Limited Liability Company** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 801625265 07/13/2012<br>Document #: 430120410002<br>Image Generated Electronically<br>for Web Filing** |
| --- | --- | --- |

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## Anderson County Jail, LLC

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

**OR**

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Michael  J  Collins**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**110 N College, Suite 1504    Tyler  TX  75702**

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

**OR**

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑ A. The limited liability company is to be managed by managers.

**OR**

☐ B. The limited liability company will not have managers. Management of the company is reserved to the members.
The names and addresses of the governing persons are set forth below:

| Manager 1: **Michael   J  Collins** | Title: **Manager** |
| --- | --- |

Address: **110 N College, Suite 1504    Tyler  TX, USA  75702**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

### Organizer

The name and address of the organizer are set forth below.

**Michael J Collins**          **110 N College, Suite 1504, Tyler, Texas 75702**

**Effectiveness of Filing**

☑ A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐ B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

### Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Michael J Collins**

Signature of Organizer

**FILING OFFICE COPY**

**– A83 –**



Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
FAX: 512/463-5709

Filing Fee: $300

**Certificate of Formation
Limited Liability Company**

**Filed in the Office of the
Secretary of State of Texas
Filing #: 801965407 04/04/2014
Document #: 537559270002
Image Generated Electronically
for Web Filing**

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

## FARE TECHNOLOGIES LLC

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

#### OR

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
**Michael    Collins**

C. The business address of the registered agent and the registered office address is:

**Street Address:**
**110 N College Avenue
Suite 1504  Tyler  TX  75702**

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

#### OR

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☑ A. The limited liability company is to be managed by managers.

#### OR

☐ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Manager 1: **Michael    Collins**                     Title: **Manager**

Address: **110 N College Ave   Suite 1504  Tyler  TX, USA  75702**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

**Supplemental Provisions / Information**

[The attached addendum, if any, is incorporated herein by reference.]

| Organizer |
| --- |

The name and address of the organizer are set forth below.

**Michael J. Collins        110 N College, Ste 1504, Tyler, TX 75702**

| Effectiveness of Filing |
| --- |

☑A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

| Execution |
| --- |

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Michael J Collins**

Signature of Organizer

**FILING OFFICE COPY**

# Exhibit G



- Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
     None Found
   Bankruptcies:
     None Found
   Liens and Judgments:
     1 Found
   Phones Plus:
     1 Found
   Address(es) Found:
     0 Verified and 1 Non-Verified Found
   Possible Criminal Records:
     None Found
   Professional Licenses:
     None Found
   Possible Associates:
     4 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  PATRICK J ZUILI    DOB:10/xx/1966
**SSN:**
**Age:** 47

**Active Address(es):**    

     [None Found]

**Previous And Non-Verified Address(es):**
   20077 PALM ISLAND DR. BOCA RATON  FL 33498-4512, PALM BEACH COUNTY ( 2002 - Dec 2009)
     **Name Associated with Address:**
        PATRICK ZUILI

Comprehensive Report

**Current Residents at Address:**
PATRICK J ZUILI
SOPHIE M ZUILI
561-218-3334


**Bankruptcies:**
[None Found]


**Liens and Judgments:**
Filing Number:  2009CC020687
Filing Type:  CIVIL NEW FILING
Location:  PALM BEACH COUNTY CIRCUIT COURT
State:  FL
Original Filing Date: 12/31/2009
Amount:
Debtor Name: ZUILI, PATRICK
Debtor SSN:
Debtor Address: 20077 PALM ISLAND DR, BOCA RATON  FL 33498-4512
Creditor: NATIONWIDE INVESTMENT FIRM CORP


**Phones Plus:**
Name: ZUILI, PATRICK
Address: 20077 PALM ISLAND DR, BOCA RATON  FL 33498-4512
Phone Number:  561-674-2755 - EDT
Phone Type: Mobile
Carrier: METRO PCS, INC. - (BOCA RATON, FL)


**Possible Criminal Records:**
[None Found]


**Professional License(s):**
[None Found]


**Possible Associates:**
MICHAEL HACKNER  DOB: 9/xx/1952
593-59-xxxx issued in Florida  between  5/2/1996 and  9/3/1996
  **Names Associated with Associate:**
  MICHAEL ACKNER  DOB: 9/xx/1952
  593-59-xxxx issued in Florida  between 5/2/1996 and  9/3/1996
  **Previous And Non-Verified Address(es):**
  14 RIDGE POINTE DR APT C, BOYNTON BEACH  FL 33435-6506, PALM BEACH COUNTY ( 2013 - Dec 2013)
  832 COVENTRY ST, BOCA RATON  FL 33487-3107, PALM BEACH COUNTY (Dec 2006 - Apr 2007)
  3348 NW 53RD CIR, BOCA RATON  FL 33496-2537, PALM BEACH COUNTY (Apr 1995 - Jun 2006)

OLIVIER G HANNOUN  DOB: 11/xx/1967
592-87-xxxx issued in Florida  between  11/2/1999 and  2/1/2000
  **Names Associated with Associate:**
  OLIVER G HANNOUN  DOB: 11/xx/1967
  592-87-xxxx issued in Florida between  11/2/1999  and  2/1/2000
  HANNOUN OLIVER  DOB: 11/xx/1967
  592-87-xxxx issued in Florida between  11/2/1999  and  2/1/2000
  OLIVER HANNOUN  DOB: 11/xx/1967
  592-87-xxxx issued in Florida  between  11/2/1999  and  2/1/2000
  OLIVER HANNOUN  DOB: 1968
  592-87-xxxx issued in Florida  between  11/2/1999  and  2/1/2000
  **Active Address(es):**
  ✔11119 BLUE CORAL DR, BOCA RATON  FL 33498-4905, PALM BEACH COUNTY ( 2002 - Jun 2014)
    561-451-8789 - EDT HANNOUN OLIVER

  **Previous And Non-Verified Address(es):**
  10248 CANOE BROOK CIR, BOCA RATON  FL 33498-4612, PALM BEACH COUNTY ( 1999 - Dec 2006)
  1119 BLUE CORAL DR, BOCA RATON  FL 33498, PALM BEACH COUNTY ( 2004 - Nov 2006)

JASON AARON KUHN  DOB: 12/xx/1976

Comprehensive Report                                                                                               2

Comprehensive Report

077-60-xxxx issued in New York  between  1/1/1977  and  12/31/1978
**Previous And Non-Verified Address(es):**
PO BOX 36, SAVANNAH  NY 13146-0036, WAYNE COUNTY (Mar 1998 - Dec 2011)
1142 HIGHLAND RD, LANTANA  FL 33462-6114, PALM BEACH COUNTY (Sep 2006 - Dec 2006)
503 W PINE ST, LANTANA  FL 33462-3151, PALM BEACH COUNTY (Nov 2004)


VIRGINIE HABABOU          DOB: 11/xx/1969
**Names Associated with Associate:**
VIGINIE HABADOU               DOB: 11/xx/1969
**Previous And Non-Verified Address(es):**
2372 SIMONSON DR, WELLINGTON  FL 33414-6414, PALM BEACH COUNTY (Apr 2009 - May 2009)
9064 DUPONT PL, WELLINGTON  FL 33414-6474, PALM BEACH COUNTY (Jan 2009 - Feb 2009)
8445 BUTLER GREENWOOD DR, ROYAL PALM BEACH  FL 33411-4538, PALM BEACH COUNTY (Nov 2008 - Jan 2009)

**– A89 –**



## :.: People At Work Search Results

Records: 1 to 3 of 3

**Search Terms Used -  Last Name: ZHENG; First Name: JOE; Company: SILICON VALLEY PATENT AGENCY;**

| | All Full Name | SSN | Company | Address | Phone | Next Steps |
|---|---|---|---|---|---|---|
| 1. | JOE ZHENG | | SILICON VALLEY PATENT AGENCY<br>PRESIDENT<br>**(Oct 01 - Aug 14)** | 7394 WILDFLOWER WAY<br>CUPERTINO CA 95014-5308 | 408-777-9887 - PDT | |
| 2. | JOE ZHENG | | SILICON VALLEY PATENT AGENCY<br>FEIN: **77-0476059**<br>Jan 04 - Dec 04 | 7394 WILDFLOWER WAY<br>CUPERTINO CA 95014-5308 | 408-777-9887 - PDT | |
| 3. | JOE ZHENG | | SILICON VALLEY PATENT AGENCY<br>PRINCIPAL | | | |

Records: 1 to 3 of 3

**Your DPPA Permissible Use: No Permissible Purpose**

**Your GLBA Permissible Use: No Permissible Purpose**

**Your DMF Permissible Use: No Permissible Purpose**

Copyright © 2014 LexisNexis. All rights Reserved.   Terms & Conditions | Privacy & Security

Comprehensive Report



- Print Report

**Important:**  The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** No Permissible Purpose
**Your GLBA Permissible Use:** No Permissible Purpose
**Your DMF Permissible Use:** No Permissible Purpose

## Comprehensive Report

**Date:** 10/20/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
    3 Found
   Address(es) Found:
     0 Verified and 6 Non-Verified Found

**Subject Information:  (Best Information for Subject)**
**Name:**  SHUMAN D GHOSEMAJUMDER SHUMAN    DOB:12/1974
**SSN:**  016-84-xxxx issued in Massachusetts  between  *8/2/2001*  and  *7/1/2002*

**Age:** 39

**Names Associated With Subject:**   

   SHUMAN GHOSEMAJUMDER  DOB: 12/1974
   016-84-xxxx issued in Massachusetts  between  8/2/2001  and  7/1/2002
   D GHOSEMAJUMDER SHUMAN  DOB: 12/1974
   016-84-xxxx issued in Massachusetts  between  8/2/2001  and  7/1/2002
   SHUMAN D GHOSEMAJUMDER  DOB: 12/xx/1974
   016-84-xxxx issued in Massachusetts  between  8/2/2001  and  7/1/2002

**Active Address(es):**   

    [None Found]

**Previous And Non-Verified Address(es):**   
10 ROYAL OAK CT, MOUNTAIN VIEW  CA 94040-1592, SANTA CLARA COUNTY ( 2009 -  2012)
    **Name Associated with Address:**
     SHUMAN GHOSEMAJUMDER
      **Current Residents at Address:**
      ANGELA HL CHIM
      SHUMAN D GHOSEMAJUMDER SHUMAN

Comprehensive Report

Comprehensive Report

       PIRA SORCAR
801 CHURCH ST APT 1208, MOUNTAIN VIEW  CA 94041-1963, SANTA CLARA COUNTY (Dec 2005)
       **Name Associated with Address:**
          SHUMAN D GHOSEMAJUMDER
345 SHERIDAN AVE APT 403, PALO ALTO  CA 94306-2036, SANTA CLARA COUNTY (Dec 2005)
       **Name Associated with Address:**
          SHUMAN D GHOSEMAJUMDER
340 E 34TH ST, MANHATTAN  NY 10016-4978, NEW YORK COUNTY (Sep 2002 - Oct 2003)
       **Name Associated with Address:**
          SHUMAN GHOSEMAJUMDER
          212-679-4755
103 GORE ST APT 6, CAMBRIDGE  MA 02141-1242, MIDDLESEX COUNTY (Oct 2000 - Nov 2002)
       **Name Associated with Address:**
          SHUMAN D GHOSEMAJUMDER
          **Current Residents at Address:**
          DHINTA DARMANTORO
          MAUREEN A FOLEY
          A RIADI
          BAKHTIAR ROSYIDI
          JUSTITIA TRIPURWASANI
          WEKO W WIDODO
340 E 34TH ST, NEW YORK  NY 10016-4978, NEW YORK COUNTY
       **Name Associated with Address:**
          SHUMAN D GHOSEMAJUMDER

Comprehensive Report



• Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA).  Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

Report Legend:
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
　　Names Associated With Subject:
　　　4 Found
　　Bankruptcies:
　　　None Found
　　Liens and Judgments:
　　　None Found
　　Phones Plus:
　　　4 Found
　　Address(es) Found:
　　　1 Verified and 14 Non-Verified Found
　　Possible Criminal Records:
　　　None Found
　　Professional Licenses:
　　　None Found
　　Possible Associates:
　　　4 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  NEIL K DASWANI   DOB:9/xx/1974
**SSN:** 155-82-xxxx issued in New Jersey  between  *1/1/1988*  and  *12/31/1988*

**Age:** 40

**Names Associated With Subject:**　　

　　NEIL KUMAR DASWANI  DOB: 9/xx/1974
　　155-82-xxxx issued in New Jersey  between  1/1/1988  and  12/31/1988
　　NEIL DASWANI  DOB: 9/xx/1974
　　155-82-xxxx issued in New Jersey  between  1/1/1988  and  12/31/1988
　　NEIL C DASWANI  DOB: 9/xx/1974
　　155-82-xxxx issued in New Jersey  between  1/1/1988  and  12/31/1988
　　NEILKUMAR M DASWANI  DOB: 9/xx/1974

Comprehensive Report                                                                        1

# Page 7 of 84

Comprehensive Report

155-82-xxxx issued in New Jersey  between  1/1/1988  and  12/31/1988

**Active Address(es):**

2766 PARASOL CT, SAN JOSE  CA 95125-6339, SANTA CLARA COUNTY (Mar 2006 - Oct 2014)
    **Name Associated with Address:**
    NEIL DASWANI
       **Current Residents at Address:**
       NEIL K DASWANI
       BHARTI J MANKANEY
       408-723-7060 - PDT DASWANI NEIL


**Previous And Non-Verified Address(es):**

2358 WINEPOL LOOP, SAN JOSE  CA 95125-6635, SANTA CLARA COUNTY (Mar 2006 -  2012)
    **Name Associated with Address:**
    NEILKUMAR M DASWANI
       **Current Residents at Address:**
       DURREN SHEN
       YUNHEE KIM

4300 THE WOODS DR APT 1300, SAN JOSE  CA 95136-3882, SANTA CLARA COUNTY (Aug 2004 - Mar 2006)
    **Name Associated with Address:**
    NEIL DASWANI
    408-224-3692

PO BOX 14432, STANFORD  CA 94309-4432, SANTA CLARA COUNTY (Sep 1998 - Jan 2003)
    **Name Associated with Address:**
    NEIL K DASWANI

733 SHELL BLVD APT 204, FOSTER CITY  CA 94404-2542, SAN MATEO COUNTY (Oct 2000 - Dec 2001)
    **Name Associated with Address:**
    NEIL DASWANI
       **Current Residents at Address:**
       EDGARDO B HERBOSA
       CORINNE ELISSA PRETE
       RICHARD A VISCOMI
       RAFFOUL ASMAR

PO BOX, STANFORD  CA 94309, SANTA CLARA COUNTY (Apr 2000)
    **Name Associated with Address:**
    NEIL DASWANI

PO BOX PO BOX PO, STANFORD  CA 94309, SANTA CLARA COUNTY (Apr 2000)
    **Name Associated with Address:**
    NEIL DASWANI

121 CAMPUS DR APT, STANFORD  CA 94305-8082, SANTA CLARA COUNTY (Aug 1999 - Jan 2000)
    **Name Associated with Address:**
    NEIL DASWANI

PO BOX 903B, NEW YORK  NY 10027-0903, NEW YORK COUNTY (Apr 1993 - Jan 1999)
    **Name Associated with Address:**
    NEIL DASWANI

18 ASHBROOK DR, EDISON  NJ 08820-4317, MIDDLESEX COUNTY (Jun 1993 - Dec 1998)
    **Name Associated with Address:**
    NEIL DASWANI
       **Current Residents at Address:**
       SALMA N VIRANI
       MEHERUNISSA VIRANI
       SHAFIK K VIRANI
       ASIF N N KHOJA
       LAILA P NURANI

1116 AMSTERDAM AVE APT, NEW YORK  NY 10027-7031, NEW YORK COUNTY (May 1996)
    **Name Associated with Address:**
    NEIL K DASWANI

Comprehensive Report

411 W 116TH ST APT, NEW YORK  NY 10027-7209, NEW YORK COUNTY (Mar 1993 - Sep 1993)
   **Name Associated with Address:**
      NEIL K DASWANI

141G COMSTOCK CIR, STANFORD  CA 94305-7111, SANTA CLARA COUNTY (Mar 1993)
   **Name Associated with Address:**
      NEIL K DASWANI

PO BOX 903, NEW YORK  NY 10027-0903, NEW YORK COUNTY (Mar 1993)
   **Name Associated with Address:**
      NEIL DASWANI
         **Current Residents at Address:**
      LOLITA BRYANT

ESCONDIDO VILLAGE 141G, PALO ALTO  CA 94305, SANTA CLARA COUNTY
   **Name Associated with Address:**
      NEIL K DASWANI


**Bankruptcies:**
   [None Found]


**Liens and Judgments:**
   [None Found]


**Phones Plus:**
   **Phones Plus1**
      Name: DASWANI, NEIL
      Address: 2358 WINEPOL LOOP, SAN JOSE  CA 95125-6635
      Phone Number:  408-505-2007 - PDT
      Phone Type: Mobile
      Carrier: NEW CINGULAR WIRLESS - (SUNNYVALE, CA)

   **Phones Plus2**
      Name: DASWANI, NEIL
      Address: 2766 PARASOL CT, SAN JOSE  CA 95125-6339
      Phone Number:  408-505-2007 - PDT
      Phone Type: Mobile
      Carrier: NEW CINGULAR WIRLESS - (SUNNYVALE, CA)

   **Phones Plus3**
      Name: DASWANI, NEIL
      Address: 2358 WINEPOL LOOP, SAN JOSE  CA 95125-6635
      Phone Number:  408-768-8995 - PDT
      Phone Type: Mobile
      Carrier: NEW CINGULAR WIRLESS - (SAN JOSE:WEST DA, CA)

   **Phones Plus4**
      Name: DASWANI, NEIL
      Address: 2766 PARASOL CT, SAN JOSE  CA 95125-6339
      Phone Number:  408-768-8995 - PDT
      Phone Type: Mobile
      Carrier: NEW CINGULAR WIRLESS - (SAN JOSE:WEST DA, CA)


**Possible Criminal Records:**
   [None Found]

**Professional License(s):**
   [None Found]

**Possible Associates:**
   ARIANA CLAUDIA BEIL  DOB: 1/xx/1968
   610-25-xxxx issued in California  between  4/2/2001  and  8/1/2001
      **Names Associated with Associate:**
      ARIANA C DEIL  DOB: 1/xx/1968

Comprehensive Report                                                                                                    3

# Page 9 of 84

**– A95 –**

Comprehensive Report

610-25-xxxx issued in California  between  4/2/2001  and  8/1/2001
ARIANA C VANES  DOB: 1/xx/1968
610-25-xxxx issued in California  between  4/2/2001  and  8/1/2001
ARINA C DEIL  DOB: 1/xx/1968
610-25-xxxx issued in California  between  4/2/2001  and  8/1/2001
**Previous And Non-Verified Address(es):**
401 MENLO OAKS DR, MENLO PARK  CA 94025-2345, SAN MATEO COUNTY ( 2011 - Dec 2012)
60 RIORDAN PL, MENLO PARK  CA 94025-3589, SAN MATEO COUNTY ( 2007 - Jun 2010)
888 HARVARD AVE, MENLO PARK  CA 94025-5325, SAN MATEO COUNTY ( 2006 - Oct 2008)

JAGDISH B MANKANEY  DOB: 5/xx/1954
145-86-xxxx issued in New Jersey  between  1/1/1989  and  12/31/1990
**Names Associated with Associate:**
MANKANEY B JAGDISH  DOB: 5/xx/1954
145-86-xxxx issued in New Jersey  between  1/1/1989  and  12/31/1990
JAGDISH B MANKANEY  DOB: 5/xx/1954
145-86-xxxx issued in New Jersey  between  1/1/1989  and  12/31/1990
JAGDISH B MANKANEY  DOB: 3/1954
145-86-xxxx issued in New Jersey  between  1/1/1989  and  12/31/1990
JAYDISH B MANKANEY  DOB: 5/xx/1954
145-60-xxxx issued in New Jersey  between  1/1/1975  and  12/31/1976
JAGDISH B MAMKANEY  DOB: 5/xx/1954
145-86-xxxx issued in New Jersey  between  1/1/1989  and  12/31/1990
**Previous And Non-Verified Address(es):**
PO BOX 344, MARMORA  NJ 08223-0344, CAPE MAY COUNTY (Nov 2013)
478 DAMSON AVE, GALLOWAY  NJ 08205-4450, ATLANTIC COUNTY (Mar 2001 - Nov 2013)
13 MOHAVE DR, GALLOWAY  NJ 08205-3701, ATLANTIC COUNTY (Feb 1996 - Jan 2003)

SHERI L QUEZON  DOB: 9/xx/1977
590-60-xxxx issued in Florida  between  1/1/1987  and  12/31/1988
**Names Associated with Associate:**
SHERI QUEZON  DOB: 9/xx/1977
590-60-xxxx issued in Florida  between  1/1/1987  and  12/31/1988
SHERI QUEZON  DOB: 9/xx/1977
590-60-xxxx issued in Florida  between  1/1/1987  and  12/31/1988

SHERI L DAVID  DOB: 9/xx/1977
590-60-xxxx issued in Florida  between  1/1/1987  and  12/31/1988
**Previous And Non-Verified Address(es):**
6910 INTERBAY BLVD APT 126, TAMPA  FL 33616-2642, HILLSBOROUGH COUNTY (Apr 1998 - Aug 2006)
6237 S MANHATTAN AVE APT 75, TAMPA  FL 33616-1442, HILLSBOROUGH COUNTY (Jun 2000 - Jan 2003)
3143 W VARN AVE, TAMPA  FL 33611-5232, HILLSBOROUGH COUNTY (Sep 1996 - Jan 2003)

AMEET DEEPAK RANADIVE  DOB: 9/1975
564-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
**Names Associated with Associate:**
A RANADIVE
564-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
AMEET RANDIVE
564-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
AMEET D RANADIV  DOB: 9/1975
564-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
ANNEET RANADIRE
564-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
**Active Address(es):**
140 S VAN NESS AVE UNIT 711, SAN FRANCISCO  CA 94103-2586, SAN FRANCISCO COUNTY (Dec 2012 - Jun 2014)
140 S VAN NESS AVE UNIT 601, SAN FRANCISCO  CA 94103-2585, SAN FRANCISCO COUNTY ( 2004 - Jun 2013)
        415-552-2088 - PDT RANDIVE AMEET

**Previous And Non-Verified Address(es):**
34103 TUPELO ST, FREMONT  CA 94555-3375, ALAMEDA COUNTY ( 2010 - Aug 2013)

**– A96 –**



- Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/20/14
**Reference Code:** 14459525

**Report Legend:**

**S** - Shared Address

**D** - Deceased

✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
    1 Found
   Address(es) Found:
    0 Verified and 5 Non-Verified Found

**Subject Information:  (Best Information for Subject)**
**Name:**  MICHAEL L STOPPELMAN   DOB:7/xx/1981
**SSN:** 225-33-xxxx issued in Virginia  between  *1/1/1984*  and  *12/31/1985*

**Age:** 33

**Names Associated With Subject:**

   MICHAEL STOPPELMAN  DOB: 7/xx/1981
   225-33-xxxx issued in Virginia  between  1/1/1984  and  12/31/1985

**Active Address(es):**

    [None Found]

**Previous And Non-Verified Address(es):**
   2200 VALLEJO ST APT 5, SAN FRANCISCO  CA 94123-4741, SAN FRANCISCO COUNTY (May 2013)
    **Name Associated with Address:**
    MICHAEL L STOPPELMAN
     **Current Residents at Address:**
    MICHAEL L STOPPELMAN
   2744 SACRAMENTO ST APT 304, SAN FRANCISCO  CA 94115-2158, SAN FRANCISCO COUNTY (Oct 2011)
    **Name Associated with Address:**
    MICHAEL STOPPELMAN
   12078 CHANCERY STATION CIR, RESTON  VA 20190-3286, FAIRFAX COUNTY (Dec 1999 - Aug 2004)
    **Name Associated with Address:**

Comprehensive Report            1

MICHAEL L STOPPELMAN
**Current Residents at Address:**
LYNN BALLARD STOPPELMAN
**Current phones listed at this address:**
703-326-0604 - EDT STOPPELMAN LYNN
703-759-6780
HILLENBRAND HAL APT, WEST LAFAYETTE  IN 47906, TIPPECANOE COUNTY (Jan 2001)
**Name Associated with Address:**
MICHAEL L STOPPELMAN
HILLENBRAND HAL APT, WEST LAFAYETTE  IN 47906, TIPPECANOE COUNTY (Jan 2001)
**Name Associated with Address:**
MICHAEL L STOPPELMAN



- Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
      4 Found
   Bankruptcies:
      None Found
   Liens and Judgments:
      None Found
   Phones Plus:
      None Found
   Address(es) Found:
      1 Verified and 12 Non-Verified Found
   Possible Criminal Records:
      None Found
   Professional Licenses:
      None Found
   Possible Associates:
      9 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  GARRETT PAYNE GRUENER   DOB:8/xx/1954
**SSN:** 562-78-xxxx issued in California  between  *1/1/1965*  and  *12/31/1966*

**Age:** 60

**Names Associated With Subject:**      

   GARRETT P GRUENER  DOB: 8/xx/1954
   562-78-xxxx issued in California  between  1/1/1965  and  12/31/1966
   GARRETT GRUENER  DOB: 8/xx/1954
   562-78-xxxx issued in California  between  1/1/1965  and  12/31/1966
   P GRUENER GARRETT  DOB: 8/xx/1954
   562-78-xxxx issued in California  between  1/1/1965  and  12/31/1966
   GARRETT GRUENAR  DOB: 8/xx/1954

Comprehensive Report

562-78-xxxx issued in California  between  1/1/1965  and  12/31/1966

**Active Address(es):** 

253 STONEWALL RD, BERKELEY  CA 94705-1418, ALAMEDA COUNTY (Apr 1992 - Oct 2014)
**Name Associated with Address:**
GARRETT GRUENER
**Current Residents at Address:**
GARRETT PAYNE GRUENER
DAKOTA E GRUENER
510-845-7718 - PDT GRUENER GARRETT


**Previous And Non-Verified Address(es):**

PO BOX 5018, BERKELEY  CA 94705-0018, ALAMEDA COUNTY (Feb 1992 - Jul 2014)
**Name Associated with Address:**
GARRETT PAYNE GRUENER
**Current Residents at Address:**
GARRETT PAYNE GRUENER
AMY BETH SLATER
DAKOTA E GRUENER

PO BOX 5018, OAKLAND  CA 94605-0018, ALAMEDA COUNTY (Jun 1996)
**Name Associated with Address:**
GARRETT P GRUENER

STONEWALL RD, BERKELEY  CA 94705, ALAMEDA COUNTY (Oct 2004 - Jun 2005)
**Name Associated with Address:**
GARRETT GRUENER

5895 GRIZZLY PEAK BLVD, OAKLAND  CA 94611-1038, ALAMEDA COUNTY (Jul 1980 - Mar 2001)
**Name Associated with Address:**
GARRETT GRUENER
**Current Residents at Address:**
MARTIN KARL FELDMAN
ROY CLARK FOSTER
CRISTOBAL RODRIGUEZ
LARRY JAY WOLFSON

1574 982 BOX APT, WARRENTON  VA 20188, FAUQUIER COUNTY (Apr 2000 - Jun 2000)
**Name Associated with Address:**
GARRETT P GRUENER

PO BOX 4444, WARRENTON  VA 20188, FAUQUIER COUNTY (Apr 2000)
**Name Associated with Address:**
GARRETT P GRUENER

1 EMBARCADERO CTR APT, SAN FRANCISCO  CA 94111-3628, SAN FRANCISCO COUNTY (Oct 1996)
**Name Associated with Address:**
GARRETT P GRUENER

253 STONEWALL RD, OAKLAND  CA 94601, ALAMEDA COUNTY (Oct 1991 - Oct 1995)
**Name Associated with Address:**
GARRETT P GRUENER
**Current phones listed at this address:**
510-845-7718 - PDT GRUENER GARRETT
510-428-2575

1138 HIGH CT, BERKELEY  CA 94708-1625, ALAMEDA COUNTY (Jan 1983 - Apr 1986)
**Name Associated with Address:**
GARRETT P GRUENER
**Current Residents at Address:**
BURTON CARL DAVIS
RANDY MEDINA
ANDRES P LEMONS
MICAH WEST
JONATHAN BECK
510-525-1336 - PDT BECK JONATHAN

Comprehensive Report

2150 SHATTUCK AVE APT, BERKELEY  CA 94704-1345, ALAMEDA COUNTY (Jan 1983 - Apr 1986)
   **Name Associated with Address:**
      GARRETT P GRUENER

6071 ROCKRIDGE BLVD, OAKLAND  CA 94618-1864, ALAMEDA COUNTY (Apr 1984)
   **Name Associated with Address:**
      GARRETT GRUENER
         **Current Residents at Address:**
      NANCY VOSS THOMAS
      MARTIN T THOMAS
      510-788-4981 - PDT THOMAS MARTIN

1443 IVYGLEN DR, ENCINITAS  CA 92024-5238, SAN DIEGO COUNTY (Jan 1983)
   **Name Associated with Address:**
      GARRETT GRUENER
         **Current Residents at Address:**
      THOMAS MICHAEL HEER
      PATTI JO HEER
      760-944-1691 - PDT HEER THOS. & PATTI


**Bankruptcies:**
   [None Found]


**Liens and Judgments:**
   [None Found]


**Phones Plus:**
   [None Found]


**Possible Criminal Records:**
   [None Found]


**Professional License(s):**
   [None Found]


**Possible Associates:**
PAUL MARTIN AEBERSOLD  DOB: 2/xx/1944
220-42-xxxx issued in Maryland  between  1/1/1961  and  12/31/1962
   **Names Associated with Associate:**
   PAUL ABERSOLD  DOB: 2/xx/1944
   220-42-xxxx issued in Maryland  between  1/1/1961  and  12/31/1962
   **Active Address(es):**
      3011 CAMBRIDGE PL NW, WASHINGTON  DC 20007-2914, D.C COUNTY (Aug 1996 - Jun 2014)
         202-338-3662 - EDT AEBERSOLD PAUL

   **Previous And Non-Verified Address(es):**
      600 WATER ST SW APT BOX3-15, WASHINGTON  DC 20024-2471, D.C COUNTY (Nov 2002 - Nov 2006)
      2101 NEW HAMPSHIRE AVE NW APT 808, WASHINGTON  DC 20009-6515, D.C COUNTY (Aug 2002 - Jul 2003)

JAMES L BARNETT  DOB: 5/xx/1955
552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
   **Names Associated with Associate:**
   JAMES L BARNETT  DOB: 5/xx/1955
   122-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
   JAMES BARNETT  DOB: 5/xx/1955
   552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
   JAMES LAWRENCE BARNETT  DOB: 5/xx/1955
   552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
   LARRY BARNETT  DOB: 5/xx/1955
   552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
   LARRY BARNETT  DOB: 7/xx/1955
   552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
   J BARNETT  DOB: 5/xx/1955
   122-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976

Comprehensive Report

J BARNETT  DOB: 5/xx/1955
552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
J BARNETT  DOB: 7/xx/1955
552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
JAMES L BARNET  DOB: 5/xx/1955
552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
JAMES BARNETT  DOB: 5/xx/1955
122-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
JAMES L BARNETT  DOB: 7/xx/1955
552-94-xxxx issued in California  between  1/1/1969  and  12/31/1969
LARRY BARNETT  DOB: 5/xx/1955
122-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
**Active Address(es):**
✓ 1126 DELAWARE ST 2, BERKELEY  CA 94702-1620, ALAMEDA COUNTY (Mar 1995 - Nov 2012)
      510-525-0604 - PDT BARNETT JAMES & MARINA

✓ 1126 DELAWARE ST UNIT 1, BERKELEY  CA 94702-1620, ALAMEDA COUNTY (Dec 1994 - Nov 2012)
      510-525-0604 - PDT BARNETT JAMES & MARINA

**Previous And Non-Verified Address(es):**
1126 DELAWARE ST UNIT 3, BERKELEY  CA 94702-1620, ALAMEDA COUNTY (Oct 2002 - Oct 2005)

MARINA VILLERS BARNETT  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
**Names Associated with Associate:**
MARINA C BARNETT  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA C VILLERSBARNETT  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
BA MARINA VILLERS  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARIA C BARNETT V  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA VILLERS VILLERS-BARNETT  DOB: 6/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA C VILLERSBA  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA V BARNET  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA C VILLERS  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA VILLERS BARNETT
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
M BARNETT  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA C VILLERSBARNETT  DOB: 6/xx/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA C VILLRSBARNE
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
BARNETTMARINA C VILLERS  DOB: 6/1952
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA C VBARNETT
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
MARINA VILLERSVARNEPP
125-56-xxxx issued in New York  between  1/1/1975  and  12/31/1976
**Active Address(es):**
✓ 1126 DELAWARE ST UNIT 2, BERKELEY  CA 94702-1620, ALAMEDA COUNTY (Feb 1995 - Nov 2012)
      510-558-1815

**Previous And Non-Verified Address(es):**
1126 DELAWARE ST UNIT 1, BERKELEY  CA 94702-1620, ALAMEDA COUNTY (Mar 1995 - Jun 2014)
6787 BROADWAY TER, OAKLAND  CA 94611-1904, ALAMEDA COUNTY (Oct 1984 - Jan 2003)

THOMAS DUDLEY MCCLOSKEY JR  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
⚠ SSN was linked to more than 2 people.
**Names Associated with Associate:**
TOM MCCLOSKEY  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963

Comprehensive Report

🖎SSN was linked to more than 2 people.
THOMA MCCLOSKEY  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
THOMAS D MCCLOSK  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
THOMAS DMCCLOSKEY JR  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
THOMAS D MCCCLOSKEY  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
T D MCCLOSKEY  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
T D MCCLOUSKEY JR  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
THOMAS D MC CLOSKEY  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
THOMAS D MCCLASKY  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
THOS D MCCLOSKEY JR  DOB: 2/xx/1947
198-34-xxxx issued in Pennsylvania  between  1/1/1960  and  12/31/1963
🖎SSN was linked to more than 2 people.
**Previous And Non-Verified Address(es):**
385 INTERLOCKEN CRES STE 250, BROOMFIELD  CO 80021-8068, BROOMFIELD COUNTY (Nov 2012 - Dec 2013)
1919 SACRAMENTO ST, SAN FRANCISCO  CA 94109-3419, SAN FRANCISCO COUNTY (Jan 2006 - Aug 2013)
2300 RED MOUNTAIN RD, ASPEN  CO 81611, PITKIN COUNTY (Nov 1986 - Jul 2013)

KENT F STACY  DOB: 4/xx/1954
508-76-xxxx issued in Nebraska  between  1/1/1970  and  12/31/1970
**Names Associated with Associate:**
KENT STACY  DOB: 1955
508-76-xxxx issued in Nebraska  between  1/1/1970  and  12/31/1970
KENT STACY  DOB: 4/xx/1954
508-76-xxxx issued in Nebraska  between  1/1/1970  and  12/31/1970
KENT F STACY          DOB: 4/1954
STACY F KENT  DOB: 4/1954
508-76-xxxx issued in Nebraska  between  1/1/1970  and  12/31/1970
STACY F KENT  DOB: 1955
508-76-xxxx issued in Nebraska  between  1/1/1970  and  12/31/1970
STACY STACY  DOB: 4/xx/1954
508-76-xxxx issued in Nebraska  between  1/1/1970  and  12/31/1970
**Previous And Non-Verified Address(es):**
PO BOX 118, CLIO  CA 96106-0118, PLUMAS COUNTY ( 2012)
453 BOULDER DR, CLIO  CA 96106, PLUMAS COUNTY (2010 -  2012)
244 LAKESIDE DR APT 4, OAKLAND  CA 94612-3555, ALAMEDA COUNTY (May 1997 - Dec 2011)

DALE JERE SARVER  DOB: 5/1951
555-82-xxxx issued in California  between  1/1/1966  and  12/31/1966
**Previous And Non-Verified Address(es):**
76-5861 MAMALAHOA HWY, HOLUALOA  HI 96725-8768, HAWAII COUNTY (Sep 1987 - May 2014)
PO BOX 525, HOLUALOA  HI 96725-0525, HAWAII COUNTY (Mar 1992 -  2013)
76-5860 HOOKAHI RD, HOLUALOA  HI 96725, HAWAII COUNTY (Aug 2009)

NEIL ANTHONY SIMS  DOB: 1959
575-51-xxxx issued in Hawaii  between  1/1/1990  and  12/31/1990
**Names Associated with Associate:**
NEIL A SIMS
575-51-xxxx issued in Hawaii  between  1/1/1990  and  12/31/1990
N SIMS
575-51-xxxx issued in Hawaii  between  1/1/1990  and  12/31/1990
**Previous And Non-Verified Address(es):**
73-4618 KALOKO HALIA PL, KAILUA KONA  HI 96740-9118, HAWAII COUNTY (May 1995 - Dec 2011)
73 KALOKO HALIA PL, KAILUA KONA  HI 96740, HAWAII COUNTY ( 2007 -  2009)
PO BOX 525, HOLUALOA  HI 96725-0525, HAWAII COUNTY (Dec 1999 - Sep 2003)

Comprehensive Report

AMY BETH SLATER  DOB: 3/xx/1954
220-46-xxxx issued in Maryland  between  1/1/1963  and  12/31/1963
**Previous And Non-Verified Address(es):**
PO BOX 5018, BERKELEY  CA 94705-0018, ALAMEDA COUNTY (Apr 1992 -  2012)
253 STONEWALL RD, BERKELEY  CA 94705-1418, ALAMEDA COUNTY (Apr 1992 -  2012)
253 STONEWALL RD, OAKLAND  CA 94601, ALAMEDA COUNTY (Jun 1993 - Oct 2000)

MICHAEL JAMES WINK  DOB: 6/xx/1973
055-70-xxxx issued in New York  between  1/1/1985  and  12/31/1987
**Previous And Non-Verified Address(es):**
610 S SNOWMASS CIR, SUPERIOR  CO 80027-6122, BOULDER COUNTY ( 2012 - Aug 2013)
2515 ANDREW DR, SUPERIOR  CO 80027-8299, BOULDER COUNTY (Nov 2004 - Jul 2013)
1221 MANU MELE ST UNIT B, KAILUA  HI 96734-4318, HONOLULU COUNTY (Aug 2006 - Nov 2007)



Home    Profile    Connections    Jobs    Interests                    Business Services    Try Premium for free

The Top Trial Lawyers - Million Dollar Advocates Forum. Are you qualified for membership? | **Read More »**

## David Warthen

VP Engineering at Datran Media, CTO at Allvoices.com at Datran Media

San Francisco Bay Area | Computer Software

| | |
|---|---|
| Previous | Datran Media, Answerbag.com (InfoSearch Media), Eye Games Inc. |
| Education | UC Berkeley, School of Information |

**155**
connections

 www.linkedin.com/in/davidwarthen

---

**Background**



📄 Experience

**VP Engineering at Datran Media, CTO at Allvoices.com**     ⚡ Datran Media
Datran Media
January 2010 – September 2011 (1 year 9 months)

Datran Media (since renamed Pulsepoint) acquired Allvoices in April 2011. Left in September, after integration period following acquisition.

**Chief Technology Officer**
Answerbag.com (InfoSearch Media)
April 2006 – January 2007 (10 months)

Served the CTO for this largest independent Social Q&A website (at that time only Yahoo Answers was larger), until their acquisition by Demand Media in late 2006/early 2007.

**CEO, CTO, and Founder**
Eye Games Inc.
June 2004 – December 2005 (1 year 7 months)

A full body motion video game package using the webcam as the input device, targeting children. The child sees himself or herself immersed in the game on the screen, and interacts with the objects in the game by moving his arms, legs, head, etc.

**Owner**
Future Vistas Inc.
July 2002 – January 2004 (1 year 7 months)

**CTO**
GlobalStreams Inc.
July 2000 – July 2002 (2 years 1 month)

Chief Technology Officer for this video streaming startup company... Exciting work, but just to market a couple years too early.

**CTO and Founder**
Ask Jeeves, Inco (aka Ask.com)
April 1996 – July 2000 (4 years 4 months)

**People Similar to David**



**Martin Wells**
CTO at MinoMonsters
**Connect**

**Ads You May Be Interested In**

 **Lawyer Answering Service**
Virtual Receptionist Handles
Law Firm Calls with
Personalized Service 24/7!

 **Largest EB5 Conference**
IIUSAs 4th Annual EB5
International Investment &
Economic Development Forum

**Stress Free ClosingBinder**
Automate the collection &
organization of closing docs,
Paper or Digital

**People Also Viewed**

 **Simantini Chakraborty**
Founder and CEO at a Stealth Startup

 **Lisa Kavanaugh**
CTO, Ask.com

 **Amy Cooper**
Business Development at Allvoices

 **Dean Schaffer**
Product Manager
Next search result
**David Warthen** Owner,
Dynamic Extensions Inc. an...
**Dmitry Pustovoit**

**– A105 –**

Co-Founder of Ask Jeeves, and its Chief Technology Officer from inception until a year after it's IPO. Ask Jeeves was purchased by IAC in 2005 for $1.85 billion, and was subsequently rebranded as Ask.com

Search for people, jobs, companies, and more... Advanced

Business Services Upgrade Try Premium for free

Home Profile Connections Jobs Interests

Software Development and Consulting at ITictor

**Skip Battle**
Member of the Board of Directors at several companies including LinkedIn

**Steve Berkowitz**
CEO Move Inc

**Doug Leeds**
CEO at Ask.com

**Aki Hashmi**
SVP/GM Owned and Operated Media at PulsePoint

**Scott Kim**
COO at About.com

## Education

**UC Berkeley, School of Information**
graduate program, Information Science
2002 – 2004

Enrolled in the PhD program at the UC Berkeley i-school. Coursework completed, but did not complete the degree. It was a fantastic experience during which I learned so much, and for which I am very appreciative.

**UCSD**
BA, Computer Science, Biology
1976 – 1981

Double major in Computer Science and Biological Sciences, with a minor in Chemistry.

**People Similar to David**

**Martin Wells**
CTO at MinoMonsters
**Connect**

Following

## Companies

**Tandem Recruiting Group**
Staffing and Recruiting
Follow

**Datran Media**
Marketing and Advertising
Follow

**SEPHORA**
Retail
Follow

**Navera (formerly Trustnode)**
Computer Software
Follow

## Schools

**University of California , San Diego**
Greater San Diego Area
Follow

Help Center | About | Press | Blog | Careers | Advertising | Talent Solutions | Small Business | Mobile | Developers | Language | Upgrade Your Account

LinkedIn Corporation © 2014 | User Agreement | Privacy Policy | Community Guidelines | Cookie Policy | Copyright Policy | Send Feedback

Next search result
**David Warthen** Owner, Dynamic Exteriors Inc. an...



- Print Report

**Important:**  The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state's Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** No Permissible Purpose
**Your GLBA Permissible Use:** No Permissible Purpose
**Your DMF Permissible Use:** No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
Names Associated With Subject:
    5 Found
Bankruptcies:
    None Found
Liens and Judgments:
    None Found
Phones Plus:
    None Found
Address(es) Found:
    1 Verified and 10 Non-Verified Found
Possible Criminal Records:
    None Found
Professional Licenses:
    None Found
Possible Associates:
    7 Found

**Subject Information:  (Best Information for Subject)**
**Name:** DAVID E ZINMAN   DOB:9/xx/1967
**SSN:** 097-44-xxxx issued in New York  between  *1/1/1968*  and  *12/31/1969*

**Age:** 47

**Names Associated With Subject:**

    DAVID ZINMAN  DOB: 9/xx/1967
    097-44-xxxx issued in New York  between  1/1/1968  and  12/31/1969
    DAVID H ZINMAN  DOB: 9/xx/1967
    097-44-xxxx issued in New York  between  1/1/1968  and  12/31/1969
    DAVID E VINMAN  DOB: 9/xx/1967
    097-44-xxxx issued in New York  between  1/1/1968  and  12/31/1969
    DAVE ZINMAN  DOB: 9/xx/1967

Comprehensive Report

1

Comprehensive Report

097-44-xxxx issued in New York  between  1/1/1968  and  12/31/1969
DAVID VINMAN  DOB: 9/xx/1967
097-44-xxxx issued in New York  between  1/1/1968  and  12/31/1969

**Active Address(es):** 

19875 PARK DR, SARATOGA  CA 95070-6445, SANTA CLARA COUNTY ( 2012 - Jun 2012)
    **Name Associated with Address:**
        DAVID H ZINMAN
          **Current Residents at Address:**
          DAVID E ZINMAN
          HEIDI G GROSS
          HAROLD MELLOR HODGES JR
          KENNETH E HODGES
    **Current phones listed at this address:**
        408-884-8291 - PDT ZINMAN HEIDI
        408-884-8292 - PDT ZINMAN HEIDI


**Previous And Non-Verified Address(es):** 

16511 TOPPING WAY, LOS GATOS  CA 95032-5645, SANTA CLARA COUNTY (May 2009 - Apr 2012)
    **Name Associated with Address:**
        DAVID ZINMAN

1400 CARLOS AVE, BURLINGAME  CA 94010-5552, SAN MATEO COUNTY (Mar 1997 - Apr 2010)
    **Name Associated with Address:**
        DAVID E ZINMAN
          **Current Residents at Address:**
          STEVEN J WANG
          HELENA TIAN-YING YIP
    **Current phones listed at this address:**
        650-315-2233 - PDT WANG STEVEN
        650-566-1513

925 LURLINE DR, FOSTER CITY  CA 94404-1832, SAN MATEO COUNTY ( 2009 - Oct 2009)
    **Name Associated with Address:**
        DAVID E ZINMAN
          **Current Residents at Address:**
          MICHIKO TE HAYASHI
          LINDA K HAYASHI
          LINDA K HAYASHI
          650-389-7285 - PDT HAYASHI LINDA

340 MELVILLE AVE, PALO ALTO  CA 94301-2732, SANTA CLARA COUNTY (Sep 1990 - Jan 2000)
    **Name Associated with Address:**
        DAVID E ZINMAN
          **Current Residents at Address:**
          IAN F GRAVINA
          SIMON HUDGSON
          ANDREA NICOLE SISK
          KAYLYN MARIE FRAZIER
          650-984-4711

11499 SUMMIT WOOD RD, LOS ALTOS HILLS  CA 94022-4567, SANTA CLARA COUNTY (Aug 1995 - Apr 1999)
    **Name Associated with Address:**
        DAVID E ZINMAN
          **Current Residents at Address:**
          GITA DEFAII SOHEILI
          PATRICK P SOHEILI
          SHEIDA H MODABER
          DIANE WOOD
          650-984-4711

217 HIGH ST, PALO ALTO  CA 94301-1054, SANTA CLARA COUNTY (Sep 1993 - Jan 1994)
    **Name Associated with Address:**
        DAVID E ZINMAN
          **Current Residents at Address:**
          RYAN W ELLIOTT

Comprehensive Report                                        2

Comprehensive Report

RACHEL THOMAS
650-984-4711

448 E 20TH ST APT 11C, NEW YORK  NY 10009-8237, NEW YORK COUNTY (Oct 1991 - Oct 1993)
    **Name Associated with Address:**
        DAVID E ZINMAN

85 MIDLAND AVE, TARRYTOWN  NY 10591-4317, WESTCHESTER COUNTY (Jan 1988 - Jul 1993)
    **Name Associated with Address:**
        DAVID E ZINMAN
        **Current Residents at Address:**
        MARION ZINMAN
        ROBERT M ZINMAN
        914-631-3513 - EDT ZINMAN MARION

11 C APT, NEW YORK  NY 10009, NEW YORK COUNTY (Dec 1991)
    **Name Associated with Address:**
        DAVID E ZINMAN

2713 S NORFOLK ST APT 205, SAN MATEO  CA 94403-1601, SAN MATEO COUNTY (Aug 1990 - Sep 1990)
    **Name Associated with Address:**
        DAVID E ZINMAN

**Bankruptcies:**
[None Found]

**Liens and Judgments:**
[None Found]

**Phones Plus:**
[None Found]

**Possible Criminal Records:**
[None Found]

**Professional License(s):**
[None Found]

**Possible Associates:**
RAYMOND J J BLANCHARD JR  DOB: 5/xx/1970
320-54-xxxx issued in Illinois  between  1/1/1972  and  12/31/1973
    **Names Associated with Associate:**
    RAYMOND J BLANCHARD  DOB: 5/xx/1970
    320-54-xxxx issued in Illinois  between 1/1/1972  and  12/31/1973
    R J BLANCHARD JR  DOB: 5/xx/1970
    320-54-xxxx issued in Illinois  between  1/1/1972  and  12/31/1973
    RAYMOND J BLANCHARD JR  DOB: 2/1970
    320-54-xxxx issued in Illinois  between 1/1/1972  and  12/31/1973
    **Previous And Non-Verified Address(es):**
    2709 RAMOS CT, MOUNTAIN VIEW  CA 94040-3965, SANTA CLARA COUNTY (Jun 2000 - Aug 2007)
    2995 WOODSIDE RD STE 400, WOODSIDE  CA 94062-2448, SAN MATEO COUNTY (Mar 2001 - Oct 2004)

    340 MELVILLE AVE, PALO ALTO  CA 94301-2732, SANTA CLARA COUNTY (Aug 1990 - Jan 2003)

ROBERT J HUTTER  DOB: 2/xx/1972
091-50-xxxx issued in New York  between  1/1/1971  and  12/31/1972
    **Names Associated with Associate:**
    ROB J HUTTER  DOB: 2/xx/1972
    091-50-xxxx issued in New York  between 1/1/1971  and  12/31/1972
    ROBERT S HUTTER  DOB: 2/xx/1972
    091-50-xxxx issued in New York  between  1/1/1971  and  12/31/1972
    **Previous And Non-Verified Address(es):**
    1321 SANCHEZ AVE, BURLINGAME  CA 94010-3643, SAN MATEO COUNTY ( 2006 - Jun 2013)
    1032 CABRILLO AVE, BURLINGAME  CA 94010-4923, SAN MATEO COUNTY ( 2011 - Apr 2012)
    1 BLUXOME ST APT 402, SAN FRANCISCO  CA 94107-5522, SAN FRANCISCO COUNTY ( 2004 - Aug 2007)

Comprehensive Report

PHILIP D LEVINSON  DOB: 9/xx/1967
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

**Names Associated with Associate:**
PHILIP DAVID LEVINSON  DOB: 9/xx/1967
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

PHILLIP DAVID LEVINSON  DOB: 9/xx/1967
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

PHIL LEVINSON  DOB: 9/xx/1967
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

PHILIP LEVINSON  DOB: 9/xx/1967
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

PHILIP D LEVINSON  DOB: 9/1965
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

PHILLIP D LEVINSON  DOB: 9/1965
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

PHILIP D LEVINSON  DOB: 1968
015-60-xxxx issued in Massachusetts  between  1/1/1979  and  12/31/1981

**Previous And Non-Verified Address(es):**
11645 MONTANA AVE APT 131, LOS ANGELES  CA 90049-4629, LOS ANGELES COUNTY (Mar 2013)
622 S BARRINGTON AVE APT 208, LOS ANGELES  CA 90049-4422, LOS ANGELES COUNTY (Dec 2005 - Apr 2012)
622 S BARRINGTON AVE APT 206, LOS ANGELES  CA 90049-4422, LOS ANGELES COUNTY (Dec 2005 - Dec 2011)

GREGORY VINCENT MAURO  DOB: 3/xx/1970
566-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
**Names Associated with Associate:**
GREG M MAURO  DOB: 3/xx/1970
566-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
GREGORY M MAURO  DOB: 3/xx/1970
566-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
GREG V MAURO  DOB: 3/xx/1970
566-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
**Previous And Non-Verified Address(es):**
736 ARMADA TER, SAN DIEGO  CA 92106-3033, SAN DIEGO COUNTY ( 2011 - Apr 2013)
883 N YACHT CLUB DR, EDEN  UT 84310-9668, WEBER COUNTY ( 2008 - Jul 2012)
25392 POSADA LN, MISSION VIEJO  CA 92691-5455, ORANGE COUNTY ( 2011 - Mar 2012)

MARK ALLEN PELLETIER  DOB: 3/xx/1969
339-74-xxxx issued in Illinois  between  1/1/1984  and  12/31/1986
**Names Associated with Associate:**
MARC A PELLETIER  DOB: 3/xx/1969
339-74-xxxx issued in Illinois  between  1/1/1984  and  12/31/1986
**Previous And Non-Verified Address(es):**
758 N LARRABEE ST UNIT GU227, CHICAGO  IL 60654-6445, COOK COUNTY ( 2009 -  2012)
758 N LARRABEE ST APT 827, CHICAGO  IL 60654-6453, COOK COUNTY (Jun 2003 -  2012)
758 N LARRABEE ST APT 227, CHICAGO  IL 60654-6859, COOK COUNTY ( 2008 -  2009)

JEFFREY STUART SKOLL  DOB: 1/xx/1965
603-68-xxxx issued in California  between  9/2/1993  and  1/3/1994
**Previous And Non-Verified Address(es):**
250 UNIVERSITY AVE STE 300, PALO ALTO  CA 94301-1739, SANTA CLARA COUNTY (Nov 1999 - May 2011)

11499 SUMMIT WOOD RD, LOS ALTOS HILLS  CA 94022-4567, SANTA CLARA COUNTY (Apr 1994 - Jul 2004)

340 MELVILLE AVE, PALO ALTO  CA 94301-2732, SANTA CLARA COUNTY (Mar 1999 - Jan 2003)

BALTHASAR A WYSS  DOB: 3/xx/1966
624-90-xxxx issued in California  between  7/2/1996  and  12/2/1996
**Names Associated with Associate:**
BATHASAR WYSS  DOB: 3/xx/1966
624-90-xxxx issued in California  between  7/2/1996  and  12/2/1996
**Active Address(es):**
11522 39TH AVE NE, SEATTLE  WA 98125-5718, KING COUNTY ( 2005 -  2014)
**Current phones listed at this address:**

Comprehensive Report

    206-906-9293 - PDT WYSS STEPHANI
    206-708-7847 - PDT DIDIO MIKE

**Previous And Non-Verified Address(es):**
8531 SE 80TH ST, MERCER ISLAND  WA 98040-5636, KING COUNTY (Sep 2005 -  2014)
15 RAYE ST, SEATTLE  WA 98109-1828, KING COUNTY (Dec 1999 - Aug 2006)



- Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state's Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
      5 Found
   Bankruptcies:
      None Found
   Liens and Judgments:
      None Found
   Phones Plus:
      3 Found
   Address(es) Found:
      1 Verified and 9 Non-Verified Found
   Possible Criminal Records:
      None Found
   Professional Licenses:
      None Found
   Possible Associates:
      16 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  JASON M STROBER   DOB:7/xx/1967
**SSN:** 573-33-xxxx issued in California  between  *1/1/1975*  and  *12/31/1975*

**Age:** 47

**Names Associated With Subject:**

   JASON STROBER  DOB: 7/xx/1967
   573-33-xxxx issued in California  between  1/1/1975  and  12/31/1975
   J STROBER  DOB: 7/xx/1967
   573-33-xxxx issued in California  between  1/1/1975  and  12/31/1975
   JASON STOBER  DOB: 7/1967
   573-33-xxxx issued in California  between  1/1/1975  and  12/31/1975
   JASON STROBER  DOB: 7/xx/1967

Comprehensive Report                                                                                          1

Comprehensive Report

564-98-xxxx issued in California  between  1/1/1970  and  12/31/1970
JASON STOBER  DOB: 7/1967
564-98-xxxx issued in California  between  1/1/1970  and  12/31/1970

**Active Address(es):** 

✓ 14355 MIRANDA WAY, LOS ALTOS HILLS  CA 94022-2032, SANTA CLARA COUNTY ( 2004 - Oct 2014)
    **Name Associated with Address:**
        JASON STROBER
            **Current Residents at Address:**
            JOANNA R STROBER
            JASON M STROBER
            HOWARD ALBERT STOECKER
            GRACE WINIFRED STOECKER
            650-941-9404 - PDT STROBER JOANNA & JASON


**Previous And Non-Verified Address(es):** 

975 PARMA WAY, LOS ALTOS  CA 94024-4866, SANTA CLARA COUNTY (Jul 2006 - Dec 2008)
    **Name Associated with Address:**
        JASON STROBER
            **Current Residents at Address:**
            ROBERT LEE LEWIS III
            650-941-9404

230 PINE LN, LOS ALTOS  CA 94022-1645, SANTA CLARA COUNTY (Nov 2005 - Jul 2006)
    **Name Associated with Address:**
        JASON STROBER
            **Current Residents at Address:**
            JACQUELINE C RADCLIFFE
            DOROTHY ALICE KOENIG
            JOHN DAVID RADCLIFFE
            JACKIE RADCLIFFE
            650-941-9404

4 ALDER PL, MENLO PARK  CA 94025-3574, SAN MATEO COUNTY (Apr 1998 - Nov 2005)
    **Name Associated with Address:**
        JASON STROBER
            **Current Residents at Address:**
            BETH M AZIA
            JAMES C CARR
            650-326-9519

892 LATHROP DR, STANFORD  CA 94305-1053, SANTA CLARA COUNTY (Jul 1988 - Jan 2003)
    **Name Associated with Address:**
        JASON M STROBER
            **Current Residents at Address:**
            JAY M JACKMAN
            MYRA H STROBER
**Current phones listed at this address:**
        650-493-0400 - PDT STROBER MYRA DR
        650-494-8100 - PDT JACKMAN JAY
        322-8522

975 UNIVERSITY DR APT 5, MENLO PARK  CA 94025-4917, SAN MATEO COUNTY (Jun 1999)
    **Name Associated with Address:**
        JASON M STROBER
        650-326-9519

875 UNIVERSITY AVE APT 5, PALO ALTO  CA 94301-2132, SANTA CLARA COUNTY (Jul 1996)
    **Name Associated with Address:**
        JASON STROBER
        650-326-9519

204 CHESTER ST, MENLO PARK  CA 94025-2520, SAN MATEO COUNTY (Feb 1990 - Dec 1995)
    **Name Associated with Address:**
        JASON M STROBER
            **Current Residents at Address:**

**– A113 –**

Comprehensive Report

EDUARDO M CHALIAN
VALERIA CHALIAN
650-323-2595 - PDT CHALIAN EDUARDO M & VALERIA

435 GOLDEN OAK DR, PORTOLA VALLEY  CA 94028-7734, SAN MATEO COUNTY (Jul 1991 - Apr 1993)
**Name Associated with Address:**
JASON M STROBER
**Current Residents at Address:**
GRACIELA T DEPIERRIS
MICHAEL L FRIEDMAN
858-0949

279 CAMINO AL LAGO, ATHERTON  CA 94027-5449, SAN MATEO COUNTY (Feb 1990)
**Name Associated with Address:**
JASON M STROBER
**Current Residents at Address:**
DAVID L ELISOFON
MASAKO ELISOFON
CAROL B ONEILL
858-0949


**Bankruptcies:**
[None Found]


**Liens and Judgments:**
[None Found]


**Phones Plus:**
**Phones Plus1**
Name: STROBER, JASON
Address: 1 BEACH 105TH ST APT 4K, ROCKAWAY PARK  NY 11694-2688
Phone Number:  650-533-6665 - PDT
Phone Type: Mobile
Carrier: SPRINT SPECTRUM LP - (SAN MATEO, CA)

**Phones Plus2**
Name: STROBER, JASON
Address: 14355 MIRANDA WAY, LOS ALTOS HILLS  CA 94022-2032
Phone Number:  650-533-6665 - PDT
Phone Type: Mobile
Carrier: SPRINT SPECTRUM LP - (SAN MATEO, CA)

**Phones Plus3**
Name: STROBER, JASON
Address: 975 PARMA WAY, LOS ALTOS  CA 94024-4866
Phone Number:  650-533-6665 - PDT
Phone Type: Mobile
Carrier: SPRINT SPECTRUM LP - (SAN MATEO, CA)

**Possible Criminal Records:**
[None Found]

**Professional License(s):**
[None Found]

**Possible Associates:**
ALICE H AMSDEN  DOB: 6/xx/1943
125-32-xxxx issued in New York  between  1/1/1957  and  12/31/1960
SSN belongs to a person reported as deceased.
**Names Associated with Associate:**
ALICE M AMSDEN  DOB: 6/xx/1943
125-32-xxxx issued in New York  between  1/1/1957  and  12/31/1960
SSN belongs to a person reported as deceased.
A AMSDEN  DOB: 6/xx/1943
125-32-xxxx issued in New York  between  1/1/1957  and  12/31/1960

Comprehensive Report                                                                                                3

Comprehensive Report

🚩SSN belongs to a person reported as deceased.
ALICE H AMSDEN DOB: 1944
125-32-xxxx issued in New York between 1/1/1957 and 12/31/1960
🚩SSN belongs to a person reported as deceased.
ALICE H AMSDEN DOB: 1944
253-22-xxxx issued in Georgia between 1/1/1936 and 12/31/1951
**Previous And Non-Verified Address(es):**
36 IRVING ST UNIT H, CAMBRIDGE  MA 02138-3027, MIDDLESEX COUNTY (Aug 1985 - Aug 2012)
892 LATHROP DR, STANFORD  CA 94305-1053, SANTA CLARA COUNTY (Jun 2012 - Jul 2012)

ROBERT GARY APTEKAR DOB: 8/xx/1944
373-42-xxxx issued in Michigan between 1/1/1958 and 12/31/1960
  **Names Associated with Associate:**
  ROBT G APTEKAR DOB: 8/xx/1944
  373-42-xxxx issued in Michigan between 1/1/1958 and 12/31/1960
  ROBERT G APTICAR DOB: 8/xx/1944
  373-42-xxxx issued in Michigan between 1/1/1958 and 12/31/1960
  **Active Address(es):**
  212 SEADRIFT RD, STINSON BEACH  CA 94970, MARIN COUNTY (Apr 1998 - Jun 2014)
  **Current phones listed at this address:**
      415-868-0438 - PDT APTEKAR ROBERT
      650-941-3168

  14601 S BASCOM AVE STE 220, LOS GATOS  CA 95032-2044, SANTA CLARA COUNTY (Jul 1980 - Jun 2014)
  **Previous And Non-Verified Address(es):**
  14651 S BASCOM AVE STE 280, LOS GATOS  CA 95032-2018, SANTA CLARA COUNTY (Nov 2011 - Mar 2014)

DENISE D APTEKAR DOB: 11/xx/1970
554-53-xxxx issued in California between 1/1/1978 and 12/31/1979
  **Names Associated with Associate:**
  D APTEKAR DENISE DOB: 11/xx/1970
  554-53-xxxx issued in California between 1/1/1978 and 12/31/1979
  DENISE D APTEAR DOB: 11/1970
  554-53-xxxx issued in California between 1/1/1978 and 12/31/1979
  DENISE D APTEKAR DOB: 1971
  554-53-xxxx issued in California between 1/1/1978 and 12/31/1979
  **Previous And Non-Verified Address(es):**
  325 CHANNING AVE APT 309, PALO ALTO  CA 94301-2770, SANTA CLARA COUNTY (Feb 2005 - Jul 2012)
  8345 NW 66TH ST UNIT 4084, MIAMI  FL 33166-2626, MIAMI-DADE COUNTY (Feb 2005 -  2010)
  2398 PACIFIC AVE APT 306, SAN FRANCISCO  CA 94115-1260, SAN FRANCISCO COUNTY (Feb 2005 -  2009)

JUDITH G APTEKAR DOB: 5/xx/1945
383-52-xxxx issued in Michigan between 1/1/1965 and 12/31/1966
  **Names Associated with Associate:**
  JUDY M APTEKAR DOB: 5/xx/1945
  383-52-xxxx issued in Michigan between 1/1/1965 and 12/31/1966
  JUDY G APTEKAR DOB: 5/xx/1945
  383-52-xxxx issued in Michigan between 1/1/1965 and 12/31/1966
  **Active Address(es):**
  26000 SCARFF WAY, LOS ALTOS HILLS  CA 94022-2037, SANTA CLARA COUNTY (Apr 1985 -  2012)
  **Current phones listed at this address:**
      650-941-3168 - PDT APTEKAR ROBERT
      650-948-6642 - PDT APTEKAR ROBERT

  212 SEADRIFT RD, STINSON BEACH  CA 94970, MARIN COUNTY (Jul 1980 -  2011)
  **Current phones listed at this address:**
      415-868-0438 - PDT APTEKAR ROBERT
      650-941-3168

  **Previous And Non-Verified Address(es):**
  2600 SCARFF WAY, LOS ALTOS HILLS  CA 94022, SANTA CLARA COUNTY (Jun 2007 - Dec 2007)

REBECCA B APTEKAR DOB: 2/xx/1974
554-53-xxxx issued in California between 1/1/1978 and 12/31/1979
  **Names Associated with Associate:**
  REBECCA B KLEIN DOB: 2/xx/1974
  554-53-xxxx issued in California between 1/1/1978 and 12/31/1979
  **Previous And Non-Verified Address(es):**

Comprehensive Report

117 ALTURAS DR, BURLINGAME CA 94010-5904, SAN MATEO COUNTY ( 2005 - Jun 2014)
327 N SAN MATEO DR STE 3, SAN MATEO CA 94401-2585, SAN MATEO COUNTY (Sep 2008 - Oct 2010)
26000 SCARFF WAY, LOS ALTOS HILLS CA 94022-2037, SANTA CLARA COUNTY (Jul 1994 - May 2006)

GERALD R APTEKAR DOB: 9/xx/1919 DOD:11/23/2009 (SAN FRANCISCO, CA) Age at Death: 90 (Born 95 years ago) - Proof
377-01-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.
**Names Associated with Associate:**

GERALD ROBERT APTEKAR DOB: 9/xx/1919 DOD:11/23/2009 (SAN FRANCISCO, CA) Age at Death: 90 (Born 95 years ago) - Proof
377-01-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

ERALD R APTEKAR DOB: 9/xx/1919 DOD:11/23/2009 (SAN FRANCISCO, CA) Age at Death: 90 (Born 95 years ago) - Proof
377-01-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

GERALD APLEKAR DOB: 9/xx/1919 DOD:11/23/2009 (SAN FRANCISCO, CA) Age at Death: 90 (Born 95 years ago) - Proof
377-01-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

GERALD R APTEKAP DOB: 9/xx/1919 DOD:11/23/2009 (SAN FRANCISCO, CA) Age at Death: 90 (Born 95 years ago) - Proof
377-01-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

GERALD R APTEKAR DOB: 9/1920 DOD:11/23/2009 (SAN FRANCISCO, CA) Age at Death: 90 (Born 94 years ago) - Proof
377-01-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.
**Previous And Non-Verified Address(es):**
3775 ORCHARD LAKE RD APT 2, WEST BLOOMFIELD MI 48324-1664, OAKLAND COUNTY (Jan 1993 - Jul 2011)
14500 N FRANK LLOYD WRIGHT BLVD APT 319, SCOTTSDALE AZ 85260-8836, MARICOPA COUNTY (Mar 2005 - Jul 2010)

JANE PEARL APTEKAR DOB: 5/xx/1919 DOD:10/4/2011 (SAN FRANCISCO, CA) Age at Death: 92 (Born 95 years ago) - Proof
366-14-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.
**Names Associated with Associate:**

JANE APLEKAR DOB: 5/xx/1919 DOD:10/4/2011 (SAN FRANCISCO, CA) Age at Death: 92 (Born 95 years ago) - Proof
366-14-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

S APTEKAR JANE DOB: 5/xx/1919 DOD:10/4/2011 (SAN FRANCISCO, CA) Age at Death: 92 (Born 95 years ago) - Proof
366-14-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

JANE PEARL APTEKAR DOB: 7/xx/1919 DOD:10/4/2011 (SAN FRANCISCO, CA) Age at Death: 92 (Born 95 years ago) - Proof
366-14-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

JANE SCHKLOVEN APTEKAR DOB: 5/xx/1919 DOD:10/4/2011 (SAN FRANCISCO, CA) Age at Death: 92 (Born 95 years ago) - Proof
366-14-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

JANE APLEKAR DOB: 7/xx/1919 DOD:10/4/2011 (SAN FRANCISCO, CA) Age at Death: 92 (Born 95 years ago) - Proof
366-14-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.

JANE SCHKLOVEN APTEKAR DOB: 5/xx/1919 DOD:10/4/2011 (SAN FRANCISCO, CA) Age at Death: 92 (Born 95 years ago) - Proof
366-14-xxxx issued in Michigan between 1/1/1936 and 12/31/1951
SSN belongs to a person reported as deceased.
**Previous And Non-Verified Address(es):**
302 AVE APT SAN FRANCISCO CA 94112-1510, SAN FRANCISCO COUNTY (Oct 2011)
302 SILVER AVE, SAN FRANCISCO CA 94112-1510, SAN FRANCISCO COUNTY (Sep 2009)

MARK K BENNING DOB: 4/xx/1964
018-66-xxxx issued in Massachusetts between 1/1/1985 and 12/31/1987
**Names Associated with Associate:**
MARK KENNETH BENNING DOB: 4/xx/1964
018-66-xxxx issued in Massachusetts between 1/1/1985 and 12/31/1987
MARK KENNETH BENNING DOB: 5/1964
018-66-xxxx issued in Massachusetts between 1/1/1985 and 12/31/1987
MARK L BENNING DOB: 4/xx/1964
018-66-xxxx issued in Massachusetts between 1/1/1985 and 12/31/1987
**Previous And Non-Verified Address(es):**
1761 HAMPTON RD, GROSSE POINTE WOODS MI 48236-1305, WAYNE COUNTY (Aug 2012 - Jun 2014)

Comprehensive Report

1506 ANITA AVE, GROSSE POINTE WOODS  MI 48236-1421, WAYNE COUNTY (Jan 2012)
1545 LAUREL PL, MENLO PARK  CA 94025-3123, SAN MATEO COUNTY (Jul 1997 - Aug 2011)

SUSAN K CARRUTHERS  DOB: 11/xx/1967
625-86-xxxx issued in California  between  2/2/1996  and  5/1/1996
    **Names Associated with Associate:**
    SUSAN JONES  DOB: 11/xx/1967
    625-86-xxxx issued in California  between  2/2/1996  and  5/1/1996
    **Previous And Non-Verified Address(es):**

🇸 4 ALDER PL, MENLO PARK  CA 94025-3574, SAN MATEO COUNTY (Dec 1999 - Mar 2005)
3051 ALMA ST, PALO ALTO  CA 94306-2325, SANTA CLARA COUNTY (Feb 1999 - Aug 2002)

JANE FRANCES HEALEY  DOB: 8/xx/1963
324-62-xxxx issued in Illinois  between  1/1/1975  and  12/31/1979
    **Names Associated with Associate:**
    J HEALY  DOB: 8/xx/1963
    324-62-xxxx issued in Illinois  between  1/1/1975  and  12/31/1979
    JANE S HEALEY  DOB: 8/xx/1963
    324-62-xxxx issued in Illinois  between  1/1/1975  and  12/31/1979
    **Previous And Non-Verified Address(es):**
    1761 HAMPTON RD, GROSSE POINTE WOODS  MI 48236-1305, WAYNE COUNTY (Aug 2012 -  2013)
    1506 ANITA AVE, GROSSE POINTE WOODS  MI 48236-1421, WAYNE COUNTY (Aug 2011 - Aug 2012)
    1545 LAUREL PL, MENLO PARK  CA 94025-3123, SAN MATEO COUNTY (Jul 1997 - Jul 2011)

RASHI A JACKMAN  DOB: 9/xx/1970
575-96-xxxx issued in Hawaii  between  1/1/1975  and  12/31/1976
    **Names Associated with Associate:**
    RASNI A JACKMAN  DOB: 9/xx/1970
    575-96-xxxx issued in Hawaii  between  1/1/1975  and  12/31/1976
    RASHI A JACKLIN  DOB: 9/xx/1970
    575-96-xxxx issued in Hawaii  between  1/1/1975  and  12/31/1976
    **Previous And Non-Verified Address(es):**

🇸 892 LATHROP DR, STANFORD  CA 94305-1053, SANTA CLARA COUNTY (Apr 1992 - Dec 2006)
100 SUNNYSIDE DR, ATHENS  OH 45701-1958, ATHENS COUNTY (Aug 2005 - Dec 2005)
63 MORRIS AVE, ATHENS  OH 45701-1939, ATHENS COUNTY (Sep 2002 - Nov 2004)

TENAYA WYNONA JORDANA JACKMAN  DOB: 8/xx/1967
575-96-xxxx issued in Hawaii  between  1/1/1975  and  12/31/1976
    **Names Associated with Associate:**
    TENAYA W JAKMAN  DOB: 8/xx/1967
    575-96-xxxx issued in Hawaii  between  1/1/1975  and  12/31/1976
    TENAYA WYNONA JORDANA JACKMAN  DOB: 8/xx/1967
    575-96-xxxx issued in Hawaii  between  1/1/1975  and  12/31/1976
    **Previous And Non-Verified Address(es):**
    378 BELMONT ST APT 4, OAKLAND  CA 94610-4835, ALAMEDA COUNTY (Dec 2007 - Oct 2013)

🇸 892 LATHROP DR, STANFORD  CA 94305-1053, SANTA CLARA COUNTY (Nov 1986 - Aug 2007)
55 S KUKUI ST APT D3207, HONOLULU  HI 96813-2327, HONOLULU COUNTY (Oct 2004 - Apr 2007)

🄳 DORA E JACKMAN  DOB: 11/xx/1905 DOD:7/11/1999  (SANTA CLARA, CA)  Age at Death: 93 (Born 108 years ago) - Verified
072-26-xxxx issued in New York  between  1/1/1936  and  12/31/1951
    📍SSN belongs to a person reported as deceased.
    **Names Associated with Associate:**
    🄳 DORA E JACKMAN  DOB: 11/xx/1905 DOD:7/11/1999  (SANTA CLARA, CA)  Age at Death: 93 (Born 108 years ago) - Verified
    072-26-xxxx issued in New York  between  1/1/1936  and  12/31/1951
    📍SSN belongs to a person reported as deceased.
    🄳 DORA EMMER JACKMAN  DOB: 11/xx/1905 DOD:7/11/1999  (SANTA CLARA, CA)  Age at Death: 93 (Born 108 years ago) - Verified
    072-26-xxxx issued in New York  between  1/1/1936  and  12/31/1951
    📍SSN belongs to a person reported as deceased.
    **Previous And Non-Verified Address(es):**

🇸 892 LATHROP DR, STANFORD  CA 94305-1053, SANTA CLARA COUNTY (Feb 1995 - May 2004)
3000 S OCEAN DR PH A, HOLLYWOOD  FL 33019-2821, BROWARD COUNTY (Jan 1983 - Mar 2001)
330 ESCUELA AVE APT, MOUNTAIN VIEW  CA 94040-1815, SANTA CLARA COUNTY (Nov 2000)

MARY S JACKMAN
054-32-xxxx issued in New York  between  1/1/1956  and  12/31/1958
    ⚠SSN was linked to more than 2 people.
    **Previous And Non-Verified Address(es):**

Comprehensive Report                                                                                                          6

Comprehensive Report

892 LATHROP DR, STANFORD  CA 94305-1053, SANTA CLARA COUNTY (Jul 1992 - Dec 1992)

JUDITH APTEKAR
373-42-xxxx issued in Michigan  between  1/1/1958  and  12/31/1960
    **Names Associated with Associate:**
    JUDY APTEKAR
    373-42-xxxx issued in Michigan  between  1/1/1958  and  12/31/1960
    **Active Address(es):**
    26000 SCARFF WAY, LOS ALTOS HILLS  CA 94022-2037, SANTA CLARA COUNTY ( 1983 - Apr 2013)
    **Current phones listed at this address:**
        650-941-3168 - PDT APTEKAR ROBERT
        650-948-6642 - PDT APTEKAR ROBERT


JANE S APTEKAR
366-14-xxxx issued in Michigan  between  1/1/1936  and  12/31/1951
    **Names Associated with Associate:**
    JANE P APTEKAR
    366-14-xxxx issued in Michigan  between  1/1/1936  and  12/31/1951
    S APTEKAR JANE
    366-14-xxxx issued in Michigan  between  1/1/1936  and  12/31/1951
    **Previous And Non-Verified Address(es):**
    10086 E COCHISE DR, SCOTTSDALE  AZ 85258-4825, MARICOPA COUNTY (Jun 1993 - Jan 2003)
    3775 ORCHARD LAKE RD APT 2, WEST BLOOMFIELD  MI 48324-1664, OAKLAND COUNTY (Jul 1985 - Jan 2003)
    11640 E CARON ST, SCOTTSDALE  AZ 85259-5913, MARICOPA COUNTY (Jan 2001)

Comprehensive Report



- Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

Report Legend:
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
  Names Associated With Subject:
    3 Found
  Bankruptcies:
    None Found
  Liens and Judgments:
    None Found
  Phones Plus:
    5 Found
  Address(es) Found:
    2 Verified and 17 Non-Verified Found
  Possible Criminal Records:
    1 Found
  Professional Licenses:
    1 Found
  Possible Associates:
    7 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  ANDREW BRYAN CONRU   DOB:2/xx/1968
**SSN:** 314-58-xxxx issued in Indiana  between  *1/1/1968*  and  *12/31/1969*

**Age:** 46

**Names Associated With Subject:**

  ANDREW B CONRU  DOB: 2/xx/1968
  314-58-xxxx issued in Indiana  between  1/1/1968  and  12/31/1969
  ANDREW CONRU  DOB: 2/xx/1968
  314-58-xxxx issued in Indiana  between  1/1/1968  and  12/31/1969
  ANDREW B COURU  DOB: 1968
  314-58-xxxx issued in Indiana  between  1/1/1968  and  12/31/1969

Comprehensive Report                                                                                                                     1

Comprehensive Report

**Active Address(es):**

✔ EL NIDO RD, PORTOLA VALLY  CA 94028, SAN MATEO COUNTY (Sep 2004 - Oct 2014)
   **Name Associated with Address:**
     ANDREW CONRU

✔ 463 E FURNESS RD, MICHIGAN CITY  IN 46360-9535, PORTER COUNTY (Oct 1990 -  2012)
   **Name Associated with Address:**
     ANDREW B CONRU
        **Current Residents at Address:**
     WORTH W CONRU
     KEVIN WARREN CONRU
     REVA J CONRU
     REVA J CONRU
     219-872-4282 - CDT CONRU REVA


**Previous And Non-Verified Address(es):**

2033 2ND AVE APT 1005, SEATTLE  WA 98121-2247, KING COUNTY ( 2008 - Jun 2014)
   **Name Associated with Address:**
     ANDREW CONRU
     206-971-6370

2125 1ST AVE APT 01-2904, SEATTLE  WA 98121-2121, KING COUNTY (Nov 2001 -  2014)
   **Name Associated with Address:**
     ANDREW B CONRU
     206-829-8670

116 EL NIDO RD, PORTOLA VALLEY  CA 94028-8109, SAN MATEO COUNTY (Dec 1993 - Jul 2011)
   **Name Associated with Address:**
     ANDREW BRYAN CONRU
        **Current Residents at Address:**
     ANDREW BRYAN CONRU

445 SHERMAN AVE STE T, PALO ALTO  CA 94306-1828, SANTA CLARA COUNTY (Feb 2000 - Nov 2008)
   **Name Associated with Address:**
     ANDREW BRYAN CONRU
**Current phones listed at this address:**
     650-617-8894 - PDT ROSE CARSON CHOI WHITE LLP
     650-752-6593 - PDT ROSE CARSON CHOI WHITE LLP
     650-752-6594 - PDT ROSE CARSON CHOI WHITE LLP

445 SHERMAN AVE STE U, PALO ALTO  CA 94306-1828, SANTA CLARA COUNTY (Jan 2001 - Jan 2008)
   **Name Associated with Address:**
     ANDREW BRYAN CONRU

EL NIDO RD, PORTOLA VALLEY  CA 94028, SAN MATEO COUNTY (Sep 2004 - Apr 2006)
   **Name Associated with Address:**
     ANDREW CONRU

3860 PARK BLVD APT 9B, PALO ALTO  CA 94306-3438, SANTA CLARA COUNTY (Aug 1995 - Jan 1996)
   **Name Associated with Address:**
     ANDREW B CONRU
        **Current Residents at Address:**
     MOLLY AARO SANDOMIRE
     KENNETH SCOTT LIGDA
     650-494-6095

3860 PARK BLVD APT 11B, PALO ALTO  CA 94306-4840, SANTA CLARA COUNTY (Aug 1995)
   **Name Associated with Address:**
     ANDREW B CONRU
        **Current Residents at Address:**
     ROBERTO A LINARESPOSADAS
     DALIA MARIA GRANILLO
     650-494-6095

ESCNDDO VLG, STANFORD  CA 94305, SANTA CLARA COUNTY (Aug 1993)
   **Name Associated with Address:**
     ANDREW BRYAN CONRU

Comprehensive Report                                                                                    2

Page 34 of 84

Comprehensive Report

PO BOX 335, PALO ALTO  CA 94302-0335, SANTA CLARA COUNTY (Feb 1993)
    **Name Associated with Address:**
        ANDREW BRYAN CONRU

116 ESCONDIDO VLG APT, STANFORD  CA 94305-7480, SANTA CLARA COUNTY (Sep 1992 - Dec 1992)
    **Name Associated with Address:**
        ANDREW BRYAN CONRU

704 CAMPUS DR APT, STANFORD  CA 94305-7561, SANTA CLARA COUNTY (Oct 1991)
    **Name Associated with Address:**
        ANDREW BRYAN CONRU

516 5TH ST SE APT 10, MINNEAPOLIS  MN 55414-1629, HENNEPIN COUNTY (Oct 1990 - Jan 1991)
    **Name Associated with Address:**
        ANDREW B CONRU

2650 COLFAX AVE S APT 301, MINNEAPOLIS  MN 55408-1258, HENNEPIN COUNTY (Jul 1990)
    **Name Associated with Address:**
        ANDREW BRYAN CONRU
        **Current Residents at Address:**
        JAKE MC GRAW
        MOLLY WILSON

5500 WABASH AVE APT, TERRE HAUTE  IN 47803-3920, VIGO COUNTY (May 1989)
    **Name Associated with Address:**
        ANDREW BRYAN CONRU

67 17TH, TERRE HAUTE  IN 47807, VIGO COUNTY (Mar 1988)
    **Name Associated with Address:**
        ANDREW B CONRU
        812-235-5417 - EDT WALDEN STEVE & MICHELLE

116 COMSTOCK CIR APT, STANFORD  CA 94305-7111, SANTA CLARA COUNTY (Sep 1987)
    **Name Associated with Address:**
        ANDREW B CONRU


**Bankruptcies:**
    [None Found]


**Liens and Judgments:**
    [None Found]


**Phones Plus:**
    **Phones Plus1**
    Name: CONRU, ANDREW
    Address: 116 EL NIDO RD, PORTOLA VALLEY  CA 94028-8109
    Phone Number:  650-619-3595 - PDT
    Phone Type: Mobile
    Carrier: NEW CINGULAR WIRLESS - (SAN MATEO, CA)

    **Phones Plus2**
    Name: CONRU, ANDREW
    Address: 2033 2ND AVE APT 1005, SEATTLE  WA 98121-2247
    Phone Number:  650-619-3595 - PDT
    Phone Type: Mobile
    Carrier: NEW CINGULAR WIRLESS - (SAN MATEO, CA)

    **Phones Plus3**
    Name: CONRU, ANDREW
    Address: 2125 1ST AVE APT 2904, SEATTLE  WA 98121-2121
    Phone Number:  650-619-3595 - PDT
    Phone Type: Mobile
    Carrier: NEW CINGULAR WIRLESS - (SAN MATEO, CA)

    **Phones Plus4**

Comprehensive Report                                                                                 3

Comprehensive Report

Name: CONRU, ANDREW
Address: 445 SHERMAN AVE STE T, PALO ALTO  CA 94306-1828
Phone Number:  650-619-3595 - PDT
Phone Type: Mobile
Carrier: NEW CINGULAR WIRLESS - (SAN MATEO, CA)

**Phones Plus5**
Name: CONRU, ANDREW
Address: 7935 NE 112TH ST, KIRKLAND  WA 98034-3408
Phone Number:  650-619-3595 - PDT
Phone Type: Mobile
Carrier: NEW CINGULAR WIRLESS - (SAN MATEO, CA)

**Possible Criminal Records:**
    Oregon Court:
        Name: ANDREW BRYAN CONRU
        SSN: 314-58-xxxx
        Address: 3860 PARK BLVD APT 913, PALO ALTO  CA 94306-3491
        State of Origin: Oregon
        DOB: 02/xx/1968
        Race: WHITE
        Sex: Male

        Case Number: 02D532914
        Case Type Description: OFFENSE VIOLATION

        **Offenses**:
            **Offense #1**
            Number Counts: 1

            Offense Date: 09/27/2002
            Arresting Agency: ORS
            Court Description: JACKSON CO CIRCUIT COURT
            Court Case Number: 02D532914
            Court Offense: VIOL OF BASIC RULE
            Court Disposition: JUDGMENT SENTENCE
            Court Disposition Date: 10/07/2002
            Court Level/Degree: VIOLATION CLASS B

        **Court Activity:**
        [NONE FOUND]

**Professional License(s):**
    Name: CONRU, ANDREW BRYAN
    License Address:  MICHIGAN CITY  IN
    License State: Indiana
    License Number:  ET00900435
    License Type: ENGINEER INTERN
    Profession/Board: ENGINEER
    License Status: ACTIVE

**Possible Associates:**
    PAUL S ASHER  DOB: 6/xx/1969
    082-46-xxxx issued in New York  between  1/1/1969  and  12/31/1970
        **Active Address(es):**

        ✔ 2620 NW 42ND ST, BOCA RATON  FL 33434-2519, PALM BEACH COUNTY ( 2008 - May 2014)
            561-826-7108 - EDT ASHER PAUL

        ✔ 43 DRAKE RD, SCARSDALE  NY 10583-6452, WESTCHESTER COUNTY (Mar 1988 - Jun 2011)
        **Current phones listed at this address:**
            914-472-2898 - EDT ASHER ROBERT S
            914-723-0799 - EDT ASHER ROBERT S
            917-684-0790

Comprehensive Report

7 E 14TH ST APT 21N, NEW YORK  NY 10003-3127, NEW YORK COUNTY (Dec 2009 - Jan 2010)

MARC H BELL  DOB: 8/xx/1967
111-60-xxxx issued in New York  between  1/1/1977  and  12/31/1979
    **Names Associated with Associate:**
    NARC BELL  DOB: 8/1967
    111-60-xxxx issued in New York  between  1/1/1977  and  12/31/1979
    **Active Address(es):**

    101 20TH ST APT, MIAMI BEACH  FL 33139-1903, MIAMI-DADE COUNTY (Jul 2010 - Nov 2012)
    6800 BROKEN SOUND PKWY NW STE 200, BOCA RATON  FL 33487-5709, PALM BEACH COUNTY (Jun 2006 - Feb 2011)
    **Previous And Non-Verified Address(es):**
    3678 PRINCETON PL, BOCA RATON  FL 33496-2710, PALM BEACH COUNTY (Sep 2001 - Oct 2012)

JOURDAN J CLISH  DOB: 3/xx/1963
553-45-xxxx issued in California  between  1/1/1977  and  12/31/1977
    **Names Associated with Associate:**
    J CLISH JOURDAN  DOB: 3/xx/1963
    553-45-xxxx issued in California  between  1/1/1977  and  12/31/1977
    JOURDAN J CUSH  DOB: 3/xx/1963
    553-45-xxxx issued in California  between  1/1/1977  and  12/31/1977
    CLISH JOURDAN  DOB: 3/xx/1963
    553-45-xxxx issued in California  between  1/1/1977  and  12/31/1977
    **Previous And Non-Verified Address(es):**
    843 BOAR CIR, FREMONT  CA 94539-6048, ALAMEDA COUNTY (Nov 2009 - Dec 2009)
    935 S 10TH ST, SAN JOSE  CA 95112-2436, SANTA CLARA COUNTY (Nov 2009 - Dec 2009)
    71 BELLEVUE AVE, SAN JOSE  CA 95110-3604, SANTA CLARA COUNTY (Sep 1993 - Jan 2007)

ANDREW G FAZEKAS  DOB: 3/xx/1962
330-62-xxxx issued in Illinois  between  1/1/1976  and  12/31/1976
    **Names Associated with Associate:**
    ANDY G FAZEKAS  DOB: 3/xx/1962
    330-62-xxxx issued in Illinois  between  1/1/1976  and  12/31/1976
    ANDREW G FAZEKAS  DOB: 3/xx/1962
    314-58-xxxx issued in Indiana  between  1/1/1968  and  12/31/1969
    ANDY G FAZEKAS  DOB: 3/xx/1962
    314-58-xxxx issued in Indiana  between  1/1/1968  and  12/31/1969
    ANDREW FAZEKAS  DOB: 3/xx/1962
    330-62-xxxx issued in Illinois  between  1/1/1976  and  12/31/1976
    ANDY FAZEKAS  DOB: 3/xx/1962
    330-62-xxxx issued in Illinois  between  1/1/1976  and  12/31/1976
    ANDEW C FAZEKAS  DOB: 3/xx/1962
    330-62-xxxx issued in Illinois  between  1/1/1976  and  12/31/1976
    ANDREW G FAZEKAS  DOB: 9/1962
    330-62-xxxx issued in Illinois  between  1/1/1976  and  12/31/1976
    **Previous And Non-Verified Address(es):**
    259 PAUL REVERE DR, CHESTERTON  IN 46304-9371, PORTER COUNTY (Dec 2005 - Aug 2009)
    589 CHEYENNE CT, WESTVILLE  IN 46391-9401, LAPORTE COUNTY (Apr 1999 - Oct 2006)

    463 E FURNESS RD, MICHIGAN CITY  IN 46360-9535, PORTER COUNTY (Jan 1999 - Jan 2003)

DANIEL C STATON  DOB: 1/xx/1953
497-60-xxxx issued in Missouri  between  1/1/1968  and  12/31/1970
    **Names Associated with Associate:**
    DANIEL STATON  DOB: 1/xx/1953
    497-60-xxxx issued in Missouri  between  1/1/1968  and  12/31/1970
    DANIEL C TATON  DOB: 1/xx/1953
    497-60-xxxx issued in Missouri  between  1/1/1968  and  12/31/1970
    DANIEL C STATON  DOB: 1/xx/1953
    497-60-xxxx issued in Missouri  between  1/1/1968  and  12/31/1970
      SSN belongs to a person reported as deceased.
    DANIEL C STATON DANIEL  DOB: 1/xx/1953
    497-60-xxxx issued in Missouri  between  1/1/1968  and  12/31/1970
    D STATON  DOB: 1/xx/1953
    497-60-xxxx issued in Missouri  between  1/1/1968  and  12/31/1970
    **Active Address(es):**

    16193 BRIDLEWOOD CIR, DELRAY BEACH  FL 33445-6673, PALM BEACH COUNTY ( 2002 - Mar 2014)
    **Current phones listed at this address:**
        561-381-0950 - EDT STATON DANIEL

Comprehensive Report

561-381-0570

**Previous And Non-Verified Address(es):**
312 WALNUT ST STE 1100, CINCINNATI  OH 45202-4088, HAMILTON COUNTY (Dec 1998 - Jul 2003)
312 WALNUT ST STE 1151, CINCINNATI  OH 45202-4026, HAMILTON COUNTY (Jun 1997 - Jul 2003)

ANTHONY L PREVITE  DOB: 3/xx/1965
121-64-xxxx issued in New York  between  1/1/1981  and  12/31/1983
   **Previous And Non-Verified Address(es):**
4322 E BECK LN, PHOENIX  AZ 85032-4129, MARICOPA COUNTY (Dec 2013)
2932 RICHLAND AVE, SAN JOSE  CA 95125-4247, SANTA CLARA COUNTY (Sep 2008 - Jul 2013)
812 S WINCHESTER BLVD STE 130, SAN JOSE  CA 95128-2925, SANTA CLARA COUNTY (Sep 2008 -  2012)

FINDER I FRIEND
   **Previous And Non-Verified Address(es):**

 445 SHERMAN AVE STE T, PALO ALTO  CA 94306-1828, SANTA CLARA COUNTY (Aug 2005 - Oct 2011)
 445 SHERMAN AVE STE U, PALO ALTO  CA 94306-1828, SANTA CLARA COUNTY (Jul 2008 - Sep 2008)



- Print Report

**Important:**  The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state's Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
     3 Found
   Bankruptcies:
     None Found
   Liens and Judgments:
     None Found
   Phones Plus:
     None Found
   Address(es) Found:
     0 Verified and 15 Non-Verified Found
   Possible Criminal Records:
     None Found
   Professional Licenses:
     None Found
   Possible Associates:
     5 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  PAUL T NAKADA   DOB:9/xx/1967
**SSN:** 177-54-xxxx issued in Pennsylvania  between  *1/1/1975*  and  *12/31/1976*

**Age:** 47

**Names Associated With Subject:**

   PAUL T NAKADA  DOB: 1968
   177-54-xxxx issued in Pennsylvania  between  1/1/1975  and  12/31/1976
   PAUL NAKADA  DOB: 9/xx/1967
   177-54-xxxx issued in Pennsylvania  between  1/1/1975  and  12/31/1976
   PAUL HOANG  DOB: 9/xx/1967
   177-54-xxxx issued in Pennsylvania  between  1/1/1975  and  12/31/1976

Comprehensive Report

1

Comprehensive Report

**Active Address(es):**

    [None Found]


**Previous And Non-Verified Address(es):**
  8900 CHALK HILL RD, WINDSOR CA 95448-9544, SONOMA COUNTY (Nov 2002 - Oct 2014)
    **Name Associated with Address:**
      PAUL NAKADA
        **Current Residents at Address:**
      PAUL T NAKADA
      707-837-0185
  200 EUREKA ST, SAN FRANCISCO  CA 94114-2437, SAN FRANCISCO COUNTY (Aug 1996 - Oct 2013)
    **Name Associated with Address:**
      PAUL T NAKADA
        **Current Residents at Address:**
      LUIS ONESIMIO ABARCA JR
      PAUL T NAKADA
      CHRISTINE LINHCHAU HOANG
  **Current phones listed at this address:**
      415-864-6121 - PDT HOANG CHRISTINE
      415-661-3080
  8900 CHALK HILL RD, HEALDSBURG  CA 95448-9544, SONOMA COUNTY (Nov 2002 - Jun 2014)
    **Name Associated with Address:**
      PAUL NAKADA
        **Current Residents at Address:**
      PAUL T NAKADA
      415-661-1770
  108 CHAVES AVE, SAN FRANCISCO  CA 94127-1711, SAN FRANCISCO COUNTY (Aug 1996 - Jul 2008)
    **Name Associated with Address:**
      PAUL NAKADA
        **Current Residents at Address:**
      LESLIE ANNE LERUDE
      DANIEL D SOINE
      415-661-8089
  108 CHALK HILL AVE, SAN FRANCISCO  CA 94127, SAN FRANCISCO COUNTY (Aug 2003)
    **Name Associated with Address:**
      PAUL NAKADA
  101 RIVOLI ST APT 1, SAN FRANCISCO  CA 94117-4360, SAN FRANCISCO COUNTY (Jun 1995 - Nov 1998)
    **Name Associated with Address:**
      PAUL T NAKADA
        **Current Residents at Address:**
      KYLE CHRISTOP COONEY
      JENNIFER CHRISTINE PRINDIVILLE
      415-661-8089
  2855 VAN NESS AVE APT 4, SAN FRANCISCO  CA 94109-1431, SAN FRANCISCO COUNTY (Dec 1992 - Sep 1996)
    **Name Associated with Address:**
      PAUL T NAKADA
      415-661-8089
  9 ALMY DR, MALVERN  PA 19355-1241, CHESTER COUNTY (Jun 1985 - Jul 1996)
    **Name Associated with Address:**
      PAUL T NAKADA
        **Current Residents at Address:**
      MARIAN T NAKADA
      ANNA K NAKADA
      SIVA REYNA
  **Current phones listed at this address:**
      610-647-7568 - EDT NAKADA MARIAN
      661-3080
  67 CONSTITUTION WAY, MORRISTOWN  NJ 07960-5762, MORRIS COUNTY (Jan 1987 - Dec 1992)
    **Name Associated with Address:**
      PAUL T NAKADA
        **Current Residents at Address:**
      YOSHINAO A NAKADA
      ANNA K NAKADA
      973-984-1999 - EDT NAKADA YOSHINAO
  4, SAN FRANCISCO  CA 94109, SAN FRANCISCO COUNTY (Mar 1992)
    **Name Associated with Address:**
      PAUL T NAKADA
  6925 SKYLINE BLVD, HILLSBOROUGH  CA 94010-6570, SAN MATEO COUNTY (Nov 1990)

**– A126 –**

Comprehensive Report

**Name Associated with Address:**
PAUL T NAKADA
**Current Residents at Address:**
TERESA L WARD
NARENDRA NATH
20 DAVIS DR, BELMONT  CA 94002-3002, SAN MATEO COUNTY (Jan 1990)
**Name Associated with Address:**
PAUL T NAKADA
**Current Residents at Address:**
TIMOTHY CHARLES MATRAY
650-592-5100 - PDT APLIA INC
2096 LOUIS RD, PALO ALTO  CA 94303-3451, SANTA CLARA COUNTY (Sep 1989)
**Name Associated with Address:**
PAUL T NAKADA
**Current Residents at Address:**
ROBIN L LOVE
BHUSHAN JAIN
MADHU JAIN
RUSSELL SCOTT LOVE
202 FOSTER CITY HOLIDAY, FOSTER CITY  CA 94404, SAN MATEO COUNTY (Aug 1989)
**Name Associated with Address:**
PAUL T NAKADA
642 IROQUOIS ST, EMMAUS  PA 18049-1620, LEHIGH COUNTY (Jun 1985 - Apr 1986)
**Name Associated with Address:**
PAUL T NAKADA
**Current Residents at Address:**
DEBRA J BEAKY
THOMAS S BEAKY SR
610-967-1989 - EDT BEAKY THOMAS


**Bankruptcies:**
[None Found]

**Liens and Judgments:**
[None Found]

**Phones Plus:**
[None Found]

**Possible Criminal Records:**
[None Found]

**Professional License(s):**
[None Found]

**Possible Associates:**
P CAMDEN CLARKE  DOB: 3/xx/1966 DOD:11/19/2000  (CA)  Age at Death: 34 (Born 48 years ago)
533-82-xxxx issued in Washington  between  1/1/1978  and  12/31/1979
**Names Associated with Associate:**
CAM CAMDEN CLARKE  DOB: 3/xx/1966 DOD:11/19/2000  (CA)  Age at Death: 34 (Born 48 years ago)
533-82-xxxx issued in Washington  between  1/1/1978  and  12/31/1979
CAMDEN P CLARKE  DOB: 3/xx/1966 DOD:11/19/2000  (CA)  Age at Death: 34 (Born 48 years ago)
533-82-xxxx issued in Washington  between  1/1/1978  and  12/31/1979
CAMDEN CAMDEN CLARKE  DOB: 3/xx/1966 DOD:11/19/2000  (CA)  Age at Death: 34 (Born 48 years ago)
533-82-xxxx issued in Washington  between  1/1/1978  and  12/31/1979
CAM CLARK  DOB: 3/xx/1966 DOD:11/19/2000  (CA)  Age at Death: 34 (Born 48 years ago)
533-82-xxxx issued in Washington  between  1/1/1978  and  12/31/1979
CAMDEN D CLARKE  DOB: 1966 DOD:11/19/2000  (CA)  Age at Death: 34 (Born 48 years ago)
533-82-xxxx issued in Washington  between  1/1/1978  and  12/31/1979
**Previous And Non-Verified Address(es):**
130 BYRON ST, PALO ALTO  CA 94301-1305, SANTA CLARA COUNTY (Dec 1997 - Dec 2011)
1489 WEBSTER ST APT 405, SAN FRANCISCO  CA 94115-3768, SAN FRANCISCO COUNTY (Nov 1985 - Jan 2003)
29 FRONT ST APT 2, MARBLEHEAD  MA 01945-3261, ESSEX COUNTY (Nov 1985 - Jan 2003)

Comprehensive Report                                                                                                3

– A127 –

Comprehensive Report

JOCELYN V NGUYEN  DOB: 11/xx/1971
553-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
   **Names Associated with Associate:**
   J PHILLIPS  DOB: 11/xx/1971
   553-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
   JOCELYN PHILLIPS  DOB: 11/xx/1971
   553-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
   **Previous And Non-Verified Address(es):**
   37 W LYNWOOD ST, PHOENIX  AZ 85003-1204, MARICOPA COUNTY ( 2004 - Aug 2013)
   2253 N 16TH AVE, PHOENIX  AZ 85007-1408, MARICOPA COUNTY (Mar 2001 - Jun 2004)
   1935 W MORTEN AVE UNIT 27, PHOENIX  AZ 85021-6992, MARICOPA COUNTY (Jun 2000 -  2003)

DARYL G PORTER  DOB: 8/xx/1962
245-29-xxxx issued in North Carolina  between  1/1/1979  and  12/31/1980
   **Names Associated with Associate:**
   G PORTER DARYL  DOB: 8/xx/1962
   245-29-xxxx issued in North Carolina  between  1/1/1979  and  12/31/1980
   DARYL GEOFFREY PORTER  DOB: 8/xx/1962
   245-29-xxxx issued in North Carolina  between  1/1/1979  and  12/31/1980
   DARYL G PORTER  DOB: 8/xx/1962
   245-39-xxxx issued in North Carolina  between  1/1/1983  and  12/31/1984
   D PORTER  DOB: 8/xx/1962
   245-29-xxxx issued in North Carolina  between  1/1/1979  and  12/31/1980
   DARYL GEOFFREY PORTER  DOB: 1961
   245-29-xxxx issued in North Carolina  between  1/1/1979  and  12/31/1980
   DARYL GEOFFREY PORTER  DOB: 1963
   245-29-xxxx issued in North Carolina  between  1/1/1979  and  12/31/1980
   **Previous And Non-Verified Address(es):**
   105 OVERLOOK PT, CHAPEL HILL  NC 27514-1464, ORANGE COUNTY (Aug 2003 - Jun 2014)
   2106 WILSHIRE DR, DURHAM  NC 27707-2244, DURHAM COUNTY ( 1983 - Feb 2006)

   20 DAVIS DR, BELMONT  CA 94002-3002, SAN MATEO COUNTY (Jan 1990 - Jan 2003)

NICOLE REYNA        DOB: 4/xx/1992
   **Previous And Non-Verified Address(es):**

   9 ALMY DR, MALVERN  PA 19355-1241, CHESTER COUNTY

SIVA REYNA
   **Names Associated with Associate:**
   SIVA RREYNA
   **Previous And Non-Verified Address(es):**

   9 ALMY DR, MALVERN  PA 19355-1241, CHESTER COUNTY (Feb 2012)





Search for people, jobs, companies, and more... Advanced

Home Profile Connections Jobs Interests Business Services Try Premium for free

112 New NY Clients - 112 new legal clients seeking a New York attorney. View their cases today. | **Read More »**

# Tom Shields

Founder and Chief Strategy Officer at Yieldex

San Francisco Bay Area | Computer Software

Send Tom InMail

**500+** connections

www.linkedin.com/in/tomshields

Contact Info

Background

## Summary

Programmer, entrepreneur, and investor, I've been immersed in virtually every aspect of the software business. In the end, I'm back doing the entrepreneur thing, and loving it.

## Experience

**Founder and Chief Strategy Officer**
Yieldex
January 2011 – Present (3 years 9 months)

## Skills

Top Skills

| | |
|---|---|
| 95 | Start-ups |
| 60 | Entrepreneurship |
| 33 | Venture Capital |
| 33 | Online Advertising |
| 28 | Strategy |
| 25 | Strategic Partnerships |
| 16 | Product Management |
| 15 | Mergers & Acquisitions |
| 13 | Product Development |

**People Similar to Tom**

**Mark Lockareff**
CEO Coach/Mentor/Advisor. Connector. Inv…
**Connect**

**Ads You May Be Interested In**

**Are You an Attorney?**
We need more attorneys in your area. Apply now for membership.

**Law Firm Updates**
News each week from law firms, federal and state courts, and lobbying firms

**PA-C Expert Witness**
18 years. experience in review of PA practice and standard of care.

**People Also Viewed**

**andy nibley**
CEO at Yieldex

**John Barr**
COO at Yieldex

**Andrew Rutledge**
Chief Revenue Officer at Yieldex

**Doug Cosman**
Founder / Data Analyst at Yieldex

13 Leadership

Search for people, jobs, companies, and more... Advanced

Home Profile Connections Jobs Interests Business Services Try Premium for free

Tom also knows about...

| | | | |
|---|---|---|---|
| 9 Online Marketing | 8 Analytics | 7 Software | 5 Strategic Planning |
| 4 Digital Media | 4 Management | 3 Ad Networks | 3 Go-to-market Strategy |
| 2 Digital Marketing | 2 Advertising | 2 E-commerce | 2 SaaS |
| 2 Mobile Devices | 2 Business Development | 2 Digital Strategy | See 20+ |

**Craig Miller**
CTO, Yieldex

**Peter Ilberg**
Director, Business Development/ Sales at Yieldex

**Anita Khosla**
VP, Product Management at Yieldex

**Avanish Sahai**
Cloud and SaaS Business Builder, LinkedIn Member # 33,106!

**Rich LeFurgy**
Online Advertising Advisor

**Tien Tzuo**
Founder and CEO of @Zuora. Powering the Subscription Economy

Following

## Influencers

**Reid Hoffman**
Entrepreneur. ...
Follow

**Eric Ries**
Author of The Lean...
Follow

**Bruce Kasanoff**
Ghostwriter,...
Follow

**Tim O'Reilly**
Board Member at...
Follow

**Henry Blodget**
CEO and Editor,...
Follow

**Brad Feld**
Managing Director...
Follow

**George Anders**
Contributing Writer...
Follow

See 10 more

## Companies

**Yieldex**
Marketing and Advertising
Follow

**AppNexus**
Internet
Follow

**Google**
Internet
Follow

**Shiny Ads**
Internet
Follow

**PubMatic**
Internet
Follow

## Schools

**Harvard University**
Greater Boston Area
Follow

**People Similar to Tom**

**Mark Lockareff**
CEO Coach/Mentor/Advisor. Connector. Inv...
**Connect**

**Ads By LinkedIn Members**

Remote hands Support
Hardware installation,Configuration of Juniper, Cisco, ADVA,Systems.

Learn More »

The Top Trial Lawyers
Million Dollar Advocates Forum. Are you qualified for membership?

Learn More »

LinkedIn Corporation © 2014 | User Agreement | Privacy Policy | Community Guidelines | Cookie Policy | Copyright Policy | Send Feedback



Forensic Accountant - Andrew Mintzer, CPA - Nationally recognized accounting/auditing expert | **Read More »**

Home      Profile      Connections      Jobs      Interests                    Business Services      Try Premium for free



## John Danner

Co-founder and CEO at Zeal

San Francisco Bay Area | Computer Software

| | |
|---|---|
| Current | Zeal |
| Previous | Rocketship Education, Metro Nashville Public Schools, NetGravity |
| Education | Vanderbilt University |



**500+**
connections

---

www.linkedin.com/pub/john-danner/0/231/64b                                    Contact Info

**Background**

 **Summary**

I believe learning is the greatest lever society has for improving itself. I am using technology to make sure every child can learn and realize their potential.

---

 **Experience**

**Co-Founder and CEO**
Zeal
February 2013 – Present (1 year 8 months) | Palo alto

Helping students learn on phones.

**Co-Founder and CEO**
Rocketship Education
June 2005 – January 2013 (7 years 8 months)

Rocketship Education is the leading blended school system in the United States, combining online and classroom instruction. When i left in 2013, Rocketship was serving 3500 students in 7 schools and were the highest performing low-income school system in California. Because of its unique model, Rocketship is the first scalable charter school system, growing at 50% annually for the past five years. They pay and support their teachers significantly more than traditional non-blended schools. Their mission is to eliminate the achievement gap in our lifetimes.

▸ 4 honors and awards

**Public school teacher**
Metro Nashville Public Schools
August 2002 – June 2005 (2 years 11 months) | Nashville, TN

I taught for three years in traditional public schools. my first position was as a fifth grade teacher serving a 98% poverty predominantly african-american student body and the last two years as a second grade teacher in a high poverty school serving mostly immigrant students from many countries. If you haven't taught, you should.

**People Similar to John**



**Chris Wanstrath**
CEO at GitHub

**Connect**

**Ads You May Be Interested In**

 **Are You an Attorney?**
We need more attorneys in your area. Apply now for membership.

 **Law Firm Updates**
News each week from law firms, federal and state courts, and lobbying firms

 **PA-C Expert Witness**
18 years. experience in review of PA practice and standard of care.

**People Also Viewed**

 **Sanjay Noronha**
Co-founder at Zeal

 **Preston Smith**
CEO & President at Rocketship Education

 **Jeff Smith**
Co-founder and CEO, Smule

**Jennifer Carolan**
Managing Director, NewSchools
Venture Fund [Seed Fund]

**– A131 –**



**Co-founder and CEO**
NetGravity
August 1995 – August 1999 (4 years 1 month)

NetGravity built software to manage Internet advertising for the world's largest media companies and web sites. We took the company public in June of 1998 and sold it to DoubleClick in October of 1999. My role was to try to keep the roller coaster on the tracks during this amazing ride.

▾ 1 recommendation

Jeffrey Cahn
Director of Development at Young Judaea Global, Inc.

View

**Software Engineer**
Silicon Graphics
February 1994 – January 1995 (1 year)

Built the "Navigator" system (the way people accessed the system) for the Time Warner Full Service Network.

**Software Engineer**
Oracle Corporation
June 1990 – January 1994 (3 years 8 months)

Wrote Oracle Book, one of the first commercial HTML browsers.

**Software Engineer**
Tandem Computers
June 1988 – June 1990 (2 years 1 month)

Built the front-end for the design environment at Tandem, the CAD tools used by the hardware team at Tandem to develop new computers.

 Skills

Top Skills

| 99+ | Entrepreneurship |
| 77 | Leadership |
| 68 | Strategic Planning |
| 56 | Start-ups |
| 52 | E-Learning |
| 34 | Teaching |
| 31 | Blended Learning |
| 29 | Management |
| 28 | Educational Technology |
| 20 | Educational Leadership |

John also knows about...

| 19 | Venture Capital | 13 | Leadership Development | 13 | Public Speaking | 11 | Strategy |
| 7 | Curriculum Design | 7 | Team Building | 6 | Classroom | 6 | Instructional Design |
| 6 | Organizational... | 5 | Advertising | 5 | Online Advertising |
| 5 | Strategic Partnerships | 4 | HTML | 4 | Recruiting | 4 | Team Management |

See 15+

Carolyn Lynch
VP, Strategy & Scalability at Rocketship Education

Brian Goler
Entrepreneur

Arielle Rittvo
Vice President of Strategy and Operations at Rocketship Education

Justin Su
Founder at Goalbook

Jill Wear
Leadership Coaching

Aylon Samouha
Independent Education Consultant

**People Similar to John**

Chris Wanstrath
CEO at GitHub
Connect

**Ads You May Be Interested In**

The Top Trial Lawyers
Million Dollar Advocates Forum. Are you qualified for membership?

Lawyer Answering Service
Virtual Receptionist Handles Law Firm Calls with Personalized Service 24/7!

PA-C Expert Witness
18 years. experience in review of PA practice and standard of care.

Next search result
**John Danner** Native American relations

https://www.linkedin.com/profile/view?id=562523&authType=NAME_SEARCH&authTo...   9/15/2014



## Honors & Awards

**McNulty Prize**
Aspen Institute
November 2010

The McNulty Prize is given by the Aspen Institute to one social entrepreneur each year. They recognized my work to create a new kind of school system at Rocketship in 2010.

**Ashoka Fellow**
Ashoka
November 2007

Ashoka recognizes social entrepreneurs for their work in creating structural change in society.

**Crown Fellow**
Aspen Institute
August 1999

Aspen selects young leaders to participate in a multi-year leadership training program with a small cohort of people from business, NGOs, and government.

**Time's 12 Education Activists for 2012**
Time Magazine
January 2012

Time identifies leaders making the most change in the field of Education. They clearly made a mistake and chose me as one of the 12 for 2012.

## Education

**Vanderbilt University**
M. Ed., Education Policy
August 2001 – May 2002

Studied the current limitations on scaling charter schools and the lack of impact that existing charter schools have had on the school districts in which they operate.

**Stanford University**
M.S., Electrical Engineering
January 1991 – December 1992

**Stanford University**
B.S., Electrical Engineering
August 1985 – May 1988

**Bellarmine College Preparatory**
HS, HS
1980 – 1984

## Additional Info

**Interests**

Kids, marathons, triathlons, poker, bridge

Recommendations                                    Given (17)

Next search result
**John Danner** Native American relations

https://www.linkedin.com/profile/view?id=562523&authType=NAME_SEARCH&authTo...   9/15/2014

 **Manuel Bronstein**
Investor

 Search for people, jobs, companies, and more...     Advanced

  Business Services    Try Premium for free

Hom... " Manuel is one of my angels at Zeal. He is extremely high values add, has really helped
me think lean, understand consumer product development and get metrics
driven/accountable. He listens well and thinks about the problems we face.

February 27, 2014, John was with another company when working with Manuel at Investor & Advisor
Consumer Companies

 **Nicholas Teo**
Software Developer Internship

" Nick was an intern with us during the last half of 2013. He was responsible for web
frontend work in our student and teacher applications. Nick was fantastic, he routinely
finished significant weekly sprint queues, worked well with the team, and used good common
sense when solving problems. He adapted well to change in a startup in its first year. I would
hire him again in...**more**

January 13, 2014, John managed Nicholas at Zeal

 **Jill Wear**
VP Talent Management

" Jill is an incredible leadership coach. She really understands people and their needs.
She also really understands companies and the difficult decisions they have to make. Her
strength is in bridging these two sides in an honest and empathetic way. She helped me both
at NetGravity and Rocketship to be a more effective leader.

April 23, 2013, John managed Jill at Rocketship Education

 **Justin Su**
Director of Technology

" Justin is a hard worker who led Rocketship's efforts to determine the next generation
technology platforms for us in both online learning and business automation. He is an expert
in the current market and what needs to be done to move it forward.

October 8, 2010, John managed Justin at Rocketship Education

 **Tara Robertson**
Owner & opporator Yoga Mind Warrio Body Studio

" I first met Tara when she was teaching classes at Equinox in Palo Alto. She's been
coming since 2009 to teach classes in our home to my family twice a week. She's amazingly
patient and knowledgeable. I highly recommend her.

January 29, 2010, John was Tara's client

⌄ See More

Groups



            

Aspen Global Leaders    Bellarmine College Pre    California Charter Sch    Henry Crown Fellowshi
hip Network             paratory Alumni           ools Professional Netw   p at the Aspen Institute
                                                  orking
Join                    Join                      Join                      Join

National Charter Schoo    NetGravity Alumni       On Startups - The Com    Stanford University Alu
ls Professional Networ                            munity For Entreprene    mni
king                                              urs
Join                      Join                     Join                     Join

Next search result
**John Danner** Native American
relations

Following

Search for people, jobs, companies, and more... Advanced

Home Profile Connections Jobs Interests Business Services Try Premium for free

**Rocketship Education**
Education Management
Follow

## Schools

**Vanderbilt University**
Greater Nashville Area
Follow

**Bellarmine College Preparatory**
United States
Follow

**Stanford University**
San Francisco Bay Area
Follow

Help Center | About | Press | Blog | Careers | Advertising | Talent Solutions | Small Business | Mobile | Developers | Language | **Upgrade Your Account**

LinkedIn Corporation © 2014 | User Agreement | Privacy Policy | Community Guidelines | Cookie Policy | Copyright Policy | Send Feedback

Next search result
**John Danner** Native American relations

Comprehensive Report



- <u>Print Report</u>

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
Names Associated With Subject:
3 Found
Bankruptcies:
None Found
Liens and Judgments:
None Found
Phones Plus:
2 Found
Address(es) Found:
1 Verified and 15 Non-Verified Found
Possible Criminal Records:
1 Found
Professional Licenses:
None Found
Possible Associates:
None Found

**Subject Information:  (Best Information for Subject)**
**Name:**  SANDI L MATHERS   DOB:9/xx/1963
**SSN:** 557-59-xxxx issued in California  between  *1/1/1980*  and  *12/31/1980*

**Age:** 51

**Names Associated With Subject:**    

SANDI MATHERS  DOB: 9/xx/1963
557-59-xxxx issued in California  between  1/1/1980  and  12/31/1980
SANDI ATHERS  DOB: 9/xx/1963
557-59-xxxx issued in California  between  1/1/1980  and  12/31/1980
SANDILEE MATHERS  DOB: 9/xx/1963
557-59-xxxx issued in California  between  1/1/1980  and  12/31/1980

Comprehensive Report                                                                                              1

Comprehensive Report

**Active Address(es):**

✓ 323 1/2 CRYSTAL AVE, NEWPORT BEACH  CA 92662-1333, ORANGE COUNTY (Apr 2012 - Oct 2014)
**Name Associated with Address:**
SANDI MATHERS
**Current Residents at Address:**
SANDI L MATHERS
JUNE RETHERFORD TRAVIS
949-574-1984 - PDT MATHERS SANDI


**Previous And Non-Verified Address(es):**

2536 SANTA ANA AVE APT 2, COSTA MESA  CA 92627-1465, ORANGE COUNTY (Aug 2005 - Feb 2014)
**Name Associated with Address:**
SANDI L MATHERS
949-574-1984

519 ORCHID AVE, CORONA DEL MAR  CA 92625-2424, ORANGE COUNTY (Dec 2004 - Apr 2005)
**Name Associated with Address:**
SANDILEE MATHERS
**Current Residents at Address:**
SARAH SOLMAZ AFRASIABI
VYACHESLAV P KHABOVETS
MICHELLE GIRON
INNA KHABOVETS

521 JASMINE AVE APT, CORONA DEL MAR  CA 92625-2309, ORANGE COUNTY (Apr 1996 - Jun 2001)
**Name Associated with Address:**
SANDI ATHERS
**Current Residents at Address:**
SEAN DAVID DANIELS
PATRICK JAMES DANIELS
JENNIFER SEPULVEDA DANIELS
673-6634

521 1/2 JASMINE AVE, CORONA DEL MAR  CA 92625-2349, ORANGE COUNTY (Nov 1998 - Jan 1999)
**Name Associated with Address:**
SANDI L MATHERS
**Current Residents at Address:**
MICHAELE L MARTINO
CAITLIN HOLLIDAY

312 CARNATION AVE APT E, CORONA DEL MAR  CA 92625-2808, ORANGE COUNTY (Jan 1998)
**Name Associated with Address:**
SANDI L MATHERS
673-6634

521 1ST AVE APT 2, CORONA DEL MAR  CA 92625, ORANGE COUNTY (Mar 1996)
**Name Associated with Address:**
SANDI L MATHERS

713 POINSETTIA AVE, CORONA DEL MAR  CA 92625-2533, ORANGE COUNTY (Oct 1993 - Jan 1996)
**Name Associated with Address:**
SANDI L MATHERS
**Current Residents at Address:**
FRANK J EFFLER JR
JANA MARIE EISENBERGER
ALI KHAMSI
MAUREEN E KHAMSI
673-6634

7131 2 POINSETTI AVE, CORONA DEL MAR  CA 92625, ORANGE COUNTY (Dec 1993)
**Name Associated with Address:**
SANDI L MATHERS

4771 JEWELL ST APT, SAN DIEGO  CA 92109-8718, SAN DIEGO COUNTY (Aug 1984 - Dec 1992)
**Name Associated with Address:**
SANDI L MATHERS

Comprehensive Report

1775 DIAMOND ST UNIT 332, SAN DIEGO  CA 92109-3318, SAN DIEGO COUNTY (Feb 1989 - Dec 1991)
   **Name Associated with Address:**
      SANDI L MATHERS

1522 N FORMOSA AVE APT, LOS ANGELES  CA 90046-7919, LOS ANGELES COUNTY (Jan 1988)
   **Name Associated with Address:**
      SANDI L MATHERS

11339 VENICE 2 BLVD, LOS ANGELES  CA 90066, LOS ANGELES COUNTY (Feb 1987)
   **Name Associated with Address:**
      SANDI L MATHERS

6555 LA MIRADA 6 AVE, LOS ANGELES  CA 90038, LOS ANGELES COUNTY (Feb 1987)
   **Name Associated with Address:**
      SANDI L MATHERS

713 1ST AVE APT 2, CORONA DEL MAR  CA 92625, ORANGE COUNTY (Aug 1984)
   **Name Associated with Address:**
      SANDI L MATHERS

152 COZUMEL, LAGUNA BEACH  CA 92651-4444, ORANGE COUNTY (Aug 1984)
   **Name Associated with Address:**
      SANDI L MATHERS


**Bankruptcies:**
   [None Found]


**Liens and Judgments:**
   [None Found]


**Phones Plus:**
   **Phones Plus1**
      Name: MATHERS, SANDI
      Address: 2536 SANTA ANA AVE, COSTA MESA  CA 92627-1465
      Phone Number:  949-290-6634 - PDT
      Phone Type: Mobile
      Carrier: NEW CINGULAR WIRLESS - (LAGUNA BEACH, CA)

   **Phones Plus2**
      Name: MATHERS, SANDI
      Address: 323 1/2 CRYSTAL AVE, NEWPORT BEACH  CA 92662-1333
      Phone Number:  949-290-6634 - PDT
      Phone Type: Mobile
      Carrier: NEW CINGULAR WIRLESS - (LAGUNA BEACH, CA)


**Possible Criminal Records:**
   **California Court:**
      Name: SANDI LEE MATHERS
      SSN: 557-59-xxxx
      State of Origin: California
      County of Origin: ORANGE
      DOB: 09/xx/1963

      Case Number: CMZ048894

      **Offenses**:
         **Offense #1**
            Offense Date: 08/24/2007
            Court Case Number: CMZ048894
            Court Offense: NOT SPECIFIED
            Court Disposition Date: 12/30/2007


      **Court Activity:**


Comprehensive Report                                                                                                    3

**– A138 –**

Comprehensive Report

[NONE FOUND]

**Professional License(s):** 
   [None Found]

**Possible Associates:** 
   [None Found]

Comprehensive Report



- Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state's Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** No Permissible Purpose
**Your GLBA Permissible Use:** No Permissible Purpose
**Your DMF Permissible Use:** No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
    Names Associated With Subject:
      2 Found
    Bankruptcies:
      None Found
    Liens and Judgments:
      None Found
    Phones Plus:
      2 Found
    Address(es) Found:
      1 Verified and 12 Non-Verified Found
    Possible Criminal Records:
      None Found
    Professional Licenses:
      None Found
    Possible Associates:
      1 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  RUSS E SELIGMAN    DOB:2/xx/1967
**SSN:** 102-64-xxxx issued in New York  between  *1/1/1981*  and  *12/31/1983*

**Age:** 47

**Names Associated With Subject:**

    RUSS SELIGMAN  DOB: 2/xx/1967
    102-64-xxxx issued in New York  between  1/1/1981  and  12/31/1983
    RUSS SELIGIMAN  DOB: 2/xx/1967
    102-64-xxxx issued in New York  between  1/1/1981  and  12/31/1983

**Active Address(es):**

Comprehensive Report

✔ 4207 HIGHVIEW DR, SAN MATEO  CA 94403-5041, SAN MATEO COUNTY ( 2000 - Oct 2014)
     **Name Associated with Address:**
        RUSS SELIGMAN
           **Current Residents at Address:**
           PAMELA G RUBIN
           RUSS E SELIGMAN
           650-212-7877 - PDT SELIGMAN RUSS


**Previous And Non-Verified Address(es):** 

   200 IRENE CT APT 24, BELMONT  CA 94002-2076, SAN MATEO COUNTY (Oct 1992 - Jan 1994)
        **Name Associated with Address:**
           RUSS E SELIGMAN
           650-212-7877

   6925 SKYLINE BLVD, HILLSBOROUGH  CA 94010-6570, SAN MATEO COUNTY (Aug 1990 - Dec 1993)
        **Name Associated with Address:**
           RUSS E SELIGMAN
              **Current Residents at Address:**
              TERESA L WARD
              NARENDRA NATH
              212-7877

   1000 MOREWOOD AVE, PITTSBURGH  PA 15213-3814, ALLEGHENY COUNTY (Sep 1989 - Dec 1992)
        **Name Associated with Address:**
           RUSS E SELIGMAN

   6925 SKYLINE BLVD, SAN MATEO  CA  (Jul 1992)
        **Name Associated with Address:**
           RUSS SELIGMAN

   1923 AMALFI WAY, MOUNTAIN VIEW  CA 94040-4061, SANTA CLARA COUNTY (Aug 1990 - Aug 1991)
        **Name Associated with Address:**
           RUSS E SELIGMAN
              **Current Residents at Address:**
              JUN HAO LU
              CHENG YI TANG
              ELEANA CHENG TANG
              TANG CHENG LU
        **Current phones listed at this address:**
           650-964-8373 - PDT LU CHENG-YI TANG
           650-212-7877

   PO BOX 3203, PITTSBURGH  PA 15230-3203, ALLEGHENY COUNTY (Nov 1989 - Dec 1990)
        **Name Associated with Address:**
           RUSS SELIGMAN

   110 W 40TH ST APT, NEW YORK  NY 10018-3616, NEW YORK COUNTY (Mar 1989)
        **Name Associated with Address:**
           RUSS E SELIGMAN

   5115 MARGARET MORRISON ST, PITTSBURGH  PA 15213-3811, ALLEGHENY COUNTY (Oct 1987 - Jan 1988)
        **Name Associated with Address:**
           RUSS E SELIGMAN

   PO BOX 894, PITTSBURGH  PA 15230-0894, ALLEGHENY COUNTY (Oct 1987)
        **Name Associated with Address:**
           RUSS SELIGMAN
              **Current Residents at Address:**
              RONALD E CHRISTMAN JR

   PO BOX 1065, NEW YORK  NY 10021-0036, NEW YORK COUNTY (Dec 1986)
        **Name Associated with Address:**
           RUSS E SELIGMAN

   236 KEARSING PKWY, MONSEY  NY 10952-2206, ROCKLAND COUNTY (Oct 1984)
        **Name Associated with Address:**

Comprehensive Report

RUSS E SELIGMAN
**Current Residents at Address:**
YITZCHOCK ULLMAN
MORDECHAI S ULLMAN
SHIFRA LEAH ULLMAN
CHANA G FARKAS

840 SEA SPRAY LN APT 308, FOSTER CITY  CA 94404-2465, SAN MATEO COUNTY
**Name Associated with Address:**
RUSS SELIGMAN


**Bankruptcies:**
[None Found]


**Liens and Judgments:**
[None Found]


**Phones Plus:**
**Phones Plus1**
Name: SELIGMAN, RUSS
Address: 4207 HIGHVIEW DR, SAN MATEO  CA 94403-5041
Phone Number: 415-307-4375 - PDT
Phone Type: Mobile
Carrier: NEW CINGULAR WIRLESS - (SAN FRANCISCO:CENTRAL DA, CA)

**Phones Plus2**
Name: SELIGMAN, RUSS
Address: 4207 HIGHVIEW DR, SAN MATEO  CA 94403-5041
Phone Number:  650-740-5150 - PDT
Phone Type: Mobile
Carrier: NEW CINGULAR WIRLESS - (SAN MATEO, CA)


**Possible Criminal Records:**
[None Found]

**Professional License(s):**
[None Found]

**Possible Associates:**
MARVIN SHERMAN  DOB: 7/xx/1936
089-28-xxxx issued in New York  between  1/1/1952  and  12/31/1954

**Names Associated with Associate:**
MARVIN SHERMAN  DOB: 6/1936
089-28-xxxx issued in New York  between  1/1/1952  and  12/31/1954

MARVIN SHERMAN  DOB: 7/xx/1936
089-28-xxxx issued in New York  between  1/1/1952  and  12/31/1954

MARVIN SHERMAN  DOB: 1937
089-28-xxxx issued in New York  between  1/1/1952  and  12/31/1954

SHERMAN MARVIN  DOB: 7/xx/1936
089-28-xxxx issued in New York  between  1/1/1952  and  12/31/1954

MARVIN SHERMAN  DOB: 1935
089-28-xxxx issued in New York  between  1/1/1952  and  12/31/1954

OMARVIN SHERMAN  DOB: 7/xx/1936
089-28-xxxx issued in New York  between  1/1/1952  and  12/31/1954

**Active Address(es):**
3707 MILLSTREAM RIDGE DR 20A, CHARLOTTE  NC 28269-7918, MECKLENBURG COUNTY (Jun 2006 - Jun 2014)
704-766-1476 - EDT SHERMAN MARVIN

Comprehensive Report                                                                                      3

Comprehensive Report

**Previous And Non-Verified Address(es):**

840 SEA SPRAY LN APT 308, FOSTER CITY  CA 94404-2465, SAN MATEO COUNTY (Jan 2014)

236 KEARSING PKWY 236, MONSEY  NY 10952-2206, ROCKLAND COUNTY (Jun 1975 - Oct 2009)



- Print Report

**Important:**  The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state's Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  No Permissible Purpose
**Your GLBA Permissible Use:**  No Permissible Purpose
**Your DMF Permissible Use:**  No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
     5 Found
   Bankruptcies:
     None Found
   Liens and Judgments:
     None Found
   Phones Plus:
     2 Found
   Address(es) Found:
     1 Verified and 9 Non-Verified Found
   Possible Criminal Records:
     None Found
   Professional Licenses:
     None Found
   Possible Associates:
     2 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  ANDREW T SCHULZ   DOB:7/xx/1967
**SSN:** 314-84-xxxx issued in Indiana  between  *1/1/1980*  and  *12/31/1981*

**Age:** 47

**Names Associated With Subject:**

   ANDREW T SCHULZ  DOB: 1968
   314-84-xxxx issued in Indiana  between  1/1/1980  and  12/31/1981
   ANDREW SCHULZ  DOB: 7/xx/1967
   314-84-xxxx issued in Indiana  between  1/1/1980  and  12/31/1981
   ANDREW T SHULZ  DOB: 7/xx/1967
   314-84-xxxx issued in Indiana  between  1/1/1980  and  12/31/1981
   A SCHULZ  DOB: 7/xx/1967

Comprehensive Report

1

Comprehensive Report

314-84-xxxx issued in Indiana  between  1/1/1980  and  12/31/1981
ANDREW T SCHULZ  DOB: 3/1967
314-84-xxxx issued in Indiana  between  1/1/1980  and  12/31/1981

**Active Address(es):** 

267 KELTON AVE, SAN CARLOS  CA 94070-4652, SAN MATEO COUNTY (Jul 1985 - Oct 2014)
    **Name Associated with Address:**
      ANDREW SCHULZ
        **Current Residents at Address:**
      ANDREW T SCHULZ
      GRACE SCHULZ
      650-637-1831 - PDT SCHULZ ANDREW & GRACE


**Previous And Non-Verified Address(es):** 

545 SHELL PKWY APT 3115, REDWOOD CITY  CA 94065-1719, SAN MATEO COUNTY (Aug 1985 - Jan 2003)
    **Name Associated with Address:**
      ANDREW T SCHULZ
      650-637-1831

261 KELTON AVE, SAN CARLOS  CA 94070-4652, SAN MATEO COUNTY (Nov 2000 - Mar 2001)
    **Name Associated with Address:**
      ANDREW T SHULZ
        **Current Residents at Address:**
      THOMAS BRUCE DOWDEN
      JEANETTE L WILLIAMS
      ROBERT L WILLIAMS
      650-637-1831

8329 S EAST ST, INDIANAPOLIS  IN 46227-2729, MARION COUNTY (Aug 1985 - Aug 1999)
    **Name Associated with Address:**
      ANDREW T SCHULZ
        **Current Residents at Address:**
      NICHOLAS J CAMIN
      VICKI GAY LACY
      TEREASA L CAMIN
      637-1831

6151 ASCENSION DR, SAN MATEO  CA 94402, SAN MATEO COUNTY (Dec 1990 - Dec 1991)
    **Name Associated with Address:**
      ANDREW T SCHULZ
      650-637-1831

1651 ASCENSION DR, SAN MATEO  CA 94402-3614, SAN MATEO COUNTY (Sep 1990)
    **Name Associated with Address:**
      ANDREW T SCHULZ
        **Current Residents at Address:**
      KEITH TRITSCHLER
      JINFU YANG
      JINGYU ZHANG
      KAREN YANG
      637-1831

208 WIGGINS ST APT 4, WEST LAFAYETTE  IN 47906-5843, TIPPECANOE COUNTY (Dec 1989)
    **Name Associated with Address:**
      ANDREW T SCHULZ
        **Current Residents at Address:**
      ISAAC E RALSTON
      637-1831

1620 BAY AREA BLVD APT 502, HOUSTON  TX 77058-2132, HARRIS COUNTY (Nov 1988)
    **Name Associated with Address:**
      ANDREW T SCHULZ

PO BOX 1074, LAFAYETTE  IN 47902-1074, TIPPECANOE COUNTY (Apr 1987 - Sep 1987)
    **Name Associated with Address:**
      ANDREW T SCHULZ

Comprehensive Report

2

**– A145 –**

Comprehensive Report

PO BOX 1074, WEST LAFAYETTE  IN 47906, TIPPECANOE COUNTY (Apr 1987)
   **Name Associated with Address:**
      ANDREW T SCHULZ


**Bankruptcies:**
   [None Found]


**Liens and Judgments:**
   [None Found]


**Phones Plus:**
   **Phones Plus1**
   Name: SCHULZ, ANDREW
   Address: 267 KELTON AVE, SAN CARLOS  CA 94070-4652
   Phone Number:  415-272-1211 - PDT
   Phone Type: Mobile
   Carrier: NEW CINGULAR WIRLESS - (SAUSALITO, CA)

   **Phones Plus2**
   Name: SCHULZ, ANDREW
   Address: 267 KELTON AVE, SAN CARLOS  CA 94070-4652
   Phone Number:  650-346-5242 - PDT
   Phone Type: Mobile
   Carrier: SPRINT SPECTRUM LP - (SAN MATEO, CA)


**Possible Criminal Records:**
   [None Found]

**Professional License(s):**
   [None Found]

**Possible Associates:**
   TINA Y MANUEL  DOB: 11/xx/1970
   317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      **Names Associated with Associate:**
      TINA C YEN  DOB: 11/xx/1970
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      TINA C YEN  DOB: 1971
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      TINA T MANUEL  DOB: 11/xx/1970
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      TINA Y MANUEL  DOB: 7/xx/1970
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      TINA Y MANUEL  DOB: 1971
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      TINA CHINGSHIA YEN  DOB: 11/xx/1970
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      TINKA Y MANUEL  DOB: 1971
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      T MANUEL  DOB: 11/xx/1970
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      TINA C YEN  DOB: 7/1970
      317-76-xxxx issued in Indiana  between  1/1/1976  and  12/31/1976
      **Active Address(es):**
         3 NETHERLANDS RD UNIT 2, BROOKLINE  MA 02445-5425, NORFOLK COUNTY (Aug 2008 - Jun 2014)
         3 NETHERLANDS RD UNIT B, BROOKLINE  MA 02445-5425, NORFOLK COUNTY (Aug 2008 -  2012)
            617-734-1520 - EDT MANUEL KEVIN & TINA

      **Previous And Non-Verified Address(es):**
      491 CRESCENT ST APT 203, OAKLAND  CA 94610-2606, ALAMEDA COUNTY (May 2004 - Jun 2008)

   SAMUEL EMIL OTTO  DOB: 6/xx/1967
   479-92-xxxx issued in Iowa  between  1/1/1977  and  12/31/1977


Comprehensive Report                                                                                    3

Comprehensive Report

**Names Associated with Associate:**
SAM A OTTO  DOB: 6/xx/1967
479-92-xxxx issued in Iowa  between  1/1/1977  and  12/31/1977
SAMUEL R OTTO  DOB: 6/xx/1967
479-92-xxxx issued in Iowa  between  1/1/1977  and  12/31/1977
SAM EMIL OTTO  DOB: 6/xx/1967
479-92-xxxx issued in Iowa  between  1/1/1977  and  12/31/1977

**Active Address(es):**
11059 LAUREL HILL DR, ORLAND PARK  IL 60467-8730, COOK COUNTY (Jul 2005 - Jul 2012)
**Current phones listed at this address:**
    708-428-4514 - CDT OTTO JENNIFER
    708-873-5792 - CDT OTTO JENNIFER

**Previous And Non-Verified Address(es):**
6562 171ST ST, TINLEY PARK  IL 60477-3513, COOK COUNTY (Jul 2005 - Jul 2012)
2602 N WHITEHAVEN DR, COLLEYVILLE  TX 76034-5343, TARRANT COUNTY (Apr 1998 - Jan 2006)



- Print Report

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state´s Department of State. The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** No Permissible Purpose
**Your GLBA Permissible Use:** No Permissible Purpose
**Your DMF Permissible Use:** No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

**Report Legend:**
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
   Names Associated With Subject:
     7 Found
   Bankruptcies:
     None Found
   Liens and Judgments:
     15 Found
   Phones Plus:
     2 Found
   Address(es) Found:
     2 Verified and 20 Non-Verified Found
   Possible Criminal Records:
     7 Found
   Professional Licenses:
     None Found
   Possible Associates:
     24 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  CHAD E STEELBERG   DOB:5/1971
**SSN:**  625-07-xxxx issued in California  between  *1/1/1988*  and  *12/31/1988*

**Age:** 43

**Names Associated With Subject:**

   CHAD E STEELBERG  DOB: 1971
   625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
   CHAD EDWARD STEELBERG
   625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
   CHAD STEELBERG
   625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
   CHAD E TEELBERG  DOB: 5/1971

Comprehensive Report

625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
CHAD B STEELBERG
625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
CHAD E STEELBERG
CHAD STEELBERG RYAN
625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988

**Active Address(es):**

✔ 234 BRIDGE LN, SNOWMASS VILLAGE  CO 81615, PITKIN COUNTY (Nov 2006 - Oct 2014)
    **Name Associated with Address:**
      CHAD STEELBERG
        **Current Residents at Address:**
      CHAD E STEELBERG
      970-923-0373 - MDT STEELBERG CHAD

✔ 32 BLUE HERON, IRVINE  CA 92603-0306, ORANGE COUNTY (Mar 2006 - Feb 2013)
    **Name Associated with Address:**
      CHAD E STEELBERG
        **Current Residents at Address:**
      JESSICA MARIE BERNEATHY
      RYAN SCOTT STEELBERG
      949-854-1558 - PDT STEELBERG RYAN


**Previous And Non-Verified Address(es):**

22 BEACON BAY, NEWPORT BEACH  CA 92660-7218, ORANGE COUNTY (Apr 1993 - Jul 2014)
    **Name Associated with Address:**
      CHAD EDWARD STEELBERG
        **Current Residents at Address:**
      CHAD E STEELBERG
      476-2239

26 SAN ANTONIO, NEWPORT BEACH  CA 92660-9113, ORANGE COUNTY (May 1999 - Mar 2013)
    **Name Associated with Address:**
      CHAD STEELBERG
        **Current Residents at Address:**
      DETTE RENE STEELBERG
      GARY W STEELBERG
      RENE STEELBERG DETTE

62 BEACON BAY, NEWPORT BEACH  CA 92660-7223, ORANGE COUNTY (Jul 1991 - Mar 2013)
    **Name Associated with Address:**
      CHAD E STEELBERG

537 NEWPORT CENTER DR STE 355, NEWPORT BEACH  CA 92660-0911, ORANGE COUNTY ( 2005 - Aug 2011)
    **Name Associated with Address:**
      CHAD B STEELBERG

600 TRAVIS ST STE 7450, HOUSTON  TX 77002-3022, HARRIS COUNTY ( 2009 - Dec 2009)
    **Name Associated with Address:**
      CHAD E TEELBERG

PO BOX 7877, NEWPORT BEACH  CA 92658-7877, ORANGE COUNTY (Nov 2006)
    **Name Associated with Address:**
      CHAD STEELBERG
        **Current Residents at Address:**
      ERIC EUGENE SAJDOWITZ JR
      MARIETTA C SAJDOWITZ

PO BOX 8129, NEWPORT BEACH  CA 92658-8129, ORANGE COUNTY (Nov 2006)
    **Name Associated with Address:**
      CHAD STEELBERG

PO BOX 6140, NEWPORT BEACH  CA 92658-6140, ORANGE COUNTY (Aug 1999 - Aug 2004)
    **Name Associated with Address:**
      CHAD E STEELBERG
        **Current Residents at Address:**
      VIDA ESMAEILI

Comprehensive Report

CHERI A EKEDAL

611 ANTON BLVD STE 400, COSTA MESA  CA 92626-7005, ORANGE COUNTY (Apr 1997 - Sep 2001)
   **Name Associated with Address:**
      CHAD E STEELBERG

5 ARBELLA, NEWPORT COAST  CA 92657-1210, ORANGE COUNTY (Jul 1998 - Jul 2001)
   **Name Associated with Address:**
      CHAD EDWARD STEELBERG
         **Current Residents at Address:**
      ANTHONY J CRESCENZI
      NICHOL T WILLCOX
      ROSS E SHANBERG
      MEREDITH GARRETT

184 LESSAY, NEWPORT COAST  CA 92657-1017, ORANGE COUNTY (Jun 1999 - Nov 2000)
   **Name Associated with Address:**
      CHAD STEELBERG
         **Current Residents at Address:**
      GUY ROCCO BIAGIOTTI
      DEBRA KAY FOSTER
      476-2239

44 OXFORD, IRVINE  CA 92612-2600, ORANGE COUNTY (Mar 1993 - Jan 1999)
   **Name Associated with Address:**
      CHAD E STEELBERG
         **Current Residents at Address:**
      NORMA J CURLEY
      JAMES NORMAN CURLEY
      ROXANNE MACDONALD CURLEY
      949-509-7660 - PDT CURLEY NORMA

1506 SANTANELLA TER, CORONA DEL MAR  CA 92625-1745, ORANGE COUNTY (Feb 1997)
   **Name Associated with Address:**
      CHAD E STEELBERG
         **Current Residents at Address:**
      JAMES C LAPOINTE

414 WHITE CAP LN, NEWPORT COAST  CA 92657-1092, ORANGE COUNTY (Jun 1996 - Jan 1997)
   **Name Associated with Address:**
      CHAD E STEELBERG
         **Current Residents at Address:**
      WENDE R GOLDSTEIN

1300 QUAIL 200 ST, NEWPORT BEACH  CA 92660, ORANGE COUNTY (Sep 1995 - Jan 1996)
   **Name Associated with Address:**
      CHAD E STEELBERG

144 MURICA AISLE, IRVINE  CA 92614-0258, ORANGE COUNTY (May 1995)
   **Name Associated with Address:**
      CHAD E STEELBERG
         **Current Residents at Address:**
      MAGDY NESSIM BOCTOR
      ZOEB NOORDIN
      LOAN THI NGUYEN
      BHAVSAR SHREYAS
      SAKINA M DAWOODBHAI
      RITAL BHAVSAR
      SHALIN PATEL
      PRATIK PATEL

45 BLUEJAY, IRVINE  CA 92604-3273, ORANGE COUNTY (Jan 1995)
   **Name Associated with Address:**
      CHAD E STEELBERG
         **Current Residents at Address:**
      ELOISE ANN BOWER
      RYAN CHARLES CONRAD

1942 PORT BRISTOL CIR, NEWPORT BEACH  CA 92660-5411, ORANGE COUNTY (Aug 1991 - Dec 1992)
   **Name Associated with Address:**

Comprehensive Report

CHAD E STEELBERG
    **Current Residents at Address:**
MICHELLE ELIZABETH CAMPBELL
QUINTIN J REICH
MICHELLE CAMPBELL
949-287-6380 - PDT CAMPBELL MICHELLE

1809 SEADRIFT DR, CORONA DEL MAR  CA 92625-1843, ORANGE COUNTY (Jun 1990 - Dec 1990)
    **Name Associated with Address:**
CHAD E STEELBERG
        **Current Residents at Address:**
ALEXA CLARK JENSEN
STEPHANIE JAYNE TEAGUE
RONALD P JENSEN

600 TRAVIS ST STE 74, HOUSTON  TX 77002-3009, HARRIS COUNTY
    **Name Associated with Address:**
CHAD B STEELBERG


**Bankruptcies:**
[None Found]


**Liens and Judgments:**
Filing Number:  201000529490
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  2011000387347
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 7/29/2010
Release Date:  8/8/2011
Amount: $173
Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 537 NEWPORT CENTER DR # 355, NEWPORT BEACH  CA 92660-0911
Creditor: COUNTY OF ORANGE

Filing Number:  200911061328
Filing Type:  STATE TAX LIEN RELEASE
Location:  SACRAMENTO COUNTY COURT (RD)
State:  CA
Filing Number:  200910211015
Filing Type:  STATE TAX LIEN
Location:  SACRAMENTO COUNTY COURT (RD)
State:  CA
Original Filing Date: 10/21/2009
Release Date:  11/6/2009
Amount: $1,545
Debtor Name: STEELBERG, CHAD E
Debtor SSN: xxx-xx-xxxx
Debtor Address: 600 TRAVIS ST STE 7450, HOUSTON  TX 77002-3022
Debtor Name: STEELBERG, CHRISTINA M
Debtor SSN: xxx-xx-xxxx
Debtor Address: 600 TRAVIS ST STE 7450, HOUSTON  TX 77002-3022
Creditor: STATE OF CALIFORNIA

Filing Number:  200800513883
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 11/5/2008
Amount: $301
Debtor Name: STEELBERG, CHAD
Debtor SSN: 625-07-xxxx
Debtor Address: 537 NEWPORT CENTER DR # 355, NEWPORT BEACH  CA 92660-0911

Comprehensive Report                                                                                                         4

Comprehensive Report

Creditor: COUNTY OF ORANGE

Filing Number:  2008000589849
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 6/7/2008
Release Date:  12/24/2008
Amount: $301
Debtor Name: STEELBERG, CHAD
Debtor SSN: 625-07-xxxx
Debtor Address: 537 NEWPORT CENTER DR # 355, NEWPORT BEACH  CA 92660-0911
Creditor: COUNTY OF ORANGE

Filing Number:  200600684038
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  2006000764056
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 10/12/2006
Release Date:  11/13/2006
Amount: $168
Debtor Name: STEELBERG, CHAD B
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Creditor: COUNTY OF ORANGE

Filing Number:  200500811245
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 10/11/2005
Amount: $13,698
Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Debtor Name: STEELBERG, CRISTINA M
Debtor SSN: 375-68-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Creditor: COUNTY OF ORANGE

Filing Number:  2005000861443
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 12/10/2004
Release Date:  10/26/2005
Amount: $13,698
Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Debtor Name: STEELBERG, CRISTINA M
Debtor SSN: 375-68-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Creditor: COUNTY OF ORANGE

Filing Number:  20031492121
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  200301266569
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 10/14/2003
Release Date:  12/17/2003
Amount: $31,302

Comprehensive Report

Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Debtor Name: STEELBERG, CRISTINA M
Debtor SSN: 375-68-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Creditor: COUNTY OF ORANGE


Filing Number:  2004000021999
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  200301266570
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 10/14/2003
Release Date:  1/12/2004
Amount: $25,365
Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Debtor Name: STEELBERG, CRISTINA M
Debtor SSN: 375-68-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Creditor: COUNTY OF ORANGE


Filing Number:  2004021999
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 10/14/2003
Release Date:  1/12/2004
Amount: $25,365
Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Debtor Name: STEELBERG, CRISTINA M
Debtor SSN: 375-68-xxxx
Debtor Address: 22 BEACON, NEWPORT BEACH  CA 92660
Creditor: COUNTY OF ORANGE


Filing Number:  2004000022013
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  200301265458
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 10/14/2003
Release Date:  1/12/2004
Amount: $428
Debtor Name: STEELBERG, CHAD B
Debtor SSN: 625-07-xxxx
Debtor Address: PO BOX 6140, NEWPORT BEACH  CA 92658-6140
Creditor: COUNTY OF ORANGE


Filing Number:  2004022013
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 10/14/2003
Release Date:  1/12/2004
Amount: $428
Debtor Name: STEELBERG, CHAD B
Debtor SSN: 625-07-xxxx
Debtor Address: PO BOX 6140, NEWPORT BEACH  CA 92658-6140
Creditor: COUNTY OF ORANGE

Comprehensive Report

Filing Number:  20031399492
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  200201018584
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 11/13/2002
Release Date:  11/18/2003
Amount: $464
Debtor Name: STEELBERG, CHAD B
Debtor SSN: 625-07-xxxx
Debtor Address: PO BOX 6140, NEWPORT BEACH  CA 92658-6140
Creditor: COUNTY OF ORANGE

Filing Number:  2002770972
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  20021128884
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 9/10/2002
Release Date:  12/12/2002
Amount: $14,929
Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Debtor Name: STEELBERG, CRISTINA M
Debtor SSN: 375-68-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Creditor: COUNTY OF ORANGE

Filing Number:  2002770975
Filing Type:  COUNTY TAX LIEN
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Filing Number:  20021128885
Filing Type:  COUNTY TAX LIEN RELEASE
Location:  ORANGE COUNTY - RECORDER OF DEEDS
State:  CA
Original Filing Date: 9/10/2002
Release Date:  12/12/2002
Amount: $24,035
Debtor Name: STEELBERG, CHAD E
Debtor SSN: 625-07-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Debtor Name: STEELBERG, CRISTINA M
Debtor SSN: 375-68-xxxx
Debtor Address: 22 BEACON BAY, NEWPORT BEACH  CA 92660-7218
Creditor: COUNTY OF ORANGE


**Phones Plus:**
**Phones Plus1**
Name: STEELBERG, CHAD
Address:  CORONA DEL MAR  CA 92625
Phone Number:  949-258-2874 - PDT
Phone Type: Mobile
Carrier: NEW CINGULAR WIRLESS - (NEWPORT BEACH, CA)

**Phones Plus2**
Name: STEELBERG, CHAD
Address: 600 TRAVIS ST STE 7450, HOUSTON  TX 77002-3022
Phone Number:  949-887-7765 - PDT
Phone Type: Mobile
Carrier: NEW CINGULAR WIRLESS - (NEWPORT BEACH, CA)

Comprehensive Report

**Possible Criminal Records:** 
**California Court:**
    Name: CHAD EDWARD STEELBERG
    SSN: 625-07-xxxx
    State of Origin: California
    County of Origin: ORANGE

    Case Number: 5G9V0000B

    **Offenses:**
        **Offense #1**
        Offense Date: 04/11/2012
        Court Case Number: 5G9V0000B
        Court Offense: NOT SPECIFIED
        Court Disposition Date: 04/11/2012

        **Offense #2**
        Offense Date: 04/11/2012
        Court Case Number: 5G9V0000B
        Court Offense: NOT SPECIFIED
        Court Disposition Date: 05/20/2012

    **Court Activity:**
      [NONE FOUND]

**California Court:**
    Name: CHAD EDWARD STEELBERG
    SSN: 625-07-xxxx
    State of Origin: California
    County of Origin: ORANGE

    Case Number: CMZ141334

    **Offenses:**
        **Offense #1**
        Offense Date: 01/29/2011
        Court Case Number: CMZ141334
        Court Offense: NOT SPECIFIED
        Court Disposition Date: 01/29/2011

        **Offense #2**
        Offense Date: 01/29/2011
        Court Case Number: CMZ141334
        Court Offense: NOT SPECIFIED
        Court Disposition Date: 03/23/2011

    **Court Activity:**
      [NONE FOUND]

**California Court:**
    Name: CHAD EDWARD STEELBERG
    SSN: 625-07-xxxx
    State of Origin: California
    County of Origin: ORANGE

    Case Number: CMZ141334

    **Offenses:**
        **Offense #1**
        Offense Date: 01/29/2011
        Court Case Number: CMZ141334
        Court Offense: NOT SPECIFIED
        Court Disposition Date: 03/23/2011

    **Court Activity:**

Comprehensive Report            8

Page 69 of 84

**– A155 –**

Comprehensive Report

[NONE FOUND]

**California Court:**
 Name: CHAD EDWARD STEELBERG
 SSN: 625-07-xxxx
 State of Origin: California
 County of Origin: ORANGE

 Case Number: CMZ134809

 **Offenses**:
  **Offense #1**
  Offense Date: 09/28/2010
  Court Case Number: CMZ134809
  Court Offense: NOT SPECIFIED
  Court Disposition Date: 09/28/2010

  **Offense #2**
  Offense Date: 09/28/2010
  Court Case Number: CMZ134809
  Court Offense: NOT SPECIFIED
  Court Disposition Date: 01/18/2011

 **Court Activity:**
  [NONE FOUND]

**California Court:**
 Name: CHAD EDWARD STEELBERG
 SSN: 625-07-xxxx
 State of Origin: California
 County of Origin: ORANGE

 Case Number: CMZ088037

 **Offenses**:
  **Offense #1**
  Offense Date: 02/12/2009
  Court Case Number: CMZ088037
  Court Offense: NOT SPECIFIED
  Court Disposition Date: 06/14/2009

 **Court Activity:**
  [NONE FOUND]

**California Court:**
 Name: CHAD EDWARD STEELBERG
 SSN: 625-07-xxxx
 State of Origin: California
 County of Origin: ORANGE

 Case Number: 39775UL

 **Offenses**:
  **Offense #1**
  Offense Date: 11/22/2004
  Court Case Number: 39775UL
  Court Offense: NOT SPECIFIED
  Court Disposition Date: 11/22/2004

 **Court Activity:**
  [NONE FOUND]

**California Court:**
 Name: CHAD EDWARD STEELBERG
 SSN: 625-07-xxxx
 State of Origin: California

Comprehensive Report

County of Origin: ORANGE

Case Number: 63790SU

**Offenses**:
**Offense #1**
Offense Date: 12/05/2003
Court Case Number: 63790SU
Court Offense: NOT SPECIFIED
Court Disposition Date: 12/05/2003

**Court Activity:**
[NONE FOUND]

**Professional License(s):** 
[None Found]

**Possible Associates:** 
SCOTT MICHAEL BOGDAN  DOB: 2/xx/1975
565-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
**Names Associated with Associate:**
S BOGDEN  DOB: 2/xx/1975
565-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
S BOGDAN  DOB: 2/xx/1975
565-73-xxxx issued in California  between  1/1/1983  and  12/31/1983
**Active Address(es):**
 1955 PORT RAMSGATE PL, NEWPORT BEACH  CA 92660-5304, ORANGE COUNTY (May 2014)
949-706-6878 - PDT BOGDAN LAURA

**Previous And Non-Verified Address(es):**
21 FOLIAGE, IRVINE  CA 92603-0685, ORANGE COUNTY ( 2005 - Jan 2014)
35 CORIANDER, IRVINE  CA 92603-0652, ORANGE COUNTY (Oct 2004 - Jan 2005)

STEVEN CHARLES BOVA  DOB: 4/xx/1965
047-62-xxxx issued in Connecticut  between  1/1/1975  and  12/31/1975
**Names Associated with Associate:**
STEVE BOVA  DOB: 4/xx/1965
047-62-xxxx issued in Connecticut  between  1/1/1975  and  12/31/1975
**Previous And Non-Verified Address(es):**
4889 RIDGEWAY RD, LOGANVILLE  GA 30052-3109, WALTON COUNTY (May 2005 - Jan 2013)
2320 TABLE ROCK CT, ARLINGTON  TX 76006-2784, TARRANT COUNTY (Dec 2006 -  2013)
835 E LAMAR BLVD APT 427, ARLINGTON  TX 76011-3504, TARRANT COUNTY (May 2008 - Sep 2011)

 ELOISE ANN BOWER  DOB: 7/xx/1941 DOD:8/26/2010  (ORANGE, CA)  Age at Death: 69 (Born 73 years ago) - Proof
568-54-xxxx issued in California  between  1/1/1956  and  12/31/1958
SSN belongs to a person reported as deceased.
**Names Associated with Associate:**
 E BOWER  DOB: 7/xx/1941 DOD:8/26/2010  (ORANGE, CA)  Age at Death: 69 (Born 73 years ago) - Proof
568-54-xxxx issued in California  between  1/1/1956  and  12/31/1958
SSN belongs to a person reported as deceased.
 ELOUISE A BOWER  DOB: 7/xx/1941 DOD:8/26/2010  (ORANGE, CA)  Age at Death: 69 (Born 73 years ago) - Proof
568-54-xxxx issued in California  between  1/1/1956  and  12/31/1958
SSN belongs to a person reported as deceased.
**Previous And Non-Verified Address(es):**
45 BLUEJAY, IRVINE  CA 92604-3273, ORANGE COUNTY (Aug 1978 - Dec 2011)

CHAD LEROY MEISINGER  DOB: 8/xx/1967
505-94-xxxx issued in Nebraska  between  1/1/1975  and  12/31/1977
**Names Associated with Associate:**
CHAD MEISINGER  DOB: 8/xx/1967
505-94-xxxx issued in Nebraska  between  1/1/1975  and  12/31/1977
LEROY CHAD MEISINGER  DOB: 8/xx/1967
505-94-xxxx issued in Nebraska  between  1/1/1975  and  12/31/1977
L CHAD MEISINGER  DOB: 8/xx/1967
505-94-xxxx issued in Nebraska  between  1/1/1975  and  12/31/1977

Comprehensive Report

CHAD MEISENGER  DOB: 8/xx/1967
505-94-xxxx issued in Nebraska  between 1/1/1975 and 12/31/1977
CHAD L MEISINGER          DOB: 8/xx/1967
**Previous And Non-Verified Address(es):**
6747 VENTANA HILLS RD NW, ALBUQUERQUE  NM 87114-2434, BERNALILLO COUNTY (Aug 2005 – 2013)
71 VIA SONRISA, SAN CLEMENTE  CA 92673-5691, ORANGE COUNTY (Jun 1999 – 2013)
1132 MORRAINE VIEW DR APT 304, MADISON  WI 53719-3057, DANE COUNTY (Nov 1993 - Oct 2007)

MATT IRA CHALAWSKY  DOB: 8/xx/1964
221-54-xxxx issued in Delaware  between 1/1/1974  and 12/31/1975
**Names Associated with Associate:**
MATT I CHALAWSLY  DOB: 8/xx/1964
221-54-xxxx issued in Delaware  between 1/1/1974  and 12/31/1975
MATT IRA CHALAWSKY  DOB: 1965
221-54-xxxx issued in Delaware  between 1/1/1974  and 12/31/1975
**Previous And Non-Verified Address(es):**
834 N LA JOLLA AVE 836, LOS ANGELES  CA 90046-6810, LOS ANGELES COUNTY (Dec 1995 - Jun 2014)
722 WESTBOURNE DR APT A, WEST HOLLYWOOD  CA 90069-5119, LOS ANGELES COUNTY (Oct 1995 - Jan 2003)
14468 LONG CHANNEL CIR, GERMANTOWN  MD 20874-5417, MONTGOMERY COUNTY (Apr 1989 - Jan 2003)

AMY NOELLE CONRAD  DOB: 1/xx/1970
551-47-xxxx issued in California  between 1/1/1977  and 12/31/1977
**Names Associated with Associate:**
AMY N BRIGGS  DOB: 1/xx/1970
551-47-xxxx issued in California  between 1/1/1977  and 12/31/1977
CONRAD AMY  DOB: 1/xx/1970
551-47-xxxx issued in California  between 1/1/1977  and 12/31/1977
CONRAD AMY BRIGGS  DOB: 1/xx/1970
551-47-xxxx issued in California  between 1/1/1977  and 12/31/1977
**Previous And Non-Verified Address(es):**
8034 W CLARA LN, PEORIA  AZ 85382-5411, MARICOPA COUNTY (Jul 2002 - Nov 2012)
6 SAUSALITO DR, TRABUCO CANYON  CA 92679-4936, ORANGE COUNTY (May 1996 - Nov 2012)
1304 E JEFFERSON ST, BOISE  ID 83712-8015, ADA COUNTY (Oct 1999 - Jan 2004)

RYAN CHARLES CONRAD  DOB: 3/xx/1973
551-47-xxxx issued in California  between 1/1/1977  and 12/31/1977
**Previous And Non-Verified Address(es):**
 45 BLUEJAY, IRVINE  CA 92604-3273, ORANGE COUNTY (Nov 2013)
6 SAUSALITO DR, TRABUCO CANYON  CA 92679-4936, ORANGE COUNTY (Sep 1996 - May 2012)
8001 IRVINE CENTER DR FL 4, IRVINE  CA 92618-2938, ORANGE COUNTY (Mar 2008 - May 2009)

MERRILL CLARK DEAN  DOB: 5/xx/1941
546-50-xxxx issued in California  between 1/1/1954  and 12/31/1955
**Names Associated with Associate:**
MERRILL DEAN  DOB: 5/xx/1941
546-50-xxxx issued in California  between 1/1/1954  and 12/31/1955
MERRIL C DEAN  DOB: 5/xx/1941
546-50-xxxx issued in California  between 1/1/1954  and 12/31/1955
MERRILL CLARK  DOB: 5/xx/1941
546-50-xxxx issued in California  between 1/1/1954  and 12/31/1955
MERRILL C DEAN  DOB: 5/xx/1941
234-15-xxxx issued in West Virginia  between 1/1/1978  and 12/31/1980
MERRILL L DEAN  DOB: 5/xx/1941
546-50-xxxx issued in California  between 1/1/1954  and 12/31/1955
**Active Address(es):**
 11245 E DEL TIMBRE DR, SCOTTSDALE  AZ 85259-5886, MARICOPA COUNTY (Jul 1996 - Jun 2014)
          480-451-4232 - MST DEAN MERRILL

**Previous And Non-Verified Address(es):**
10105 E VIA LINDA STE 103-390, SCOTTSDALE  AZ 85258-5311, MARICOPA COUNTY (Mar 2001 - Dec 2011)
10105 E VIA LINDA STE 103, SCOTTSDALE  AZ 85258-5346, MARICOPA COUNTY (Mar 2001 - May 2011)

DAVID CARL DRUMMOND  DOB: 3/xx/1963
553-43-xxxx issued in California  between 1/1/1976  and 12/31/1977
**Names Associated with Associate:**
DAVID C RUMMOND  DOB: 3/xx/1963
553-43-xxxx issued in California  between 1/1/1976  and 12/31/1977
DAVE DRUMMOND  DOB: 3/xx/1963
553-43-xxxx issued in California  between 1/1/1976  and 12/31/1977

Comprehensive Report

DAVID C DRUMMAND  DOB: 3/xx/1963
553-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
DAVID DRUMOND  DOB: 3/xx/1963
553-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
**Previous And Non-Verified Address(es):**
17990 DAVES AVE, MONTE SERENO  CA 95030-3251, SANTA CLARA COUNTY (Feb 2001 - Sep 2012)
2108 BRIDLE RIDGE CT 14, SAN JOSE  CA 95138-2407, SANTA CLARA COUNTY (May 1995 -  2012)
PO BOX 10195, PALO ALTO  CA 94303-0995, SANTA CLARA COUNTY (Feb 2001 - May 2011)

CHRIS R ERWIN  DOB: 1/xx/1974
560-99-xxxx issued in California  between  1/1/1987  and  12/31/1987
**Names Associated with Associate:**
CHRISTOPHER RONALD ERWIN  DOB: 1/xx/1974
560-99-xxxx issued in California  between  1/1/1987  and  12/31/1987
C R ERWIN  DOB: 1/xx/1974
560-99-xxxx issued in California  between  1/1/1987  and  12/31/1987
CHRISTOPHER E ERWIN  DOB: 1/xx/1974
560-99-xxxx issued in California  between  1/1/1987  and  12/31/1987
RONALD R ERWIN  DOB: 1/xx/1974
560-99-xxxx issued in California  between  1/1/1987  and  12/31/1987
RO ERWIN  DOB: 1/xx/1974
560-99-xxxx issued in California  between  1/1/1987  and  12/31/1987
**Previous And Non-Verified Address(es):**
5 BALBOA CVS, NEWPORT BEACH  CA 92663-3226, ORANGE COUNTY (Mar 2000 - Jun 2014)
47 DISCOVERY STE 160, IRVINE  CA 92618-3150, ORANGE COUNTY (Apr 2013 - Apr 2014)
7384 E VILLANUEVA DR, ORANGE  CA 92867-6440, ORANGE COUNTY ( 2000 - Jun 2013)

FRANK GEORGE IACONO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
**Names Associated with Associate:**
FRANK G ACONO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
FRANK G IACONA  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
FRANK SHIRLEY IACONO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
FRANK JACONO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
FRANK IACANO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
FRANK OWNER IACONO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
FRANK LACONO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
COTRUSTEE FRANK IACONO  DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
**Active Address(es):**

✔4 VISTA SANTA ROSA, RANCHO MIRAGE  CA 92270-4577, RIVERSIDE COUNTY (May 2005 - Jun 2014)
**Current phones listed at this address:**
    760-636-1437 - PDT IACONO FRANK
    760-779-9662 - PDT IACONO FRANK

✔12 CHERRY HILLS LN, NEWPORT BEACH  CA 92660-5118, ORANGE COUNTY (Sep 1970 - Jun 2014)
    949-721-0404 - PDT IACONO FRANK

**Previous And Non-Verified Address(es):**
220 NEWPORT CENTER DR APT 11-214, NEWPORT BEACH  CA 92660-7506, ORANGE COUNTY (Feb 2014)

DAWN IACONO
**Previous And Non-Verified Address(es):**

PO BOX 6140, NEWPORT BEACH  CA 92658-6140, ORANGE COUNTY (Aug 2000 - Sep 2009)

SHIRLEY RUTH IACONO  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
**Names Associated with Associate:**
SHIIRLEY RUTH IACONO  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
SHIRLEY R IACANO  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959

Comprehensive Report                                                                                          12

Comprehensive Report

SHIRLEY RUTH IACONO  DOB: 5/xx/1939
567-82-xxxx issued in California  between  1/1/1966  and  12/31/1967
SHIRLEY R IACONA  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
SHIRLEY JACONO  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
SHIRLEY LACONO  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
SHIRLY IACONO  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
**Active Address(es):**
✔ 12 CHERRY HILLS LN, NEWPORT BEACH  CA 92660-5118, ORANGE COUNTY (Aug 1994 - Sep 2012)
**Current phones listed at this address:**
        949-721-0404 - PDT IACONO FRANK
        949-721-0505

**Previous And Non-Verified Address(es):**
220 NEWPORT CENTER DR APT 11-214, NEWPORT BEACH  CA 92660-7506, ORANGE COUNTY (Feb 2014)
474 W HERMOSA PL, PALM SPRINGS  CA 92262-4347, RIVERSIDE COUNTY (May 1987 - Dec 2013)

RUSSELL KEVIN KETCHUM  DOB: 5/xx/1981
624-64-xxxx issued in California  between  5/4/1993  and  9/1/1993
    **Names Associated with Associate:**
    KEVIN KETCHUM  DOB: 5/xx/1981
    624-64-xxxx issued in California  between  5/4/1993  and  9/1/1993
    RUSSEL KETCHUM  DOB: 5/xx/1981
    624-64-xxxx issued in California  between  5/4/1993  and  9/1/1993
    **Active Address(es):**
✔ 47 CORTE VIDRIOSA, SAN CLEMENTE  CA 92673-7009, ORANGE COUNTY ( 2011 - Jun 2014)
        949-481-1909 - PDT KETCHUM RUSSELL

    **Previous And Non-Verified Address(es):**
    5445 BROMELY DR, OAK PARK  CA 91377-4750, VENTURA COUNTY (Mar 1997 - Jan 2005)

ERIC H KOLSTAD  DOB: 5/xx/1960
571-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
    **Names Associated with Associate:**
    ERIC H KOLSTAD  DOB: 1961
    571-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
    **Previous And Non-Verified Address(es):**
    1 STONE PINE DR, NEWPORT COAST  CA 92657-1555, ORANGE COUNTY (Sep 2013)
    752 ARMANINI AVE, SANTA CLARA  CA 95050-5102, SANTA CLARA COUNTY (Jan 1983 - Dec 2011)
    2600 MICHELSON DR APT 17, IRVINE  CA 92612-1550, ORANGE COUNTY (Nov 2004 - Aug 2007)

RAYMOND J LAPOINTE  DOB: 2/xx/1941
382-38-xxxx issued in Michigan  between  1/1/1955  and  12/31/1957
    **Names Associated with Associate:**
    RAYMOND JAMES LAPOINTE  DOB: 2/xx/1941
    382-38-xxxx issued in Michigan  between  1/1/1955  and  12/31/1957
    RAYMOND J LAPOINTE  DOB: 2/xx/1941
    370-44-xxxx issued in Michigan  between  1/1/1960  and  12/31/1962
    R J LAPOINTE  DOB: 2/xx/1941
    382-38-xxxx issued in Michigan  between  1/1/1955  and  12/31/1957
    RAYMOND J LA POINTE  DOB: 2/xx/1941
    382-38-xxxx issued in Michigan  between  1/1/1955  and  12/31/1957
    R J LAPOINTE  DOB: 2/xx/1941
    370-44-xxxx issued in Michigan  between  1/1/1960  and  12/31/1962
    JAMES LAPOINTE  DOB: 2/xx/1941
    382-38-xxxx issued in Michigan  between  1/1/1955  and  12/31/1957
    RAYMOND JAMES LAPOINTE  DOB: 2/xx/1941
    370-44-xxxx issued in Michigan  between  1/1/1960  and  12/31/1962
    **Previous And Non-Verified Address(es):**
☁ 1506 SANTANELLA TER, CORONA DEL MAR  CA 92625-1745, ORANGE COUNTY (Jun 1987 - Dec 2012)
    804 WOODLAND ST, BIRMINGHAM  MI 48009-3848, OAKLAND COUNTY (Aug 1989 - Nov 2012)
    1506 SANTANELLA TRL, NEWPORT BEACH  CA (Jun 1987 -  2006)

RAYMOND J LAPOINTE  DOB: 3/xx/1936
302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
    **Names Associated with Associate:**

Comprehensive Report                                                                                                      13

Comprehensive Report

RAYMOND JAMES LAPOINTE  DOB: 3/xx/1936
302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
RAYMOND JAMES LAPOINTE SR  DOB: 9/1936
302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
JAMES LAPOINTE  DOB: 3/xx/1936
302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
JIM LAPOINTE  DOB: 3/xx/1936
302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
RAYMON LAPOINTE  DOB: 3/xx/1936
302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
**Active Address(es):**

23690 NORCREST DR, SOUTHFIELD  MI 48033-4295, OAKLAND COUNTY (May 1993 - Jun 2014)
    248-354-7219

**Previous And Non-Verified Address(es):**
804 WOODLAND ST, BIRMINGHAM  MI 48009-3848, OAKLAND COUNTY (Apr 1992 -  2012)
36641 GRAND RIVER AVE APT 202, FARMINGTON  MI 48335-2964, OAKLAND COUNTY (Nov 1988)

CONSTANCE RAE LAPOINTE  DOB: 9/xx/1973
386-70-xxxx issued in Michigan  between  1/1/1973  and  12/31/1974
**Names Associated with Associate:**
CONSTANCE LAPOINTE QUARRIER  DOB: 9/xx/1973
386-70-xxxx issued in Michigan  between  1/1/1973  and  12/31/1974
CONSTANCE LAPOINTE QUARRIER  DOB: 1973
386-70-xxxx issued in Michigan  between  1/1/1973  and  12/31/1974
CONSTANCE L QUARRIER HULLIHEN  DOB: 9/xx/1973
386-70-xxxx issued in Michigan  between  1/1/1973  and  12/31/1974
CONSTANCE R QUARRIER  DOB: 9/xx/1973
386-70-xxxx issued in Michigan  between  1/1/1973  and  12/31/1974
**Previous And Non-Verified Address(es):**
869 FAIRFAX ST, BIRMINGHAM  MI 48009-1288, OAKLAND COUNTY (Feb 1997 - Sep 2013)
804 WOODLAND ST, BIRMINGHAM  MI 48009-3848, OAKLAND COUNTY (Mar 1994 - Sep 2013)

1506 SANTANELLA TER, CORONA DEL MAR  CA 92625-1745, ORANGE COUNTY (Dec 1998 - Aug 2005)

BARBARA AGNES LAPOINTE  DOB: 3/xx/1971
375-68-xxxx issued in Michigan  between  1/1/1973  and  12/31/1973
**Names Associated with Associate:**
BARBARA L SHARKEY  DOB: 3/xx/1971
375-68-xxxx issued in Michigan  between  1/1/1973  and  12/31/1973
B LAPOINTE  DOB: 3/xx/1971
375-68-xxxx issued in Michigan  between  1/1/1973  and  12/31/1973
BABRARA A SHARKEY  DOB: 3/xx/1971
375-68-xxxx issued in Michigan  between  1/1/1973  and  12/31/1973
BRABARA A LAPOINTE  DOB: 3/xx/1971
375-68-xxxx issued in Michigan  between  1/1/1973  and  12/31/1973
BARBARA LA POINTE  DOB: 3/xx/1971
375-68-xxxx issued in Michigan  between  1/1/1973  and  12/31/1973
BARBARA R LAPOINTE  DOB: 3/xx/1971
375-68-xxxx issued in Michigan  between  1/1/1973  and  12/31/1973
**Previous And Non-Verified Address(es):**
287 MESA DR, COSTA MESA  CA 92627-4622, ORANGE COUNTY (Aug 2002 -  2012)

1506 SANTANELLA TER, CORONA DEL MAR  CA 92625-1745, ORANGE COUNTY (Dec 2005 - Jan 2008)
2319 N COMMONWEALTH AVE APT 2E, CHICAGO  IL 60614-3437, COOK COUNTY (Jan 1999 - Jul 2004)

DIANA LESLIE LAPOINTE  DOB: 10/xx/1941
370-44-xxxx issued in Michigan  between  1/1/1960  and  12/31/1962
**Names Associated with Associate:**
DIANA LA POINTE  DOB: 10/xx/1941
370-44-xxxx issued in Michigan  between  1/1/1960  and  12/31/1962
DIANA LESLIE LA  DOB: 10/xx/1941
370-44-xxxx issued in Michigan  between  1/1/1960  and  12/31/1962
**Previous And Non-Verified Address(es):**
804 WOODLAND ST, BIRMINGHAM  MI 48009-3848, OAKLAND COUNTY (Jun 1987 -  2013)

1506 SANTANELLA TER, CORONA DEL MAR  CA 92625-1745, ORANGE COUNTY (Jun 1987 - Dec 2012)
840 WOODLAND ST, BIRMINGHAM  MI 48009-3848, OAKLAND COUNTY (Nov 2012)

FRANCIS MAN
626-42-xxxx issued in California  between  1/1/1991  and  12/31/1991

Comprehensive Report                                                                                              14

**– A161 –**

Comprehensive Report

**Previous And Non-Verified Address(es):**
6565 SAN FELIPE ST APT 155, HOUSTON  TX 77057-2610, HARRIS COUNTY (Sep 1997 - Sep 2004)
156 WHITE CAP LN, NEWPORT COAST  CA 92657-1087, ORANGE COUNTY (Oct 1996 - Mar 1997)
537 NEWPORT CENTER DR APT 277, NEWPORT BEACH  CA 92660-0911, ORANGE COUNTY (Feb 1997)

SCOTT ARI SILVERMAN  DOB: 10/xx/1972
347-60-xxxx issued in Illinois  between  1/1/1975  and  12/31/1976
    **Previous And Non-Verified Address(es):**
3060 ALTA LAGUNA BLVD, LAGUNA BEACH  CA 92651-2064, ORANGE COUNTY ( 2006 - May 2012)
2820 ZELL DR, LAGUNA BEACH  CA 92651-2047, ORANGE COUNTY (Oct 2005 - Jan 2008)
2111 BAYPOINTE DR, NEWPORT BEACH  CA 92660-8518, ORANGE COUNTY (Jul 2005 - Aug 2005)

SHIRLEY R IACONO
    **Previous And Non-Verified Address(es):**
PO BOX 6140, NEWPORT BEACH  CA 92658-6140, ORANGE COUNTY (Apr 1998 -  2004)

RENE STEELBERG DETTE  DOB: 2/xx/1949
557-80-xxxx issued in California  between  1/1/1965  and  12/31/1966
    **Names Associated with Associate:**
RENE STEELBERG DETTE  DOB: 2/xx/1949
557-80-xxxx issued in California  between  1/1/1965  and  12/31/1966
    **Previous And Non-Verified Address(es):**
44 OXFORD, IRVINE  CA 92612-2600, ORANGE COUNTY (Jan 1996)

26 SAN ANTONIO, NEWPORT BEACH  CA 92660-9113, ORANGE COUNTY (Oct 1999)

Comprehensive Report



- Print Report

**Important:**   The Public Records and commercially available data sources used on reports have errors.  Data is sometimes entered poorly, processed incorrectly and is generally not free from defect.  This system should not be relied upon as definitively accurate.  Before relying on any data this system supplies, it should be independently verified.  For Secretary of State documents, the following data is for information purposes only and is not an official record.  Certified copies may be obtained from that individual state´s Department of State.  The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** No Permissible Purpose
**Your GLBA Permissible Use:** No Permissible Purpose
**Your DMF Permissible Use:** No Permissible Purpose

## Comprehensive Report

**Date:** 10/08/14
**Reference Code:** 14459525

Report Legend:
**S** - Shared Address
**D** - Deceased
✔ - Probable Current Address

**Comprehensive Report Summary:**
  Names Associated With Subject:
    8 Found
  Bankruptcies:
    None Found
  Liens and Judgments:
    3 Found
  Phones Plus:
    4 Found
  Address(es) Found:
    1 Verified and 20 Non-Verified Found
  Possible Criminal Records:
    1 Found
  Professional Licenses:
    None Found
  Possible Associates:
    10 Found

**Subject Information:  (Best Information for Subject)**
**Name:**  RYAN SCOTT STEELBERG   DOB:12/xx/1973
**SSN:**  625-07-xxxx issued in California  between  *1/1/1988*  and  *12/31/1988*

**Age:** 40

**Names Associated With Subject:** 

  RYAN S STEELBERG  DOB: 12/xx/1973
  625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
  RYAN STEELBERG  DOB: 12/xx/1973
  625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
  SCOTT STEELBERG RYAN  DOB: 12/xx/1973
  625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
  RYAN S TEELBERG  DOB: 12/xx/1973

Comprehensive Report

Page 77 of 84

1

**– A163 –**

Comprehensive Report

625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
S STEELBERG RYAN  DOB: 12/xx/1973
625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
SCOTT STEELBERG RYAN  DOB: 12/xx/1973
625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
SCOTT S RYAN  DOB: 12/xx/1973
625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988
S TEELBERG RYAN  DOB: 12/xx/1973
625-07-xxxx issued in California  between  1/1/1988  and  12/31/1988

**Active Address(es):** 

32 BLUE HERON,  IRVINE  CA 92603-0306, ORANGE COUNTY (Apr 2006 - Oct 2014)
   **Name Associated with Address:**
     RYAN STEELBERG
      **Current Residents at Address:**
      JESSICA MARIE BERNEATHY
      RYAN SCOTT STEELBERG
      949-854-1558 - PDT STEELBERG RYAN


**Previous And Non-Verified Address(es):**

22 BEACON BAY, NEWPORT BEACH  CA 92660-7218, ORANGE COUNTY (Mar 2013)
   **Name Associated with Address:**
     RYAN SCOTT STEELBERG
      **Current Residents at Address:**
      CHAD E STEELBERG

80753 VIA PESSARO, LA QUINTA  CA 92253-7587, RIVERSIDE COUNTY (Dec 2007 - Mar 2013)
   **Name Associated with Address:**
     RYAN SCOTT STEELBERG
     949-689-8379

26 SAN ANTONIO, NEWPORT BEACH  CA 92660-9113, ORANGE COUNTY (May 1999 - Mar 2013)
   **Name Associated with Address:**
     RYAN STEELBERG
      **Current Residents at Address:**
      DETTE RENE STEELBERG
      GARY W STEELBERG
      RENE STEELBERG DETTE

332 BLUE HERON, IRVINE  CA 92603, ORANGE COUNTY (Dec 2012)
   **Name Associated with Address:**
     RYAN SCOTT STEELBERG

JUPITER HILLS DR, NEWPORT BEACH  CA 92660, ORANGE COUNTY (Oct 2004 - Jan 2007)
   **Name Associated with Address:**
     RYAN STEELBERG

11 JUPITER HILLS DR, NEWPORT BEACH  CA 92660-9205, ORANGE COUNTY (Apr 2001 - Dec 2006)
   **Name Associated with Address:**
     RYAN STEELBERG
      **Current Residents at Address:**
      LYNNE C VANDERWALL

11 JUPITER HLS, NEWPORT BEACH  CA 92660-9205, ORANGE COUNTY (Mar 2006 - May 2006)
   **Name Associated with Address:**
     RYAN STEELBERG
     949-734-9103

660 NEWPORT CENTER DR STE 330, NEWPORT BEACH  CA 92660-6401, ORANGE COUNTY (Sep 1998 - Jan 2003)
   **Name Associated with Address:**
     RYAN S STEELBERG
     949-640-4240

184 LESSAY, NEWPORT COAST  CA 92657-1017, ORANGE COUNTY (Mar 1998 - Dec 2000)
   **Name Associated with Address:**
     RYAN S STEELBERG

Comprehensive Report

**Current Residents at Address:**
GUY ROCCO BIAGIOTTI
DEBRA KAY FOSTER
640-4240

2033 BAYSIDE DR, NEWPORT BEACH  CA 92657, ORANGE COUNTY (May 2000)
**Name Associated with Address:**
RYAN STEELBERG

PO BOX 6140, NEWPORT BEACH  CA 92658-6140, ORANGE COUNTY (Dec 1992 - Mar 2000)
**Name Associated with Address:**
RYAN STEELBERG
**Current Residents at Address:**
VIDA ESMAEILI
CHERI A EKEDAL

26 SAN ANTONIEO, NEWPORT COAST  CA 92657, ORANGE COUNTY (Nov 1999)
**Name Associated with Address:**
SCOTT STEELBERG RYAN
640-4240

611 ANTON BLVD STE 400, COSTA MESA  CA 92626-7005, ORANGE COUNTY (Aug 1997 - Jan 1999)
**Name Associated with Address:**
RYAN S STEELBERG
640-4240

34 VILLA POINT DR, NEWPORT BEACH  CA 92660-6242, ORANGE COUNTY (Feb 1998)
**Name Associated with Address:**
RYAN STEELBERG
**Current Residents at Address:**
DAVID ATENCIO
CHRISTOPHER ANDREW ATENCIO
CRAIG A PLITT

414 WHITE CAP LN, NEWPORT COAST  CA 92657-1092, ORANGE COUNTY (Apr 1996 - Jan 1997)
**Name Associated with Address:**
RYAN S STEELBERG
**Current Residents at Address:**
WENDE R GOLDSTEIN
640-4240

44 WHITE CAP LN, NEWPORT COAST  CA 92657-1085, ORANGE COUNTY (Aug 1996)
**Name Associated with Address:**
RYAN STEELBERG
**Current Residents at Address:**
ANN NOLIG

44 OXFORD, IRVINE  CA 92612-2600, ORANGE COUNTY (Apr 1994)
**Name Associated with Address:**
RYAN STEELBERG
**Current Residents at Address:**
NORMA J CURLEY
JAMES NORMAN CURLEY
ROXANNE MACDONALD CURLEY
949-509-7660 - PDT CURLEY NORMA

44 OXFORD, SANTA ANA  CA 92715 (Jun 1993)
**Name Associated with Address:**
RYAN S STEELBERG
949-509-7660 - PDT CURLEY NORMA

350 DE NEVE DR APT 305, LOS ANGELES  CA 90024-8305, LOS ANGELES COUNTY (Dec 1992 - Feb 1993)
**Name Associated with Address:**
RYAN S STEELBERG

1942 PORT BRISTOL CIR, NEWPORT BEACH  CA 92660-5411, ORANGE COUNTY (Dec 1992)
**Name Associated with Address:**
RYAN STEELBERG
**Current Residents at Address:**
MICHELLE ELIZABETH CAMPBELL

Comprehensive Report

QUINTIN J REICH
MICHELLE CAMPBELL
949-287-6380 - PDT CAMPBELL MICHELLE

**Bankruptcies:**
    [None Found]

**Liens and Judgments:**
    Filing Number:  2013000680467
    Filing Type:  COUNTY TAX LIEN
    Location:  ORANGE COUNTY - RECORDER OF DEEDS
    State:  CA
    Original Filing Date: 12/10/2013
    Amount: $512
    Debtor Name: STEELBERG, RYAN SCOTT
    Debtor SSN: 625-07-xxxx
    Debtor Address: 32 BLUE HERON, IRVINE  CA 92603-0306
    Creditor: COUNTY OF ORANGE

    Filing Number:  2013000606106
    Filing Type:  COUNTY TAX LIEN RELEASE
    Location:  ORANGE COUNTY - RECORDER OF DEEDS
    State:  CA
    Filing Number:  2013000150789
    Filing Type:  COUNTY TAX LIEN
    Location:  ORANGE COUNTY - RECORDER OF DEEDS
    State:  CA
    Original Filing Date: 3/12/2013
    Release Date:  10/30/2013
    Amount: $435
    Debtor Name: STEELBERG, RYAN S
    Debtor SSN: 625-07-xxxx
    Debtor Address: 32 BLUE HERON, IRVINE  CA 92603-0306
    Creditor: COUNTY OF ORANGE

    Filing Number:  201000529549
    Filing Type:  COUNTY TAX LIEN
    Location:  ORANGE COUNTY - RECORDER OF DEEDS
    State:  CA
    Filing Number:  2010000587124
    Filing Type:  COUNTY TAX LIEN RELEASE
    Location:  ORANGE COUNTY - RECORDER OF DEEDS
    State:  CA
    Original Filing Date: 10/13/2010
    Release Date:  11/4/2010
    Amount: $4,018
    Debtor Name: STEELBERG RYAN, S
    Debtor SSN: 625-07-xxxx
    Debtor Address: 32 BLUE HERON, IRVINE  CA 92603-0306
    Creditor: COUNTY OF ORANGE

**Phones Plus:**
    **Phones Plus1**
    Name: STEELBERG, RYAN
    Address: 32 BLUE SMT, IRVINE  CA 92603-0155
    Phone Number:  949-689-8379 - PDT
    Phone Type: Mobile
    Carrier: SPRINT SPECTRUM LP - (IRVINE, CA)

    **Phones Plus2**
    Name: STEELBERG, RYAN
    Address: 32 BLUE HERON, IRVINE  CA 92603-0306
    Phone Number:  949-689-8379 - PDT
    Phone Type: Mobile
    Carrier: SPRINT SPECTRUM LP - (IRVINE, CA)

Comprehensive Report                                                  4

Comprehensive Report

**Phones Plus3**
Name: STEELBERG, RYAN
Address: 80753 VIA PESSARO, LA QUINTA  CA 92253-7587
Phone Number:  949-689-8379 - PDT
Phone Type: Mobile
Carrier: SPRINT SPECTRUM LP - (IRVINE, CA)

**Phones Plus4**
Name: STEELBERG, RYAN
Address: 11 JUPITER HLS, NEWPORT BEACH  CA 92660-9205
Phone Number:  949-734-9103 - PDT
Phone Type: Mobile
Carrier: VERIZON WIRELESS-CA - (NEWPORT BEACH, CA)


**Possible Criminal Records:**
   **California Court:**
      Name: RYAN SCOTT STEELBERG
      SSN: 625-07-xxxx
      State of Origin: California
      County of Origin: ORANGE
      DOB: 12/xx/1973

      Case Number: NBL72566

      **Offenses**:
        **Offense #1**
        Offense Date: 01/12/2004
        Court Case Number: NBL72566
        Court Offense: NOT SPECIFIED
        Court Disposition Date: 06/03/2004


   **Court Activity:**
     [NONE FOUND]


**Professional License(s):**
   [None Found]

**Possible Associates:**
   AMY NOELLE CONRAD  DOB: 1/xx/1970
   551-47-xxxx issued in California  between  1/1/1977  and  12/31/1977
     **Names Associated with Associate:**
     AMY N BRIGGS  DOB: 1/xx/1970
     551-47-xxxx issued in California  between  1/1/1977  and  12/31/1977
     CONRAD AMY  DOB: 1/xx/1970
     551-47-xxxx issued in California  between  1/1/1977  and  12/31/1977
     CONRAD AMY BRIGGS  DOB: 1/xx/1970
     551-47-xxxx issued in California  between  1/1/1977  and  12/31/1977
     **Previous And Non-Verified Address(es):**
     8034 W CLARA LN, PEORIA  AZ 85382-5411, MARICOPA COUNTY (Jul 2002 - Nov 2012)
     6 SAUSALITO DR, TRABUCO CANYON  CA 92679-4936, ORANGE COUNTY (May 1996 - Nov 2012)
     1304 E JEFFERSON ST, BOISE  ID 83712-8015, ADA COUNTY (Oct 1999 - Jan 2004)

   MERRILL CLARK DEAN  DOB: 5/xx/1941
   546-50-xxxx issued in California  between  1/1/1954  and  12/31/1955
     **Names Associated with Associate:**
     MERRILL DEAN  DOB: 5/xx/1941
     546-50-xxxx issued in California  between  1/1/1954  and  12/31/1955
     MERRIL C DEAN  DOB: 5/xx/1941
     546-50-xxxx issued in California  between  1/1/1954  and  12/31/1955
     MERRILL CLARK  DOB: 5/xx/1941
     546-50-xxxx issued in California  between  1/1/1954  and  12/31/1955
     MERRILL C DEAN  DOB: 5/xx/1941
     234-15-xxxx issued in West Virginia  between  1/1/1978  and  12/31/1980
     MERRILL L DEAN  DOB: 5/xx/1941
     546-50-xxxx issued in California  between  1/1/1954  and  12/31/1955
     **Active Address(es):**

Comprehensive Report                                         5

Comprehensive Report

✓ 11245 E DEL TIMBRE DR, SCOTTSDALE  AZ 85259-5886, MARICOPA COUNTY (Jul 1996 - Jun 2014)
    480-451-4232 - MST DEAN MERRILL

**Previous And Non-Verified Address(es):**
10105 E VIA LINDA STE 103-390, SCOTTSDALE  AZ 85258-5311, MARICOPA COUNTY (Mar 2001 - Dec 2011)
10105 E VIA LINDA STE 103, SCOTTSDALE  AZ 85258-5346, MARICOPA COUNTY (Mar 2001 - May 2011)

DAVID CARL DRUMMOND DOB: 3/xx/1963
553-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
    **Names Associated with Associate:**
    DAVID C RUMMOND  DOB: 3/xx/1963
    553-43-xxxx issued in California between 1/1/1976  and  12/31/1977
    DAVE DRUMMOND  DOB: 3/xx/1963
    553-43-xxxx issued in California between 1/1/1976  and  12/31/1977
    DAVID C DRUMMAND  DOB: 3/xx/1963
    553-43-xxxx issued in California between 1/1/1976  and  12/31/1977
    DAVID DRUMOND  DOB: 3/xx/1963
    553-43-xxxx issued in California between 1/1/1976  and  12/31/1977
    **Previous And Non-Verified Address(es):**
    17990 DAVES AVE, MONTE SERENO  CA 95030-3251, SANTA CLARA COUNTY (Feb 2001 - Sep 2012)
    2108 BRIDLE RIDGE CT 14, SAN JOSE  CA 95138-2407, SANTA CLARA COUNTY (May 1995 -  2012)
    PO BOX 10195, PALO ALTO  CA 94303-0995, SANTA CLARA COUNTY (Feb 2001 - May 2011)

CHRIS R ERWIN DOB: 1/xx/1974
560-99-xxxx issued in California  between  1/1/1987  and  12/31/1987
    **Names Associated with Associate:**
    CHRISTOPHER RONALD ERWIN DOB: 1/xx/1974
    560-99-xxxx issued in California between 1/1/1987  and  12/31/1987
    C R ERWIN  DOB: 1/xx/1974
    560-99-xxxx issued in California between 1/1/1987  and  12/31/1987
    CHRISTOPHER E ERWIN  DOB: 1/xx/1974
    560-99-xxxx issued in California between 1/1/1987  and  12/31/1987
    RONALD R ERWIN  DOB: 1/xx/1974
    560-99-xxxx issued in California between 1/1/1987  and  12/31/1987
    RO ERWIN  DOB: 1/xx/1974
    560-99-xxxx issued in California between 1/1/1987  and  12/31/1987
    **Previous And Non-Verified Address(es):**
    5 BALBOA CVS, NEWPORT BEACH  CA 92663-3226, ORANGE COUNTY (Mar 2000 - Jun 2014)
    47 DISCOVERY STE 160, IRVINE  CA 92618-3150, ORANGE COUNTY (Apr 2013 - Apr 2014)
    7384 E VILLANUEVA DR, ORANGE  CA 92867-6440, ORANGE COUNTY ( 2000 - Jun 2013)

FRANK GEORGE IACONO DOB: 2/xx/1936
570-44-xxxx issued in California  between  1/1/1951  and  12/31/1952
    **Names Associated with Associate:**
    FRANK G ACONO  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    FRANK G IACONA  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    FRANK SHIRLEY IACONO  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    FRANK JACONO  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    FRANK IACANO  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    FRANK OWNER IACONO  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    FRANK LACONO  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    COTRUSTEE FRANK IACONO  DOB: 2/xx/1936
    570-44-xxxx issued in California between 1/1/1951  and  12/31/1952
    **Active Address(es):**
    ✓ 4 VISTA SANTA ROSA, RANCHO MIRAGE  CA 92270-4577, RIVERSIDE COUNTY (May 2005 - Jun 2014)
    **Current phones listed at this address:**
        760-636-1437 - PDT IACONO FRANK
        760-779-9662 - PDT IACONO FRANK

    ✓ 12 CHERRY HILLS LN, NEWPORT BEACH  CA 92660-5118, ORANGE COUNTY (Sep 1970 - Jun 2014)
        949-721-0404 - PDT IACONO FRANK

Comprehensive Report

**Previous And Non-Verified Address(es):**
220 NEWPORT CENTER DR APT 11-214, NEWPORT BEACH  CA 92660-7506, ORANGE COUNTY (Feb 2014)

SHIRLEY RUTH IACONO  DOB: 5/xx/1939
547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
    **Names Associated with Associate:**
    SHIIRLEY RUTH IACONO  DOB: 5/xx/1939
    547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
    SHIRLEY R IACANO  DOB: 5/xx/1939
    547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
    SHIRLEY RUTH IACONO  DOB: 5/xx/1939
    567-82-xxxx issued in California  between  1/1/1966  and  12/31/1967
    SHIRLEY R IACONA  DOB: 5/xx/1939
    547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
    SHIRLEY JACONO  DOB: 5/xx/1939
    547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
    SHIRLEY LACONO  DOB: 5/xx/1939
    547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
    SHIRLY IACONO  DOB: 5/xx/1939
    547-58-xxxx issued in California  between  1/1/1958  and  12/31/1959
    **Active Address(es):**
    12 CHERRY HILLS LN, NEWPORT BEACH  CA 92660-5118, ORANGE COUNTY (Aug 1994 - Sep 2012)
    **Current phones listed at this address:**
        949-721-0404 - PDT IACONO FRANK
        949-721-0505

    **Previous And Non-Verified Address(es):**
    220 NEWPORT CENTER DR APT 11-214, NEWPORT BEACH  CA 92660-7506, ORANGE COUNTY (Feb 2014)
    474 W HERMOSA PL, PALM SPRINGS  CA 92262-4347, RIVERSIDE COUNTY (May 1987 - Dec 2013)

RUSSELL KEVIN KETCHUM  DOB: 5/xx/1981
624-64-xxxx issued in California  between  5/4/1993  and  9/1/1993
    **Names Associated with Associate:**
    KEVIN KETCHUM  DOB: 5/xx/1981
    624-64-xxxx issued in California  between  5/4/1993  and  9/1/1993
    RUSSEL KETCHUM  DOB: 5/xx/1981
    624-64-xxxx issued in California  between  5/4/1993  and  9/1/1993
    **Active Address(es):**
    47 CORTE VIDRIOSA, SAN CLEMENTE  CA 92673-7009, ORANGE COUNTY ( 2011 - Jun 2014)
        949-481-1909 - PDT KETCHUM RUSSELL

    **Previous And Non-Verified Address(es):**
    5445 BROMELY DR, OAK PARK  CA 91377-4750, VENTURA COUNTY (Mar 1997 - Jan 2005)

ERIC H KOLSTAD  DOB: 5/xx/1960
571-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
    **Names Associated with Associate:**
    ERIC H KOLSTAD  DOB: 1961
    571-43-xxxx issued in California  between  1/1/1976  and  12/31/1977
    **Previous And Non-Verified Address(es):**
    1 STONE PINE DR, NEWPORT COAST  CA 92657-1555, ORANGE COUNTY (Sep 2013)
    752 ARMANINI AVE, SANTA CLARA  CA 95050-5102, SANTA CLARA COUNTY (Jan 1983 - Dec 2011)
    2600 MICHELSON DR APT 17, IRVINE  CA 92612-1550, ORANGE COUNTY (Nov 2004 - Aug 2007)

RAYMOND J LAPOINTE  DOB: 3/xx/1936
302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
    **Names Associated with Associate:**
    RAYMOND JAMES LAPOINTE  DOB: 3/xx/1936
    302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
    RAYMOND JAMES LAPOINTE SR  DOB: 9/1936
    302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
    JAMES LAPOINTE  DOB: 3/xx/1936
    302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
    JIM LAPOINTE  DOB: 3/xx/1936
    302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
    RAYMON LAPOINTE  DOB: 3/xx/1936
    302-28-xxxx issued in Ohio  between  1/1/1951  and  12/31/1952
    **Active Address(es):**
    23690 NORCREST DR, SOUTHFIELD  MI 48033-4295, OAKLAND COUNTY (May 1993 - Jun 2014)

Comprehensive Report

248-354-7219

**Previous And Non-Verified Address(es):**
804 WOODLAND ST, BIRMINGHAM  MI 48009-3848, OAKLAND COUNTY (Apr 1992 -  2012)
36641 GRAND RIVER AVE APT 202, FARMINGTON  MI 48335-2964, OAKLAND COUNTY (Nov 1988)

RENE STEELBERG DETTE  DOB: 2/xx/1949
557-80-xxxx issued in California  between  1/1/1965  and  12/31/1966
  **Names Associated with Associate:**
  RENE STEELBERG DETTE  DOB: 2/xx/1949
  557-80-xxxx issued in California  between  1/1/1965  and  12/31/1966
  **Previous And Non-Verified Address(es):**
  44 OXFORD, IRVINE  CA 92612-2600, ORANGE COUNTY (Jan 1996)
  26 SAN ANTONIO, NEWPORT BEACH  CA 92660-9113, ORANGE COUNTY (Oct 1999)

# Exhibit H



# Yahoo! Inc. (NasdaqGS:YHOO) > Public Company Profile

## Company Overview

**Company Type:** Public Company

**Website:** www.yahoo.com

**Number of Employees:** 12,200

**Ticker:** YHOO (NasdaqGS)

**Year Founded:** 1994

## Business Description

Yahoo Inc. operates as a technology company worldwide. The company offers Yahoo Search that serves as a starting point to navigate the Internet and discover information; and Yahoo Answers, which enables users to seek, discover, and share knowledge and opinions across mobile phones, tablets, and desktop. It also provides Yahoo Mail that connects users to the people and things; Yahoo Messenger, an instant messaging service; and Yahoo Groups, which enable users to join groups based on shared interests and involvements. In addition, the company offers digital magazines comprising Yahoo.com that brings together the relevant content; My Yahoo, a customizable homepage; Yahoo Weather, which provides users with weather conditions and information for various locations; Yahoo News, which offers news in text, photos, and video; Yahoo Sports that serves digital sports enthusiasts; Yahoo Finance that offers financial data, information, and tools that enable users to make financial decisions; and Yahoo Entertainment and Lifestyles, a collection of properties focused on various trends and information in culture, women's issues, and media. Further, it provides video content through Yahoo Screen and Yahoo Smart TV; Flickr, a Web and mobile photo management and sharing service; and Tumblr that offers a Web service and mobile applications. Additionally, the company offers the Yahoo Bing Network that connects advertisers with an audience of various users; Native Advertising, which provides various ways for advertisers to engage their audience across devices on Yahoo's network of consumer products; Yahoo Audience Ads, Yahoo Premium Ads, and Yahoo Video; and ad platforms comprising Yahoo Ad Manager, Yahoo Ad Manager Plus, and Yahoo Ad Exchange. Yahoo! Inc. was founded in 1994 and is headquartered in Sunnyvale, California, with additional offices in the Americas, Asia Pacific, Europe, the Middle East, and Africa.

## Primary Industry Classification

Internet Software and Services

## Primary Office Location

701 First Avenue | Sunnyvale, CA | 94089 | United States
Phone: 408-349-3300   Fax: 408-349-3301

## Current and Pending Investors

Fidelity Management & Research Company, Icahn Capital LP, Mithras Capital Partners LLP, Starboard Value LP, Third Point LLC

## Prior Investors

Acqua Wellington Asset Management LLC, Acqua Wellington Opportunity I Limited, Acqua Wellington Private Placement Fund, Ltd., Open Text Corporation (NasdaqGS:OTEX), RVC (Reuters Venture Capital), RVC I, Sequoia 1995, Sequoia Capital (Michael Moritz), Sequoia Capital VI, L.P., Sequoia Technology Partners VI, L.P., Sequoia XXIV, SoftBank Corp. (TSE:9984), Softbank Holdings Inc., Sterling Payot Company, The Capital Group Companies, Inc., Thomson Reuters (Markets) LLC, Visa Marketplace, Inc., VLG Investments

## Investment Arms

Yahoo Inc, ESOP

## Stock Quote and Chart (Currency: USD)

| | | | |
|---|---|---|---|
| **Last  (Delayed)** | 38.15 | **Market Cap (mm)** | 37,615.9 |
| **Open** | 36.95 | **Shares Out. (mm)** | 994.6 |
| **Previous Close** | 37.82 | **Float %** | 92.6% |
| **Change on Day** | 0.33 | **Shares Sold Short (mm)** | 60.9 |
| **Change % on Day** | 0.9% | **Dividend Yield %** | - |
| **Day High/Low** | 38.50/36.92 | **Diluted EPS Excl. Extra Items** | 1.16 |
| **52 wk High/Low** | 44.01/31.70 | **P/Diluted EPS Before Extra** | 32.36x |
| **Volume (mm)** | 21.09 | **Avg 3M Dly Vlm (mm)** | 31.81 |
| **Beta 5Y** | 1.06 | | |

Date Created: Oct-16-2014



## Yahoo! Inc. (NasdaqGS:YHOO) > Public Company Profile



Delayed Quote** | Last Updated on Oct-16-2014 02:31 PM (GMT-5)

### Financial Information (Currency: USD, in mm)

| | | | | | |
|---|---|---|---|---|---|
| Total Revenue | 4,621.7 | Market Capitalization | 37,615.9 | TEV/Total Revenue | 7.8x |
| EBITDA | 772.6 | Total Enterprise Value | 36,088.1 | TEV/EBITDA | 20.2x |
| EBIT | 337.0 | Cash & ST Invst. | 2,744.5 | P/Diluted EPS Before Extra | 32.7x |
| Net Income | 1,226.1 | Total Debt | 1,178.1 | Price/Tang BV | 4.9x |
| Capital Expenditure | (378.5) | Total Assets | 16,456.8 | Total Debt/EBITDA | 1.5x |

Currency in USD in mm, LTM as of Jun-30-2014 TEV and Market Cap are calculated using a close price as of Oct-15-2014

### Index Membership

NYSE Arca Computer Technology Index;NASDAQ-100 Index;NASDAQ Composite Index;S&P 500 Index;Russell 1000 Index;Russell 3000 Index;S&P 500 Growth Index;S&P 500 Sector Indices - Information Technology Sector Index;S&P 500 Software & Services (Industry Group) Index;S&P 500 Equal Weighted Index;NASDAQ Internet Index

### Company Notes

No Company Notes exist.

### Strategy Notes

No Strategy Notes exist.

### Key Professionals

| Name | Title |
|---|---|
| Mayer,  Marissa A. | Chief Executive Officer, President and Director |
| Filo,  David | Co Founder, Chief Yahoo and Director |
| Goldman,  Kenneth A. | Chief Financial Officer |
| Kothari,  Aman S. | Chief Accounting Officer, Senior Vice President and Global Controller |
| Brachman,  Ron | Chief Scientist and Head of Yahoo! Labs |
| Kail,  Mike D. | Chief Information Officer and Senior Vice President of Infrastructure |
| Bell,  Ronald S. | Vice President, General Counsel and Secretary |
| Bonforte,  Jeffrey | Senior Vice President of Communications |
| Morokutti,  Andrea | Vice President of Sales Operations and Strategy |
| Reses,  Jacqueline D. | Chief Development Officer |
| Savitt-Lennon,  Katherine J. | Chief Marketing Officer |
| Airey,  Dawn | Senior Vice President of Europe, Middle East and Africa (EMEA) Operation |

### Key Board Members

| Name | Title |
|---|---|
| Webb,  Maynard G. | Chairman and Chairman of Compensation & Leadership Development Committee |
| Mayer,  Marissa A. | Chief Executive Officer, President and Director |
| Filo,  David | Co Founder, Chief Yahoo and Director |
| James,  Susan M. | Independent Director, Chairman of Audit & Finance Committee and Member of Nominating & |

Date Created: Oct-16-2014



# Yahoo! Inc. (NasdaqGS:YHOO) > Public Company Profile

|  | Corporate Governance Committee |
| --- | --- |
| Levchin, Max Roth | Independent Director |
| McInerney, Thomas J. | Independent Director and Member of Audit & Finance Committee |
| Schwab, Charles Robert | Director and Member of Audit & Finance Committee |
| Scott, H. Lee | Director and Member of Nominating & Corporate Governance Committee |
| Shaw, Jane E. | Director and Member of Compensation & Leadership Development Committee |

## Current and Pending Subsidiaries / Investments

5to1 Holding Corp., 5to1, Inc., Actionality Deutschland GmbH, Actionality Hong Kong Limited, Actionality, Inc., AdMovate, Inc., Alibaba Group Holding Limited (NYSE:BABA), Alta Vista Internet Holdings Limited, Alta Vista Internet Operations Limited, Alta Vista Internet Solutions Limited, Arthas.com, Inc., ARTISTdirect, Inc. (OTCPK:ARTD), Associated Content, Inc., Bignoggins Productions LLC, Blue Lithium UK Limited, BlueLithium France Sarl, BlueLithium, Inc., Bookpad Techsoft India Private Limited, Bread Labs, Inc., BTopenworld Ltd., Dotmusic & GamesDomain.co.uk Sites, Citizen Sports, Inc., ClarityRay, Cloud Party, Inc., Dapper (Israel) Limited, Dapper, Inc., Despegar.com, Inc., Dialpad Communications, Inc., Dotmusic.com, DWA Investments, Inc., E-com Management NV, eGroups International (Thailand) Company Limited, eGroups International, Inc., eGroups, Inc., Elite Taiwan Co., Ltd., Encompass, Inc., EvntLive, Inc., Farechase Israel Ltd., FareChase, Inc., Flurry, Inc., Four11 Corporation, Fysix Corporation, GeoCities Canada, GhostBird Software Inc., Go Poll Go, Inc., HitPost Inc., HJ Former Corp., Hortonworks Inc., HotJobs Canada Inc., HotJobs Oy, HotJobs SL (Spain), HyperParallel, Inc., Incredible Labs Inc., IndexTools, Inc., Indigo Acquisition Corporation, InfoMedia, Inc., Inktomi Canada Corporation, Inktomi Corporation, Inktomi Japan KK, Inktomi Korea Corporation, Inktomi Quiver Corporation, Instant IO, Inc., interclick, inc., IntoNow Inc., Java SNV Holdings LLC, JBS Sports, Inc., Jumpcut, Inc., Jybe, Inc., Kenet Works AB, Kimo.com, Kimo.com (Cayman) Corporation, Launch Media, Inc., Lexity, Inc., Littleinc Labs, Inc., Log-Me-On.Com LLC, Loki Studios, Inc., LookFlow, Inc., LudiCorp Research and Development Ltd., Luminate, Inc., Maktoob.com Egypt, Maktoob.com Inc., Maven Networks, Inc., Meedio LLC, Substantially All Assets, Meh Labs, Inc., Milewise, Inc., Mingpao.com Ltd., Mira Vida Media, Inc., Musicmatch, Inc., MyBlogLog, Inc., Netclear Limited, Oddpost, Inc., Online Anywhere, OnTheAir Inc., Overture Asia-Pac Services K.K., Overture International Inc., Overture Korea Yuhan Hoesa, Overture Marketing Services Limited, Overture SAS, Overture Search Services (Asia) Limited, Overture Search Services (Ireland) Limited, Overture Search Services Holdco (Ireland) Limited, Overture Services (Canada) Inc., Overture Services Europe BV, Overture Services Europe, Ltd., Overture Services GmbH, Overture Services IP (Cayman) Ltd., Overture Services Japan Y.K., Overture Services Limited, Overture Services, SRL, Overture Spain S.L., Pagebank (Digital Storage) Limited, Participate Media, Pixoria, Inc., PlayerScale, Inc., Procurnet Limited, PropelD, Inc., PT Yahoo Indonesia, Quik.io, Inc, Qwiki, Inc., RayV Inc., RayV Ltd., Resumix Limited, Resumix, Inc., Right Media LLC, Right Media UK Limited, Rivals.com, Inc., RockMelt, Inc., Rondee, Inc., Scinex Corporation (JASDAQ:2376), SKS-21 Vermogensverwaltungs-Gesellschaft mbH, SkyPhrase, Inc., Snapchat, Inc. (Pending), Snip.it, Sparq, Stadeon Inc., Stamped, Inc., Stata Laboratories Inc., SteamFunk Labs Inc., Summly Limited, Tensa Kft., Tensa R&D Kereskedelmi es Szolgaltato Kft, TeRespondo.com de Mexico SRL de CV, ThumbsUp Labs, Inc., Todoroo, Inc., Tomfoolery Inc., TotalTravel.com International Limited, TotalTravel.com Ltd., Totaltravel.com Pty Ltd., Tumblr, Inc., VerdiSoft Corporation, Verdisoft Software Entwicklungs, GmbH, Verdisoft Software Vertriebs and Service, GmbH, VivaSmart, Inc., Wander Inc., WebCal Corporation, WebLocata Limited, Where@Risk Limited, Whereonearth Limited, Whereonearth.com Limited, WOE Old GDC Limited, WUF Networks, Inc., Xobni Corporation, Xoopit, Inc., Yahoo de Colombia S.A.S., Yahoo de Mexico, SA de CV, Yahoo Iberia S.L., Yahoo India Pvt. Ltd., Yahoo Japan Corporation (TSE:4689), Yahoo! 350 SAS, Yahoo! 390 GmbH, Yahoo! Arabia PSC, Yahoo! Asia Holdings Limited, Yahoo! Asia Pacific Pte. Ltd., Yahoo! Asia Pacific Pte. Ltd., Yahoo! Australia & NZ, Yahoo! Australia & NZ (Holdings) Pty Limited, Yahoo! Beijing Global R&D Center, Yahoo! Broadcast, Yahoo! Canada Co., Yahoo! Cayman Asia Holdings Limited, Yahoo! Communications Europe, Ltd., Yahoo! Communications USA, Inc., Yahoo! Communications, Inc., Yahoo! CIV, LLC, Yahoo! de Argentina SRL, Yahoo! Deutschland GmbH, Yahoo! Deutschland Services GmbH, Yahoo! Digital Marketing Limited, Yahoo! Digital Media (Content) Pty Ltd., Yahoo! do Brasil Internet Ltda, Yahoo! Egypt Services, Yahoo! Europe International LLC, Yahoo! Europe Limited, Yahoo! France Holdings SAS, Yahoo! France SAS, Yahoo! GeoCities, Yahoo! Hispanic Americas, LLC, Yahoo! Holdings Limited, Yahoo! Hong Kong Limited, Yahoo! Hungary Labs Kft., Yahoo! International Branch Holdings, Inc., Yahoo! International Holdings LLC, Yahoo! International Services Holdings, Inc., Yahoo! International Services, Inc., Yahoo! International Subsidiary Holdings, Inc., Yahoo! Internet Communications India Private Limited, Yahoo! Ireland Services Limited, Yahoo! Israel Labs Ltd., Yahoo! Italia S.r.l., Yahoo! Jordan Services PSC, Yahoo! Korea Yuhan Hoesa, Yahoo! Malaysia Sdn. Bhd., Yahoo! Merchant Solutions, Yahoo! Netherlands B.V., Yahoo! Netherlands Holdings C.V., Yahoo! New Zealand Limited, Yahoo! Philippines Services Inc., Yahoo! Realty Inc., Yahoo! Research Labs, Yahoo! Sàrl, Yahoo! SEA Holdings, LLC, Yahoo! Search Marketing Solutions, Yahoo! Singapore Digital Marketing Pte. Ltd., Yahoo! Singapore PTE Ltd., Yahoo! Software Development India Private Limited, Yahoo! Software Research and Development (Beijing) Co., Ltd., Yahoo! Switzerland GmbH, Yahoo! Switzerland Server Services Sàrl, Yahoo! Taiwan Holdings Limited, Yahoo! Taiwan Inc., Yahoo! Technologies Norway AS, Yahoo! UK Limited, Yahoo! Vietnam Company Limited, Yahoo!7 Communications Australia Pty Limited, Yahoo!7 Pty Limited, Yahoo!7 Travel Pty Limited, Yoyodyne Entertainment, Inc., Zimbra Europe Limited, Zimbra Software Asia Pacific Private Limited, Zoomit AB, Zoomit France

## Investments as an LP

Invention Development, Invention Investment Fund I, L.P., Invention Investment fund II, LLC, Saints Capital, Saints Ventures Fund, L.P.

Historical Equity Pricing Data supplied by Interactive Data

**Intraday Quotes are delayed by at least 20 minutes.

---

Case 2:14-cv-00760-JRG-RSP   Document 18-8   Filed 10/24/14   Page 5 of 27 PageID #:  255



# IAC Search & Media, Inc. > Private Company Profile

## Company Overview

**Company Type:** Private Company
**Company Status:** Operating Subsidiary
**Website:** www.ask.com
**Number of Employees:** 505
**Year Founded:** 1996

## Business Description

IAC Search & Media, Inc. operates a question and answer Website. It offers online information search services. The company also provides mobile applications for iOS and Android devices. IAC Search & Media, Inc. was formerly known as Ask Jeeves, Inc. and changed its name to IAC Search & Media, Inc. in February 2006. The company was founded in 1996 and is based in Oakland, California. As of March 21, 2005, IAC Search & Media, Inc. operates as a subsidiary of IAC/InterActiveCorp.

## Primary Industry Classification

Internet Software and Services

## Primary Office Location

555 12th Street Suite 500 | Oakland, CA | 94607 | United States
Phone: 510-985-7400   Fax: 510-985-7412

## Parent Company

IAC/InterActiveCorp (NasdaqGS:IACI)

## Prior Investors

Angel Investors L.P., Angel Investors, LP I, Comdisco Ventures, Emergence Capital Partners (Jason Green), G C & H Investments, Highland Capital Partners (Daniel Nova), Highland Capital Partners IV, L.P., HP Financial Services, Investment Arm, HPQ Holdings, LLC, Institutional Venture Partners, Institutional Venture Partners VIII, L.P., Redpoint Ventures (Geoffrey Yang), Sevin Rosen Funds, The Roda Group (Daniel Miller, Roger Strauch), U.S. Venture Partners, Venture Frogs Fund, L.P., Venture Frogs, LLC

## Investment Arms

Primal Ventures

## Financial Information (Currency: USD, in mm)

| | | | | | | |
|---|---|---|---|---|---|---|
| **Total Revenue** | 317.0 | **Market Capitalization** | 1,975.1 | **EBITDA** | | 96.5 |
| **EBIT** | 60.1 | **Cash & ST Invst.** | 109.9 | **P/Diluted EPS Before Extra** | | 40.0x |
| **Net Income** | 57.9 | **Total Debt** | 116.0 | **Price/Tang BV** | | 46.3x |
| **Capital Expenditure** | (28.5) | **Total Assets** | 571.5 | **Total Debt/EBITDA** | | 1.2x |

Currency in USD in mm, LTM as of Mar-31-2005 TEV and Market Cap are calculated using a close price as of Jul-19-2005

## Company Notes

No Company Notes exist.

## Strategy Notes

No Strategy Notes exist.

## Key Professionals

| Name | Title |
|---|---|
| | |

Date Created: Oct-16-2014



## IAC Search & Media, Inc. > Private Company Profile

| | |
|---|---|
| Leeds,  Doug | Chief Executive Officer |
| Ramakrishnan,  Kartik | Chief Operating Officer |
| Villanueva,  Timothy | Chief Technology Officer |
| Combs,  Valerie | Vice President of Communications and Customer Service |
| Charaund,  Eve | Senior Vice President of Business Development |
| Ross,  Lisa | Vice President of Human Resources |
| Cotter,  Kevin | Senior Vice President of Financial Planning and Analysis |
| Baker,  Kristina | Vice President and Senior Legal Counsel |
| Collier,  Erik | General Manager of Search |
| Hill,  Oliver | General Manager of International |
| Morrow,  Susan | Vice President of Product |
| Pevehouse,  Cynthia L. | Other Key Executive |

### Key Board Members

| Name | Title |
|---|---|
| Battle,  A. George | Executive Chairman of the Board |
| Carlick,  David Scott | Director, Chairman of Compensation Committee, Chairman of Nominating Committee and Member of Audit Committee |
| Berkowitz,  Steven H. | Director |
| Casella,  James A. | Independent Director and Member of Compensation Committee |
| Goldman,  Joshua C. | Director and Member of Audit Committee |
| Gruener,  Garrett P. | Director |
| Yang,  Geoffrey Y. | Director and Member of Nominating Committee |

### Current and Pending Subsidiaries / Investments

About, Inc., Dictionary.com, LLC, Direct Hit Technologies, eTour, Inc., IAC Search & Media Deutschland GmbH, IAC Search & Media Europe Limited, IAC Search & Media Italia S.r.l., Iac Search & Media Technologies Ltd, IAC Search & Media UK Limited, Interactive Search Holdings, Inc., Net Effect Systems, nrelate Source, Inc., Octopus Software Inc., technology assets, Sia Ask.fm LLC, Teoma Technologies, Inc., Trustic, Inc., Tukaroo, Inc.

Historical Equity Pricing Data supplied by Interactive Data

Date Created: Oct-16-2014

Page 2 of 2



## LookSmart, Ltd. (NasdaqCM:LOOK) > Public Company Profile

### Company Overview

**Company Type:** Public Company
**Website:** www.looksmart.com
**Number of Employees:** 26
**Ticker:** LOOK (NasdaqCM)
**Year Founded:** 1996

### Business Description

LookSmart, Ltd. provides search and display advertising network solutions in the United States, Europe, the Middle East, and Africa. The company offers search advertising customers targeted search via a monitored search advertising distribution network using its AdCenter platform technology, as well as provides advertisers the ability to buy graphical display advertising. It develops, markets, and sells premium and performance search and display advertising products to advertising customers and related advertising agencies through various pricing models tailored to customer requirements. The company, through its Web interface or API, AdCenter, also allows multiple search advertising customers to upload keywords, manage daily budgets, set rates, and view reports, including spend data that is updated hourly; and access keyword suggestions, price and traffic estimates, and online help and frequently asked questions, as well as search advertising customers and related agencies that use third-party or in-house systems to analyze and manage their search campaigns. In addition, it provides a suite of customizable search advertising management tools and solutions for publishers, such as command and control over revenue diversification and growth via the AdCenter; customizable set of services and technology to integrate multiple sources of advertisers; and access to a backfill of advertisers to grow their audience, control advertiser relationships, and enhance and optimize the monetization of their sites. The company's customers include intermediaries who purchase clicks to sell into the affiliate networks of search engine providers; direct advertisers and their agencies whose objective is to obtain conversions or sales from the clicks; and self-service advertisers that sign-up online and pay by credit cards. LookSmart, Ltd. was founded in 1996 and is headquartered in San Francisco, California.

### Primary Industry Classification

Internet Software and Services

### Primary Office Location

49 Geary St Street Suite 235 | San Francisco, CA | 94108 | United States
Phone: 415-348-7000

### Current and Pending Investors

Korea Investment Partners Co. Ltd., Platinum Management (NY) LLC, Snowy August Management, LLC

### Prior Investors

Access Technology Partners, Access Technology Partners, L.P., AmBex Venture Group, Amerindo Investment Advisors, Inc. Private Equity Group, Amwin Innovation Fund, Amwin Management Pty. Ltd., Australasian Media & Communications Fund, Australian Mezzanine Investments Pty Ltd (AMIL), Australian Mezzanine Investments Trust No.2, Barksdale Group, Barksdale Group Fund I, L.P., Bluestem Capital Company, LLC, Carrier Pasta, LLC, CEA Capital Advisors, LLC, CHAMP Private Equity, CHAMP Ventures Pty Ltd, Chase H&Q, Investment Arm, Citigroup Securities Clearing Australia Limited, Cox Interactive Media, Inc., DC Venture Partners, Dimensional Fund Advisors LP, Entrepreneur America Mentors LLC, Essex Investment Management Company, LLC, Essex Private Placement Fund I, L.P., Flinders Capital Partners Pty Ltd., Fulcrum Capital Partners Limited, GCWF Investment Partners, Guthy-Renker LLC, Hambrecht & Quist California, Hyundai Venture Investment Corp., Interactive Capital Partners LLC, Investment Arm, J.P. Morgan Partners, LLC, Kennedy Capital Management, Inc., Macquarie Technology Fund 1, Macquarie Technology Fund 1A, Macquarie Technology Fund 1B, Macquarie Technology Ventures Pty Limited, Mercury Fund VII, Ltd, Mercury Fund VIII, Ltd, Mercury Management LLC, Mezzanine Capital Partners, New Millennium Partners, Pivotal Asset Management, L.L.C., RainMaker Capital, LLC, Renaissance Technologies Corp., Rogers Ventures Partners, Sand Hill Capital, The Innovation Investment Fund, Walden International, WI Harper Group

### Stock Quote and Chart (Currency: USD)

| | | | |
|---|---|---|---|
| **Last  (Delayed)** | 1.33 | **Market Cap (mm)** | 7.3 |
| **Open** | 1.33 | **Shares Out. (mm)** | 5.8 |
| **Previous Close** | 1.27 | **Float %** | 32.5% |
| **Change on Day** | 0.06 | **Shares Sold Short (mm)** | 0.0 |
| **Change % on Day** | 4.7% | **Dividend Yield %** | - |
| **Day High/Low** | 1.34/ 1.33 | **Diluted EPS Excl. Extra Items** | (1.16) |

Date Created: Oct-16-2014



## LookSmart, Ltd. (NasdaqCM:LOOK) > Public Company Profile

| | | | | | |
|---|---|---|---|---|---|
| 52 wk High/Low | | 2.88/ 1.00 | P/Diluted EPS Before Extra | | NM |
| Volume (mm) | | 0.0004 | Avg 3M Dly Vlm (mm) | | 0.03 |
| Beta 5Y | | 0.42 | | | |



Delayed Quote** | Last Updated on Oct-16-2014 01:54 PM (GMT-5)

### Financial Information (Currency: USD, in mm)

| | | | | | |
|---|---|---|---|---|---|
| Total Revenue | 5.6 | Market Capitalization | 7.3 | TEV/Total Revenue | 0.8x |
| EBITDA | (5.7) | Total Enterprise Value | 4.8 | TEV/EBITDA | NM |
| EBIT | (6.8) | Cash & ST Invst. | 2.7 | P/Diluted EPS Before Extra | NM |
| Net Income | (6.8) | Total Debt | 0.1 | Price/Tang BV | 2.3x |
| Capital Expenditure | (5.0) | Total Assets | 8.2 | Total Debt/EBITDA | NM |

Currency in USD in mm, LTM as of Jun-30-2014 TEV and Market Cap are calculated using a close price as of Oct-15-2014

### Index Membership

NASDAQ Composite Index

### Company Notes

No Company Notes exist.

### Strategy Notes

No Strategy Notes exist.

### Key Professionals

| Name | Title |
|---|---|
| Onghai,  Michael | Chief Executive Officer, President, Secretary and Director |
| Wang,  Steven | Vice President of Finance and Controller |
| Peterson,  Daniel | Vice President of Technical Operations |
| Bush,  Aaron | Partner Operations Manager of Business Development |
| Cookson,  Dean | Director of Production Operations |
| Harrel,  Kelly | Director of Engineering |
| Hauswirth,  Scott | Vice President of Distribution Network |
| McCarthy,  Brian | Vice President of Search Services |
| Sullenger,  Julie | Vice President |
| Hoare,  David | Technical Account Manager of Business Development |
| Mcallister,  Brian | Vice President - Optimization |

### Key Board Members

| Name | Title |
|---|---|
| Chan,  Christian Jason | Chairman, Chairman of Audit Committee, Chairman of Compensation Committee and Member of Nominating & Governance Committee |
| Onghai,  Michael | Chief Executive Officer, President, Secretary and Director |

Date Created: Oct-16-2014

Page 2 of 3



## LookSmart, Ltd. (NasdaqCM:LOOK) > Public Company Profile

| | |
|---|---|
| Pelosi,  Paul F. | Director, Chairman of Nominating & Governance Committee, Member of Audit Committee and Member of Compensation Committee |
| Weigl,  Thorsten | Director, Member of Audit Committee, Member of Compensation Committee and Member of Nominating & Governance Committee |

**Current and Pending Subsidiaries / Investments**

| |
|---|
| Guthy-Renker Corporation, Select Assets of E-Commerce Division, PM Media, Inc., Syncapse Corp., Key Assets, WiseNut, Inc., Zeal Media, Inc. |

Historical Equity Pricing Data supplied by Interactive Data·

**Intraday Quotes are delayed by at least 20 minutes.

---



## Microsoft Corporation (NasdaqGS:MSFT) > Public Company Profile

### Company Overview

**Company Type:** Public Company
**Website:** www.microsoft.com
**Number of Employees:** 128,000
**Ticker:** MSFT (NasdaqGS)
**Year Founded:** 1975

### Business Description

Microsoft Corporation develops, licenses, markets, and supports software, services, and devices worldwide. The company's Devices and Consumer (D&C) Licensing segment licenses Windows operating system and related software; Microsoft Office for consumers; and Windows Phone operating system. Its Computing and Gaming Hardware segment provides Xbox gaming and entertainment consoles and accessories, second-party and third-party video games, and Xbox Live subscriptions; surface devices and accessories; and Microsoft PC accessories. The company's Phone Hardware segment offers Lumia Smartphones and other non-Lumia phones. Its D&C Other segment provides Windows Store, Xbox Live transactions, and Windows Phone Store; search advertising; display advertising; Office 365 Home and Office 365 Personal; first-party video games; and other consumer products and services, as well as operates retail stores. The company's Commercial Licensing segments licenses server products, including Windows Server, Microsoft SQL Server, Visual Studio, System Center, and related Client Access Licenses (CALs); Windows Embedded; Windows operating system; Microsoft Office for business, including Office, Exchange, SharePoint, Lync, and related CALs; Microsoft Dynamics business solutions; and Skype. Its Commercial Other segment offers enterprise services, including premier support services and Microsoft consulting services; commercial cloud comprising Office 365 Commercial, other Microsoft Office online offerings, Dynamics CRM Online, and Microsoft Azure; and other commercial products and online services. The company markets and distributes its products through original equipment manufacturers, distributors, and resellers, as well as online. Microsoft Corporation was founded in 1975 and is based in Redmond, Washington.

### Primary Industry Classification

Systems Software

### Primary Office Location

One Microsoft Way | Redmond, WA | 98052 | United States
Phone: 425-882-8080

### Current and Pending Investors

Atheneum Capital LLC, Capital World Investors, Cibola Capital

### Prior Investors

August Capital

### Investment Arms

Microsoft Capital Corporation, Microsoft Corporation, Investment Arm, Microsoft Savings Plus 401(k) Plan, Microsoft Treasury Inc., Microsoft Ventures

### Stock Quote and Chart (Currency: USD)

| | | | |
|---|---|---|---|
| **Last (Delayed)** | 42.73 | **Market Cap (mm)** | 356,126.3 |
| **Open** | 42.53 | **Shares Out. (mm)** | 8,239.8 |
| **Previous Close** | 43.22 | **Float %** | 91.3% |
| **Change on Day** | (0.50) | **Shares Sold Short (mm)** | 100.3 |
| **Change % on Day** | (1.1)% | **Dividend Yield %** | 2.9% |
| **Day High/Low** | 43.08/ 42.22 | **Diluted EPS Excl. Extra Items** | 2.63 |
| **52 wk High/Low** | 47.57/ 33.57 | **P/Diluted EPS Before Extra** | 16.28x |
| **Volume (mm)** | 36.43 | **Avg 3M Dly Vlm (mm)** | 32.99 |
| **Beta 5Y** | 0.96 | | |

Date Created: Oct-16-2014



# Microsoft Corporation (NasdaqGS:MSFT) > Public Company Profile



Delayed Quote** | Last Updated on Oct-16-2014 02:42 PM (GMT-5)

## Financial Information (Currency: USD, in mm)

| | | | | |
|---|---|---|---|---|
| Total Revenue | 86,833.0 | Market Capitalization | 356,126.3 | TEV/Total Revenue | 3.4x |
| EBITDA | 32,131.0 | Total Enterprise Value | 294,400.3 | TEV/EBITDA | 9.2x |
| EBIT | 27,886.0 | Cash & ST Invst. | 84,941.0 | P/Diluted EPS Before Extra | 16.4x |
| Net Income | 22,074.0 | Total Debt | 23,215.0 | Price/Tang BV | 5.7x |
| Capital Expenditure | (5,485.0) | Total Assets | 172,384.0 | Total Debt/EBITDA | 0.7x |

Currency in USD in mm, LTM as of Jun-30-2014 TEV and Market Cap are calculated using a close price as of Oct-15-2014

## Index Membership

NYSE Arca Institutional Index;NYSE Arca Computer Technology Index;NYSE Arca Major Market Index;NASDAQ-100 Index;Dow Jones Composite Average Index;Dow Jones Industrial Average;Dow Jones Global Telecommunications Index;S&P Global 100 Index;NASDAQ Composite Index;S&P 500 Index;Russell 1000 Index;Russell 3000 Index;S&P 100 Index;S&P 500 Growth Index;S&P 500 Sector Indices - Information Technology Sector Index;S&P 500 Software (Industry) Index;S&P 500 Software & Services (Industry Group) Index;S&P 500 Equal Weighted Index;Dow Jones Global Titans 50 Index

## Company Notes

No Company Notes exist.

## Strategy Notes

No Strategy Notes exist.

## Key Professionals

| Name | Title |
|---|---|
| Nadella,  Satya | Chief Executive Officer and Director |
| Gates,  William Henry | Co-Founder, Technology Advisor and Director |
| Hood,  Amy E. | Chief Financial Officer and Executive Vice President |
| Turner,  Brian Kevin | Chief Operating Officer |
| Brod,  Frank Henry | Chief Accounting Officer and Corporate Vice President of Finance & Administration |
| Shum,  Heung-Yeung | Executive Vice President of Technology and Research |
| DuBois,  Jim | Chief Information Officer and Corporate Vice President |
| Suh,  Chris | General Manager of Investor Relations |
| Smith,  Bradford L. | Executive Vice President, General Counsel and Secretary |
| Shaw,  Frank X. | Corporate Vice President for Corporate Communications |
| Capossela,  Christopher C. | Chief Marketing Officer and Executive Vice President |
| Cray,  Peter | Corporate Vice President of Strategy, Business & Marketing Operations, Worldwide Sales, Marketing & Services Group |

## Key Board Members

| Name | Title |
|---|---|
| Thompson,  John W. | Independent Chairman, Chairman of Governance & Nominating Committee and Member of Regulatory & Public Policy Committee |

Date Created: Oct-16-2014

Page 2 of 4



## Microsoft Corporation (NasdaqGS:MSFT) > Public Company Profile

| | |
|---|---|
| Nadella, Satya | Chief Executive Officer and Director |
| Gates, William Henry | Co-Founder, Technology Advisor and Director |
| Marquardt, David F. | Director, Chairman of Compensation Committee and Member of Governance & Nominating Committee |
| Noski, Charles H. | Director, Chairperson of Audit Committee and Member of Governance & Nominating Committee |
| Panke, Helmut Gunter Wilhelm | Director, Chairperson of Regulatory & Public Policy Committee and Member of Audit Committee |
| Dublon, Dina | Director, Member of Audit Committee and Member of Compensation Committee |
| Klawe, Maria M. | Director, Member of Regulatory & Public Policy Committee and Member of Compensation Committee |
| List-Stoll, Teri L. | Director and Member of Audit Committee |
| Morfit, Garrison Mason | Director and Member of Audit Committee |
| Scharf, Charles W. | Director and Member of Governance & Nominating Committee |
| Stanton, John W. | Director and Member of Compensation Committee |

### Current and Pending Subsidiaries / Investments

24/7 Inc., 3DV Systems Ltd., 90 Degree Software, Inc., ActiveViews, Inc., AdECN, Inc., Ahal Software Corporation, Alacris, Inc., Altamira Software Corp., Ameranth, Inc., AOL Inc., Patents and License to Retained Patent Portfolio, APIphany, Inc, Apptimum, Inc., ArtInSoft S.A., Aspect Software, Inc., AssetMetrix Corporation, Avanade, Inc., AVIcode, Inc., Avid Technology, Inc. (OTCPK:AVID), Bungie, Inc., ByteTaxi Inc., Caligari Corporation, Calista Technologies, Inc., Cambridge Flat Projection Display Limited, Canesta, Inc., CareerBuilder, LLC, Chinasoft International Ltd. (SEHK:354), Chofu Cable Television K.K., CinemaNow Japan, Inc., Circadence Corporation, Colloquis Inc., Comparenet, Inc., Connectix Corp., Virtual Machine Business, Consumers Software, Inc., Corporacion Microsoft Del Ecuador S.A., Credentica, Inc., Cricket Media Group Ltd. (TSXV:CKT), CYREN Ltd. (NasdaqCM:CYRN), Dalian Hi-Think Computer Technology, Corp., Danger, Inc., DATAllegro, Inc., DeepMetrix Corporation, DesktopStandard Corporation, devBiz Business Solutions, LLC, Digital Anvil, Inc., e-Media, L.L.C., Engyro Corporation, Ensemble Studios, Inc., Entropic Research Laboratories Inc., EXOS Inc., Facebook, Inc. (NasdaqGS:FB), Farecast, Inc., FASA Interactive Technologies, Inc., Fidalgo Insurance Company, Firebrand TV, Firefly Network, Inc., ForeThought, Inc., FrontBridge Technologies, Inc., FRx Software Corp., FUSE Labs, FutureLink Corporation, GeCAD Software SRL, Antivirus Technology, GeoTango International Corp., GIANT Company Software, Inc., Global Care Solutions (Thailand) Co., Ltd., Substantially All Assets, Groove Networks, Inc., Gteko Ltd., id8 Group R2 Studios Inc., InCycle Software Inc., InRelease Business Unit, InMage Systems, Inc., Intellectual Ventures, LLC, Interactive Supercomputing, Inc., InterGrid Limited, Interse Corporation, Intertainer Inc., Intrinsa Corporation, iView Multimedia Ltd., Jellyfish, Inc., Jump Networks, Inc., Kidaro, Inc., Komoku, Inc., KT Corp. (KOSE:A030200), LinkAge Software, Inc., LinkExchange Inc., Massive Inc., Maximal Innovative Intelligence, Media-Streams.com AG, Medstory, Inc., MetricsHub, Inc., Microsoft (China) Co. Ltd., Microsoft (Thailand) Limited, Microsoft AB, Microsoft Advertising, Microsoft Afrique du Nord, Microsoft Algerie S.A.R.L., Microsoft AVN Holdings, Inc, Microsoft Azerbaijan LLC, Microsoft B.V., Microsoft Bangladesh Limited, Microsoft Belgique, Microsoft Bilgisayar Yazilim Hizmetleri Limited Sirketi, Microsoft Bulgaria E.O.O.D., Microsoft Business Solutions ApS, Denmark, Microsoft Business Solutions Schweiz GmbH, Microsoft Canada Inc., Microsoft Chile S.A, Microsoft Colombia S.A., Microsoft Corporation (India) Pvt. Ltd., Microsoft Costa Rica, Microsoft Cyprus, Microsoft d.o.o. Microsoft d.o.o.e.l., Microsoft Danmark ApS, Microsoft De Argentina S.A., Microsoft de Bolivia S.A., Microsoft de Guatemala S.A., Microsoft de Paraguay S.A., Microsoft de Uruguay S.A., Microsoft del Salvador S.A., Microsoft Deutschland GmbH, Microsoft Development Center Copenhagen ApS, Microsoft Development Center Norway AS, Microsoft Dominicana S.A., Microsoft Dynamics Inc, Microsoft Egypt Ltd., Microsoft EMEA SAS, Microsoft Estonia OU, Microsoft Finance Company Limited, Microsoft France, Microsoft Global Finance, Microsoft Gulf FZ LLC, Microsoft Hellas S.A., Microsoft Holdings B.V., Microsoft Holdings V, Inc., Microsoft Home Advisor Technologies, Microsoft Hong Kong Limited, Microsoft Hrvatska d.o.o., Microsoft Ibérica S.R.L., Microsoft Informatica Ltda., Microsoft Innovation Center, Microsoft Institute PTY Limited, Microsoft International B.V., Microsoft International Holdings B.V., Microsoft International Holdings Spain S.R.L., Microsoft Ireland Operations Limited, Microsoft Ireland Research, Microsoft Israel Ltd., Microsoft Jamaica Inc., Microsoft Japan Co., Ltd, Microsoft Jordan PSC, Microsoft Kazakhstan, Microsoft Korea, Inc., Microsoft Latvia SIA, Microsoft Lebanon SARL, Microsoft Licensing Inc., Microsoft Licensing, GP, Microsoft Limited, Microsoft Live Labs, Microsoft Luxembourg, Microsoft Magyarorszag Kft., Microsoft Malaysia Sdn. Bhd., Microsoft Manufacturing B.V., Microsoft Mexico, S.A. de C.V., Microsoft Mobile Oy, Microsoft Msn (china), Microsoft New Zealand Limited, Microsoft Nigeria Limited, Microsoft Norge AS, Microsoft Online, Inc., Microsoft Open Technologies, Inc, Microsoft Operations Pte Limited, Microsoft Operations Puerto Rico, LLC, Microsoft Österreich GmbH, Microsoft Oy, Microsoft Pakistan Limited, Microsoft Panama, Microsoft Peru S.R.L., Microsoft Philippines, Inc., Microsoft Pty. Limited, Microsoft Puerto Rico S.A., Microsoft Regional Sales Corporation, Microsoft Romania S.R.L., Microsoft S.r.l., Microsoft s.r.o., Microsoft SA (Pty) Ltd., Microsoft Saudi Arabia, Microsoft Schweiz Gmbh, Microsoft Singapore Pte. Ltd., Microsoft Slovakia s.r.o., Microsoft Software d.o.o., Microsoft Sp. z o.o., Microsoft Sri Lanka (Pvt) Ltd., Microsoft Studios, Microsoft Taiwan Corporation, Microsoft Trinidad & Tobago Limited, Microsoft Tunisie, S.A.R.L., Microsoft TV, Microsoft UKP Limited, Microsoft Ukraine, Microsoft Venezuela S.A., Microsoft Vietnam, Microsoft Z.A.O., Mitan Computers Advanced Software Ltd., MobiComp, Mojang AB (Pending), MOL Corporation, MongoMusic, Inc., MoosCool, MotionBridge S.A., MSFT-Software Para Microcomputadores Lda., MSN, MSN Autos, MSN eShop, MSN Israel Ltd., Multi Media Mapping Limited, Musiwave SA, MyPlanet.com, N-Trig Ltd., Nanophonic, Inc., Navision a/s, NCompass Labs, Inc., NetGames USA Inc., Netwise, Inc., Nokia Corporation (HLSE:NOK1V) (Pending), NOOK Media LLC, Nortel Networks Corp., Patent Portfolio, Nortel Networks Inc., IPv4 Number Block, Numinous Technologies Inc., OKWave (NSE:3808), Onfolio, Inc., Opalis Software, Inc., Oxigen Services (India) Pvt. Ltd., P.T. Microsoft Indonesia, Pacific Microsonics Inc., Pando Networks, Inc., Parlano, Inc., Peach Networks, Inc., Pelican Security, Inc., Perceptive Pixel, Inc., PhoneFactor Inc., PlaceWare, Inc., PlanetGuru, Powerset, Inc., ProClarity Corporation, Prodiance Corporation, Rapt, Inc., Ravenware Ltd, Rogers Communications Inc. (TSX:RCI.B), Rosetta Biosoftware, Round Island One Limited, Sales Management Systems Inc., ScreenTonic SA, SeaDragon Software, Inc., Secured Dimensions Inc., Sendit AB, Sentillion, Inc., Shadowfactor Software Inc, Shanghai MSN Network Communications Technology Company Limited, Shanghai Wicresoft Co., Ltd., Skype Communications S.à r.l., Skype Global S.à r.l., Softricity, Inc., Softway Systems Inc., SourceGear LLC, Teamprise Assets, SpeedNet Corporation, STNC Ltd., StorSimple, Inc., Stratature, Inc., Sybari Software Inc., SyntaxTree SARL, Tata Consultancy Services (China) Co. Ltd, TechSoup Global, Inc., Teleo Inc., Tellme Networks, Inc., The Independent Adviser Corporation, The MESA Group, Inc., The Microsoft Intellectual Property Licensing Group, ThinkLink, Inc., Toyota Media Service Corporation, Tsinghua-Shenxun Science & Technology

Date Created: Oct-16-2014

Page 3 of 4



## Microsoft Corporation (NasdaqGS:MSFT) > Public Company Profile

Co Ltd., TurboHercules SAS, UAB Microsoft Lietuva, Ubikod SARL, United Management Technologies, Inc., Software and IP Assets, Unveil Technologies, Inc., Valence Research, Inc., Vermeer Technologies, Inc., Vexcel Corporation, Vicinity Corporation, VideoSurf Inc., Virtual Worlds Entertainment Group, Inc., Visio Corporation, Vivaty, Inc., VXtreme, Inc., WebAppoint.com, Inc., WebFives Corp., webHancer Corporation, Whale Communications Ltd., Whale-Sec, Windows Live Hotmail, Winternals Software LP, XDegrees, Inc., YaData Ltd., Yammer, Inc., Yitran Communications Ltd., Zhongguancun Software Co., Zoomit Corp

**Investments as an LP**

AIG Orion Venture Capital Advisors, Ltd., Amadeus Capital Partners Limited, Amadeus I, ChrysCapital, ChrysCapital IV, L.P., ChrysCapital V, L.P., ConnectCapital, Invention Development, Invention Investment Fund I, L.P., Invention Investment fund II, LLC, Madrona Venture Fund II, L.P., Madrona Venture Group, Orion-AIG Fund, L.P., Pinebridge Capital Partners, Inc., Saints Capital

Historical Equity Pricing Data supplied by Interactive Data

**Intraday Quotes are delayed by at least 20 minutes.



## eBay Inc. (NasdaqGS:EBAY) > Public Company Profile

### Company Overview

**Company Type:** Public Company
**Website:** www.ebayinc.com
**Number of Employees:** 31,800
**Ticker:** EBAY (NasdaqGS)
**Year Founded:** 1995

### Business Description

eBay Inc. operates as a technology company that enables commerce and payments on behalf of users, merchants, retailers, and brands of various sizes in the United States and internationally. Its Marketplaces segment operates ecommerce platform, eBay.com; localized sites, including eBay.de and eBay.co.uk; vertical shopping Websites, such as StubHub; and classifieds Websites, such as alaMaula, BilBasen, dba.dk, eBay Classifieds, eBay Kleinanzeigen, eBay Annunci, Gumtree, Kijiji, iBazar, 2dehands.be, 2ememain.be, LoQUo, Marktplaats.nl, and mobile.de, as well as provides advertising services. The company's Payment segment operates Paypal, which enables individuals and businesses to send and receive payments online and through a range of mobile devices; Bill Me Later that enables U.S. merchants to offer, and U.S. consumers to obtain, credit at the point of sale for ecommerce and mobile transactions; and Zong, which provides payment services through mobile carrier billing. Its Enterprise segment provides commerce technologies comprising a suite of interfaces and tools that support a retailer's ecommerce storefront through the Web and mobile devices, customer service call centers, and land based stores, as well as operates ecommerce fulfillment centers; and offers marketing solutions, including digital agency, brand marketing, email marketing, database management, mobile and social advertising, affiliate and search engine marketing, online advertising, display retargeting, and in-depth analytics services. This segment offers its services for retailers and brands that operate in general merchandise categories, including apparel, sporting goods, toys and baby, health and beauty, and home. The company also operates an open platform for merchants and developers. eBay Inc. was founded in 1995 and is headquartered in San Jose, California.

### Primary Industry Classification

Internet Software and Services

### Primary Office Location

2065 Hamilton Avenue | San Jose, CA | 95125 | United States
Phone: 408-376-7400

### Current and Pending Investors

Icahn Capital LP, Kingdom Holdings Company (SASE:4280), Trillium Asset Management LLC

### Prior Investors

Accenture Technology Ventures, Access Capital, Inc., Benchmark Capital (J. Gurley), HarbourVest Partners, LLC, KfW, Maveron Equity Partners II, L.P., Maveron Equity Partners, L.P., Maveron LLC, Sprout Group, Vontobel Private Equity, Webb Investment Network, Wellington Partners Ventures I, Wellington Partners Ventures II, Wellington Ventures

### Investment Arms

Paypal Asset Management, Inc. (Prior)

### Stock Quote and Chart (Currency: USD)

| | | | |
|---|---|---|---|
| Last (Delayed) | 47.66 | Market Cap (mm) | 62,358.5 |
| Open | 48.49 | Shares Out. (mm) | 1,241.2 |
| Previous Close | 50.24 | Float % | 90.0% |
| Change on Day | (2.58) | Shares Sold Short (mm) | 20.5 |
| Change % on Day | (5.1%) | Dividend Yield % | - |
| Day High/Low | 48.69/ 46.34 | Diluted EPS Excl. Extra Items | (0.09) |
| 52 wk High/Low | 59.70/ 48.06 | P/Diluted EPS Before Extra | NM |
| Volume (mm) | 29.95 | Avg 3M Dly Vlm (mm) | 13.59 |
| Beta 5Y | 0.91 | | |

Date Created: Oct-16-2014



# eBay Inc. (NasdaqGS:EBAY) > Public Company Profile



**Delayed Quote** | Last Updated on Oct-16-2014 02:36 PM (GMT-5)**

## Financial Information (Currency: USD, in mm)

| | | | | | |
|---|---|---|---|---|---|
| Total Revenue | 17,511.0 | Market Capitalization | 62,358.5 | TEV/Total Revenue | 3.4x |
| EBITDA | 4,962.0 | Total Enterprise Value | 59,563.5 | TEV/EBITDA | 12.0x |
| EBIT | 3,475.0 | Cash & ST Invst. | 10,391.0 | P/Diluted EPS Before Extra | NM |
| Net Income | (127.0) | Total Debt | 7,596.0 | Price/Tang BV | 6.3x |
| Capital Expenditure | (1,183.0) | Total Assets | 44,476.0 | Total Debt/EBITDA | 1.5x |

Currency in USD in mm, LTM as of Sep-30-2014 TEV and Market Cap are calculated using a close price as of Oct-15-2014

## Index Membership

NYSE Arca Institutional Index;NASDAQ-100 Index;NASDAQ Composite Index;S&P 500 Index;Russell 1000 Index;Russell 3000 Index;S&P 100 Index;S&P 500 Growth Index;S&P 500 Value Index;S&P 500 Sector Indices - Information Technology Sector Index;S&P 500 Software & Services (Industry Group) Index;S&P 500 Equal Weighted Index;NASDAQ Internet Index

## Company Notes

No Company Notes exist.

## Strategy Notes

No Strategy Notes exist.

## Key Professionals

| Name | Title |
|---|---|
| Omidyar, Piere M. | Founder and Chairman |
| Donahoe, John J. | Chief Executive Officer, President and Director |
| Swan, Robert H. | Chief Financial Officer and Senior Vice President of Finance |
| Doerger, Brian J. | Chief Accounting Officer and Vice President |
| Hjelm, Christopher T. | Senior Vice President of Technology |
| Jacobson, Michael R. | Senior Vice President of Legal Affairs, General Counsel and Secretary |
| Marks, Alan L. | Senior Vice President of Corporate Communications |
| Axelrod, Elizabeth L. | Senior Vice President of Human Resources |
| Dolgov, Vladimir | Head of Russian Marketplaces Business |
| Lee, Jae Hyun | Senior Vice President of Asia Pacific Region |
| Parham, Richelle P. | Chief Marketing Officer of North America |
| Payne, Christopher | Head of North America |

## Key Board Members

| Name | Title |
|---|---|
| Omidyar, Piere M. | Founder and Chairman |
| Donahoe, John J. | Chief Executive Officer, President and Director |
| Anderson, Fred D. | Independent Director and Chairman of Audit Committee |
| Barnholt, Edward W. | Independent Director and Chairman of Compensation Committee |

Date Created: Oct-16-2014



## eBay Inc. (NasdaqGS:EBAY) > Public Company Profile

| | |
|---|---|
| Maeda, John | Chair of Design Advisory Board |
| Schlosberg, Richard T. | Independent Director, Chairman of Corporate Governance & Nominating Committee and Member of Audit Committee |
| Tierney, Thomas J. | Lead Independent Director, Member of Corporate Governance & Nominating Committee and Member of Compensation Committee |
| Andreessen, Marc L. | Independent Director |
| Cook, Scott D. | Independent Director and Member of Corporate Governance & Nominating Committee |
| Dorman, David Wyatt | Independent Director and Member of Compensation Committee |
| Ford, William Clay | Independent Director and Member of Compensation Committee |
| Mitic, Kathleen C. | Independent Director and Member of Compensation Committee |

### Current and Pending Subsidiaries / Investments

1075 First Global Associates, LLC, 2dehands.nl B.V., 6700 Cherry Avenue Partners, 7601 Trade Port Drive, LLC, 935 HQ Associates, LLC, 935 KOP Associates, LLC, A1 Markt B.V., Appcelerator Inc., Appnee Applications Ltd., AppTek Partners, LLC, Machine Translation Technology, ASFD, Inc., Autoact AB, Baazee.com Private Limited, Baazee.com, Inc., Baixing Holdings Limited, Bil Markedet ApS, BillBasen ApS, Billinfo ApS, BillSAFE GmbH, Bla Borsen AB, Blackthorne Software, Inc., Braintree Payment Solutions Australia Pty Ltd., Braintree Payment Solutions UK Limited, Bureau of Trade, Bypass Mobile, LLC, CARad.com, ChannelAdvisor Corporation (NYSE:ECOM), Craigslist, Inc., Critical Path Software Inc., DealTime (Europe) B.V., DealTime.com (Germany) GmbH, Decide Inc., Den Blå Avis A/S, Den Blå Avis A/S and BillBasen ApS, e-Dialog Singapore Private Ltd., e-Dialog UK Limited, EachNet.com (Hong Kong) Limited, EachNet.com Limited, EachNet.com Network Information Services (Shanghai) Co., Ltd., eBay Advertising Group GmbH, eBay Anuncios, eBay Asia Pacific Regional Management Services Ltd., eBay Australia and New Zealand Pty Limited, eBay Australia Pty Ltd, eBay Austria GmbH, eBay Belgium Holdings S.A., eBay Belgium SPRL, eBay Belgium SPRL, eBay Canada Limited, eBay Classifieds Argentina S.R.L., eBay Classifieds Cooperative U.A., eBay Classifieds Denmark ApS, eBay Corporate Services GmbH, eBay CS Vancouver Inc., eBay Czech Republic s.r.o., eBay do Brasil Servicos de Consultoria e Marketing Ltda, eBay e-Commerce Technology Operations (Shanghai) Co., Ltd., eBay Eachnet Co Ltd., eBay Engineering & Research Center (Shanghai) Co., Ltd., eBay Enterprise, Inc., eBay Europe Sarl, eBay Europe Services Ltd., eBay Foundation, eBay France SAS, eBay Global Holdings B.V., eBay GmbH, eBay India Centre Private Limited, eBay India Pvt. Ltd., eBay International Advertising GmbH, eBay International AG, eBay International Hong Kong Ltd., eBay International Marketing GmbH, eBay International Treasury Center 2 Sarl, eBay International Treasury Center S.à r.l., eBay Ireland Limited, eBay Israel Holding Ltd., eBay Italia S.r.l., eBay Korea Co., Ltd., eBay KTA (UK) Limited, eBay Malaysia Sdn Bhd, eBay Management (Shanghai) Co., Ltd., eBay Marketing (Thailand ) Company Limited, eBay Mauritius Holding Private Limited, eBay Merchant Services GmbH, eBay Motors India Private Limited, eBay Netherlands B.V., eBay New Ventures K.K., eBay Partner Network, Inc., eBay Polska Sp z o.o., eBay Promotions (UK) Ltd., eBay Real Estate, Inc., eBay Realty Trust, eBay RU LLC, eBay Services GmbH, eBay Services Ltd., eBay Singapore Services Private Limited, eBay Software Technologies (Shanghai) Co., Ltd., eBay Spain International, S.L., eBay Sverige AB, eBay Sweden AB, eBay Taiwan Company Ltd., eBay Treasury Sarl, eBay UK Limited, Ecomsual Argentina S.R.L., Enterprises Kijiji Canada Inc., Equippa AB, EU Liaison Office BVBA, FairMarket, Inc., Substantially all Operating Assets, Gigamoves, GittiGidiyor A.S., GSI Commerce Call Center, Inc., GSI Commerce GmbH, GSI Commerce Japan K.K., GSI Commerce Solutions International S.L., GSI Commerce Solutions, Inc., GSI Commerce South, Inc., GSI Equipment, Inc., GSI Legacy Holdings, Inc., GSI Luxembourg S.a.r.l., Gumtree.com Australia Pty Ltd, GumTree.com Limited, Half.com Inc., High Options Sdn Bhd, HomesDirect.com, Inc., Hortensia B.V., Hunch Inc., iBazar S.A., ibazar.be, InfoTools Danmark AS, Inter Bazar, Internet Performance Testing Ltd., Intoko Limited, Jasper Infotech Private Limited, Jump Incorporated, Kijiji GmbH, Kijiji Limited, Kijiji Limited, Kijiji Ireland Limited, Kijiji Italia s.r.l., Kijiji Korea Co., Ltd., Kijiji Network Information Technology Services (Shanghai) Co. Ltd., Kijiji Norway AS, Kijiji S.a.r.l., Kijiji S.L.U., KOP Promotions LLC, Last Minute Transactions, Inc., LLC NBCI "PayPal RU", Magento, Inc., Marktplaats B.V., MeetUp, Inc., Mercadolibre, Inc. (NasdaqGS:MELI), MicroPlace, Inc., Milo.com, Inc., MissionFish.com, Inc., mobile.International GmbH, NeoCom Technology Co., Ltd., Online Direct, Inc., Opusforum GmbH, PayPal (BVI) Holdings Inc., PayPal (Europe) Ltd., PayPal (Europe) Sarl, PayPal (International) Ltd., PayPal (UK) Limited, PayPal 2 Sarl, PayPal 3 Sarl, PayPal 4 Sarl, PayPal Argentina SRL, PayPal Asia Services Ltd., PayPal Australia Pty Limited, PayPal Bilisim Hizmetleri Limited Sirketi, PayPal Charitable Giving Fund, PayPal Data Services, Inc., PayPal Deutschland GmbH, PayPal Do Brasil Servicos de Consultoria Ltda., PayPal Do Brasil Servicos de e Pagamentos Ltda., Paypal Europe SE, PayPal Europe Services Ltd., PayPal European Marketing S.A., PayPal France SAS, PayPal Hong Kong Limited, PayPal India Private Limited, PayPal Information Technologies (Shanghai) Co., Ltd, PayPal International S.à r.l., PayPal Israel Holding (2008) Ltd., PayPal Israel Ltd., PayPal Italia s.r.l., PayPal Malaysia Services Sdn Bhd, PayPal Mexico, S. De R.L. De C.V., PayPal Nederlands B.V., PayPal Payments Pte. Holdings S.C.S., PayPal Payments Pte. Ltd., PayPal Polska Sp z o.o., PayPal SE, PayPal Services Canada Limited, PayPal Settlement Services (ChongQing) Co., Ltd., PayPal Spain S.L., PayPal Taiwan Sale Limited, PayPal, Inc., PChome eBay Co., Ltd., Peacesoft Solutions Corporation, Phisix, Inc., Positronic, Inc., Private Sale GmbH, Private Sale International GmbH, Projekt Dennis Holdings ApS, Promotions Distributor Service Corporation, ProStores Inc., Quikr India Private Limited, RedLaser of Occipital Inc., Rumgr Inc., S Technologies Limited, Shanghai eBay Network Information Services Co., Ltd., Shopping Epinions International Inc., Shopping.com Australia Pty Ltd., Shopping.com France SAS, Shopping.com GmbH, Shopping.com Ltd., Shopping.com Ltd, Shopping.com, Inc., Shutl Limited, Skype Czech Republic s.r.o., Skype Deutschland GmbH, Skype Hong Kong Limited, Skype Limited, Skype Poland Sp. z o.o, Skype Singapore Pte. Ltd., Skype Sweden AB, Skype Technologies OU, Skyper Limited, Sonorit ApS, StubHub Europe Sarl, StubHub Services Sarl, StubHub, Inc., Sv. Bilannonser, Svpply, Inc., Tel-Online Limited, TicketStreet Inc., TOM Eachnet Holdings (BVI) Inc., TOM Eachnet PRC Holdings (BVI) Inc., Trade2Trade ApS, Trade2Trade Ltd., Vendolin AB, VendorNet, Inc., Via-Online GmbH, WHERE d.o.o., WHI Solutions, Inc., World of Good, Inc., X.Commerce Development LLC, X.commerce, Inc., Zendor/GSI Commerce Limited, Zong GmbH, Zong S.A., Zong SAS, Zvents, Inc.

### Investments as an LP

Invention Development, Invention Investment Fund I, L.P., Invention Investment fund II, LLC

Date Created: Oct-16-2014

Page 3 of 4



## eBay Inc. (NasdaqGS:EBAY) > Public Company Profile

Historical Equity Pricing Data supplied by Interactive Data

**Intraday Quotes are delayed by at least 20 minutes.

Date Created: Oct-16-2014

Page 4 of 4



## CJ Affiliate by Conversant > Private Company Profile

### Company Overview

**Company Type:** Private Company
**Company Status:** Operating Subsidiary
**Website:** www.cj.com
**Number of Employees:** -
**Year Founded:** 1998

### Business Description

CJ Affiliate by Conversant provides affiliate marketing solutions. It offers mobilized solution that allows users to extend their mobile marketing strategies; content solution that combines content innovations and services for advertisers to connect with content publishers; lead generation solutions; pay per call solutions that help advertisers to connect with customers on the phone; personalized media solution; and partner tracking solution that delivers advertisers the tools needed to manage a range of revenue-share marketing partnerships in a private, branded, and secure environment. The company also provides product data feed optimization solution that provides an optimized affiliate marketing feed to advertisers; ViewThrough solution, which delivers the distribution and branding of display advertising; affiliate marketing solutions; and app engagement solution that provides advertisers the opportunity to increase iOS application installs and drive application awareness. In addition, it offers various advertiser tools that include publisher search, bulk uploads, create affiliate links, deep linking, link scheduling, real-time transaction monitoring, report options, product catalog data feed, and APIs/Web services; and publisher tools, such as affiliate links search, deep link generation, real-time transaction monitoring, report options, product catalog data feed, APIs/Web services, and product widgets. CJ Affiliate by Conversant was formerly known as Commission Junction, Inc. and changed its name to CJ Affiliate by Conversant in February 2014. The company was founded in 1998 and is headquartered in Santa Barbara, California. As of December 8, 2003, CJ Affiliate by Conversant operates as a subsidiary of Conversant, Inc.

### Primary Industry Classification

Advertising

### Primary Office Location

530 East Montecito Street | Santa Barbara, CA | 93103 | United States
Phone: 800-761-1072  Fax: 805-730-8001

### Parent Company

Conversant, Inc. (NasdaqGS:CNVR)

### Prior Investors

Crawford Capital, CYCH, Inc., Idealab, QuestMark Partners, QuestMark Partners, L.P., SBI-HIKARI P.E. Co., Ltd., Tailwind Capital Group, LLC, Tailwind Capital Partners Fund, Thomas Weisel Capital Management, LLC

### Financial Information (Currency: USD, in mm)

| Total Revenue | 21.8 | EBITDA | 0.5 | EBIT | (1.7) |
|---|---|---|---|---|---|
| Cash & ST Invst. | 21.0 | Net Income | (1.5) | Total Debt | 0.0 |
| Capital Expenditure | (2.3) | Total Assets | 25.9 | | |

Currency in USD in mm, LTM as of Sep-30-2003 TEV and Market Cap are calculated using the last closing price

### Company Notes

No Company Notes exist.

### Strategy Notes

No Strategy Notes exist.

### Key Professionals

| Name | Title |
|---|---|
| Pollard,  Kerri | President |

Date Created: Oct-16-2014

Page 1 of 2



## CJ Affiliate by Conversant > Private Company Profile

| | |
|---|---|
| Hawks,  Michael P. | Chief Financial Officer |
| Osman,  Dave | Senior Vice President of Operations |
| Kadar,  Robert | Director of National Sales |
| Johnston,  Pamela Thompson | Senior Vice President of Client Development |
| Richards,  Sam | Head of UK Sales |
| Bjoras,  Anders | Vice President of Engineering |
| Ginsberg,  Scott | Director of Publisher Development |
| Gramshammer,  Florian | UK Country Manager |
| Lovette,  Jennifer | Vice President of Client Development - West |
| Pilat,  Heather | Vice President of Analytics |
| Riedell,  Kim | Vice President of Client Development - East |

| Current and Pending Subsidiaries / Investments |
|---|
| Gold Rush Inc., IntraCART |



## Business.com Media, Inc. > Private Company Profile

### Company Overview

**Company Type:** Private Company
**Website:** www.business.com
**Number of Employees:** 60
**Year Founded:** -

### Business Description

Business.com Media, Inc. provides a performance-based marketing platform that enables small-to-medium enterprises to discover, compare, and purchase products and services they need to run and grow their businesses. It offers a suite of performance marketing products for advertisers, including sales ready leads, pay-per-click advertising, marketing ready leads, display advertising, and directory listings. Business.com Media, Inc. is based in Carlsbad, California.

### Primary Industry Classification

Internet Software and Services

### Primary Office Location

1900 Wright Place Suite 250 | Carlsbad, CA | 92008 | United States
Phone: 888-441-4466   Fax: 858-724-1471

### Prior Investors

Sood Ventures

### Financial Information (Reported Currency)

| Total Revenue (USD, mm) | 8.0 | Operating Income (mm) | - | Total Assets (mm) | - |
|---|---|---|---|---|---|
| Gross Profit (mm) | - | EBITDA (mm) | - | Total Debt (mm) | - |
| Net Income (mm) | - | Estimated Number of Employees | 60 | Net Debt (mm) | - |

### Company Notes

No Company Notes exist.

### Strategy Notes

No Strategy Notes exist.

### Key Professionals

| Name | Title |
|---|---|
| Uphoff,  Tony L. | Chief Executive Officer and Director |
| Rogers,  Andrew | President and CMO |
| Scuteri,  Betsy | Editor-In-Chief |
| Conway,  Michael D. | Chief Financial Officer |
| Workman,  Michelle | Director of Operations |
| Swisher,  Robert | Chief Technology Officer |
| Biancamano, Joe | Director of Sales |
| Hand,  Katie | Vice President of Performance Marketing & Ad Operations |
| Johnson,  Vanessa | Director of Talent & Culture |
| Mehdiabadi,  Nazzi | Senior Director of Finance |

Date Created: Oct-16-2014

Page 1 of 2



## Business.com Media, Inc. > Private Company Profile

| | |
|---|---|
| Reinero,  Grant | Creative Director |

| Key Board Members | |
|---|---|
| **Name** | **Title** |
| Uphoff,  Tony L. | Chief Executive Officer and Director |
| Arrowsmith,  Peter C. | Director |

| Current and Pending Subsidiaries / Investments |
|---|
| No subsidiaries / investments exist. |

Date Created: Oct-16-2014

**– A191 –**



## Amazon.com Inc. (NasdaqGS:AMZN) > Public Company Profile

### Company Overview

**Company Type:** Public Company
**Website:** www.amazon.com
**Number of Employees:** 117,300
**Ticker:** AMZN (NasdaqGS)
**Year Founded:** 1994

### Business Description

Amazon.com, Inc. operates as an online retailer in North America and internationally. The company operates in two segments, North America and International. The company serves consumers through retail Websites, such as amazon.com and amazon.ca, which primarily include merchandise and content purchased for resale from vendors and those offered by third-party sellers. It also offers programs that enable sellers to sell their products on company's Websites, and their own branded Websites; and programs, which allow authors, musicians, filmmakers, app developers, and others to publish and sell content. In addition, the company serves developers and enterprises through Amazon Web Services, which provides access to technology infrastructure that enables virtually various businesses. Further, it offers Kindle Direct Publishing, an online platform that allows independent authors and publishers to make their books available in the Kindle Store; and manufactures and sells electronic devices, as well as provides co-branded credit card agreements and advertising services. Additionally, the company offers Amazon Prime, an annual membership program, which provides free shipping of items; access to streaming of movies and TV episodes; and access to books to borrow and read on a Kindle device. Amazon.com, Inc. was founded in 1994 and is headquartered in Seattle, Washington.

### Primary Industry Classification

Internet Retail

### Primary Office Location

410 Terry Avenue North | Seattle, WA | 98109 | United States
Phone: 206-266-1000

### Current and Pending Investors

Calvert Investment Management, Inc., T. Rowe Price Associates, Inc., Tugboat Ventures, LLC

### Prior Investors

AOL Inc. (NYSE:AOL), Cedar Grove Investments LLC, Destination Wealth Management, Kingdom Holdings Company (SASE:4280), Kleiner Perkins Caufield & Byers (John Doerr, William Gordon), KPCB China Fund, Madrona Venture Group

### Investment Arms

Amazon.com Inc., Investment Arm

### Stock Quote and Chart (Currency: USD)

| | | | |
|---|---|---|---|
| **Last  (Delayed)** | 303.24 | **Market Cap (mm)** | 141,369.2 |
| **Open** | 293.83 | **Shares Out. (mm)** | 462.0 |
| **Previous Close** | 305.97 | **Float %** | 81.6% |
| **Change on Day** | (2.73) | **Shares Sold Short (mm)** | 7.1 |
| **Change % on Day** | (0.9)% | **Dividend Yield %** | - |
| **Day High/Low** | 306.82/ 293.83 | **Diluted EPS Excl. Extra Items** | 0.39 |
| **52 wk High/Low** | 408.06/ 284.38 | **P/Diluted EPS Before Extra** | NM |
| **Volume (mm)** | 3.73 | **Avg 3M Dly Vlm (mm)** | 3.58 |
| **Beta 5Y** | 1.00 | | |

Date Created: Oct-16-2014

Page 1 of 3



## Amazon.com Inc. (NasdaqGS:AMZN) > Public Company Profile



Delayed Quote** | Last Updated on Oct-16-2014 02:38 PM (GMT-5)

### Financial Information (Currency: USD, in mm)

| | | | | | |
|---|---|---|---|---|---|
| Total Revenue | 81,759.0 | Market Capitalization | 141,369.2 | TEV/Total Revenue | 1.7x |
| EBITDA | 4,018.0 | Total Enterprise Value | 136,502.2 | TEV/EBITDA | 33.9x |
| EBIT | 617.0 | Cash & ST Invst. | 7,986.0 | P/Diluted EPS Before Extra | NM |
| Net Income | 181.0 | Total Debt | 3,119.0 | Price/Tang BV | 17.8x |
| Capital Expenditure | (4,288.0) | Total Assets | 37,898.0 | Total Debt/EBITDA | 0.8x |

Currency in USD in mm, LTM as of Jun-30-2014 TEV and Market Cap are calculated using a close price as of Oct-15-2014

### Index Membership

NYSE Arca Institutional Index;NASDAQ-100 Index;NASDAQ Composite Index;S&P 500 Index;Russell 1000 Index;Russell 3000 Index;S&P 100 Index;S&P 500 Retailing (Industry Group) Index;S&P 500 Growth Index;S&P 500 Sector Indices - Consumer Discretionary Sector Index;S&P 500 Internet & Catalog Retail (Industry) Index;S&P 500 Equal Weighted Index;S&P Retail Select Industry Index;NASDAQ Internet Index

### Company Notes

No Company Notes exist.

### Strategy Notes

No Strategy Notes exist.

### Key Professionals

| Name | Title |
|---|---|
| Bezos, Jeffrey P. | Founder, Chairman, Chief Executive Officer and President |
| Szkutak, Thomas J. | Chief Financial Officer and Senior Vice President |
| Reynolds, Shelley L. | Principal Accounting Officer, Vice President and Worldwide Controller |
| Zapolsky, David A. | Senior Vice President, General Counsel and Secretary |
| Berman, Craig | Vice President of Global Communications |
| Blackburn, Jeffrey M. | Senior Vice President of Business Development |
| Jassy, Andrew R. | Senior Vice President of Web Services |
| Piacentini, Diego | Senior Vice President of International Consumer Business |
| Wilke, Jeffrey A. | Senior Vice President of Consumer Business |
| Gurr, Douglas | President of China |
| Beale, Brad | Director of Content Acquisition for Digital Video |
| Ceballos, Alex | Director of M&A |

### Key Board Members

| Name | Title |
|---|---|
| Bezos, Jeffrey P. | Founder, Chairman, Chief Executive Officer and President |
| Gordon, William B. | Director and Chairman of Leadership Development & Compensation Committee |
| Gorelick, Jamie S. | Director and Chairman of Nominating & Corporate Governance Committee |
| Ryder, Thomas O. | Director and Chairman of Audit Committee |

Date Created: Oct-16-2014

Page 2 of 3



## Amazon.com Inc. (NasdaqGS:AMZN) > Public Company Profile

| | |
|---|---|
| Alberg,  Tom A. | Lead Director and Member of Audit Committee |
| Brown,  John Seely | Director and Member of Nominating & Corporate Governance Committee |
| McGrath,  Judy | Director |
| Monié,  Alain | Director and Member of Audit Committee |
| Rubinstein,  Jonathan J. | Director and Member of Leadership Development & Compensation Committee |
| Stonesifer,  Patricia Q. | Director, Member of Nominating & Corporate Governance Committee and Member of Leadership Development & Compensation Committee |

### Current and Pending Subsidiaries / Investments

A2Z Gift Certificates, Inc., A9.com, Inc., Abebooks, Inc., Accept.com Financial Services Corporation, ACI Gift Cards, Inc., Acme Electric Motor Co., The catalog And Online Commerce Assets, Adzinia Media Group LLC, AF Operations LLC, Alexa Internet, Inc., Amazon China Ltd., Amazon Content Services LLC, Amazon Corporate LLC, Amazon Data Services Ireland Ltd., Amazon Development Centre (India) Pvt. Ltd., Amazon Development Centre (london) Ltd, Amazon Development Centre (Scotland) Ltd, Amazon Digital Services, Inc., Amazon EU S.à.r.l., Amazon Europe Holding Technologies SCS, Amazon Fulfillment Germany Gmbh, Amazon Fulfillment Services, Inc., Amazon Global Resources, Inc., Amazon Japan KK, Amazon Logistik Gmbh, Amazon Media Eu Sarl, Amazon Payments, Inc., Amazon Seller Services Private Limited, Amazon Services Europe S.a r.l., Amazon Services International, Inc., Amazon Services LLC, Amazon Technologies, Inc., Amazon Web Services, Inc., Amazon, Inc., Amazon.co.uk Ltd., Amazon.Com D, Inc., Amazon.com Holdings, Inc., Amazon.com Int'l Marketplace, Inc., Amazon.com Int'l Sales, Inc., Amazon.com Kids, Inc., Amazon.com LLC, Amazon.com NV Investment Holdings, Inc., Amazon.com TC 2, Inc., Amazon.com.axdc, Inc., Amazon.com.azdc, Inc, Amazon.com.dedc, LLC, Amazon.com.indc, LLC, Amazon.com.ksdc, Inc., Amazon.com.kydc LLC, Amazon.com.nddc, Inc., Amazon.com.nvdc, Inc., Amazon.de GmbH, Amazon.fr Logistics, Amazonfresh LLC, AmazonLocal LLC, AmazonSupply, Amie Street, Inc., Askville, Atomic Moguls, Inc., Audible, Inc., AZBC Holdings, Inc., Basis Technology Corp., BiblioFind, Inc, Bookpages Limited, BookSurge LLC, BOP, LLC, Brilliance Audio, Inc., buyVIP SL, Century Outstanding Information Technology Company, Ciceksepeti Internet Hizmetleri A.S., Colis Privé, Convergence Corporation, Digital Photography Review, Double Helix Games LLC, Egghead.com, Website, Exchange.com, Inc., Fabric.com, Inc., Foxit Software Incorporated, Goodreads, Inc., Iconology, Inc. (Pending), IMDb.com, Inc., IVONA Software Sp. z o.o., Junglee Corp., Kiva Systems LLC, Lab126, Inc., Lexcycle, Inc., LiveBid.com, LOVEFiLM International Limited, Lovefilm UK Limited, Mobipocket SAS, NCM Services Inc., NV Services, Inc., On-Demand Publishing, LLC, Ourhouse, Inc., PlanetAll, Inc., Push Button Holdings Ltd., Quidsi, Inc., Quorus Inc., Reflexive Entertainment Inc., Samsung LCD Netherlands R&D Center B.V., Tastemakers, Inc., Telebook, Inc., TenMarks Education, LLC., The Book Depository Ltd., Twitch Interactive, Inc., UpNext, Inc., WhoSay Inc., Wikia, Inc., Wine.com, Inc., Woot, Inc., Yap, Inc., Yieldex, Inc., Zappos.com, Inc.

### Investments as an LP

Kleiner Perkins Caufield & Byers, Saints Capital, sFund, L.P.

Historical Equity Pricing Data supplied by Interactive Data

**Intraday Quotes are delayed by at least 20 minutes.

Date Created: Oct-16-2014

Page 3 of 3



**S&P CAPITAL IQ**
McGRAW HILL FINANCIAL

## Expedia Inc. (NasdaqGS:EXPE) > Public Company Profile

### Company Overview

**Company Type:** Public Company
**Website:** www.expediainc.com
**Number of Employees:** 14,570
**Ticker:** EXPE (NasdaqGS)
**Year Founded:** 1996

### Business Description

Expedia, Inc., together with its subsidiaries, operates as an online travel company in the United States and internationally. It provides travel products and services to leisure and corporate travelers, offline retail travel agents, and travel service providers through a portfolio of brands, including Expedia.com, Hotels.com, Hotwire.com, Classic Vacations, Expedia Local Expert, Egencia, Expedia CruiseShipCenters, eLong, and Venere.com. It facilitates the booking of hotel rooms, airline seats, car rentals, and destination services from its travel suppliers, as well as acts as an agent in the transaction, passing reservations booked by its travelers to the relevant travel providers. The company was founded in 1996 and is headquartered in Bellevue, Washington.

### Primary Industry Classification

Internet Retail

### Primary Office Location

333 108th Avenue NE | Bellevue, WA | 98004 | United States
Phone: 425-679-7200

### Current and Pending Investors

Capital World Investors, Liberty Capital Group, Inc., Liberty Interactive Corporation (NasdaqGS:QVCA)

### Prior Investors

Madrona Venture Fund II, L.P., Madrona Venture Group

### Investment Arms

Expedia, Inc., Asset Management Arm

### Stock Quote and Chart (Currency: USD)

| | | | |
|---|---|---|---|
| **Last  (Delayed)** | 74.32 | **Market Cap (mm)** | 9,443.6 |
| **Open** | 72.48 | **Shares Out. (mm)** | 127.5 |
| **Previous Close** | 74.10 | **Float %** | 77.3% |
| **Change on Day** | 0.23 | **Shares Sold Short (mm)** | 9.9 |
| **Change % on Day** | 0.3% | **Dividend Yield %** | 1.0% |
| **Day High/Low** | 74.89/ 71.23 | **Diluted EPS Excl. Extra Items** | 2.46 |
| **52 wk High/Low** | 89.26/ 47.42 | **P/Diluted EPS Before Extra** | 29.43x |
| **Volume (mm)** | 2.49 | **Avg 3M Dly Vlm (mm)** | 1.74 |
| **Beta 5Y** | 0.96 | | |

Delayed Quote** | Last Updated on Oct-16-2014 02:39 PM (GMT-5)

Date Created: Oct-16-2014



## Expedia Inc. (NasdaqGS:EXPE) > Public Company Profile

### Financial Information (Currency: USD, in mm)

| | | | | | |
|---|---|---|---|---|---|
| Total Revenue | 5,248.9 | Market Capitalization | 9,443.6 | TEV/Total Revenue | 1.7x |
| EBITDA | 734.0 | Total Enterprise Value | 8,925.1 | TEV/EBITDA | 12.2x |
| EBIT | 559.5 | Cash & ST Invst. | 2,371.8 | P/Diluted EPS Before Extra | 30.2x |
| Net Income | 340.6 | Total Debt | 1,249.4 | Price/Tang BV | NM |
| Capital Expenditure | (308.0) | Total Assets | 9,234.8 | Total Debt/EBITDA | 1.7x |

Currency in USD in mm, LTM as of Jun-30-2014 TEV and Market Cap are calculated using a close price as of Oct-15-2014

### Index Membership

NASDAQ-100 Index;NASDAQ Composite Index;S&P 500 Index;Russell 1000 Index;Russell 3000 Index;S&P 500 Retailing (Industry Group) Index;S&P 500 Growth Index;S&P 500 Value Index;S&P 500 Sector Indices - Consumer Discretionary Sector Index;S&P 500 Internet & Catalog Retail (Industry) Index;S&P 500 Equal Weighted Index;S&P Retail Select Industry Index;NASDAQ Internet Index

### Company Notes

No Company Notes exist.

### Strategy Notes

No Strategy Notes exist.

### Key Professionals

| Name | Title |
|---|---|
| Diller, Barry | Executive Chairman, Senior Executive and Chairman of Executive Committee |
| Khosrowshahi, Dara | Chief Executive Officer, President, Director and Member of Executive Committee |
| Okerstrom, Mark D. | Chief Financial Officer and Executive Vice President |
| Soliday, Lance A. | Chief Accounting Officer, Controller and Vice President |
| Holtz, Bill | Chief Information Officer |
| Dzielak, Robert J. | Executive Vice President, General Counsel and Secretary |
| Symes, Connie | Executive Vice President of Human Resources |
| Gorin, Ariane | Senior Vice President and General Manager |
| Moodey, Tucker | Executive Vice President of Customer Operations |
| Ranque, Cyril | Senior Vice President of Global Market Management |
| Fonseca, Dhiren R. | Co-President of Global Partner Services Group |
| Greyber, Robert | President of Egencia |

### Key Board Members

| Name | Title |
|---|---|
| Diller, Barry | Executive Chairman, Senior Executive and Chairman of Executive Committee |
| Khosrowshahi, Dara | Chief Executive Officer, President, Director and Member of Executive Committee |
| Kaufman, Victor A. | Vice Chairman and Member of Executive Committee |
| Battle, A. George | Director and Chairman of Audit Committee |
| Dolgen, Jonathan L. | Director, Chairman of Compensation Committee and Chairman of Section 16 Committee |
| Antonio Tazón García, José | Director |
| Coe, Pamela L. | Director and Member of Compensation Committee |
| Jacobson, Craig A. | Director, Member of Audit Committee, Member of Compensation Committee and Member of Section 16 Committee |
| Kern, Peter M. | Director, Member of Audit Committee, Member of Compensation Committee and Member of Section 16 Committee |
| Malone, John C. | Director |

Date Created: Oct-16-2014

Page 2 of 3



## Expedia Inc. (NasdaqGS:EXPE) > Public Company Profile

**Current and Pending Subsidiaries / Investments**

AAE Travel Pte. Ltd., Activity Information Center, Inc., C.A. ID SAS, Classic Vacations, LLC, Cruiseshipcenters Canada Inc, CruiseShipCenters Holdings Inc., CruiseShipCenters International Inc., CruiseShipCenters USA Inc., CruiseShipCenters Western Canada Ltd., CT Partners Pty. Ltd., Egencia (China) Information Technology Co., Ltd., Egencia (Shanghai) Travel Service Co., Ltd, Egencia Australia Pty. Ltd., Egencia Belgium SA, Egencia Canada Corp., Egencia Europe SAS, Egencia France SAS, Egencia GmbH, Egencia LLC, Egencia Travel India Private Limited, Egencia UK Ltd., eGulliver.com, Expedia Asia Pacific Limited, Expedia Asia Pacific-Alpha Limited, Expedia Australia Pty. Ltd., Expedia Canada Corp., Expedia Corporate Travel Online India Private Limited, Expedia France s.a.s., Expedia Italy SRL, Expedia Korea Co., Ltd., Expedia Malaysia Sdn. Bhd., Expedia New Zealand Limited, Expedia Partner Services, Inc., Expedia Services SAS, Expedia Spain S.L., Expedia US, Inc., Expedia.com GmbH, Expedia.Com Ltd., Expedia.nl B.V., GL Expedia S.A.S., Hotels.com, Hotels.com GP, LLC, Hotwire, Inc., HRN 99 Holdings LLC, HRN France SAS, IAC Global, LLC, Ian.Com, L.P., Interactive Affiliate Network, L.L.C., Metropolitan Travel, Inc., Mobiata LLC, Newtrade Technologies Inc., Owl Holding Company, Inc., Premier Getaways Inc., Room 77, Inc., Swetra Group AB, Traveldoo SAS, Travelforce Pty Ltd., Travelscape, LLC, Tron NewCo GmbH, VacationSpot S.L., VacationSpot.com, Inc., Venere Net S.r.l., Venere UK Limited, Via Egencia Finland Oy, VIA Egencia Norway AS, Voyages-sncf.com SAS, Wotif.com Holdings Limited (ASX:WTF) (Pending), WWTE Travel Limited, WWTE, Inc.

Historical Equity Pricing Data supplied by Interactive Data

**Intraday Quotes are delayed by at least 20 minutes.

# Exhibit I

Privacy Policy | Calendar | Site Map | Contacts | Wiki | Blog | Subscribe | Join the IAB





About  Guidelines & Best Practices  Mobile  Public Policy  Research  Events & Learning  Members  Certification

Rx DRUG GUIDE FOR PARENTS    Find out the most popular Rx drugs abused by teens, street names, dangers and signs of abuse.    DOWNLOAD NOW ▶    Partnership for Drug-Free Kids   Where families find answers    THE MEDICINE ABUSE PROJECT

Home » About the IAB » Recent Press Releases » Press Release Archive » THE INTERACTIVE INDUSTRY COMMITS TO THE DEVELOPMENT OF CLICK MEASUREMENT GUIDELINES



Recent Press Releases

**Press Release Archive**

2013

2012

2011

2010

2009

2008

2007

2006

2005

2004

2003

2002

2001

2000

1999

1998

1997

1996

**IAB Board of Directors**

**IAB Staff**

**FAQ**

**IAB Member Code of Conduct**

**IAB Agency Advisory Board**

**Global IABs**

**IAB Privacy Policy**

**2013 Annual Report**

**President's Reports**

**Advertise With Us**

**IAB in the News**

**IAB/SmartBrief Job Board Copy**

**IAB Products for Your Business**

Wednesday, August 2, 2006

# THE INTERACTIVE INDUSTRY COMMITS TO THE DEVELOPMENT OF CLICK MEASUREMENT GUIDELINES

## The IAB announces the Formation of an Industry-wide Click Measurement Working Group

The Interactive Advertising Bureau (IAB) today announced that they are forming an industry-wide Click Measurement Working Group to create a set of Click Measurement Guidelines. These Guidelines, a joint effort with the Media Rating Council (MRC), will provide the detailed definition of a "click" and the standard against which clicks are measured and counted including the identification of invalid clicks and/or fraudulent clicks.

Member companies who have confirmed their participation in this Working Group thus far include: Ask.com, Google, LookSmart, Microsoft Corp., Yahoo!, and others.

The IAB is steadfast in its commitment to the principles of transparency and industry oversight for the measurement of any aspect of Interactive media. The Click Measurement Guidelines will also outline an industry driven auditing and certification recommendation for any organization involved in performance based marketing like search engines, ad networks, third party ad servers or any company that counts clicks as a part of the media currency. These guidelines are part of the broader Global Ad Impression Guidelines that were launched in 2004 and follow the recent release of the Broadband Measurement Guidelines.

"I applaud the IAB for continuing to take a leadership role in the creation of Measurement Guidelines across all platforms of the Interactive medium," said George Ivie, Executive Director and CEO, Media Rating Council. "Agencies and marketers should feel assured that the Interactive industry is striving for increased reliability and consistency through the guideline-setting process and through their support for audits."

The establishment of these guidelines will provide marketers with a standard for the consistent and reliable measurement of their performance based marketing. Independent auditing against the complete guidelines should provide advertisers with added security for their internet advertising investment and further solidify the increased level of accountability and transparency already established by this medium.

"Click Measurement is the next phase of the Interactive industry's groundbreaking Global Measurement Guidelines initiative," says Greg Stuart CEO of the IAB. "These guidelines demonstrate our continued commitment to being the most accountable advertising medium and providing marketers with the highest possible level of transparency."

The Click Measurement Working Group is open to all IAB Members. For additional information, email Erica@iab.net. A full copy of the already completed Global Measurement Ad Impression Guidelines can be found here.

The names of actual companies and products mentioned herein may be the trademarks of their respective owners

**About the IAB:**
Founded in 1996, the Interactive Advertising Bureau (IAB) represents over 250 leading interactive companies that are

actively engaged in, and support the sale of interactive advertising. IAB members are responsible for selling over 86% of online advertising in the United States. On behalf of its members, the IAB evaluates and recommends standards and practices, fields interactive effectiveness research and educates the advertising industry regarding the use of interactive advertising. For more information, please visit www.iab.net.

**About the MRC:**

The MRC is a non-profit industry association established in 1964 at the behest of the US Congress. The MRC is comprised of leading television, radio, print and Internet companies, as well as advertisers, advertising agencies and trade associations whose goal is to ensure measurement services that are valid, reliable and effective. Measurement services desiring MRC Accreditation are required to disclose to their customers all methodological aspects of their service; comply with the MRC's Minimum Standards For Media Rating Research; and submit to MRC-designed audits to authenticate and illuminate their procedures. In addition, the MRC membership actively pursues research issues they consider priorities in an effort to improve the quality of research in the marketplace. Currently, approximately 40 syndicated research products are audited by the MRC. For more information, please visit www.mediaratingcouncil.org.

Press Contacts:

| | |
|---|---|
| Interactive Advertising Bureau | Media Rating Council |
| Marla Nitke | George W. Ivie |
| Marketing Communications Director | CEO and Executive Director |
| 212-380-4714 | 212-972-0300 |
| marla@iab.net | givie@mediaratingcouncil.org |

Site measurement by:        Ad serving by:                This site powered by:

Atlas Workcenter®
Enterprise

Designed by:
Raven Creative, Inc

Home | About Us | Insights & Research | Events & Training | Our Work & Products | Member Center | Join the IAB
Privacy Policy | Newsletter | Site Map | Contacts | RSS | Mobile Site
© 2014 Interactive Advertising Bureau | Terms of Use

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF BRITE SMART CORP.'S OPPOSITION TO
<u>GOOGLE INC.'S MOTION TO TRANSFER VENUE</u>**

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................... 1

II.     BACKGROUND ...................................................................................... 2

    A.      The Eastern District of Texas is Clearly More Convenient for Brite Smart................. 2

       1.   Brite Smart's Party Witnesses ............................................................. 2

       2.   Brite Smart's Documents .................................................................... 3

       3.   Brite Smart's "Non-Party" Witnesses ................................................ 3

    B.      Defendant Overstates its Claim of Convenience in NDCA ........................................ 6

       1.   Defendant's Party Witnesses ............................................................... 6

       2.   Defendant's "Non-Party" Witnesses .................................................. 7

    C.      Patent Prosecution Witnesses ..................................................................... 8

III.    ARGUMENT ........................................................................................... 8

    A.      The Private Interest Factors Weigh Against Transfer or Are Neutral ........................ 8

       1.   The Relative Ease of Access to Sources of Proof Weighs Against Transfer................9

       2.   The Availability of Compulsory Process Weighs Against Transfer or is Neutral.................................................................................12

       3.   Cost of Attendance for Willing Witnesses Weighs Against Transfer .........................13

       4.   All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive Weigh Against Transfer....................................................13

    B.      The Public Interest Factors Weigh Against Transfer................................................. 14

       1.   Administrative Difficulties Flowing from Court Congestion Weigh Against Transfer ....................................................................................14

       2.   The Local Interest in Having Localized Interests Decided at Home Weighs Against Transfer....................................................................15

       3.   Familiarity of the Forum with the Law That Governs the Case and the Avoidance of Unnecessary Problems of Conflict of Laws Do Not Favor Transfer .......................................................................15

IV.     CONCLUSION ..................................................................................... 15

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*AT&T Intel. Prop. I, L.P. v. Airbiquity Inc.*, Case No. 3:08-CV-1637-M, 2009 WL 774350 (N.D. Tex. Mar. 24, 2009) .......................................................................................................1

*Comcam Int'l, Inc. v. Mobotix Corp.*, No. 2:13-cv-798-JRG (E.D. Tex. Aug. 26, 2014) .............13

*EMG Technology, LLC v. Chrysler Group, LLC*, No. 6:12-cv-259-MHS (E.D. Tex. Mar. 28, 2013) .......................................................................................................................................5

*Gates Learjet Corp v. Jenson*, 743 F.2d 1325 (9th Cir. 1984) .......................................................14

*Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) ............................................................................................................................................5

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)...................................................................14

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 1998) .........................................................1

*Rembrandt Patent Innovations, LLC v. Apple, Inc.*, No. 2:14-CV-0015-JRG (E.D. Tex. Aug. 1, 2014) ..............................................................................................................1, 12

*Texas Data Co., LLC v. Target Brands, Inc.*, 771 F.Supp.2d 630 (E.D. Tex. 2011).......................1

*Thomas Swan & Co., Ltd. v. Finisar Corp.*, No. 2:13-cv-178-JRG (E.D. Tex. Jan. 6, 2014).......12

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011-JRG (E.D. Tex, Jan. 31, 2014) ............................................................................................................................................12

<u>**Rules**</u>

Fed. R. Civ. P. 45(a)(2)....................................................................................................................12

Fed. R. Civ. P. 45(c)(1)(A) .............................................................................................................12

Fed. R. Civ. P. 45(c)(1)(B) .............................................................................................................12

## **TABLE OF EXHIBITS**

Exhibit A      Declaration of Patrick Zuili

Exhibit B      Declaration of Michael J. Collins

Exhibit C      Declaration of John R. Kasha

Exhibit D      Declaration of Dr. Gregory J. Gonsalves

Exhibit E      Declaration of Robert D. Katz

Exhibit F      Documents Relating to Other Relevant Click Fraud Litigation

Exhibit G      Documents Containing Website Pages and Witness Location Information from
               Tracers Information Specialists

Plaintiff Brite Smart Corp. ("Brite Smart") submits this Response to the Motion to Transfer Venue of Defendant Google Inc. ("Google") and would respectfully show the Court as follows:

## I.     INTRODUCTION

A party "who seeks the transfer must show good cause" and, to do so, must "demonstrate[] that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 1998) (emphasis added). This burden, which the Fifth Circuit "does not take [] lightly," gives the appropriate deference to a plaintiff's choice of forum. *Texas Data Co., LLC v. Target Brands, Inc.*, 771 F.Supp.2d 630, 636, 638 (E.D. Tex. 2011). If the Defendant fails to satisfy this burden, "the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315. The burden on the party seeking transfer is significant and must show that the transferee forum is clearly more convenient. *See AT&T Intel. Prop. I, L.P. v. Airbiquity Inc.*, Case No. 3:08-CV-1637-M, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (denying motion to transfer venue where transferee venue was not clearly more convenient even though defendant demonstrated that transferee forum was more convenient than transferor venue).

In sum, Google has not shown that the Northern District of California ("NDCA") is "clearly more convenient" than this District. Defendant's motion does nothing more than attempt to shift inconvenience – to the extent there is any in the first place – from one party to another. As numerous cases in this District hold, a defendant's motion to transfer must be denied under such circumstances. *Rembrandt Patent Innovations, LLC v. Apple, Inc.*, No. 2:14-CV-0015-JRG (E.D. Tex. Aug. 1, 2014) *citing Thomas Swan & Co., Ltd. v. Finisar Corp.*, No. 2:13-cv-178-JRG (E.D. Tex. Jan. 6, 2014). For these reasons, and as discussed more fully below, this Court should deny Google's motion to transfer.

## II.    BACKGROUND

### A.    The Eastern District of Texas is Clearly More Convenient for Brite Smart

Brite Smart's principal, and only, office is located in Tyler, Texas.  Ex. B, Collins Decl. at ¶2.  Mr. Michael J. Collins is the vice president for Brite Smart.  *Id*. at ¶1.  Defendant's intimations regarding Brite Smart's organization are of no moment.  Mr. Collins is free to be concurrently employed in other occupations while also performing duties as vice president of Brite Smart.  On the one hand, Defendant states that it intends to rely on a laches defense, in effect criticizing Brite Smart for not having enforced its intellectual property rights sooner, while on the other hand Defendant attacks Brite Smart for hiring a manager with intellectual property experience to assist it with enforcing its patents.  *See* Mot. at 9.  That Defendant identifies Mr. Collins' other employment as a private investigator is a distinction without a difference.  *See* Mot. at 2.  Similarly, that one of Brite Smart's counsel has represented other organizations managed by Mr. Collins in the past evinces nothing more than an established attorney-client relationship with no relevance to the venue analysis in this case.

### 1.  Brite Smart's Party Witnesses

Mr. Collins, Brite Smart's vice president, has relevant knowledge regarding the instant suit, including knowledge of Brite Smart's corporate organization and structure, the operations of Brite Smart, locations of relevant documents, knowledge regarding the patents-in-suit, and invaluable experience with the licensing of intellectual property.  Ex. B, Collins Decl. at ¶1.  Mr. Collins has lived in the Eastern District of Texas ("EDTX") for his entire life of 43 years and currently resides in Tyler, Texas.  *Id*. at ¶2.  As such, Marshall is a far more convenient venue for Mr. Collins.  *Id*. at ¶5.  Brite Smart anticipates that Mr. Collins will be Brite Smart's Fed. R. Civ. P. 30(b)(6) witness, and expects Mr. Collins to testify at trial.  *Id*. at ¶4.

Mr. Patrick Zuili, the inventor of the patents-in-suit, resides in Boca Raton, Florida.  Ex.

A, Zuili Decl. ¶2.  Marshall, Texas is also a far more convenient venue for Mr. Zuili than NDCA.

*Id*. at ¶3; Ex. E Katz Decl ¶2.

### 2. Brite Smart's Documents

Brite Smart's physical paper files are stored at Brite Smart's principal office in Tyler, Texas.  Ex. B, Collins Decl. at ¶8.  Brite Smart's hardcopy files include, for example, patent documents including copies, originals and certified copies, as well as organizational and operational documents relating to its day-to-day activities.  *Id*.  Brite Smart's electronic documents are stored on computers located in Brite Smart's principal office in Tyler.  *Id*. at ¶7.  Brite Smart's electronic documents include, for example, the file histories of the patents-in-suit and technical documents relating to the accused instrumentalities.  *Id.*  None of Brite Smart's documents are located in NDCA.  *Id*. at ¶9.

### 3. Brite Smart's "Non-Party" Witnesses

The patents-in-suit generally claim a pay-per-click engine, sometimes in conjunction with a search engine, and a method of detecting invalid or fraudulent clicks.  Potential technical witnesses will have knowledge of pay-per-click ("PPC" or "CPC" – cost per click) systems and/or click fraud detection mechanisms.  Google's PPC system is known as "AdWords".  Brite Smart's potential non-party witnesses have relevant information regarding: (1) the state of the art of click fraud detection techniques at the time of the invention; (2) Google's implementation of click fraud techniques, if any, at the time of the invention; and (3) damages.

#### a)    "State of the Art" Witnesses[1]

Brite Smart identifies four individuals with relevant knowledge of the state of the art of click fraud detection techniques at the time of the invention:[2] (1) Ron Rippy of Austin, Texas;

---

[1] The list of Brite Smart's "State of the Art" witnesses is summarized in Ex. E, Katz Decl. ¶7.
[2] The priority date appearing on the face of the patents-in-suit is February 7, 2003.  Dkt. 1, Exs. A, B, C, D.

(2) Tom Cuthbert of San Antonio, Texas; (3) Dwight Merriman of New York City; and (4) Jeffrey Brewer of New York City.  Their backgrounds are summarized at Ex. E, Katz Decl. ¶7.

<div style="text-align:center">

b)    **"Google's 2003 Implementation" Witnesses**[3]

</div>

Lane's Gifts and Collectibles, L.L.C., located in Texarkana, Arkansas,[4] sued Google in 2005 in a landmark click-fraud case and alleged, on behalf of itself and a similarly-situated class that Google had overcharged their PPC advertising customers by failing to filter out invalid clicks.  *See* Ex. E, Katz Decl. ¶3.  Lane's Gifts has knowledge of facts relevant to click-fraud filtering techniques in use at Google prior to 2005, as well as damages factors, discussed below.

Another relevant non-party is Dr. Alexander Tuzhilin, who was appointed to assist the *Lane's Gifts* court in 2005-2006 by interviewing several employees at Google's campus and authoring an independent technology audit to evaluate Google's click fraud detection efforts.  *Id.* Dr. Tuzhilin, who resides and works in New York City, has detailed knowledge of the click-fraud detection techniques in use at Google prior to 2006.  *See* Ex. E, Katz Decl. ¶¶3, 33.

Two other relevant non-party witnesses are Click Defense, based in Fort Collins, Colorado, and Advanced Internet Technologies, Inc. ("AIT"), based in Fayetteville, North Carolina.  *See* Ex. E, Katz Decl. ¶5.  Based on its investigation, Click Defense alleged that click fraud was "rampant" in its 2005 complaint against Google.  *Id.*; *see also* Ex. F at F-81 ¶¶39-40 AIT's Clarence Briggs testified in 2005 that AIT's investigation had revealed that it was routinely charged for "literally thousands of fraudulent clicks."  *Id.*; *see also* Ex. F at F-90 ¶2.

<div style="text-align:center">

c)    **Damages Witnesses**[5]

</div>

Relevant potential witnesses for damages issues may have knowledge regarding the prevalence of invalid (or fraudulent) clicks that are introduced into Google's AdWords system,

---

[3] The list of Brite Smart's "Google's 2003 Implementation" witnesses is summarized in Ex. E, Katz Decl. ¶8.
[4] Lane's Gifts is well within 100 miles of this Court.  Ex. E, Katz Decl. ¶12.
[5] The list of Brite Smart's damages witnesses is summarized in Ex. E, Katz Decl. ¶¶9-10.

<div style="text-align:center">

**– A209 –**

</div>

the fraction of invalid clicks that are filtered out by the systems and methods described by the patents-in-suit, and the value or importance of an invalid click filter to AdWords customers. Such witnesses include employees of non-party businesses that provide ad analytics and optimization for the online advertising community. Google certifies such potential witnesses as "Google Certified PPC Professionals." In addition, there are non-party click-fraud specialists who work as employees within enterprises or as independent companies on behalf of small and medium-size businesses who identify invalid clicks. Finally, there are the AdWords customers themselves who are cognizant of their conversion rates for PPC advertising. These three categories of witnesses are knowledgeable of facts relevant to the *Georgia-Pacific* factors for a reasonable royalty, such as those relating to the utility and advantages of identifying invalid clicks involving PPC advertising (factor 9), and to the promotion and value of the accused methods and systems (factor 10). *See Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Brite Smart plans to use some of these witnesses to establish the causal nexus between the features covered by the patents-in-suit and the consumer demand for AdWords. Plaintiffs are to be given deference as to the witnesses they choose to call to establish their proofs at trial, and such witnesses are an important component of the transfer analysis. *See EMG Technology, LLC v. Chrysler Group, LLC*, No. 6:12-cv-259-MHS at 4-7 (E.D. Tex. Mar. 28, 2013).

Brite Smart's has identified the following numbers of potential non-party witnesses: (1) four witnesses (two in Texas and two in New York) having knowledge of the state of the art of click fraud detection techniques at the time of the invention; (2) three organizations and one professor (Texarkana, Arkansas; Fort Collins, Colorado; Fayetteville, North Carolina; and New York City) having knowledge of Google's implementation of click fraud techniques, if any, at

the time of the invention; and (3) five providers of Internet advertising optimization and analytics (within this District) and five AdWords users (also within this District) with knowledge of facts involving the *Georgia-Pacific* factors relating to damages. *See* Ex. E, Katz Decl. ¶¶10-14.

### B.     Defendant Overstates its Claim of Convenience in NDCA

#### 1.     Defendant's Party Witnesses

First, Google sets forth the identity of witnesses that "may be expected to testify" regarding claims of Google's infringement. Dubey Decl.¶7 (Dkt. 18-1). However, Google failed to set forth the location and identity of Google employees relating to damages or potential prior art. Google searched for employees having "relevant business and financial information" but failed to identify any witnesses except technical employees in Google's Ad Traffic Quality Team. *Id*. at ¶4, 7. Google failed to identify employees having relevant information regarding prior art.[6] None of the witnesses Google identified (1) worked at Google before the patents' priority date, or (2) had knowledge of relevant prior art before joining Google.[7]

In sum, none of the Defendant's employees identified as potential witnesses have relevant information regarding potential prior art systems. To the extent that Defendant chooses to use these employees as non-infringement witnesses, Brite Smart would point out that (1) the parties' technical experts' will likely constitute the primary testimony at trial and (2) the employees are under the Defendant's control and thus are available to testify anywhere.

In addition, while Google states that its "click fraud detection-related *development* occurs in the NDCA", Defendant overlooks its very recent and highly relevant Google purchase of

---

[6] The priority date of the patents-in-suit is February 7, 2003. Dkt. 1, Exs. A, B, C, D.

[7] Google identified David Turner as a potential witness, but Mr. Turner began working for Google in 2006. *See* Google's Turner Decl. ¶1 (Dkt. 18-2). Google also identified Razvan Surdulescu as a potential witness, but Mr. Surdulescu began working for Google in 2005. *See* Ex. E, Katz Decl. at ¶36; *see also* Ex. G at G102-106. Similarly, Per Bjorke, also identified by Google, began working for Google only a year ago. *See* Ex. E, Katz Decl. at ¶37; *see also* Ex. G at G97-101.

Adometry (formerly Click Forensics), a company based in Austin, Texas with deep roots in click fraud detection.  *See* Ex. E, Katz Decl. ¶11; *see also* Ex. G at G1-15.

### 2. Defendant's "Non-Party" Witnesses

Google has cherry-picked some former employees that live in NDCA, and claims that they may have relevant information.  However, these former employees likely possess little relevant information.  As for infringement, the relevant time period begins on July 10, 2008, six years prior to the filing of Brite Smart's complaint.  Of the Defendant's former employees, Mr. Ghosemajumder left Google in 2010, Mr. Daswani left in 2008, and Mr. Stoppelman left in 2007.  *See* Ex. E, Katz Decl. ¶¶24-26; *see also* Ex. G at G107-126.  In addition, any suggestion that the former employees have relevant knowledge of potential prior art is questionable, as the court-appointed expert who investigated Google's click-fraud detection methods in 2006 stated that none of the team members at Google that he interviewed "were even around or involved in the click fraud effort when the AdWords program was introduced in February 2002.  *See* Ex. E, Katz Decl. ¶3; *see also* Ex. F at F44.[8]  Thus, the former employees identified who live in NDCA have little, if any, relevant information, and are unlikely to be called as witnesses at trial.

Defendant provides no support for its claim that "California is the epicenter of the PPC search engine industry".  Mot. at 5.  Similarly, Defendant provides no support for its claim that the PPC advertisers and advertising platforms that it identified "developed and implemented schemes to identify and combat click fraud."[9]  *Id*.  It only identifies particular organizations or persons in the online advertising industry that are located in California.  Google fails to cite to

---

[8] Dr. Alexander Tuzhilin was appointed to assist the court as an independent expert in *Lane's Gifts and Collectibles, et al. v. Yahoo, et al*, No. CV-2005-52-1 (Ark. Cir. Ct.).  In connection with his investigation, Dr. Tuzhilin visited Google's campus on multiple occasions and interviewed several of Google's employees.  See Tuzhilin Report at p. 1.  Dr. Tuzhilin, who is a professor at New York University (NYU) and holds a PhD in Computer Science, published his report in July 2006.

[9] Google relies heavily on the Interactive Advertising Bureau ("IAB").  Mot. at 5, n.4.  However, the IAB is based in New York City, which is closer to EDTX than NDCA.  *See* Ex. E, Katz Decl. at ¶38; *see also* Ex. G at G232-236.

biographies, patents or publications that would tend to show that such persons or organizations would actually possess any knowledge of potential prior art.  Instead, Google merely proffers the opinion of one of its lawyers that the listed companies "have invented or implemented potentially invalidating prior art."  *See* Google's Lee Decl. ¶14 (Dkt. 18-4).

### C.    Patent Prosecution Witnesses

Four non-parties performed prosecution activities on the patents-in-suit.  Defendant only cited the one who resides in California.[10]  *See* Mot. at 4, 8.  EDTX is much more convenient to the other three.  *See* Ex. E, Katz Decl. at ¶¶7-9.  John R. Kasha lives in North Potomac, Maryland, and states that Marshall is more convenient.  Ex. C, Kasha Decl. at ¶¶4-5.  Dr. Gregory J. Gonsalves resides in Falls Church, Virginia and states that Marshall is more convenient.  Ex. D, Gonsalves Decl. at ¶¶4-5.  John G. Posa works in Ann Arbor, Michigan which is much closer to Marshall than San Francisco.  *See* Ex, E, Katz Decl. at ¶8.

## III.    ARGUMENT[11]

### A.    The Private Interest Factors Weigh Against Transfer or Are Neutral

In determining whether to transfer venue, the court must balance several "private" and "public" interest factors. "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315. None of these factors favors transfer.

---

[10] Defendant cited only Joe Zheng, who participated in the prosecution of the '104 patent for only six months (Sep. 11, 2006 – March 11, 2007) and only initially filed the application that led to the '667 patent on July 23, 2007.
[11] As a preliminary matter, Brite Smart does not dispute that this action could have been brought in NDCA.

**1.  The Relative Ease of Access to Sources of Proof Weighs Against Transfer**

As detailed below, Defendant has failed to "identify its sources of proof with some specificity such that the Court may determine whether transfer will increase the convenience of the parties." *U.S. Ethernet Innovations, LLC v. Samsung Elecs. Co.*, 2013 WL 1363613 at *2 (E.D. Tex. Apr. 2, 2013).

**a)    Documents**

While it is true that in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer, in this case, this aspect does not favor transfer because (1) Defendant does not allege that their documents are physically located in NDCA, but instead states that they are "located in, or accessible from, Mountain View";[12] (2) Defendant does not state that the servers which host its electronic documents are located in NDCA;[13] (3) Defendant fails to identify any documents that it would need to support any of its defenses; and (4) Defendant states that its documents regarding the relevant technology "are hosted on Google's various secure servers, which are accessible from anywhere.[14]  Moreover, it is highly unlikely that Defendant possesses any prior art documents based on Dr. Tuzhilin's comments that his 2006 click fraud investigation at Google was not assisted by documents provided by Google. *See* Ex. E, Katz Decl. ¶3; *see also* Ex. F at F-44.

In contrast, Brite Smart has identified specific categories of both physical and electronic documents located in EDTX.  *See supra* §II.A.2 (p. 3).  Thus, this aspect weighs against transfer.

**b)    Party Witnesses**

Defendant identifies party witnesses familiar with click fraud development in NDCA. While Defendant's potential witnesses may be familiar with facts relating to infringement, their

---

[12] Mot. at 7.
[13] According to its website, it has no data centers in California.  *See* Ex. E, Katz Decl. ¶36; *see also* Ex. G at G229.
[14] Mot. at 4.

tenure militates against their familiarity with potential prior art as explained above.  In addition,

Defendant fails to include its potential witnesses located in Austin, Texas acquired in connection

with its recent Adometry purchase. While, NDCA may be more convenient overall for Google's

party witnesses, EDTX is more convenient for Brite Smart's party witnesses.  *See* Ex. A, Zuili

Decl.; Ex. B, Collins Decl.  Thus, this aspect weighs against transfer or is at least neutral.

<p style="text-align:center"><strong>c)    Non-Party Witnesses</strong></p>

In its brief, Defendant identifies three categories of non-party witnesses: (1) patent

prosecution witnesses, (2) former Google employees working for their Ad Traffic Quality Team,

and (3) entities and witnesses associated with prior art systems.

First, Defendant identifies only one patent prosecution witness, Joe Zheng, who

Defendant stated may testify regarding prosecution history estoppels.  Mot. at 8.  Putting aside

the fact that Mr. Zheng only performed prosecution activities for six months where the totality of

such prosecution has been ongoing for over a decade, the complete data clearly reveals that

EDTX is a much more convenient venue overall for the third-party patent prosecution witnesses.

*See supra* §II.C (p. 8); *see also* Ex. E, Katz Decl. ¶¶7-9.

Second, Defendant identifies three specific former employees that still reside in NDCA.

The prospect that Google would call these former employees as witnesses is particularly low in

light of the fact that all of these individuals were presumably working at Google when Dr.

Tuzhilin visited Google's campus (three times), yet his report stated that "none of the team

members I interviewed were even around or involved in the click fraud effort when the AdWords

program was introduced in February 2002."  *See* supra §II.B.2 (p. 7); *see also* Ex. F at F-44.

Defendant also has failed to explain why the testimony of its former employees would not be

duplicative of testimony available from any of its eighty current Ad Traffic Quality engineers

worldwide.  *Cf.* Mot. at 3.

Third, Defendant identifies specific "entities and witnesses associated with prior art systems" near NDCA.  The relevance of the entities is unclear.  For example, Amazon.com Inc. is identified as "an e-commerce company" and Expedia Inc. is identified as an "Internet-based travel website company."  Defendant merely identifies random technology companies in the NDCA area to skew the venue analysis.  *See* Google's Ex. D, Lee Decl. ¶14 (Dkt. 18-4).

On the other hand, Brite Smart has identified: (1) five witnesses relevant to the state of the art relating to click fraud detection at the time of the invention (Ex. E, Katz Decl. ¶10);[15] (2) five witnesses having knowledge of Google's 2003 implementation of AdWords and its click-fraud filtering capabilities (*id.* at ¶11);[16] (3) seven providers of advertising analytics and optimization for the inline advertising community and who are potential witnesses having knowledge of facts relevant to the *Georgia-Pacific* factors for a reasonable royalty (*id.* at ¶12);[17] and (4) eight current AdWords customers who also are potential witnesses relevant to the *Georgia-Pacific* factors for a reasonable royalty (*id.* at ¶13).[18]  In sum, thirteen witnesses are within EDTX; an additional one is located with 100 miles of this Court; an additional four are located in Texas; and the remaining seven are closer to Marshall than San Francisco.  *See* Ex. E, Katz Decl. at ¶¶10-14.

Transferring this case would, at best, merely redistribute the inconvenience of travel among the parties; at worst, a transfer might substantially increase the cost of attendance for

---

[15] Ron Rippy (Austin, TX); Tom Cuthbert (San Antonio, TX); Dwight Merriman (New York, NY); Jeffrey Brewer (New York, NY); and Erick Bright (Orlando, FL).
[16] Lane's Gifts and Collectibles, L.L.C. (Texarkana, AR); Dr. Alex Tuzhilin (New York, NY); Lawrence E. Feldman (Elkins Park, PA); Click Defense, Inc. (Fort Collins, CO); and Advanced Internet Technologies, Inc. (Fayetteville, NC).
[17] Wright IMC, LLC (Plano, TX); Advice Interactive Group, LLC (McKinney, TX); Advocate Digital Media (Longview, TX); KeyRelevance, LLC (Lucas, TX); VeriClix (Dallas, TX); RankHammer, LLC (Dallas, TX); and Online Performance Marketing, L.P. (Richardson, TX).
[18] Pyramid Homes (Flint, TX); Price Law (Sulphur Springs, TX); Bill McRae Ford, Inc. (Jacksonville, TX); Loncar & Associates, Attorneys at Law (Tyler, TX); French Peas Flower Shop (Tyler, TX); Rome Arata & Baxley L.L.C. (Pearland, TX); Peltier Chevrolet, Inc. (Tyler, TX); Friedman Law Office (Texarkana, TX).

willing witnesses. *Cf. Rembrandt Patent Innovations, LLC v. Apple, Inc.*, No. 2:14-CV-0015-JRG (E.D. Tex. Aug. 1, 2014).

Thus overall, the non-party witness aspect is neutral or weighs against transfer.  In sum, the ease of access to sources of proof factor also weighs against transfer.

### 2. The Availability of Compulsory Process Weighs Against Transfer or is Neutral

Under Rule 45(c)(1)(A), neither this Court nor NDCA may command all identified non-party witnesses to attend trial.  But both courts can compel testimony by deposition.  Fed. R. Civ. P. 45(a)(2), 45(c)(1)(A).  Given that Defendant is headquartered in NDCA right where it claims that its relevant non-party witnesses reside, it can hardly argue that taking these witnesses' deposition in NDCA would impose any sort of inconvenience on its part.  *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011-JRG (E.D. Tex, Jan. 31, 2014).   Moreover, Defendant has failed to explain how they would be inconvenienced by presenting the non-party witnesses' deposition testimony at trial.  *See id.*

 Moreover, Brite Smart has identified several witnesses relating to technical and damages issues that are within the subpoena power of this Court.  *See* Ex. E, Katz Decl. ¶¶10-13.  This Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense.  Fed. R. Civ. P. 45(c)(1)(B).

While it is apparent that the identity and location of the third-party witnesses are speculative at this stage in the litigation, it is also apparent that unlike *Volkswagen II*, this case presents a situation where no one district will have absolute subpoena power over all non-party witnesses.  Accordingly, this factor is neutral or weighs against transfer.

### 3.  Cost of Attendance for Willing Witnesses Weighs Against Transfer

As a threshold matter, Defendant does not identify any third-party witness who would be "willing" to testify at trial.  Mot. at 11-12.  In addition, Defendant cannot carry their burden to show that this factor favors transfer because (1) Brite Smart has demonstrated that EDTX is more convenient to the non-party patent prosecution witnesses; (2) potential prior art witnesses are scattered across the country; (3) Brite Smart has identified several technical and damages witnesses that reside in or near EDTX.  At most, Defendant can only demonstrate that granting its motion would serve to transfer the inconvenience from Google's witnesses to Brite Smart's witnesses, which is insufficient to shift this factor in favor of the transferee venue.

Moreover, considering this Court's practice of holding short, streamlined trials, convenience considerations also favor denial of transfer.  A short trial will reduce the inconvenience and time away from the office for witnesses who must attend the entire trial.

Finally, several non-party witnesses, including those identified by Defendant, do not reside in either District, and will be required to travel in any case.  Given the realities of trial, such witnesses will certainly incur travel expenses.  Those expenses as related to both meals and lodging will be unarguably and substantially higher in San Francisco, than in Marshall, Texas.[19]
*See Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG (E.D. Tex. Apr. 24, 2014).

Thus, this factor weighs against transfer.

### 4.  All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive Weigh Against Transfer

Defendant sets forth no "rare and special circumstances" whereby this case will suffer delay or prejudice by remaining in this District.  Another concern with the transfer is the potential for significant delay to the parties in getting back on schedule for a trial date in the

[19] The GSA FY 2015 per diem rates for lodging and meals for San Francisco and Marshall are $290 and $129 respectively.  *See* http://www.gsa.gov/portal/category/100120, accessed November 3, 2014.

transferee district. Motions to transfer can often disrupt and stall litigation, increasing costs and adding years to the time of final resolution of the dispute.

In addition, (1) this Court has held a scheduling conference and assigned a trial date; and (2) Brite Smart has served its P.R. 3-1 & 3-2 Infringement Contentions; and (3) the parties will likely have initiated discovery and submitted proposed docket control, discovery, and protective orders before briefing on this motion is complete.  Thus, this factor weighs against transfer.

### B.    The Public Interest Factors Weigh Against Transfer

The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.  *Volkswagen II*, 545 F.3d at 315.

### 1.  Administrative Difficulties Flowing from Court Congestion Weigh Against Transfer

In considering this factor, the speed with which a case can come to trial and be resolved may be a factor. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (*citing Gates Learjet Corp v. Jenson*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.")).  Statistics for the 12-month period ending in June 30, 2014 indicate that the median time from filing to trial in civil cases in the Eastern District of Texas was 27.9 months, as compared to 31.0 months in the Northern District of California.  *See* Ex. E, Katz Decl. ¶37; *see also* Ex. G at G229-230.  In addition, the total time to trial would likely be even longer than average if this case were transferred because it would have to start behind other litigants in the transferee district.

More important is the fact that a *Markman* hearing in this case has already been scheduled for June 30, 2015 and jury selection is scheduled for January 11, 2016. Trial is less than 14 months away. It is unlikely – if not impossible – that a District Judge in NDCA will be able to receive this case (if transferred), set a scheduling conference, and provide the parties with *Markman* and jury selection dates anywhere close to those already established in this District. Accordingly, this factor weighs heavily against transfer.

### 2.  The Local Interest in Having Localized Interests Decided at Home Weighs Against Transfer

Defendant's localized interest assertions are undercut by (1) Defendant's statement that its Ad Traffic Quality Team is dispersed between Mountain View, Zurich, and London;[20] (2) Defendant's presence in more than 70 offices in more than 40 countries;[21] and (3) the substantial volume of AdWords business that it conducts in Texas. NDCA does not have a greater localized interest in this case than EDTX. Brite Smart is headquartered in and has witnesses and evidence in EDTX. The residents of EDTX have a legitimate local interest in the enforcement of patents owned by a resident business. This factor weighs strongly against transfer.

### 3.  Familiarity of the Forum with the Law That Governs the Case and the Avoidance of Unnecessary Problems of Conflict of Laws Do Not Favor Transfer

Defendant does not allege that these factors favor transfer. They do not.

### IV.  CONCLUSION

The private and public interest factors weigh against transfer. Google has failed to carry its burden of showing that the Northern District of California is a clearly more convenient venue for this dispute than the Eastern District of Texas. Accordingly, its motion should be denied.

---

[20] *See* Turner Decl. ¶6 (Dkt. 18-2).
[21] http://www.google.com/about/company/facts/locations/, accessed November 3, 2014.

Dated:  November 10, 2014

Respectfully submitted,

/s/*Robert D. Katz*
Robert D. Katz
Lead Counsel
Texas Bar No. 24057936
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
(214) 865-8000
rkatz@katzlawpllc.com

Stafford Davis
Texas Bar No. 24054605
**THE STAFFORD DAVIS FIRM, PC**
305 South Broadway
Suite 406
Tyler, TX 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

**ATTORNEYS FOR PLAINTIFF
BRITE SMART CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic

service are being served with a copy of this document via the Court's CM/ECF system per Local

Rule CV-5(a) on the date above. Any other counsel of record will be served by electronic mail.

/s/ *Robert D. Katz*
Robert D. Katz

# EXHIBIT B

## Declaration of Michael J. Collins

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**DECLARATION OF MICHAEL J. COLLINS IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO GOOGLE INC.'S MOTION TO TRANSFER**

I, Michael J. Collins, declare as follows:

1.      I am Vice President of Brite Smart Corp. ("Brite Smart"), the plaintiff in this action.  I submit this declaration in support of Plaintiff's Response to Google's Motion to Transfer Venue, which is filed herewith.  I have relevant knowledge regarding the instant suit, including knowledge of Brite Smart's corporate organization and structure, the operations of Brite Smart, locations of relevant documents, and knowledge regarding the patents-in-suit.  I make this declaration based upon my own personal knowledge unless otherwise indicated herein, and if called as a witness, I could and would competently testify thereto.

2.      I have lived in the Eastern District of Texas my entire life of 43 years, and I currently reside in Tyler, Texas.  I currently work at Brite Smart's principal office, located at 110 North College Avenue, Suite 1504, Tyler, Texas.  I am also the registered agent for service for Brite Smart at the same business address.  Brite Smart's Tyler office is the only office for the company.

1

3.     In connection with my duties at Brite Smart, my roles include those related to patent monetization and licensing.  I am also responsible for the maintenance of true and correct books of account with respect to the operations of Brite Smart.  I also operate and maintain the banking for Brite Smart.  Brite Smart maintains a bank account at Southside Bank in Tyler, Texas.  It is also my responsibility to keep Brite Smart's filing current with the Texas Secretary of State's office and to ensure that local Business Personal Property tax is paid on Brite Smart's equipment that is located in Tyler, Texas.

4.     I anticipate that I will be Brite Smart's Fed. R. Civ. P. 30(b)(6) representative for purposes of Brite Smart's deposition.

5.     As for trial, Marshall, Texas is a much more convenient venue for me than San Francisco, California.

6.     Brite Smart also maintains a website, which is hosted by Yontsome Software, LLC in Lindale, Texas.  I selected Yontsome as our website hosting provider, in part, because I understood that their web servers were co-located with Brite Smart's principal office in Tyler.

7.     Brite Smart's electronic documents are stored on computers located in Brite Smart's principle office in Tyler.  Brite Smart's electronic documents include, for example, the file histories of the patents-in-suit and technical documents relating to the accused instrumentalities.

8.     Brite Smart's physical paper files are stored at Brite Smart's principle office in Tyler.  Brite Smart's hardcopy files include, for example, patent documents including copies, originals and certified copies, as well as organizational and operational documents relating to day-to-day activities.

2

**– A224 –**

9.      None of Brite Smart's documents are located in the Northern District of California.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4th day of November, 2014, at Tyler, Texas.

_____
Michael J. Collins

3

**– A225 –**

Case 2:14-cv-00760-JRG-RSP   Document 33   Filed 11/20/14   Page 1 of 10 PageID #:  849

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BRITE SMART CORP, | |
| Plaintiff, | |
| vs. | 2:14-cv-00760-JRG |
| GOOGLE INC., | |
| Defendant. | |

**GOOGLE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER**
**VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C.**
**§ 1404(A)**

**TABLE OF CONTENTS**

I.      **INTRODUCTION**.................................................................Error! Bookmark not defined.

II.     **ARGUMENT** ................................................................................................. 1

      A.      Plaintiff's Choice of Forum Should Be Given Little Weight ................................. 1

      B.      Ease of Access to Sources of Proof Overwhelmingly Support Transfer to the NDCA ................................................................................................................. 2

      C.      Availability of Compulsory Process Over Google Former Employees, Prosecuting Attorney, and Key Prior Art Witnesses Strongly Favors Transfer to the NDCA... 3

      D.      Cost of Attendance for Willing Witnesses Favors Transfer to the NDCA ............. 4

      E.      Court Congestion is Neutral...................................................................................... 5

      F.      Localized Interest Favors Transfer ......................................................................... 5

III.     **CONCLUSION** ............................................................................................. 5

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*In re EMC Corp.*, 501 Fed. Appx. 973 (Fed. Cir. 2013)................................................. 5

*In re Genentech, Inc.,* 566 F.3d 1338 (Fed. Cir. 2009).......................................... 1, 3, 5

*In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) ................................ 2, 3

*In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011) ................................................ 1

*In re Nintendo Co. Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009) ............................................. 5

*In re Toyota Motor Corp.*, 747 F.3d 1338 (Fed. Cir. 2014).................................... passim

*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) .......................................... 1

*In re Volkswagen of Am., Inc.,* 545 F.3d 304 (5th Cir. 1998).................................. 1, 3

*In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010)................................... 1, 2

*Indus. Tech. Research Inst. V. LG Corp.*, 2011 U.S. Dist. LEXIS 154778 (E.D. Tex. Nov. 29, 2011) ............................................................................................................................ 4

*Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG (E.D. Tex. Apr. 24, 2014)................ 5

*Rembrandt Patent Innovations, LLC v. Apple, Inc.*, No. 2:14-cv-15-JRG (E.D. Tex. Aug. 1, 2014) ............................................................................................................................ 1

*Ventronics Sys., LLC v. Drager Med. GmbH*, 2011 U.S. Dist. LEXIS 154793 (E.D. Tex. Oct. 20, 2011) ............................................................................................................................ 4

Brite Smart's Opposition (D.I. 27) exposes its thinly-veiled attempt at manipulating venue that is neither supported by law nor facts. Brite Smart ignores the entire line of Federal Circuit precedent ordering transfer out of the Eastern District of Texas ("EDTX") under similar circumstances, namely, where the plaintiff recently opens an office in a forum or where plaintiff shares its office, its officer, or its litigation counsel with numerous other companies.[1] Brite Smart does not cite a single Federal Circuit or Fifth Circuit[2] case in its brief, other than two instances of general propositions regarding venue analysis.[3] Instead, Brite Smart relies mostly on unpublished opinions from the EDTX, one of which was vacated recently[4] and most of which are distinguishable. Brite Smart's attempt to manufacture presence and local interest in this district falls flat. Despite identifying a slew of witnesses who allegedly have relevant information, only half are in the EDTX and none with materially relevant information exists in the EDTX.

## I.    ARGUMENT

As an initial matter, Brite Smart does not refute that the claims of the asserted patents target Google's click fraud detection services, rather than Google's search engine, AdWords, AdSense, or DoubleClick. This is very important because it further bolsters Google's position that the most relevant witnesses reside in NDCA.

### A.    Plaintiff's Choice of Forum Should Be Given No Additional Weight

Brite Smart argues that Google is merely "shift[ing] inconvenience . . . from one party to another" and, as plaintiff, it should get their choice of forum. However, "Fifth Circuit precedent

---

[1] *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014); *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381-82 (Fed. Cir. 2010).

[2] The Federal Circuit handles patent case. In transfer motions, the Federal Circuit applies the regional circuit law.

[3] D.I. 27, at 14 (citing *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)); *id*. at 1, 8, 12, and 14 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 1998)).

[4] In *Rembrandt Patent Innovations, LLC v. Apple, Inc.*, No. 2:14-cv-15-JRG (E.D. Tex. Aug. 1, 2014), which Brite Smart cites in their Opposition Brief (D.I. 27, at 1), Judge Gilstrap later withdrew his denial of transfer order and granted transfer. *Id.* (Oct. 27, 2014).

clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis."[5] Contrary to Brite Smart's assertion and its reliance on an EDTX case concerning false patent marking, the Federal Circuit made it clear that a "show[ing] that the transferee forum is *far* more convenient . . . is not what is required."[6]

Brite Smart's Tyler office is superficial. Brite Smart opened it two months before filing this suit, and Brite Smart had operated in Florida for more than a decade prior. The facts contained in the declaration of Mr. Collins, who Brite Smart hired two months prior to filing this suit—*e.g.*, setting up Brite Smart's website, maintaining Brite Smart's corporate and tax documents and registrations—all evidence an intent to set up a shell or sham corporation for the sole purpose of creating an aura of proper venue. Notably absent from Mr. Collins' declaration are: (i) whether there are any other employees—there are none; (ii) whether there is an ongoing business, besides licensing—there is none; (iii) whether there are any other documents besides those that Brite Smart needed to set up the  corporation and file suit—there are none.[7] (*See Id.*)

**B.    Ease of Access to Sources of Proof Overwhelmingly Support Transfer to the NDCA**

Google identifies a total of 32 relevant witnesses (3 party witnesses and 29 non-party witnesses), most (22) of whom are located in the NDCA and the rest located close to the NDCA. In response, Brite Smart identifies a total of 30 witnesses (2 party witnesses and 28 non-party witnesses), fewer than half of whom are located in the EDTX.

Brite Smart's attempt to discount the weight of the six current and former Google employee witnesses falls short. Contrary to what Brite Smart suggests, there is no requirement in venue

---

[5] *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).
[6] *Toyota*, 747 F.3d at 1341 (emphasis in original).
[7] To the extent any of the documents Brite Smart identified were created in, or moved to, the EDTX in anticipation of litigation, they should be considered legal "fiction" and should be given little, if any, weight in establishing Brite Smart's connection to the EDTX. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009); *see also Zimmer*, 609 F.3d at 1381-82 (ordering transfer out of the EDTX, where the plaintiff had transferred documents to the EDTX office in anticipation of litigation).

analysis that a party identify witnesses who will *definitely* testify in the case or that a party identify an *employee* witness with relevant knowledge of the prior art.[8] Indeed, Brite Smart does not cite to any authority to support its allegations.

Google's purchase of Adometry, an Austin-based company that provides click forensics services, is irrelevant here, because Adometry is not involved in Google's online click fraud detection services accused in this case. (D.I. 18, at 5-6.) Furthermore, Adometry is nearly a five hour drive to Marshall, Texas, but only a three-and-a-half hour flight to the NDCA.

C.    **Availability of Compulsory Process Over Google Former Employees, Prosecuting Attorney, and Key Prior Art Witnesses Strongly Favors Transfer to the NDCA**

Brite Smart does not identify a single non-party witness[9] in the EDTX, other than 15 "damages witnesses". (D.I. 27, at 4-5.) These "witnesses," however, do not have any unique knowledge or information not known to any witness identified by Google, and indeed, as Brite Smart admits, many obtained their knowledge from Google sources. Brite Smart has not shown that they have the experience and knowledge to competently testify at trial regarding the subject matter at issue, and indeed, Brite Smart does not allege that any of their testimonies will be needed at trial. Moreover, to some extent, Brite Smart argues that the EDTX is more convenient because it is centrally located for the non-party witnesses that Brite Smart identified (*e.g.*, MD, VA, MI, NY, FL, AR, PA, NC, and CO). (*See id.* at 12.) However, the Federal Circuit has repeatedly rejected this "central locality" approach in transfer analysis.[10]

Google identifies 3 "similarly situated third-party witnesses" in the NDCA, who are Google

---

[8] *See Toyota*, 747 F.3d at 1340 (determining that "it appears undisputed that a number of witnesses in the [transferee forum] have knowledge potentially relevant to infringement and validity issues, even if it is not possible at present to specify further just how material their testimony might be to the yet-undeveloped issues in the case").

[9] The proper focus for this factor is on nonparty witnesses. *See Volkswagen II*, 545 F.3d at 316. The Court should "assess the relevance and materiality of the information the witness may provide." *Genentech*, 566 F.3d at 1343-44.

[10] *Genentech*, 566 F.3d at 1344 (holding that "the district court improperly used its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue", where there was no witness in the EDTX); *see also Hoffmann-La Roche*, 587 F.3d at 1335-38, (rejecting the district court's argument that "this was a 'decentralized' case given the various locations of the potential witnesses and that transfer would merely shift inconveniences").

AdWords certified individuals and/or AdWords users and who have as much knowledge regarding remedy issues as the 15 "damages witnesses" that Brite Smart identifies.[11] When "indistinguishable" and "similarly situated witnesses" are available to testify in the transferee forum, the identification of witnesses in Texas becomes inconsequential.[12] Therefore, the presence of the three former Google employees in the NDCA—the only non-party witnesses having unique and highly relevant information—clearly tips the scale in favor of transfer to the NDCA.

Brite Smart's conclusion that the three former Google employees likely possess little relevant information regarding non-infringement is misplaced. Brite Smart seems most concerned with the purported lack of Google documents predating 2003. (D.I. 27, at 9-10.) But, assuming this is correct, it undercuts further Brite Smart's argument against considering these former employees (all of whom were involved in the initial design and implementation of Google's click fraud detection features) because a lack of documentation would make these former employees' knowledge and testimony that much more necessary.

### D.    Cost of Attendance for Willing Witnesses Favors Transfer to the NDCA

Brite Smart's argument regarding the cost of attendance factor has little merit. First, Brite Smart argues that "potential prior art witnesses are scattered across the country"; "that the identity and location of the third-party witnesses are speculative at this stage in litigation"; and that "several non-party witnesses . . . do not reside in either district, and will be required to travel in any case." (D.I. 27, at 12-13.) Second, the case upon which Brite Smart relies cuts against Brite Smart's position, to the extent that, in that case, this Court found that this factor weighs in favor of transfer

---

[11] Ex. A, filed in support of Google's reply; Supplemental Declaration of Jeong Ah Joy Lee, ¶¶ 5-7.
[12] *Ventronics Sys., LLC v. Drager Med. GmbH*, 2011 U.S. Dist. LEXIS 154793, at *13-14 (E.D. Tex. Oct. 20, 2011) (Davis J.); *Indus. Tech. Research Inst. V. LG Corp.*, 2011 U.S. Dist. LEXIS 154778, at *29-30 (E.D. Tex. Nov. 29, 2011) (granting motion to transfer despite witnesses in Texas, based in-part, because "the witnesses [were] indistinguishable from similarly situated witnesses elsewhere").

because the movant's "California witnesses may be inconvenienced by traveling to the EDTX."[13] Because the number of Google witnesses with materially relevant knowledge in the NDCA far exceeds the number of Brite Smart witnesses in the EDTX, this factor favors transfer.

### E.    Court Congestion is Neutral

Brite Smart's argument that the court congestion factor weighs against transfer because the Court already set the dates for *Markman* hearing and jury selection is unpersuasive. The Court must consider facts as they existed at the time the transfer motion is filed and not take into account the events that have transpired in the case while the motion was pending.[14] At the time Google filed this motion, the Court had not entered a docket control order yet and the scheduling conference had not even taken place yet.

### F.    Localized Interest Favors Transfer

It is undisputed that Google's principal place of business is in the NDCA, and that the accused features were created and are maintained in the NDCA. Brite Smart's statement "the substantial volume of AdWords business that [Google] conducts in Texas" is inapposite, because Google's AdWords service is offered worldwide via the Internet. The Zurich and London offices of the Ad Traffic Quality Team is irrelevant to the analysis here, because 1) the London and Zurich offices do not work on online click fraud detection services accused in this case (D.I. 18, Turner Decl., at ¶ 6); and 2) in venue analysis, comparison must be made between the transferor and transferee forums and it should "not [be] altered by the presence of other witnesses and documents in places outside both forums."[15]

## II.    CONCLUSION

For at least the foregoing reasons, this Court should grant Google's motion to transfer.

---

[13] *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, at *7 (E.D. Tex. Apr. 24, 2014).
[14] *In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) (citation omitted).
[15] *Toyota*, 747 F.3d at 1340; s*ee In re Nintendo Co. Ltd.*, 589 F.3d 1194, 1199-1200 (Fed. Cir. 2009).

November 20, 2014                          Respectfully submitted by:


Mayer Brown LLP                            _/s/ A. John P. Mancini, with permission by_
A. John P. Mancini (*pro hac vice*)        _Michael E. Jones_
Amr O. Aly (*pro hac vice*)                Michael E. Jones, SBN: 10929400
1675 Broadway                              POTTER MINTON LLP
New York, NY 10019                         110 N College Avenue, Suite 500
(212) 506 -2500                            Tyler, TX 75702
                                           903-597-8311
                                           mikejones@potterminton.com
                                           *Attorneys for Defendant Google Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 20, 2014.

*/s/ Michael E. Jones*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BRITE SMART CORP,

          Plaintiff,

   vs.

GOOGLE INC.,

          Defendant.

2:14-cv-00760-JRG

SUPPLEMENTAL DECLARATION OF JEONG AH JOY LEE IN SUPPORT OF GOOGLE
INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF
CALIFORNIA

     I, Jeong Ah Joy Lee, declare and state as follows:

     1.    I am an attorney licensed to practice law in the State of New York and an associate
at the law firm of Mayer Brown LLP, attorneys for defendant Google Inc. ("Google") in this
action against plaintiff Brite Smart Corp. ("Brite Smart").

     2.    I have knowledge of the facts set forth herein, and if called upon as a witness, I
could and would testify competently under oath.

     3.    I make this declaration in support of Google's reply brief in Google's motion to
transfer this action to the United States District Court for the Northern District of California
("NDCA") (the "motion").

     4.    Attached as **Exhibit A** is a compilation LinkedIn profiles and other relevant
website printouts for Benji Walklet, Jeff Swersky, and Jason McDonald, who are the three non-
party witnesses that reside in the NDCA that may have discoverable information regarding
Google's defenses and Brite Smart's remedies. According to my research, LinkedIn profile pages

1

are created and edited by the individual or the entity to which the profile belongs. In other words, LinkedIn profile shows information (*e.g.*, locations, employer name, job title and description, employment history) as last added or edited by the profile owner.

5.    According to Benji Walklet's LinkedIn profile and his Elance profile on https://www.elance.com/s/bwalklet, he lives in San Francisco. He is an Internet Marketing Consultant and Manager and an Google AdWords certified individual and partner, who provides pay per click account management services and implements search engine optimization.

6.    According to Jeff Swersky's LinkedIn profile, he lives in the San Francisco Bay Area. He is a Digital Marketer and is certified in Google AdWords, Google Analytics, Web Analytics, Conversion Optimization, Pay-Per-Click, and Search Engine Optimization and Social Media, and his specialties include website optimization, analytics, and traffic and lead generation.

7.    According to Jason McDonald's LinkedIn profile, he lives in the San Francisco Bay Area. He is a consultant and a trainer in pay-per-click, search engine optimization, AdWords, and Social Media Marketing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, NY on November 20, 2014.

Jeong Ah Joy Lee

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| **v.** | § | **Case No. 2:14-CV-760-JRG-RSP** |
| | § | |
| **GOOGLE INC.** | § | |

## AGREED DOCKET CONTROL ORDER

In accordance with the scheduling conference held in this case, it is hereby ORDERED

that the following schedule of deadlines is in effect until further order of this Court:

| January 11, 2016 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
|---|---|
| December 1, 2015 | *Pretrial Conference – 9:00 a.m in **Marshall, Texas** before Judge Roy Payne |
| November 25, 2015 | *Notify Court of Agreements Reached During Meet and Confer <br><br> The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| November 23, 2015 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine* |
| November 16, 2015 | *File Notice of Request for Daily Transcript or Real Time Reporting. <br><br> If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| November 9, 2015 | File Motions *in Limine* <br><br> The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |

| November 9, 2015 | Serve Objections to Rebuttal Pretrial Disclosures |
|---|---|
| November 2, 2015 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| October 19, 2015 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| September 21, 2015 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| September 21, 2015 | Deadline to Complete Expert Discovery |
| August 31, 2015 | Serve Disclosures for Rebuttal Expert Witnesses |
| August 10, 2015 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| August 10, 2015 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| July 27, 2015 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| July 28, 2015 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. *See* L.R. App. H. |
| July 21, 2015 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| June 30, 2015 | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| June 16, 2015 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| June 9, 2015 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| June 2, 2015 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| May 19, 2015 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) |

| | |
|---|---|
| May 19, 2015 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| May 5, 2015 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| April 28, 2015 | File Response to Amended Pleadings |
| April 14, 2015 | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| April 7, 2015 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| March 17, 2015 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| February 24, 2015 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| December 15, 2014 | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| November 24, 2014 | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| November 17, 2014 | *File Proposed Docket Control Order and Proposed Discovery Order<br><br>The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| November 10, 2014 | Join Additional Parties |
| November 6, 2014 | *File Notice of Mediator |
| November 3, 2014 | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

(*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**:  The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached.  If the parties do not reach an agreement, the Court will appoint a mediator.  The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**:  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs.  Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter.  Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter.  The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.  Letter briefs shall be filed without exhibits.  Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**:  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**– A241 –**

**Amendments to the Docket Control Order ("DCO")**:  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**SIGNED this 24th day of November, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**PLAINTIFF BRITE SMART CORP.'S SUR-REPLY IN SUPPORT OF ITS
<u>OPPOSITION TO GOOGLE INC.'S MOTION TO TRANSFER VENUE</u>**

## TABLE OF CONTENTS

I.        ANALYSIS ........................................................................................................ 1

   A.     Brite Smart's Tyler, Texas Office is Not "Superficial" ................................. 1

   B.     Defendant's Supplemental Witnesses Don't Replace Brite Smart's Witnesses ........... 2

   C.     Private Factors Do Not Weigh in Favor of Transfer ...................................... 3

      1.   Relative Ease of Access to Source of Proof ................................................. 3

      2.   Availability of Compulsory Process ............................................................. 4

      3.   Cost of Attendance for Willing Witnesses .................................................... 4

   D.     Defendant Did Not Prove That the Public Interest Factors Favor Transfer ................. 5

II.       CONCLUSION ................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009)     4

*In re Google*, 412 F. App'x 295 (Fed. Cir. 2011)     5

*In re Microsoft*, 630 F.3d 1361 (Fed. Cir. 2011)     2

*In re Toyota Motor Corp.*, 747 F.3d 1338 (Fed. Cir. 2014)     1

*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2009)     5

*In re Zimmer*, 609 F.3d 1378 (Fed. Cir. 2010)     2

*Indus. Tech. Research Inst. v. LG Corp.*, No. 5:10-cv-629-LED-JDL (E.D. Tex. Nov. 29, 2011)     2

*InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG (E.D. Tex. Mar. 26, 2013)     2, 5

*Lake Cherokee Hard Drive Techs. v. Bass Computers, Inc.*, No. 2:10-cv-216-JRG (E.D. Tex. Feb. 12, 2012)     2

*Landmark Tech., LLC v. Ann Inc.*, No. 6:12-cv-00672-MHS-JDL (E.D. Tex. July 1, 2013)     3

*Net Navigation Sys., LLC. v. Extreme Networks, Inc.*, No. 4:13-cv-254-ALM (E.D. Tex. Oct. 27, 2014)     5

*NovelPoint Learning LLC v. Leapfrog Enterprises, Inc.*, No. 6:10-cv-229-JDL (E.D. Tex. Dec. 6, 2010)     2

*Ventronics Sys., LLC v. Drager Med. GmbH*, No. 6:10-cv-582-LED (E.D. Tex. Oct. 20, 2011)     2

Plaintiff Brite Smart Corp. ("Brite Smart") submits this Sur-reply to address arguments raised by Defendant Google Inc. ("Google") in its Reply (Dkt. 33) to Brite Smart's Response (Dkt. 27) to Defendant's Motion to Transfer Venue (Dkt. 18) from this District ("EDTX") to the Northern District of California ("NDTX"), and would respectfully show the Court as follows:

## I.    ANALYSIS

### A.    Brite Smart's Tyler, Texas Office is Not "Superficial"

Defendant suggests that Brite Smart's principal place of business in Tyler is superficial because Brite Smart's Vice President, Mr. Collins, failed to mention in his declaration (1) the existence of other employees, (2) whether Brite Smart conducts substantial non-licensing activities, or (3) whether the Tyler office houses documents related to activities unrelated to licensing.  Reply at 2.  First, that Brite Smart has chosen to license its patents instead of attempting to compete with online advertising companies such as Google constitutes nothing more than a conscious, and likely prudent, business decision.  Second, there is nothing ephemeral about Mr. Collins' presence in Tyler, Texas.  As stated in his declaration, Mr. Collins has lived in East Texas for his entire life.  Dkt. 27-2 ¶2.  Third, that Brite Smart has decided to make Mr. Collins, a person with solid experience with patent licensing, the focus of its licensing activities, constitutes nothing more than another sensible business decision by Brite Smart.[1]

The cases Defendant cites are easily distinguishable.  In *In re Toyota*, the district court found that (1) several factors favored transfer including the ease of access to sources of proof and the public interest factor, and (2) no non-party witnesses existed in EDTX.  *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014).  None of those indicia apply here.

The court in *In re Zimmer* found venue manipulation when the plaintiff created an illusory office with no employees in the transferor district, and transferred over 75,000 pages of

---

[1] Defendant detailed Mr. Collins' patent licensing experience in its Motion.  *See* Dkt. 18-5 and 18-6.

documents, in anticipation of litigation. *See, e.g.*, *InMotion Imagery Techs., LLC v. Imation Corp.*, No. 2:12-cv-298-JRG, at 5, n.1 (E.D. Tex. Mar. 26, 2013) *citing In re Zimmer*, 609 F.3d 1378, 1381 (Fed. Cir. 2010). However, none of the *Zimmer* facts exist in the present case.

The court in *In re Microsoft* found the plaintiff to be an ephemeral entity when it was operated from the United Kingdom, had no employees in Texas, and was incorporated in Texas mere days before filing suit in that district. *In re Microsoft*, 630 F.3d 1361, 1364-65 (Fed. Cir. 2011); *see also NovelPoint Learning LLC v. Leapfrog Enterprises, Inc.*, No. 6:10-cv-229-JDL (E.D. Tex. Dec. 6, 2010) (finding where a complaint was filed four months after NovelPoint's formation is not "recent" under Federal Circuit precedent.)[2]

### B.    Defendant's Supplemental Witnesses Don't Replace Brite Smart's Witnesses

Defendant also suggests that by identifying three "similarly situated third-party witnesses" in NDCA, the "identification of witnesses in Texas becomes inconsequential." Reply at 3-4. The cases Defendant cites do not support that conclusion. The *Ventronics* court refused to ignore the witnesses within this District. *See Ventronics Sys., LLC v. Drager Med. GmbH*, No. 6:10-cv-582-LED, at 9 (E.D. Tex. Oct. 20, 2011). Instead, the *Ventronics* court based its weighting on the locations of the inventors, the prosecuting attorneys, and the party witnesses. *Id*. The other case cited by Defendant involved party witnesses, where the court found that the plaintiff failed to show the relevance of defendant's Texas employees. *See Indus. Tech. Research Inst. v. LG Corp.*, No. 5:10-cv-629-LED-JDL, at 12 (E.D. Tex. Nov. 29, 2011). In contrast, Brite Smart has adequately explained how its potential witnesses have relevant and material information. *See* Resp. Dkt. 27-5 ¶¶6-13.

---

[2] Brite Smart's reasons for having its only office in Tyler, Texas only affects the weight that the Court should attribute to Brite Smart's principal place of business, and does not change Defendant's burden to show that the transferee venue is clearly more convenient than EDTX. *See Lake Cherokee Hard Drive Techs. v. Bass Computers, Inc.*, No. 2:10-cv-216-JRG, at 9 (E.D. Tex. Feb. 12, 2012).

In addition, the witnesses identified by Defendant are not "similarly situated" in that they have substantially less relevant and material information than those identified by Brite Smart.[3] The experience of such witnesses is important because: (1) Brite Smart identified five witnesses having knowledge of the state of the art of click-fraud detection at the time of invention of the patents-in-suit -- February 7, 2003 (*see* Resp. Dkt. 27 at 3, n.2. and Dkt. 27-5, ¶10); (2) the date that Google implemented its doubleclick policy in March 2005 (*see* Dkt. 27-6 at F-43); and (3) the relevant infringement time period beginning on July 10, 2008.

### C.    Private Factors Do Not Weigh in Favor of Transfer

#### 1.  Relative Ease of Access to Source of Proof

Defendant does not address Brite Smart's arguments that Defendant cannot point to any relevant documents physically located in NDCA.  *See* Resp. at 9.  Defendant does not appear to dispute that its documents are located at its data centers and that it has no data centers located in NDCA.  In any case, Defendant has failed to identify its sources of proof with sufficient specificity such that the Court may determine whether transfer will increase the convenience of the parties.  *See Landmark Tech., LLC v. Ann Inc.*, No. 6:12-cv-00672-MHS-JDL (E.D. Tex. July 1, 2013).  Defendant does not dispute that Brite Smart's documents are located in EDTX.

Defendant identified 19 non-party witnesses located in NDCA, but has failed to explain their relevance except to state that they "invented or implemented potentially invaliding prior art" (without identifying the alleged prior art), and has not disputed that some of them such as Amazon.com and Expedia were identified as "random technology companies in the NDCA area

---

[3] Mr. Walklet has only been involved with pay-per-click advertising since May 2010.  *See* Dkt. 33-2.  Mr. Swersky appears to have just begun his professional career in January 2011.  *Id.*  Mr. McDonald's first exposure to online advertising appears to have begun in August 2009.  *Id.*  In comparison, as for the witnesses identified by Brite Smart in EDTX: (1) Mr. Wright with Wright IMC LLC began his work with online advertising at least as early as 2003 (*see* Dkt. 27-7 at G-218); Bernadette Coleman began Advice Interactive Group in January 2006 (*see id.* at G-36); Christine Churchfill with KeyRelevance has over 10 years of online marketing experience (*see id.* at G-136) and Jim Gilbert with KeyRelevance has been involved with online search and advertising since the inception of the Internet in the early 90s.  (*see id.* at G-137).

to skew the venue analysis." *Compare* Reply (Dkt. 18-4 ¶14) *with* Resp. at 11.  In comparison, Brite Smart identified 13 non-party witnesses located in EDTX.  Brite Smart also identified one additional non-party witness within 100 miles of Marshall and four additional non-party witnesses within Texas (not counting Google's Adometry employees in Austin). *See* Resp. at 11.

### 2.  Availability of Compulsory Process

Defendant does not dispute that this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense.  Fed. R. Civ. P. 45(c)(1)(B).  While focusing on the potential witnesses in EDTX, Defendant does not dispute the existence of numerous other witnesses that are either: (1) within 100 miles of Marshall, Texas; or (2) within Texas.[4]  For example, Ron Rippy of Austin, Texas and Tom Cuthbert of San Antonio, Texas are potential witnesses regarding the existence (or absence) of a commercially viable non-infringing alternative as well as the state of the art of click fraud detection techniques at the time of invention.  *See* Resp. at 3-4.  In addition, Lane's Gifts and Collectibles in Texarkana, Arkansas is within 100 miles of Marshall.  *See id.* at 4, n.4.

### 3.  Cost of Attendance for Willing Witnesses

As for party witnesses, Brite Smart's Vice President is a longtime resident of this District, meaning that a transfer would increase costs to Brite Smart and merely redistribute the inconvenience among the parties.[5]  As for non-party witnesses, Brite Smart identified thirteen witnesses within EDTX; an additional one located with 100 miles of this Court; an additional

---

[4] Defendant's citation to *Genentech* to argue against the "centralized location" principle does not apply to the facts of this case.  *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (improper to use "central location" as a consideration *in the absence of witnesses within the plaintiff's choice of venue*).

[5] Defendant suggests that its purchase of Adometry is not relevant because it provides "click forensic services" instead of "click fraud detection services."  Reply at 3.  However, publicly-available documents state that "Adometry's offerings help to optimize online advertising campaigns by identifying sources of unwanted or underperforming traffic (*such as click fraud*) and scoring valid traffic base on its value to advertisers and ad networks."  Dkt. 27-7 at G-1 (emphasis added); *see also id.* at G-13 ("Adometry has roots in online ad fraud prevention."); *see also id.* at G-14 ("The company… tackled the problem of click fraud online.")

four located in Texas; and another seven who are closer to Marshall than San Francisco.[6]  *See* *Resp.* at 11.  When inconvenience would exist in either venue, merely shifting inconvenience from one party's witnesses to the other is insufficient to affect a transfer of venue.  *See Net Navigation Sys., LLC. v. Extreme Networks, Inc.*, No. 4:13-cv-254-ALM, at 9 (E.D. Tex. Oct. 27, 2014) *citing In re Google*, 412 F. App'x 295 296 (Fed. Cir. 2011).  Defendant argues that it identified 32 witnesses compared to Brite Smart's 30, but failed to explain what type of testimony would be elicited from most of the witnesses it identified.  Moreover, Defendant does not dispute that meals and lodging expenses will be much higher in San Francisco.  In sum, Defendant has failed to meet its burden to show that the transferee district is clearly more convenient.

### D.    Defendant Did Not Prove That the Public Interest Factors Favor Transfer

As for the court congestion factor, Defendant does not dispute that the most recent statistics reveal that EDTX has a shorter time-to-trial than NDCA.  *See* Dkt. 27-7 at G229-30.  As for the localized interest factor, Defendant does not dispute that Brite Smart has a localized interest in this case, and thus this factor does not weigh in favor of transfer.  *See, e.g.*, *InMotion Imagery,* No. 2:12-cv-298-JRG, at 8 (E.D. Tex. Mar. 26, 2013) (finding this factor neutral where the defendant acknowledged it had sold products in Texas and where plaintiff had an office in the District and a managing director who resided in the District).

## II.    CONCLUSION

The private and public interest factors weigh against transfer.  Defendant has failed to carry its burden of showing that the Northern District of California is a clearly more convenient venue for this dispute than the Eastern District of Texas. Thus, its motion should be denied.

---

[6] The Federal Circuit routinely considers the locations of witnesses outside of both districts (and states) as long as some tie to EDTX exists.  *See., e.g., In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2009) (considering convenience of Michigan and Canadian witnesses in a case seeking transfer from EDTX to Ohio).

Dated:  December 1, 2014          Respectfully submitted,

          /s/*Robert D. Katz*
          Robert D. Katz
          Lead Counsel
          Texas Bar No. 24057936
          **KATZ PLLC**
          6060 N. Central Expressway, Suite 560
          Dallas, TX 75206
          (214) 865-8000
          rkatz@katzlawpllc.com

          Stafford Davis
          Texas Bar No. 24054605
          **THE STAFFORD DAVIS FIRM, PC**
          305 South Broadway
          Suite 406
          Tyler, TX 75702
          (903) 593-7000
          sdavis@stafforddavisfirm.com

          **ATTORNEYS FOR PLAINTIFF**
          **BRITE SMART CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic

service are being served with a copy of this document via the Court's CM/ECF system per Local

Rule CV-5(a) on the date above. Any other counsel of record will be served by electronic mail.

          /s/ *Robert D. Katz*
          Robert D. Katz

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brite Smart Corp. ("Brite Smart" or "Plaintiff") files this First Amended Complaint for patent infringement against Google Inc. ("Google" or "Defendant") and states as follows:

### NATURE OF ACTION

1.    This is a patent infringement action in which Brite Smart seeks compensatory damages, past and future, amounting to no less than a reasonable royalty. In the Internet advertising industry, advertisers are often charged on a pay-per-click basis whereby the advertiser pays for each time an Internet user is directed to their website or advertisement.   These pay-per-click charges are the primary source of revenue for providers of Internet advertising.  As pay-per-click charges may be very significant costs for Internet advertisers, such advertisers seek to ensure that the clicks for which they are charged reflect genuine interest in the advertisers' products and services from Internet users and are not clicks that only serve to inflate the charges for which advertisers are responsible, otherwise known as "invalid clicks" or "click-fraud."  It has been reported that about 36% of all web traffic is considered fake, the product of computers hijacked by

viruses and programmed to visit sites.   Patrick Zuili, inventor of U.S. Patent Nos. 7,249,104 ("the '104 patent"), 7,953,667 ("the '667 patent"), 8,326,763 ("the '763 patent"), and 8,671,057 ("the '057 patent"), (collectively "the patents-in-suit"), invented a technology for reducing invalid clicks or click-fraud by enabling advertisement-providers such as search engines to detect clicks that likely do not reflect bona-fide indications of Internet users' interest.   Google has used, and continues to use, the patented technology unlawfully.

2.    Google operates a search website and a search advertising platform on the Internet.  In response to search queries, Google returns search results pages with a list of "natural" or "algorithmic" results from the search engine and where applicable, a list of "paid for" search advertising  or "sponsored links"  placed on the side of the search engine (typically on the right side of the search engine page results). Google controls the Internet's largest ad network in the world, and dominates the markets of search engine usage and search-driven Internet advertising. Google's highly profitable advertising platform (known as "AdWords") receives the overwhelming majority of its revenue from search advertising.

3.    Search advertisements are normally sold on a "cost per click" or "CPC" basis whereby advertisers pay the search website each time their ad is clicked by a user of the search website. If a search ad is shown on a search-results page, but not clicked, then the advertiser generally does not pay.

4.    Google displays CPC advertising on its own search engine, and also on other websites through its "AdSense" program.   Through AdSense, other website operators display advertisements on their website.   The underlying advertiser must pay

for each "click" by an Internet user on their AdSense advertisement. Google also allows advertisers to purchase advertising on other websites through its DoubleClick Bid Manager.  Advertising revenues are then split between Google and the third party website.

## THE PARTIES

5.     Plaintiff Brite Smart Corp. is a corporation organized under the laws of Delaware with its principal place of business at 110 North College Avenue, Suite 1504, Tyler, Texas 75702.

6.     Google, Inc. is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Google's registered agent for service in Texas is Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

7.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

8.     Venue is proper within this District under 28 U.S.C. §§1391 and 1400(b). On information and belief, Google has committed acts of infringement in this District, has purposely transacted business in this District, has advertised and solicited business in this District, has committed acts of infringement in this District, and has established minimum contacts within this District

9.     This Court has personal jurisdiction over Google because, on information and belief, Google has conducted and does conduct business within this District, has

committed acts of infringement in this District, and continues to commit acts of infringement in this District.  On information and belief, Google generates millions of dollars of search advertising revenue in this District.  On information and belief, at least hundreds of thousands of residents within this District use Google's website and thus generate search advertising revenue.

## First Claim for Patent Infringement ('104 patent)

10.    Brite Smart incorporates by reference paragraphs 1-9 as if fully set forth herein.

11.    On July 24, 2007, United States Patent No. 7,249,104 ("the '104 patent") entitled "Pay-Per-Click System And Method That Determine Whether A Requested Link To A Merchant Website Is Legitimate Or Fraudulent" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '104 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '104 patent is attached hereto as Exhibit A.

12.    The '104 patent is valid and enforceable.

13.    Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '104 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

14.     Google has been at no time, either expressly or impliedly, licensed under the '104 patent.

15.     Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

16.     Upon information and belief, since at least the original filing date of the Complaint in this action, Defendant has had knowledge of the '104 patent and has had knowledge of its infringement of the '104 patent.   Upon information and belief, Defendant deliberately infringed the '104 patent and acted recklessly and in disregard to the '104 patent by making, using, operating, and putting into service pay-per-click advertising services and systems that infringe the '104 patent. Upon information and belief, the risks of infringement were known to Defendant and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information and belief, Defendant has willfully infringed and/or continues to willfully infringe the '104 patent since at least the original filing date of the Complaint in this action.

### Second Claim for Patent Infringement ('667 patent)

17.     Brite Smart incorporates by reference paragraphs 1-16 as if fully set forth herein.

18.     On May 31, 2011, United States Patent No. 7,953,667 ("the '667 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '667 patent by assignment, with full right to bring suit to enforce the patent, including the right

to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '667 patent is attached hereto as Exhibit B.

19.     The '667 patent is valid and enforceable.

20.     Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '667 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

21.     Google has been at no time, either expressly or impliedly, licensed under the '667 patent.

22.     Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

23.     Upon information and belief, since at least the original filing date of the Complaint in this action, Defendant has had knowledge of the '667 patent and has had knowledge of its infringement of the '667 patent.   Upon information and belief, Defendant deliberately infringed the '667 patent and acted recklessly and in disregard to the '667 patent by making, using, operating, and putting into service pay-per-click advertising services and systems that infringe the '667 patent. Upon information and belief, the risks of infringement were known to Defendant and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information

and belief, Defendant has willfully infringed and/or continues to willfully infringe the '667 patent since at least the original filing date of the Complaint in this action.

**Third Claim for Patent Infringement ('763 patent)**

24.     Brite Smart incorporates by reference paragraphs 1-23 as if fully set forth herein.

25.     On December 4, 2012, United States Patent No. 8,326,763 ("the '763 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '763 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '763 patent is attached hereto as Exhibit C.

26.     The '763 patent is valid and enforceable.

27.     Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '763 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

28.     Google has been at no time, either expressly or impliedly, licensed under the '763 patent.

29.    Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

30.    Upon information and belief, since at least the original filing date of the Complaint in this action, Defendant has had knowledge of the '763 patent and has had knowledge of its infringement of the '763 patent.   Upon information and belief, Defendant deliberately infringed the '763 patent and acted recklessly and in disregard to the '763 patent by making, using, operating, and putting into service pay-per-click advertising services and systems that infringe the '763 patent. Upon information and belief, the risks of infringement were known to Defendant and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information and belief, Defendant has willfully infringed and/or continues to willfully infringe the '763 patent since at least the original filing date of the Complaint in this action.

### Fourth Claim for Patent Infringement ('057 patent)

31.    Brite Smart incorporates by reference paragraphs 1-30 as if fully set forth herein.

32.    On March 11, 2014, United States Patent No. 8,671,057 ("the '057 patent") entitled "Method And System To Detect Invalid And Fraudulent Impressions And Clicks In Web-Based Advertisement Systems" was duly and legally issued after full and fair examination.  Brite Smart is the owner of all right, title, and interest in and to the '057 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '057 patent is attached hereto as Exhibit D.

33.     The '057 patent is valid and enforceable.

34.     Upon information and belief, Google has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '057 patent in this judicial district and elsewhere in the United States, by making, using, operating, and putting into service pay-per-click advertising services and systems, including, for example and without limitation, those used in connection with Google's search engine, AdWords, DoubleClick, and AdSense.

35.     Google has been at no time, either expressly or impliedly, licensed under the '057 patent.

36.     Google's acts of infringement have caused damage to Brite Smart.  Brite Smart is entitled to recover from Google the damages sustained by Brite Smart as a result of the wrongful acts of Google in an amount subject to proof at trial.

37.     Upon information and belief, since at least the original filing date of the Complaint in this action, Defendant has had knowledge of the '057 patent and has had knowledge of its infringement of the '057 patent.  Upon information and belief, Defendant deliberately infringed the '057 patent and acted recklessly and in disregard to the '057 patent by making, using, operating, and putting into service pay-per-click advertising services and systems that infringe the '057 patent. Upon information and belief, the risks of infringement were known to Defendant and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information and belief, Defendant has willfully infringed and/or continues to willfully infringe the '057 patent since at least the original filing date of the Complaint in this action.

**DEMAND FOR JURY TRIAL**

Brite Smart hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, Brite Smart respectfully requests that the Court:

1.    Enter judgment that Google has infringed the '104, '667, '763, and '057

patents;

2.    Award Brite Smart compensatory damages for Google's infringement of

the '104, '667, '763, and '057 patents, together with enhanced damages, costs, and pre-

and post-judgment interest;

3.    Award Brite Smart supplemental damages for any continuing post-verdict

infringement up until final judgment;

4.    Award Brite Smart enhanced damages for willful infringement as

permitted under the law; and

5.    Award any other relief deemed just and equitable.


DATED: April 9, 2015                     Respectfully submitted,


                                         /s/ *Robert Katz*
                                         Stafford Davis
                                         State Bar No. 24054605
                                         Email: sdavis@stafforddavisfirm.com
                                         THE STAFFORD DAVIS FIRM, PC
                                         305 South Broadway
                                         Suite 406
                                         Tyler, TX 75702
                                         Phone: (903) 593-7000
                                         Fax: (903) 703-7369

Robert D. Katz
Lead Attorney
State Bar No. 24057936
Email: rkatz@katzlawpllc.com
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
Phone: (214) 865-8000

ATTORNEYS FOR PLAINTIFF
BRITE SMART CORP.

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on the date above. Any other counsel of record will be served by electronic mail.

/s/ *Robert D. Katz*
Robert D. Katz

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civ. Action No. 2:14-cv-760-JRG-RSP** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant.* | § | |
| | § | |

**PATENT RULE 4-3 JOINT CLAIM CONSTRUCTION
AND PRE-HEARING STATEMENT**

Pursuant to Local Patent Rule 4-3 and the Court's Docket Control Order, Plaintiff Brite

Smart Corp. ("Brite Smart" or "Plaintiff") and Defendant Google Inc. ("Google") hereby submit

this Joint Claim Construction and Prehearing Statement.

**I.    P.R. 4-3(a) – Agreed Constructions**

The parties have meet-and-conferred pursuant to P.R. 4-2(c) and have agreed to certain

claim terms and phrases:

| Term | Claims | Agreed Construction |
|---|---|---|
| code | All claims | "a series of letters, numbers, or other symbols to represent or identify something" |
| encoded | '057: 11 | "convert into a different format" |
| global unique identifier | '667: 6, 11, 15, 23 '763: 6, 11, 19 | "a unique, 128-bit reference number" |
| "merchants" | '104: all; '667: 1, 18; '763: 1, 14; '057: all | "providers of goods or services" |
| receiving … from | '667: all; '763 all | "receiving … from, either directly or through a network such as the Internet" |
| server | '104: claim 9; '667 all; '763 all; '057 all | "a computer that provides information or services to other computers on a network" |

| transmitting … to | '667: 1, 18;  '763: 1, 14 | "transmitting… to, either directly or through a network such as the Internet" |
|---|---|---|

## II.    P.R. 4-3(b) – Proposed Constructions for Disputed Claim Terms and Supporting Evidence

### A.    Brite Smart's Position

Exhibit A contains Brite Smart's proposed constructions for each disputed claim term and intrinsic and other evidence in support.

#### 1.    Terms and Phrases that the Parties Agree Require Construction

The parties agree that the following ten claim terms and phrases require construction:

| Term | Patent Claims |
|---|---|
| "client" | ['667: all]<br>['763: all]<br>['057: all] |
| "cookie" | ['104: 5, 13]<br>['667: 3, 21]<br>['763: 3, 17]<br>['057: 9] |
| "determining whether the requested link to the merchant website is legitimate or fraudulent by examining a duration between two visits to the one of the merchant websites in the code" | ['104: 1] |
| "fraud / fraudulent / fraudulent activity" | ['104: all]<br>['667: all]<br>['763: all] |
| "invalid click(s)" | ['057: all] |
| "pay-per-click engine" | ['763: 10-14] |
| "pay-per-click system" | ['104: all]<br>['667: 1, 18]<br>['763: all] |
| "requested link" | ['104: all] |
| "search engine" | ['104: all]<br>['667: all] |
| "in an order according to incremental compensation for click-through to the websites" | ['104: all] |

**2.      Terms and Phrases Requested by Brite Smart for Construction**

In addition, Brite Smart contends that the following claim phrase requires construction:

| Term | Patent Claims |
|---|---|
| "clicks on one of the merchant websites" | ['104: 1,9] |

**3.      Terms and Phrases Requested by Google for Construction**

In addition, Google contends that the following 21 claim terms and phrases require

construction:

| Term | Patent Claims |
|---|---|
| "client side" | ['667:10, 14]<br>['763: 10] |
| "code identifying [a/the/said/at least one] device/ end user's computer" | ['667: 10,14]<br>['763: 10]<br>['057: all] |
| "code uniquely identifying a/the device / unique code [] for identifying said client / end user's computer" | ['104: all]<br>['667: 1, 11, 18]<br>['763: 1, 11, 14] |
| "concatenating the another code to the code previously generated / the another code is concatenated to the code previously generated" | ['104: all] |
| "concatenating said code with at least one of said links to said websites" | ['763: 5] |
| "determining from said data whether said at least one of said selections of said at least one web page is fraudulent" | ['667: 10, 14]<br>['763: 10] |
| "determining whether the requested link to the merchant website is legitimate or fraudulent by examining a duration between two visits to the one of the merchant websites in the code" | ['104: 1] |
| "examining a duration between/of two visits [] in the code" | ['104: all] |
| "measuring the duration between clicks [] by examining said code" | ['667: 1, 18; '763: 1, 14] |
| "examining a duration between a time of one of said selections/clicks [] and a time of another of said selections/clicks" | ['667: 10, 14; '763: 10, '463: 10] |
| "examining a difference between said first time and said second time" | ['057: all] |
| "information about one or more selections/clicks by the | ['667: 10, 14] |

| | |
|---|---|
| [end] user" | ['763: 10] |
| "links associated with [] web pages" | ['667: 10, 14]<br>['763: 10]<br>['057: all] |
| "links associated with [] websites" | ['667: 1, 18]<br>['763: 1, 14] |
| "predetermined number of requests from the user during a given period of time" | ['104: 7, 15] |
| "receiving [] a [search] request from a client / receiving a request from an end user's computer" | ['667: 1, 18]<br>['763: 1, 14] |
| "search request" | ['667: 1, 18] |
| "server side / server side computing device" | ['667: all]<br>['763: all]<br>['057: all] |
| "web pages" | ['667: 10, 14]<br>['763: 1, 14]<br>['057: all] |
| "websites" | ['104: all]<br>['667: 1, 18]<br>['763: 1, 14] |
| "website information regarding a website selected/clicked by the client" | ['667: 1, 18]<br>['763: 1, 14] |

### 4.    Identification of Antecedent Bases

Brite Smart contends that the phrases of the claims do not require the identification of a specific antecedent basis as part of Claim Construction. In addition, Brite Smart contends that no phrases of any claims are indefinite for lack of an antecedent basis.

### 5.    Ordering of Method Claim Steps

Brite Smart contends that no construction relating to the ordering of method claim steps is necessary and that the order is dictated by the claim language or no order is required.

### B.    Google's Position

Google's positions for each disputed claim term and intrinsic and other evidence in support are contained in Exhibit B.

**III.    P.R. 4-3(c) – The Anticipated Length of Time Necessary for the Claim Construction Hearing**

The parties anticipate that the Claim Construction Hearing will require approximately 4 hours, with each side being allotted 2 hours.

**IV.    P.R. 4-3(d) – Witnesses the Parties Propose to Call at the Claim Construction Hearing**

The parties do not presently plan to submit expert declarations or offer expert testimony in connection with Claim Construction.

**V.    P.R. 4-3(e) – Other Issues**

The parties are aware of no other outstanding issues that need to be taken up at a pre-hearing conference before the Claim Construction Hearing.


DATED: April 10, 2015                    Respectfully submitted,


                                         /s/ *Robert Katz*___
                                         Stafford Davis
                                         State Bar No. 24054605
                                         Email: sdavis@stafforddavisfirm.com
                                         THE STAFFORD DAVIS FIRM, PC
                                         305 South Broadway
                                         Suite 406
                                         Tyler, TX 75702
                                         Phone: (903) 593-7000
                                         Fax: (903) 703-7369

                                         Robert D. Katz
                                         Lead Attorney
                                         State Bar No. 24057936
                                         Email: rkatz@katzlawpllc.com
                                         KATZ PLLC
                                         6060 N. Central Expressway, Suite 560
                                         Dallas, TX 75206
                                         Phone: (214) 865-8000

                                         ATTORNEYS FOR PLAINTIFF
                                         BRITE SMART CORP.

Michael E. Jones, SNB: 10929400
**POTTER MINTON LLP**
110 N College Avenue, Suite 500
Tyler, TX 75702
903-597-8311
mikejones@potterminton.com

Michelle A. Clark
David A. Perlson
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
michelleclark@quinnemanuel.com
davidperlson@quinnemanuel.com

**ATTORNEYS FOR DEFENDANT
GOOGLE INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic services on this the 10th Day of April, 2015.

/s/___*Robert Katz*____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRITE SMART CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 2:14-cv-00760-JRG-RSP |
| | ) | |
| GOOGLE INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**JOINT MOTION FOR ENTRY OF AN ORDER FOCUSING PATENT CLAIMS AND
PRIOR ART TO REDUCE COSTS**

Pursuant to the Court's General Order 13-20 entered October 29, 2013 and as provided

by Federal Rule of Civil Procedure 1, Plaintiff Brite Smart and Defendant Google Inc. (the

"Parties") jointly move this Court for entry of the Order Focusing Patent Claims and Prior Art to

Reduce Costs attached hereto as Exhibit A.  All parties agree upon the Order with the exception

of one disputed issue for the Court's resolution, which is highlighted in the attached Order.

1

DATED: April 13, 2015


/s/ Robert Katz\_\_\_\_                           \_\_/s/ Michelle Ann Clark

Stafford Davis                             Michelle A. Clark
State Bar No. 24054605                      David A. Perlson
Email: sdavis@stafforddavisfirm.com         Quinn Emanuel Urquhart & Sullivan, LLP
**THE STAFFORD DAVIS FIRM, PC**             50 California Street, 22nd Floor
305 South Broadway                          San Francisco, CA 94111
Suite 406                                   michelleclark@quinnemanuel.com
Tyler, TX 75702                             davidperlson@quinnemanuel.com
Phone: (903) 593-7000
Fax: (903) 703-7369                         *Attorneys for Google Inc.*
Robert D. Katz
Lead Attorney                               Michael E. Jones, SNB: 10929400
State Bar No. 24057936                      POTTER MINTON LLP
Email: rkatz@katzlawpllc.com                110 N College Avenue, Suite 500
**KATZ PLLC**                               Tyler, TX 75702
6060 N. Central Expressway, Suite 560       903-597-8311
Dallas, TX 75206                            mikejones@potterminton.com
Phone: (214) 865-8000
**ATTORNEYS FOR PLAINTIFF**
**BRITE SMART CORP.**

2

**– A272 –**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on April 13, 2015.


<u>/s/ Miles Freeman</u>

Miles Freeman

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRITE SMART CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 2:14-cv-00760-JRG-RSP |
| | ) | |
| GOOGLE INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | **FILED UNDER SEAL PURSUANT TO** |
| | ) | **PROTECTIVE ORDER** |
| | ) | |
| | ) | |

## <u>GOOGLE INC.'S MOTION TO COMPEL DISCOVERY</u>

# TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS ........................................................................................1

    A.    Brite Smart Represents Its Documents Are Available in Tyler, Texas ..................1

    B.    Google Requests Brite Smart's Relevant Non-Public Documents .........................2

    C.    Brite Smart Fails to Produce Its Relevant Non-Public Documents .......................2

    D.    Brite Smart Fails to Identify Witnesses, Topics, and Dates for Google's 30(b)(6) Deposition Notice ......................................................................................3

ARGUMENT .........................................................................................................4

I.    BRITE SMART SHOULD BE COMPELLED TO PRODUCE RELEVANT DOCUMENTS IN ITS POSSESSION, CUSTODY, OR CONTROL...............................4

II.    BRITE SMART SHOULD BE COMPELLED TO IDENTIFY WITNESSES, TOPICS, AND DATES IN RESPONSE TO GOOGLE'S 30(B)(6) NOTICE OF DEPOSITION .......................................................................................................5

CONCLUSION .......................................................................................................7

CERTIFICATE OF CONFERENCE.........................................................................9

CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL ............................................9

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Collins v. Nissan NA, Inc.*,
    No. 2:11-CV-428-JRG, Memorandum and Opinion, Dkt. 119 (E.D. Tex. May 9, 2013).........6

*Wright v. Weaver*,
    No. 4:07-CV-369-RAS, 2009 WL 5170218 (E.D. Tex. Dec. 18, 2009) ..................................5

### <u>Statutes and Rules</u>

Patent Rule 3-2..........................................................................................................................2

Patent Rule 4-2(b) ...................................................................................................................2, 4

Local Rule CV-5(a)(3) ..............................................................................................................9

Local Rule CV-7(h) ...................................................................................................................9

Plaintiff Brite Smart has disregarded its document production and deposition obligations. Despite Google's repeated requests, Brite Smart has refused to produce any of its non-public documents regarding its corporate form and related corporate entities. In addition, Brite Smart has failed to identify corporate representatives for any of Google's specific 30(b)(6) deposition topics. Brite Smart's refusal to meaningfully participate in discovery has required Google to seek this Court's aid in compelling Brite Smart's compliance with its obligations under the Court's Discovery Order. (*See* Dkt. 36.)

## STATEMENT OF FACTS

### A.    Brite Smart Represents Its Documents Are Available in Tyler, Texas

Brite Smart filed its complaint on July 10, 2014 alleging infringement of U.S. Patent Nos. 7,249,104, 7,953,667, 8,326,763, and 8,671,057. (Dkt. 1.) On October 24, Google filed its Motion to Transfer Venue to the Northern District of California. (Dkt. 18.) In its opposition to Google's motion, Brite Smart represented that its hardcopy files are located at its alleged office in Tyler, Texas and that these documents "include . . . organizational and operational documents relating to its day-to-day activities." (Dkt. 27 at 3.) Brite Smart's Vice-President, Michael Collins, made an identical statement in his declaration attached to Brite Smart's Opposition to Google's Motion to Transfer Venue. (Dkt. 27-2 at 2.)

On November 24, this Court entered Docket Control, Discovery, and E-Discovery orders governing this case. (Dkts. 35, 36, 37.) The Court's Docket Control Order sets May 19, 2015 as the Deadline to Substantially Complete Document Production and Exchange Privilege Logs. (Dkt. 35 at 3.) The Court instructed that "Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline." (*Id.*) The Court, in its Discovery Order, also instructed the parties to

"produce or permit the inspection of all documents . . . that are relevant to the pleaded claims or defenses involved in this action." (Dkt. 36 at 3.)

### B.    Google Requests Brite Smart's Relevant Non-Public Documents

To help move forward Brite Smart's document production in a cooperative manner, Google wrote to Brite Smart to request its non-public documents and information regarding Brite Smart's various related corporate entities, along with several other categories of documents. (*See e.g.,* Ex. 1 at 9; 6 at 2-3.) Specifically, Google identified at least those documents relating to Brite Smart's corporate form, its related corporate entities, individuals involved in the operation or ownership of these related entities, the chain of title of the patents-in-suit, and Brite Smart's standing to assert the patents-in-suit. (Ex. 4 at 4.) These documents would be relevant to upcoming depositions, the development of Google's defenses, and to help understand Brite Smart's liability and damages theories.

### C.    Brite Smart Fails to Produce Its Relevant Non-Public Documents

Despite Brite Smart's representation to the Court about the ready availability of documents in its office in Tyler, Brite Smart has produced very few documents, and no non-public documents in this case.[1] (Clark Decl., ¶ 14.) And since Google first requested documents and information relating to Brite Smart's corporate form and related corporate entities, Brite Smart has produced only fourteen documents (excluding those documents produced under Patent Rule 4-2(b) for use during claim construction).[2] (Clark Decl., ¶ 16.) Out of these fourteen documents only nine publicly available assignment documents concerned Brite Smart's related entities. (*Id.*) Since this production, Brite Smart has refused to produce documents responsive to

---

[1] Brite Smart did produce one letter addressed to both Brite Smart and Google.

[2] Before Google's February 17 letter (Ex. 11), Brite Smart produced a smattering of publicly available documents, several of which were produced as part of its Patent Rule 3-2 production. (Clark Decl., ¶ 15.)

Google's February 25, March 3, and March 15 requests for information about Brite Smart's related corporate entities.  (Ex. 1 at 9; Ex. 2 at 7-8; Ex. 3 at 5.)

On March 16, Google raised Brite Smart's failure to provide this information at an in-person meet-and-confer and requested that Brite Smart promptly supplement its document production.  (Ex. 4 at 4.)  Google followed up again, writing to Brite Smart on March 19, March 25, and April 14.  (Ex. 4 at 4; 6 at 2-3; 9 at 1-2.)  On April 1, after almost two months of requests, Brite Smart simply said that it was "still searching for other documents" regarding only one of the several Brite Smart entities identified by Google.  (Ex. 7 at 1.)  On April 21, Brite Smart informed Google that it may produce an additional ten to fifteen <u>pages</u> of documents, "probably" on April 22.  (Ex. 8 at 1.)  Brite Smart did not identify what documents would be in its impending production, much less whether these documents would provide any further information about Brite Smart and its corporate affiliates.

### D. <u>Brite Smart Fails to Identify Witnesses, Topics, and Dates for Google's 30(b)(6) Deposition Notice</u>

In parallel to its document requests, Google pursued deposition testimony from Brite Smart's corporate representatives under Rule 30(b)(6).  Google served its Rule 30(b)(6) Notice of Deposition on March 10.  (Ex. 10.)  On March 12, Google requested and Brite Smart agreed to provide proposed deposition dates for its witnesses responsive to Google's 30(b)(6) Notice to Brite Smart.  (Ex. 3 at 6;  6 at 3-4.)  Google further requested that Brite Smart be prepared to discuss the deposition schedule for Brite Smart's witnesses and identify which witnesses would testify for which topics at the parties' in-person March 16 meet-and-confer.  (Ex. 3 at 6.)

During the in-person meet-and-confer, Brite Smart agreed to identify its witnesses and proposed dates for deposition by March 23.  (Ex. 4 at 5.)  Brite Smart failed to do so.  On March 24, Brite Smart wrote "I think I found a date that works for everyone on our side:  May 22."  (Ex.

5 at 3.)  But, Brite Smart's March 24 letter failed to identify any witnesses, topics, or locations for any of Brite Smart's 30(b)(6) depositions.  Moreover, its proposed date was impractical in light of Google's communicated intention to depose Brite Smart's witnesses in their personal capacity as well.   After Google followed up asking for this information (Ex. 6 at 3-4), Brite Smart "identified" two potential witnesses that it said would testify to "the invention and the related field of art" and "licensing."  (Ex. 7 at 1-2.)  Not only did Brite Smart's "identification" of witnesses fail to identify the specific topics to which these witnesses would testify, a large number of 30(b)(6) topics could not reasonably fall into "the invention and the related field of art" or "licensing."  On April 21, with claim construction approaching, Google accepted April 29 as a date for the deposition of the named inventor of the patents-in-suit, Patrick Zuili, reserving its rights as to subsequent production of documents.  (Ex. 8 at 2.)  That same day, Brite Smart represented that Mr. Zuili would not provide Rule 30(b)(6) testimony for Brite Smart, and would instead be testifying in his personal capacity only.  (Ex. 8 at 1.)

## ARGUMENT

### I.  BRITE SMART SHOULD BE COMPELLED TO PRODUCE RELEVANT DOCUMENTS IN ITS POSSESSION, CUSTODY, OR CONTROL

Google has repeatedly sought documents relating to Brite Smart's corporate form and related entities.  As early as February 25, Google requested that Brite Smart produce information regarding its related corporate entities.  (Ex. 1 at 9.)  In the nearly five months since the Court entered the Docket Control Order and roughly two months since Google identified specific document requests, Brite Smart has only produced one hundred and twenty two documents (excluding extrinsic evidence produced under Patent Rule 4-2(b)).  None of these documents were private, non-publicly available documents.  Of the one hundred and twenty two documents produced to date, only the nine assignment documents and four prosecution histories, all of

which are publicly recorded and available through the U.S. Patent and Trademark Office, offer any information about Brite Smart's corporate form and related entities.

Brite Smart's failure to produce these documents is inconsistent with representations it made in its opposition to Google's Motion to Transfer Venue.  (Dkt. 27.)  Again, Brite Smart, represented that its "hardcopy files include . . . organizational and operational documents relating to its day-to-day activities" and that these files are located at its alleged office in Tyler, Texas. (*Id.* at 3.)  Brite Smart's Vice-President, Michael Collins also made this representation in his declaration attached to Brite Smart's Opposition to Google's Motion to Transfer Venue.  (Dkt. 27-2 at 2.)  Many of Google's requests encompass Brite Smart's "organizational and operational documents," such as Google's requests for information regarding Brite Smart's corporate form, its related corporate entities, individuals with ownership interests in Brite Smart or financial interests in the outcome of this litigation, and the prior owners of the patents-in-suit.  (*See, e.g.*, Ex. 4 at 4.)  Yet, Brite Smart continues to fail to produce these documents.  Brite Smart should be compelled to produce all relevant documents that Google has requested, consistent with its representations to the Court.  *Wright v. Weaver*, No. 4:07-CV-369, 2009 WL 5170218, at *3 (E.D. Tex. Dec. 18, 2009) (characterizing inconsistent representations surrounding document production as "troublesome" and compelling production of any existing documents).  This production should include documents regarding at least BriteSmart Corp., BriteSmart Corporation, BriteSmart LLC, and Brite Smart LLC that Google has long been requesting.

## II.    <u>BRITE SMART SHOULD BE COMPELLED TO IDENTIFY WITNESSES, TOPICS, AND DATES IN RESPONSE TO GOOGLE'S 30(B)(6) NOTICE OF DEPOSITION</u>

Google served its Rule 30(b)(6) deposition notice on Brite Smart on March 10, 2015. (Ex. 10.)  Brite Smart, however, has failed to specifically identify witnesses for any of Google's 30(b)(6) topics.  While Brite Smart has noted that certain witnesses will testify as to generic

categories like "the invention and the related field of the art" and "licensing," these categories leave Google guessing as to which topics fall within which category. Moreover, even if Google is able to discern which topics fit into which categories, these ambiguous groupings do not capture the testimony sought by at least Topic Nos. 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 23, 24, 25, 29, 30, 33, 34, 35, 36, 42, 44, 45, 46, and 47. These topics include, but are not limited to, Brite Smart's discovery of the alleged infringement (Nos. 10, 11, 12), its corporate formation and related entities (Nos. 17, 18, 19, 20), and its financial information (Nos. 24, 25). Brite Smart's failure to identify witnesses for each of Google's 30(b)(6) topics is therefore improper. *Collins v. Nissan NA, Inc.*, No. 2:11-CV-428-JRG, Memorandum and Opinion, Dkt. 119, at 2 (E.D. Tex. May 9, 2013) ("Having been put on notice of Plaintiffs' 30(b)(6) topics, Nissan was required to either (1) tender a witness on each topic; (2) confer with Plaintiffs' counsel to discuss the scope of the deposition and resolve any disputes among themselves; or (3) seek relief from the Court once a meet-and-confer between the parties did not resolve the dispute.").

Brite Smart's "identification" of a date for potential 30(b)(6) depositions is also insufficient. On March 24, counsel for Brite Smart stated, "I think I found a date that works for everyone on our side: May 22." (Ex. 5 at 3.) This ambiguous proposal identified no witnesses, topics, or locations for any of Google's 30(b)(6) depositions. Moreover, Google had already indicated that it intended to depose Brite Smart's 30(b)(6) witnesses in their personal capacities as well, making a single date logistically impractical. In addition, Brite Smart has failed to identify any other witnesses that will testify to topics not captured by those categories identified in its April 1 correspondence. After Google accepted April 29 as a date for Mr. Zuili's deposition (Ex. 8 at 2), Brite Smart said that he would only be offered in his personal capacity.

(Ex. 8 at 1.)  To date, Brite Smart has failed to identify how many 30(b)(6) witnesses it expects to have, their identities, or any practical schedule for its 30(b)(6) depositions.

Google therefore requests that the Court compel Brite Smart to (1) identify any additional corporate representatives, (2) identify witnesses for all of Google's specific 30(b)(6) topics, and (3) identify additional dates for each of Brite Smart's corporate representatives and the location where each witness will be deposed.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Google's Motion to Compel.

DATED: April 21, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Michelle A. Clark*

Michael E. Jones, SNB: 10929400
POTTER MINTON LLP
110 N College Avenue, Suite 500
Tyler, TX 75702
903-597-8311
mikejones@potterminton.com

Michelle A. Clark
David A. Perlson
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
michelleclark@quinnemanuel.com
davidperlson@quinnemanuel.com

*Attorneys for Google Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 21, 2015.

/s/ *Miles Freeman*
Miles Freeman

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have met and conferred in writing, telephonically, and in person pursuant to Local Rule CV-7(h) and the Discovery Order. In addition to meeting and conferring telephonically, on March 16, 2015, lead and local counsel for Plaintiff (Robert Katz and Stafford Davis) and lead and local counsel for Defendant (Michelle Clark and Michael Jones) met and conferred in person regarding certain of the issues presented in this motion. Thereafter the parties were unable to reach an agreement.

/s/ *Michelle A. Clark*
Michelle A. Clark

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that the motion and supporting documents should be filed under seal because they contain material covered by the Protective Order approved and entered into in this case on December 2, 2014.

/s/ *Miles Freeman*
Miles Freeman

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BRITE SMART CORP. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 2:14-CV-0760 |
| v. | § | |
| | § | |
| | § | |
| GOOGLE INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

## <u>GOOGLE INC.'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH FURTHER EVIDENCE IN SUPPORT OF GOOGLE INC.'S MOTION TO TRANSFER VENUE TO NORTHERN DISTRICT OF CALIFORNIA</u>

Currently pending before the Court is Google Inc.'s Motion to Transfer Venue to the Northern District of California.  (Dkt. 18.)  Briefing closed on the motion on December 1, 2014. Google files this Motion for Leave to bring to the Court's attention subsequent evidence that is relevant to Google's motion to transfer.

On April 29, 2015, Google took the deposition of Patrick Zuili, the sole named inventor of the patents-in-suit and the owner and CEO of Plaintiff Brite Smart Corp..  At his deposition, Mr. Zuili testified that he had never been to Marshall, Texas – he did not even know where it is:

Q.    Have you ever been to Marshall, Texas?

A.    I've never been, no.

Q.    Do you know where it is?

A.    No.

(Ex. A, 58:6 – 58:9.)  This testimony is in direct contradiction to the Declaration that Mr. Zuili filed as part of Brite Smart's Opposition to the Motion to Transfer where Mr. Zuili stated

**– A286 –**

"Marshall, Texas is a much more convenient venue for me to attend trial than San Francisco,

CA." (Dkt. 27-1, ¶ 3.)  Now, via deposition, we learn he does not even know where Marshall is

located.  This testimony also directly contradicts the statement in Brite Smart's Opposition that

"Marshall, Texas is a far more convenient venue for Mr. Zuili than NDCA." (Dkt. 27, 3.)  Also,

Brite Smart touted the existence of its "principal office" in Tyler, Texas as supporting a

connection with the Eastern District in its transfer Opposition.  (*Id*., 2.)  But Mr. Zuili, Brite

Smart's CEO and owner, testified he had never been to the office in Tyler because "there is no

reason for me to be there." (Ex. A, 57:20 - 22.)

    Accordingly, Google respectfully requests that the Court grant Google's Motion for

Leave to Supplement the Record to add the portions of the Zuili deposition in Exhibit A.[1]

DATED: May 7, 2015          QUINN EMANUEL URQUHART & SULLIVAN, LLP

         By    */s/ David A. Perlson*
                        David A. Perlson

Michael E. Jones, SNB: 10929400        Michelle A. Clark
POTTER MINTON LLP                Quinn Emanuel Urquhart & Sullivan, LLP
110 N College Avenue, Suite 500        50 California Street, 22nd Floor
Tyler, TX 75702                    San Francisco, CA 94111
903-597-8311                      davidperlson@quinnemanuel.com
mikejones@potterminton.com         michelleclark@quinnemanuel.com

                        *Attorneys for Google Inc.*

    [1]  If the Court believes that consideration of this additional evidence would delay
resolution of Google's Motion to Transfer, Google requests the Court deny Google's motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 7, 2015.

/s/ *Miles Freeman*
Miles Freeman

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have met and conferred telephonically pursuant to Local Rule CV-7(h) on May 7, 2015, and counsel for Brite Smart opposed Google's Motion For Leave To Supplement The Record With Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District Of California.  Participants in the conference included Robert Katz and Stafford Davis, counsel for Brite Smart, and David A. Perlson, Lance Yang and Michael Jones on behalf of Google.  No agreement could be reached.

/s/ *David A. Perlson*

David A. Perlson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Civ. Action No. 2:14-cv-760-JRG-RSP** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| *Defendant*. | § | |
| | § | |

**PLAINTIFF'S SURREPLY IN OPPOSTION TO
GOOGLE'S MOTION TO COMPEL DISCOVERY**

Plaintiff Brite Smart Corp. ("Brite Smart") files this Surreply in Opposition to the Motion to Compel Discovery (Dkt. 78) filed by Defendant Google, Inc. ("Google") and would respectfully show the Court the following:

**I.    BRITE SMART HAS TIMELY PRODUCED ITS DOCUMENTS.**

Google complains that the documents Brite Smart has produced do not provide the information that Google is seeking.  In its Reply, Google complains that the documents produced by Brite Smart (1) "provide almost no new information or documentation regarding the formation, operation, and organization of the various Brite Smart entities"; (2) "provide little or no information concerning the ownership of these entities"; and (3) "provide no information concerning the corporate structure, employees, finances or assets of any [sic] these companies." Reply (Dkt. 94) at 1.

**A.    Brite Smart Has Produced its Documents Regarding the Formation of Brite Smart Corp. and Brite Smart LLC.**

Brite Smart has adequately explained that the only "various Brite Smart entities" that exist are Brite Smart Corp. and Brite Smart LLC.  *See* Response (Dkt. 78).  Google's statement

that the documents most recently produced by Brite Smart "provide almost no new information or documentation regarding the formation, operation, and organization" of the entities is consistent with Brite Smart's position as explained in its Response – that it had already produced substantially all of its responsive documents. *See* Reply (Dkt. 94) at 1 and Response (Dkt. 78) at 2.

**B.      Brite Smart Has Produced its Documents Regarding the Ownership of Brite Smart Corp. and Brite Smart LLC.**

Similarly, Google complains that Brite Smart's document "provide little or no information concerning the ownership of these entities".  Reply (Dkt. 94) at 1.  Brite Smart LLC is not a party to the litigation.  Nevertheless, Brite Smart produced those documents concerning the LLC that it could locate.  Brite Smart Corp. is a relatively simple organization and thus, few documents exist.  Those that do exist have been produced.  Moreover, after its Motion was filed, Google deposed Mr. Patrick Zuili, Brite Smart's CEO, and questioned him regarding Brite Smart's ownership.

**C.      Brite Smart Has Produced its Documents Regarding the Corporate Structure and Employees of Brite Smart Corp.**

Google also complains that Brite Smart's documents "provide no information concerning the corporate structure, employees, finances or assets of any [sic] these companies."  Reply (Dkt. 94) at 1.  Again, Brite Smart is a relatively simple organization with three employees.  Thus, few documents exist.  As for documents concerning the finances and assets of Brite Smart, Google's requests far exceed the information that could be pertinent to any claim or defense in the case.  Brite Smart is not seeking lost profits, thus its bank statements or other financial documents such as these are not relevant.  Moreover, as described above, after Google's Motion was filed, Google deposed Brite Smart's CEO, and had the opportunity to ask any questions it wanted regarding the corporate structure and employees of Brite Smart.

**D.      Google Continues to Erroneously Assert that Entities Other Than Brite Smart Corp. and Brite Smart LLC Exist.**

Google alleges that "phantom" entities exist by pointing to typographical errors in the patents-in-suit file histories and in some of the assignment documents.  Yet Google has failed to come forth with any government records indicating the establishment of any of the phantom entities that it erroneously refers to as "related entities."   In addition, Google references a "Quitclaim Assignment" and alleges that the assignment was "purporting to assign the patents-in-suit from the supposedly non-existent 'Britesmart Corp.' to plaintiff 'Brite Smart Corp.'" Reply (Dkt. 94) at 2 citing Ex. 2.  But Google misapprehends the nature of a quitclaim assignment.  A quitclaim merely conveys one's interest to whatever extent one has an interest. The assignor of a quitclaim assignment does not *purport* to assign anything.   A quitclaim assignment can be used to clean up any errors that were introduced by typographical errors, to the extent that an entity actually exists and is the owner of any rights.

**II.     BRITE SMART HAS AGREED TO PRODUCE WITNESSES IN RESPONSE TO GOOGLE'S RULE 30(B)(6) DEPOSITION NOTICE.**

Brite Smart has agreed to produce one or more witnesses in response to Google's Rule 30(b)(6) Deposition Notice.  *See* Response (Dkt. 85) at 4.  Moreover, Brite Smart has not refused to provide a witness for any topic in Google's Notice.

Brite Smart's May 13, 2015 email to Google stated, in relevant part:

With regard to the Rule 30(b)(6) deposition, we will put up a witness on any topic that is relevant or likely to lead to the discovery of admissible evidence, subject to considerations of privilege, and subject to objection if questions require expert testimony. As we described in our April 1 letter, we will break down the specific notice topics prior to the deposition. If we did that 3 days prior to the deposition, would that provide you sufficient time to break your deposition outline up into sections for each witness? At this time, we still plan to use Messrs. Zuili and Collins as our designees for the 30(b)(6) deposition, as we stated in our April 1 letter. Making Mr. Zuili available for deposition on April 29 was in response to Google's improper subpoena commanding Mr. Zuili's testimony. As we previously stated, it is our position that the use of a subpoena to compel the

> testimony of a corporate party's officer is improper. As for Google's Rule
> 30(b)(6) notice of deposition, we agree to make one or more corporate designees
> available on a mutually agreeable date for testimony relating to the noticed topics,
> and Google is free to question Mr. Zuili on any of the topics on which he is
> designated on behalf of Brite Smart, subject to the limitations above.
>
> If there are any discovery responses that Google believes are incomplete or that
> Google believes will impact Google's ability to carry out the 30(b)(6) deposition,
> please let us know.

Reply (Dkt. 94) Ex. 9.  Brite Smart's response was intended to be inclusive, and to include all

topics.  Nevertheless, Google's use of boilerplate deposition topics meant that some topics

involved testimony that would necessarily be outside of Brite Smart's knowledge.  For example,

Google is aware that Brite Smart does not practice the patents-in-suit, yet Google included topics

involving the sales information for products and methods that embody the patents-in-suit, which

would involve Google's instrumentalities.  *See* Motion (Dkt. 78) Ex. 10 at ¶¶ 33-34.  Similarly,

other of Google's deposition topics called for expert testimony, e.g., an analysis of licenses for

comparable patents.  *See id.* at ¶ 39.

Google also complains that Brite Smart's offer to break down the specific deposition

topics by witness – three days in advance of the deposition – "does not give Google's attorneys

adequate time to prepare for these depositions and tailor inquiry to particular witnesses".

Response (Dkt. 85) at 3.  Yet, it is clear from the email above that Brite Smart was not dictating

terms.  Brite Smart was *asking* Google if the amount of time would be sufficient:

> "As we described in our April 1 letter, we will break down the specific notice
> topics prior to the deposition. If we did that 3 days prior to the deposition, <u>would
> that provide you sufficient time to break your deposition outline up into sections
> for each witness</u>?"

Reply (Dkt. 94) Ex. 9 (emphasis added).  It almost appears that Google is inventing the very

disputes of which it now complains.

Finally, in its Response, Brite Smart stated: "Brite Smart is not aware of any authority that requires it to identify each witness that is designated specifically on a topic-by-topic basis, and Google has cited no such authority."  Response (Dkt. 85) at 4.  Google has provided no such authority in its Reply.  Thus, as explained in Brite Smart's Response, Google's complaints regarding the advanced identification of witnesses on a topic-by-topic basis have no basis in law.

## III.    GOOGLE'S CERTIFICATE OF CONFERENCE

In its Reply, Google alleges that "Brite Smart does not, and cannot, actually argue that Google did not satisfy the specific requirements necessary to bring its Motion to Compel." Reply (Dkt. 94) at 4.  Brite Smart disagrees.  While the parties held an in-person meet-and-confer to resolve other topics on March 16, 2015, Google served its Rule 30(b)(6) Deposition Notice to Brite Smart on March 10, 2015.  Google does not dispute that, at the time of the in-person meet-and-confer, nothing regarding Google's Deposition Notice was in dispute.  *See* Reply (Dkt. 94) at 4.

## IV.    CONCLUSION

Google's Motion is without merit.  To the extent that its Motion ever had merit, it is now moot.  Brite Smart produced the remaining twelve pages of documents as it stated that it would. And Brite Smart has always maintained that it would break down the specific Rule 30(b)(6) notice topics prior to the deposition.  Google's Motion should be dismissed in its entirety.

DATED: May 28, 2015                     Respectfully submitted,


                                        /s/ *Robert Katz*___
                                        Robert D. Katz
                                        Lead Attorney
                                        State Bar No. 24057936
                                        Email: rkatz@katzlawpllc.com
                                        **KATZ PLLC**
                                        6060 N. Central Expressway, Suite 560
                                        Dallas, TX 75206
                                        Phone: (214) 865-8000

                                        Stafford Davis
                                        State Bar No. 24054605
                                        Email: sdavis@stafforddavisfirm.com
                                        **THE STAFFORD DAVIS FIRM, PC**
                                        305 South Broadway
                                        Suite 406
                                        Tyler, TX 75702
                                        Phone: (903) 593-7000
                                        Fax: (903) 703-7369

                                        **ATTORNEYS FOR PLAINTIFF
                                        BRITE SMART CORP.**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to

electronic service are being served with a copy of this document via the Court's CM/ECF system

per Local Rule CV-5(a)(3) on date indicated above.

                                        /s/ *Robert Katz*___
                                        Robert Katz

Robert D. Katz
Katz PLLC
6060 North Central Expressway
Suite 560
Dallas, Texas 75206
214.865-8000 Telephone
888.231-5775 Facsimile
rkatz@katzlawpllc.com

March 16, 2015

Via Email

Michelle A. Clark
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
michelleclark@quinnemanuel.com

Re:     *Brite Smart Corp. v. Google Inc.,* USDC – E.D. Tex – Case No. 2:14-cv-760-JRG-RSP

Dear Michelle,

It was our pleasure to meet you in person earlier today. Regarding the subpoena for Mr. Johnny Chen, I reiterate that we haven't yet received a return of service for our subpoena directed to him. I will check on it first thing in the morning. However, I wanted to inform Google that his deposition is to occur on April 2, 2015 at 9:00 am at Landi Court Reporters, 1292 Lincoln Avenue, San Jose, CA 95125. If you have any questions, please don't hesitate to contact me.

Very truly yours,

Robert Katz

**Table C.**
**U.S. District Courts—Civil Cases Commenced, Terminated, and Pending**
**During the 12-Month Periods Ending September 30, 2012 and 2013**

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2012 | 2013 | Percent Change[1] | 2012 | 2013 | Percent Change[1] | 2012[2] | 2013 | Percent Change[1] |
| **TOTAL** | **278,442** | **284,604** | **2.2** | **271,572** | **255,260** | **-6.0** | **271,141** | **300,485** | **10.8** |
| **DC** | **2,264** | **2,029** | **-10.4** | **2,458** | **2,302** | **-6.3** | **2,493** | **2,220** | **-11.0** |
| **1ST** | **5,922** | **6,624** | **11.9** | **5,726** | **6,425** | **12.2** | **8,241** | **8,440** | **2.4** |
| ME | 431 | 485 | 12.5 | 472 | 418 | -11.4 | 318 | 385 | 21.1 |
| MA | 2,888 | 3,513 | 21.6 | 2,864 | 2,842 | -0.8 | 3,002 | 3,673 | 22.4 |
| NH | 501 | 569 | 13.6 | 596 | 532 | -10.7 | 474 | 511 | 7.8 |
| RI | 966 | 1,060 | 9.7 | 564 | 1,552 | 175.2 | 3,024 | 2,532 | -16.3 |
| PR | 1,136 | 997 | -12.2 | 1,230 | 1,081 | -12.1 | 1,423 | 1,339 | -5.9 |
| **2ND** | **23,218** | **22,671** | **-2.4** | **22,354** | **21,882** | **-2.1** | **28,391** | **29,180** | **2.8** |
| CT | 2,001 | 1,960 | -2.0 | 2,001 | 1,918 | -4.1 | 2,380 | 2,422 | 1.8 |
| NY,N | 1,902 | 1,674 | -12.0 | 1,687 | 1,785 | 5.8 | 2,269 | 2,158 | -4.9 |
| NY,E | 6,586 | 7,078 | 7.5 | 6,599 | 6,257 | -5.2 | 7,590 | 8,411 | 10.8 |
| NY,S | 10,581 | 9,546 | -9.8 | 9,902 | 9,660 | -2.4 | 13,541 | 13,427 | -0.8 |
| NY,W | 1,842 | 2,077 | 12.8 | 1,848 | 1,894 | 2.5 | 2,301 | 2,484 | 8.0 |
| VT | 306 | 336 | 9.8 | 317 | 368 | 16.1 | 310 | 278 | -10.3 |
| **3RD** | **38,776** | **26,275** | **-32.2** | **42,853** | **28,053** | **-34.5** | **27,753** | **25,975** | **-6.4** |
| DE | 1,704 | 2,275 | 33.5 | 1,388 | 1,607 | 15.8 | 1,991 | 2,659 | 33.6 |
| NJ | 8,585 | 8,190 | -4.6 | 7,971 | 7,399 | -7.2 | 6,873 | 7,664 | 11.5 |
| PA,E | 23,060 | 9,536 | -58.6 | 28,179 | 13,069 | -53.6 | 13,902 | 10,369 | -25.4 |
| PA,M | 2,635 | 3,270 | 24.1 | 2,473 | 2,906 | 17.5 | 2,414 | 2,778 | 15.1 |
| PA,W | 2,551 | 2,766 | 8.4 | 2,571 | 2,814 | 9.5 | 2,077 | 2,029 | -2.3 |
| VI | 241 | 238 | -1.2 | 271 | 258 | -4.8 | 496 | 476 | -4.0 |
| **4TH** | **24,463** | **45,356** | **85.4** | **17,597** | **18,529** | **5.3** | **22,173** | **49,000** | **121.0** |
| MD | 3,929 | 3,863 | -1.7 | 3,924 | 4,134 | 5.4 | 3,266 | 2,995 | -8.3 |
| NC,E | 2,192 | 2,114 | -3.6 | 1,845 | 2,148 | 16.4 | 2,190 | 2,156 | -1.6 |
| NC,M | 1,427 | 1,193 | -16.4 | 870 | 1,176 | 35.2 | 1,662 | 1,679 | 1.0 |
| NC,W | 1,453 | 1,299 | -10.6 | 1,239 | 1,394 | 12.5 | 1,285 | 1,190 | -7.4 |
| SC | 3,772 | 3,528 | -6.5 | 3,732 | 3,505 | -6.1 | 3,228 | 3,251 | 0.7 |
| VA,E | 3,319 | 3,415 | 2.9 | 3,277 | 3,248 | -0.9 | 1,868 | 2,035 | 8.9 |
| VA,W | 1,256 | 1,249 | -0.6 | 1,189 | 1,257 | 5.7 | 732 | 724 | -1.1 |
| WV,N | 672 | 704 | 4.8 | 578 | 629 | 8.8 | 563 | 638 | 13.3 |
| WV,S | 6,443 | 27,991 | 334.4 | 943 | 1,038 | 10.1 | 7,379 | 34,332 | 365.3 |

## Table C. (September 30, 2013—Continued)

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2012 | 2013 | Percent Change [1] | 2012 | 2013 | Percent Change [1] | 2012 [2] | 2013 | Percent Change [1] |
| **5TH** | **29,377** | **34,024** | **15.8** | **27,172** | **27,964** | **2.9** | **28,911** | **34,971** | **21.0** |
| LA,E | 3,050 | 6,484 | 112.6 | 3,871 | 3,765 | -2.7 | 4,635 | 7,354 | 58.7 |
| LA,M | 865 | 887 | 2.5 | 896 | 856 | -4.5 | 879 | 910 | 3.5 |
| LA,W | 3,125 | 3,386 | 8.4 | 1,884 | 2,419 | 28.4 | 3,621 | 4,588 | 26.7 |
| MS,N | 780 | 791 | 1.4 | 1,989 | 845 | 1.1 | 800 | 746 | -6.8 |
| MS,S | 1,994 | 2,031 | 1.9 | 836 | 2,058 | 3.5 | 1,918 | 1,891 | -1.4 |
| TX,N | 6,776 | 7,326 | 8.1 | 4,615 | 4,957 | 7.4 | 6,183 | 8,552 | 38.3 |
| TX,E | 3,480 | 3,940 | 13.2 | 3,156 | 3,896 | 23.4 | 3,613 | 3,657 | 1.2 |
| TX,S | 5,887 | 5,882 | -0.1 | 6,596 | 5,868 | -11.0 | 4,812 | 4,826 | 0.3 |
| TX,W | 3,420 | 3,297 | -3.6 | 3,329 | 3,300 | -0.9 | 2,450 | 2,447 | -0.1 |
| **6TH** | **26,027** | **22,784** | **-12.5** | **22,162** | **21,034** | **-5.1** | **27,478** | **29,228** | **6.4** |
| KY,E | 1,445 | 1,358 | -6.0 | 1,660 | 1,278 | -23.0 | 1,290 | 1,370 | 6.2 |
| KY,W | 1,399 | 1,807 | 29.2 | 1,481 | 1,340 | -9.5 | 1,282 | 1,749 | 36.4 |
| MI,E | 5,789 | 5,804 | 0.3 | 5,658 | 5,845 | 3.3 | 5,498 | 5,457 | -0.7 |
| MI,W | 1,954 | 1,882 | -3.7 | 1,938 | 1,930 | -0.4 | 1,540 | 1,492 | -3.1 |
| OH,N | 7,993 | 4,478 | -44.0 | 4,089 | 3,434 | -16.0 | 9,762 | 10,806 | 10.7 |
| OH,S | 2,674 | 2,702 | 1.0 | 2,752 | 2,607 | -5.3 | 2,592 | 2,687 | 3.7 |
| TN,E | 1,673 | 1,604 | -4.1 | 1,527 | 1,534 | 0.5 | 1,878 | 1,948 | 3.7 |
| TN,M | 1,626 | 1,788 | 10.0 | 1,616 | 1,596 | -1.2 | 1,855 | 2,047 | 10.4 |
| TN,W | 1,474 | 1,361 | -7.7 | 1,441 | 1,470 | 2.0 | 1,781 | 1,672 | -6.1 |
| **7TH** | **22,158** | **23,381** | **5.5** | **18,509** | **20,050** | **8.3** | **28,030** | **31,361** | **11.9** |
| IL,N | 10,654 | 10,197 | -4.3 | 9,686 | 10,087 | 4.1 | 10,097 | 10,207 | 1.1 |
| IL,C | 1,341 | 1,467 | 9.4 | 1,127 | 1,309 | 16.1 | 1,375 | 1,533 | 11.5 |
| IL,S | 3,615 | 3,893 | 7.7 | 1,517 | 1,662 | 9.6 | 10,687 | 12,918 | 20.9 |
| IN,N | 1,720 | 2,402 | 39.7 | 1,609 | 1,739 | 8.1 | 1,765 | 2,428 | 37.6 |
| IN,S | 2,585 | 2,975 | 15.1 | 2,484 | 2,884 | 16.1 | 2,263 | 2,354 | 4.0 |
| WI,E | 1,319 | 1,483 | 12.4 | 1,279 | 1,444 | 12.9 | 1,089 | 1,128 | 3.6 |
| WI,W | 924 | 964 | 4.3 | 807 | 925 | 14.6 | 754 | 793 | 5.2 |
| **8TH** | **14,762** | **14,095** | **-4.5** | **16,455** | **18,134** | **10.2** | **19,403** | **15,364** | **-20.8** |
| AR,E | 2,011 | 1,826 | -9.2 | 4,528 | 5,569 | 23.0 | 6,498 | 2,755 | -57.6 |
| AR,W | 1,168 | 1,090 | -6.7 | 1,019 | 1,091 | 7.1 | 1,125 | 1,124 | -0.1 |
| IA,N | 522 | 527 | 1.0 | 540 | 545 | 0.9 | 469 | 451 | -3.8 |
| IA,S | 777 | 750 | -3.5 | 815 | 755 | -7.4 | 559 | 554 | -0.9 |
| MN | 3,406 | 3,386 | -0.6 | 3,093 | 3,758 | 21.5 | 4,081 | 3,709 | -9.1 |
| MO,E | 2,678 | 2,920 | 9.0 | 2,416 | 2,742 | 13.5 | 3,365 | 3,543 | 5.3 |
| MO,W | 2,828 | 2,361 | -16.5 | 2,738 | 2,473 | -9.7 | 2,040 | 1,928 | -5.5 |
| NE | 733 | 653 | -10.9 | 725 | 652 | -10.1 | 580 | 581 | 0.2 |
| ND | 265 | 272 | 2.6 | 199 | 244 | 22.6 | 279 | 307 | 10.0 |
| SD | 374 | 310 | -17.1 | 382 | 305 | -20.2 | 407 | 412 | 1.2 |

# Table C. (September 30, 2013—Continued)

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2012 | 2013 | Percent Change[1] | 2012 | 2013 | Percent Change[1] | 2012[2] | 2013 | Percent Change[1] |
| **9TH** | **48,123** | **45,531** | **-5.4** | **47,455** | **46,628** | **-1.7** | **39,972** | **38,875** | **-2.7** |
| AK | 320 | 305 | -4.7 | 317 | 314 | -0.9 | 331 | 322 | -2.7 |
| AZ | 4,055 | 4,500 | 11.0 | 4,090 | 4,271 | 4.4 | 2,849 | 3,078 | 8.0 |
| CA,N | 7,145 | 6,184 | -13.4 | 6,715 | 6,663 | -0.8 | 6,032 | 5,553 | -7.9 |
| CA,E | 5,403 | 4,679 | -13.4 | 5,777 | 5,111 | -11.5 | 6,110 | 5,678 | -7.1 |
| CA,C | 15,739 | 14,733 | -6.4 | 15,653 | 15,232 | -2.7 | 10,739 | 10,240 | -4.6 |
| CA,S | 3,481 | 3,352 | -3.7 | 3,274 | 3,322 | 1.5 | 2,921 | 2,951 | 1.0 |
| HI | 764 | 707 | -7.5 | 806 | 797 | -1.1 | 684 | 594 | -13.2 |
| ID | 718 | 607 | -15.5 | 678 | 673 | -0.7 | 777 | 711 | -8.5 |
| MT | 683 | 655 | -4.1 | 547 | 707 | 29.3 | 601 | 549 | -8.7 |
| NV | 2,909 | 2,932 | 0.8 | 2,868 | 2,750 | -4.1 | 3,234 | 3,416 | 5.6 |
| OR | 2,338 | 2,371 | 1.4 | 2,385 | 2,261 | -5.2 | 2,249 | 2,359 | 4.9 |
| WA,E | 976 | 883 | -9.5 | 859 | 964 | 12.2 | 903 | 822 | -9.0 |
| WA,W | 3,534 | 3,558 | 0.7 | 3,437 | 3,498 | 1.8 | 2,403 | 2,463 | 2.5 |
| GUAM | 25 | 36 | 44.0 | 27 | 35 | 29.6 | 62 | 63 | 1.6 |
| NMI | 33 | 29 | -12.1 | 22 | 30 | 36.4 | 77 | 76 | -1.3 |
| **10TH** | **11,068** | **10,749** | **-2.9** | **10,832** | **10,708** | **-1.1** | **9,619** | **9,660** | **0.4** |
| CO | 3,435 | 3,428 | -0.2 | 3,336 | 3,329 | -0.2 | 2,413 | 2,512 | 4.1 |
| KS | 1,767 | 1,546 | -12.5 | 1,615 | 1,669 | 3.3 | 1,549 | 1,426 | -7.9 |
| NM | 1,311 | 1,264 | -3.6 | 1,179 | 1,182 | 0.3 | 1,250 | 1,332 | 6.6 |
| OK,N | 758 | 829 | 9.4 | 837 | 867 | 3.6 | 827 | 789 | -4.6 |
| OK,E | 536 | 573 | 6.9 | 470 | 540 | 14.9 | 510 | 543 | 6.5 |
| OK,W | 1,540 | 1,451 | -5.8 | 1,584 | 1,484 | -6.3 | 1,165 | 1,132 | -2.8 |
| UT | 1,431 | 1,372 | -4.1 | 1,450 | 1,347 | -7.1 | 1,636 | 1,661 | 1.5 |
| WY | 290 | 286 | -1.4 | 361 | 290 | -19.7 | 269 | 265 | -1.5 |
| **11TH** | **32,284** | **31,085** | **-3.7** | **37,999** | **33,551** | **-11.7** | **28,677** | **26,211** | **-8.6** |
| AL,N | 4,419 | 2,583 | -41.5 | 3,430 | 4,186 | 22.0 | 6,012 | 4,409 | -26.7 |
| AL,M | 1,178 | 1,033 | -12.3 | 1,123 | 1,015 | -9.6 | 1,138 | 1,156 | 1.6 |
| AL,S | 811 | 650 | -19.9 | 820 | 768 | -6.3 | 658 | 540 | -17.9 |
| FL,N | 1,963 | 2,016 | 2.7 | 2,022 | 2,097 | 3.7 | 1,687 | 1,606 | -4.8 |
| FL,M | 7,690 | 8,443 | 9.8 | 14,762 | 9,580 | -35.1 | 8,650 | 7,513 | -13.1 |
| FL,S | 8,133 | 8,398 | 3.3 | 7,949 | 8,232 | 3.6 | 4,789 | 4,955 | 3.5 |
| GA,N | 5,533 | 5,247 | -5.2 | 5,516 | 5,273 | -4.4 | 3,821 | 3,795 | -0.7 |
| GA,M | 1,421 | 1,618 | 13.9 | 1,256 | 1,325 | 5.5 | 1,132 | 1,425 | 25.9 |
| GA,S | 1,136 | 1,097 | -3.4 | 1,121 | 1,075 | -4.1 | 790 | 812 | 2.8 |

NOTE: Includes cases filed in previous years as consolidated cases that thereafter were severed into individual cases.
[1] Percent change not computed when fewer than 10 cases reported for the previous period.
[2] Revised.

**Table C-5.**
**U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases**
**Terminated, by District and Method of Disposition,**
**During the 12-Month Period Ending September 30, 2013**

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **TOTAL** | **196,931** | **8.5** | **43,577** | **5.0** | **125,635** | **8.5** | **24,996** | **12.5** | **2,723** | **24.1** |
| **DC** | **1,911** | **8.7** | **815** | **6.9** | **1,039** | **9.9** | **12** | **34.6** | **45** | **32.4** |
| **1ST** | **5,794** | **11.3** | **1,159** | **3.5** | **3,236** | **13.2** | **1,292** | **15.1** | **107** | **31.1** |
| ME | 354 | 7.6 | 154 | 5.6 | 178 | 8.8 | 18 | 15.2 | 4 | - |
| MA | 2,523 | 8.4 | 686 | 2.8 | 764 | 7.1 | 1,009 | 14.7 | 64 | 31.7 |
| NH | 442 | 8.1 | 86 | 3.6 | 185 | 5.6 | 165 | 15.4 | 6 | - |
| RI | 1,498 | 32.9 | 78 | 7.0 | 1,367 | 35.2 | 36 | 16.5 | 17 | 39.5 |
| PR | 977 | 12.8 | 155 | 7.3 | 742 | 13.4 | 64 | 21.0 | 16 | 22.1 |
| **2ND** | **18,266** | **8.8** | **3,646** | **5.0** | **10,491** | **8.5** | **3,792** | **12.1** | **337** | **32.6** |
| CT | 1,653 | 10.6 | 808 | 8.2 | 668 | 11.1 | 124 | 17.6 | 53 | 37.9 |
| NY,N | 1,167 | 11.6 | 233 | 4.6 | 593 | 12.6 | 314 | 15.6 | 27 | 36.0 |
| NY,E | 5,550 | 8.7 | 1,233 | 5.5 | 3,087 | 8.4 | 1,126 | 12.0 | 104 | 31.3 |
| NY,S | 8,296 | 8.3 | 1,046 | 3.9 | 4,930 | 7.4 | 2,180 | 11.3 | 140 | 29.1 |
| NY,W | 1,341 | 8.5 | 288 | 3.0 | 1,002 | 10.4 | 41 | 38.5 | 10 | 68.6 |
| VT | 259 | 8.7 | 38 | 4.0 | 211 | 9.2 | 7 | - | 3 | - |
| **3RD** | **22,310** | **8.1** | **2,709** | **3.8** | **15,766** | **7.9** | **3,544** | **11.6** | **291** | **26.9** |
| DE | 1,389 | 7.6 | 527 | 3.9 | 736 | 9.2 | 84 | 11.0 | 42 | 29.5 |
| NJ | 6,039 | 6.2 | 488 | 3.7 | 3,500 | 3.9 | 1,996 | 13.0 | 55 | 36.8 |
| PA,E | 11,133 | 9.9 | 703 | 3.4 | 9,023 | 12.0 | 1,288 | 9.5 | 119 | 17.9 |
| PA,M | 1,540 | 7.0 | 469 | 4.7 | 950 | 7.1 | 84 | 18.7 | 37 | 28.6 |
| PA,W | 1,965 | 6.6 | 367 | 2.9 | 1,545 | 7.5 | 34 | 22.7 | 19 | 27.0 |
| VI | 244 | 17.1 | 155 | 13.0 | 12 | 32.9 | 58 | 20.3 | 19 | 38.9 |
| **4TH** | **12,540** | **7.6** | **2,352** | **5.9** | **8,584** | **7.4** | **1,410** | **9.9** | **194** | **19.2** |
| MD | 3,229 | 8.2 | 459 | 7.1 | 2,174 | 6.9 | 544 | 11.6 | 52 | 25.0 |
| NC,E | 1,184 | 8.4 | 353 | 7.8 | 822 | 8.6 | 5 | - | 4 | - |
| NC,M | 639 | 11.1 | 394 | 9.7 | 197 | 13.4 | 35 | 17.5 | 13 | 28.3 |
| NC,W | 907 | 8.3 | 277 | 5.0 | 536 | 9.0 | 81 | 12.7 | 13 | 25.2 |
| SC | 2,288 | 9.0 | 217 | 4.7 | 1,928 | 9.3 | 108 | 11.6 | 35 | 25.4 |
| VA,E | 2,265 | 5.1 | 330 | 3.3 | 1,330 | 4.1 | 550 | 7.6 | 55 | 11.9 |
| VA,W | 719 | 7.8 | 191 | 3.2 | 455 | 8.7 | 62 | 9.4 | 11 | 11.5 |
| WV,N | 416 | 9.0 | 92 | 6.2 | 314 | 9.5 | 6 | - | 4 | - |
| WV,S | 893 | 7.1 | 39 | 3.0 | 828 | 6.9 | 19 | 22.2 | 7 | - |

**Table C-5. (September 30, 2013—Continued)**

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **5TH** | **20,216** | **8.8** | **5,273** | **5.6** | **12,517** | **9.0** | **2,076** | **12.4** | **350** | **21.8** |
| LA,E | 3,262 | 11.9 | 125 | 1.5 | 2,060 | 11.9 | 1,013 | 12.4 | 64 | 19.1 |
| LA,M | 622 | 11.2 | 159 | 8.8 | 420 | 11.2 | 31 | 18.8 | 12 | 34.6 |
| LA,W | 1,374 | 12.9 | 475 | 9.2 | 801 | 14.1 | 60 | 20.1 | 38 | 27.0 |
| MS,N | 642 | 10.8 | 224 | 7.8 | 234 | 10.8 | 174 | 14.4 | 10 | 25.5 |
| MS,S | 1,469 | 9.5 | 780 | 6.2 | 631 | 11.0 | 30 | 20.1 | 28 | 20.0 |
| TX,N | 3,379 | 6.5 | 589 | 4.5 | 2,740 | 6.7 | 1 | - | 49 | 20.9 |
| TX,E | 2,687 | 8.9 | 677 | 6.8 | 1,926 | 9.1 | 45 | 20.9 | 39 | 26.0 |
| TX,S | 4,470 | 7.2 | 1,534 | 4.2 | 2,248 | 8.3 | 622 | 9.4 | 66 | 22.5 |
| TX,W | 2,311 | 7.1 | 710 | 6.0 | 1,457 | 6.9 | 100 | 16.0 | 44 | 20.1 |
| **6TH** | **16,267** | **9.1** | **4,875** | **5.1** | **7,394** | **8.9** | **3,816** | **12.7** | **182** | **27.7** |
| KY,E | 939 | 9.7 | 120 | 6.0 | 782 | 9.6 | 26 | 21.0 | 7 | 34.1 |
| KY,W | 1,067 | 8.5 | 254 | 4.8 | 758 | 8.9 | 48 | 15.6 | 7 | - |
| MI,E | 4,573 | 8.0 | 1,054 | 3.0 | 1,599 | 5.4 | 1,885 | 13.1 | 35 | 26.0 |
| MI,W | 1,127 | 7.9 | 218 | 2.1 | 597 | 7.5 | 297 | 12.7 | 15 | 25.8 |
| OH,N | 2,886 | 8.8 | 883 | 4.4 | 1,188 | 11.6 | 787 | 10.1 | 28 | 25.9 |
| OH,S | 2,230 | 9.9 | 892 | 5.5 | 682 | 11.3 | 630 | 13.1 | 26 | 29.9 |
| TN,E | 1,228 | 10.5 | 595 | 7.5 | 494 | 11.7 | 116 | 14.8 | 23 | 27.8 |
| TN,M | 1,179 | 10.5 | 216 | 12.8 | 934 | 9.9 | 8 | - | 21 | 30.7 |
| TN,W | 1,038 | 11.0 | 643 | 11.1 | 360 | 9.8 | 19 | 23.5 | 16 | 22.2 |
| **7TH** | **15,781** | **7.6** | **4,359** | **5.4** | **8,967** | **7.2** | **2,277** | **12.3** | **178** | **26.7** |
| IL,N | 8,643 | 6.7 | 2,434 | 5.8 | 5,417 | 6.4 | 697 | 11.1 | 95 | 29.0 |
| IL,C | 795 | 9.2 | 362 | 5.8 | 418 | 11.3 | 5 | - | 10 | 36.7 |
| IL,S | 1,158 | 11.9 | 491 | 13.7 | 636 | 11.2 | 8 | - | 23 | 20.8 |
| IN,N | 1,328 | 10.6 | 298 | 3.6 | 508 | 9.7 | 506 | 15.4 | 16 | 31.2 |
| IN,S | 2,121 | 8.8 | 314 | 3.4 | 981 | 6.8 | 814 | 12.0 | 12 | 32.1 |
| WI,E | 1,080 | 6.2 | 255 | 3.2 | 792 | 7.0 | 22 | 11.7 | 11 | 18.5 |
| WI,W | 656 | 6.3 | 205 | 2.6 | 215 | 6.0 | 225 | 10.8 | 11 | 14.4 |
| **8TH** | **15,167** | **13.3** | **4,984** | **7.7** | **9,069** | **15.4** | **950** | **13.2** | **164** | **22.6** |
| AR,E | 4,836 | 54.1 | 1,202 | 57.9 | 3,600 | 52.2 | 2 | - | 32 | 22.8 |
| AR,W | 885 | 11.9 | 146 | 10.3 | 726 | 12.0 | 1 | - | 12 | 19.8 |
| IA,N | 403 | 9.1 | 71 | 6.6 | 322 | 9.2 | 1 | - | 9 | - |
| IA,S | 503 | 9.0 | 106 | 6.0 | 263 | 7.4 | 118 | 14.8 | 16 | 23.7 |
| MN | 3,518 | 7.4 | 1,462 | 2.1 | 1,295 | 17.7 | 739 | 12.4 | 22 | 24.7 |
| MO,E | 2,215 | 9.4 | 991 | 6.6 | 1,184 | 11.0 | 9 | - | 31 | 21.6 |
| MO,W | 1,911 | 10.7 | 856 | 7.5 | 967 | 12.4 | 69 | 14.5 | 19 | 20.3 |
| NE | 497 | 9.0 | 37 | 2.2 | 436 | 9.1 | 8 | - | 16 | 27.5 |
| ND | 178 | 9.0 | 7 | - | 168 | 9.0 | 1 | - | 2 | - |
| SD | 221 | 13.3 | 106 | 11.9 | 108 | 14.0 | 2 | - | 5 | - |

# Table C-5. (September 30, 2013—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
|---|---|---|---|---|---|---|---|---|---|---|
| **9TH** | **34,193** | **7.3** | **8,924** | **4.6** | **21,705** | **7.6** | **3,144** | **13.4** | **420** | **23.2** |
| AK | 254 | 9.7 | 38 | 4.6 | 207 | 10.4 | 2 | - | 7 | - |
| AZ | 2,404 | 7.6 | 113 | 2.4 | 1,957 | 7.1 | 301 | 14.6 | 33 | 30.9 |
| CA,N | 5,067 | 7.6 | 838 | 4.3 | 2,676 | 6.3 | 1,509 | 12.2 | 44 | 24.6 |
| CA,E | 2,741 | 9.7 | 952 | 6.6 | 1,701 | 10.8 | 66 | 18.3 | 22 | 24.5 |
| CA,C | 12,090 | 5.9 | 4,122 | 4.7 | 7,621 | 6.3 | 186 | 14.5 | 161 | 20.5 |
| CA,S | 2,369 | 6.7 | 376 | 3.5 | 1,239 | 5.3 | 728 | 13.4 | 26 | 25.8 |
| HI | 672 | 8.9 | 333 | 6.2 | 283 | 9.3 | 41 | 22.8 | 15 | 11.7 |
| ID | 449 | 11.0 | 27 | 2.5 | 339 | 10.0 | 75 | 18.7 | 8 | - |
| MT | 478 | 7.8 | 186 | 4.0 | 163 | 7.4 | 118 | 14.6 | 11 | 19.0 |
| NV | 2,065 | 8.7 | 334 | 4.3 | 1,628 | 9.2 | 76 | 9.4 | 27 | 40.9 |
| OR | 1,788 | 10.6 | 511 | 6.9 | 1,242 | 11.4 | 7 | - | 28 | 20.8 |
| WA,E | 805 | 10.7 | 302 | 5.5 | 484 | 14.0 | 10 | 27.7 | 9 | - |
| WA,W | 2,954 | 6.7 | 764 | 2.3 | 2,147 | 7.9 | 14 | 15.9 | 29 | 19.6 |
| GUAM | 29 | 16.5 | 7 | - | 13 | 23.2 | 9 | - | 0 | - |
| NMI | 28 | 27.6 | 21 | 7.8 | 5 | - | 2 | - | 0 | - |
| **10TH** | **8,650** | **8.8** | **2,326** | **5.0** | **5,203** | **9.4** | **960** | **13.9** | **161** | **23.9** |
| CO | 2,666 | 6.2 | 868 | 4.4 | 1,636 | 6.5 | 105 | 17.7 | 57 | 24.4 |
| KS | 1,325 | 8.2 | 382 | 4.6 | 814 | 8.5 | 112 | 18.1 | 17 | 26.6 |
| NM | 952 | 9.6 | 394 | 7.2 | 385 | 11.2 | 153 | 13.0 | 20 | 26.2 |
| OK,N | 724 | 10.9 | 63 | 2.6 | 636 | 11.4 | 16 | 22.6 | 9 | - |
| OK,E | 431 | 12.4 | 107 | 7.7 | 312 | 14.3 | 8 | - | 4 | - |
| OK,W | 1,145 | 8.9 | 277 | 3.8 | 454 | 8.4 | 392 | 11.8 | 22 | 18.7 |
| UT | 1,199 | 12.2 | 164 | 5.7 | 923 | 12.2 | 89 | 21.9 | 23 | 37.6 |
| WY | 208 | 10.8 | 71 | 5.5 | 43 | 10.2 | 85 | 12.6 | 9 | - |
| **11TH** | **25,836** | **7.7** | **2,155** | **3.9** | **21,664** | **7.6** | **1,723** | **12.6** | **294** | **19.5** |
| AL,N | 3,584 | 17.4 | 49 | 1.6 | 3,476 | 17.4 | 27 | 25.6 | 32 | 20.4 |
| AL,M | 645 | 9.9 | 63 | 3.8 | 528 | 9.5 | 42 | 17.7 | 12 | 23.0 |
| AL,S | 564 | 8.0 | 107 | 3.8 | 433 | 8.3 | 18 | 15.6 | 6 | - |
| FL,N | 1,427 | 6.7 | 65 | 3.3 | 1,345 | 6.9 | 7 | - | 10 | 27.2 |
| FL,M | 7,392 | 9.2 | 452 | 5.5 | 6,739 | 9.2 | 115 | 18.4 | 86 | 18.9 |
| FL,S | 6,706 | 4.9 | 575 | 3.3 | 5,963 | 5.0 | 64 | 12.8 | 104 | 17.2 |
| GA,N | 4,209 | 6.9 | 416 | 2.6 | 2,330 | 5.1 | 1,436 | 11.5 | 27 | 28.1 |
| GA,M | 763 | 9.4 | 232 | 5.9 | 518 | 11.0 | 2 | - | 11 | 24.9 |
| GA,S | 546 | 8.0 | 196 | 6.7 | 332 | 9.6 | 12 | 23.8 | 6 | - |

NOTE: Median time intervals are not computed when fewer than 10 cases reported. This table excludes land condemnations, prisoner petitions, deportation reviews, recovery of overpayments, and enforcement of judgments. Includes cases filed in previous years as consolidated cases that thereafter were severed into individual cases. For fiscal years prior to 2001, this table included data on recovery of overpayments and enforcement of judgments.

# CERTIFICATE OF SERVICE

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
𝔣𝔬𝔯 𝔱𝔥𝔢 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔦𝔯𝔠𝔲𝔦𝔱
No. _____
-----------------------------------------------------------------)
IN RE GOOGLE INC.
                        Petitioner,
-----------------------------------------------------------------)

I, John C. Kruesi, Jr., being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by QUINN EMANUEL URQUHART & SULLIVAN, LLP, attorneys for Petitioner to print this document.  I am an employee of Counsel Press.

On the **1st Day of June, 2015**, I served the within **Petition for Writ of Mandamus with Appendix in Support** upon:

Robert D. Katz                          Stafford Davis
KATZ PLLC                               THE STAFFORD DAVIS FIRM, PC
6060 N. Central Expressway,             305 South Broadway
Suite 560 Dallas, TX 75206              Suite 406
Phone: (214) 865-8000                   Tyler, TX 75702
Email: rkatz@katzlawpllc.com            Phone: (903) 593-7000
                                        Fax: (903) 703-7369
                                        Email: sdavis@stafforddavisfirm.com

**via Express Mail and E-Mail,** by causing 2 true copies of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service.

Additional, a copy will be sent to these U.S. District Judges:

The Honorable Roy Payne                 The Honorable Rodney Gilstrap
Sam B. Hall, Jr. Federal Building       Sam B. Hall, Jr. Federal Building
and United States Courthouse            and United States Courthouse
100 East Houston Street                 100 East Houston Street
Marshall, TX 75670                      Marshall, Texas 75670

**via Express Mail,** by causing a true copy to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service.

Unless otherwise noted, 4 copies and a pdf copy on disk, along with the required filing fee, have been hand-delivered to the Court on the same date as above.

June 1, 2015

_____
John C. Kruesi, Jr.
Counsel Press