# In The
# United States Court Of Appeals
## For The Federal Circuit

**2015-138**

**IN RE GOOGLE INC.,**

*Petitioner.*

On Petition for a Writ of Mandamus to the United States District Court for the
Eastern District of Texas in Case No. 2:14-cv-00760-JRG-RSP,
Magistrate Judge Roy S. Payne

———————————————

## OPPOSITION TO PETITION FOR WRIT OF MANDAMUS
———————————————

Robert D. Katz
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, Texas 75206
214-865-8000 (Firm)
888-231-5775 (Fax)
rkatz@katzlawpllc.com

*Counsel for Respondent
 Brite Smart Corp.*

Dated:  June 9, 2015

## **CERTIFICATE OF INTEREST**

Pursuant to Federal Circuit Rule 47.4, the undersigned counsel for Respondent hereby certifies that:

1.  The full names of every party or amicus represented by me is:

Brite Smart Corp.

2.  The names of the real parties in interest  represented by me is:

Brite Smart Corp.

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: None.

4.  The names of all law firms and the partners or associates that appeared for any of the parties represented by me in the trial court or are expected to appear in this court are as follows, representing the Plaintiff-Respondent, Brite Smart Corp.:

Katz PLLC, Robert D. Katz

The Stafford Davis Firm P.C., Stafford Davis


Respectfully Submitted,

KATZ PLLC

Dated:  June 9, 2015                    By: /s/ Robert D. Katz

                                                Robert D. Katz

# TABLE OF CONTENTS

I.      ISSUES PRESENTED ...........................................................................1

II.     INTRODUCTION AND SUMMARY OF ARGUMENT ........................2

III.    STATEMENT OF THE CASE ..............................................................5

IV.   ARGUMENT..........................................................................................6

  A.     NO COURT HAS EVER GRANTED MANDAMUS TO ORDER A DISTRICT COURT TO RULE ON A TRANSFER MOTION WHOSE BRIEFING IS NOT EVEN COMPLETE. ..........................................................7

  B.     THIS COURT DOES NOT HAVE JURISDICTION TO DIRECT THE MAGISTRATE JUDGE TO ACT, WHERE GOOGLE FAILED TO SEEK RELIEF FROM THE MAGISTRATE JUDGE OR THE DISTRICT COURT..13

     1.   Google Failed to Seek Relief from the District Court Regarding Transfer..........................................................................................13

     2.   Google Failed to Seek Relief from the District Court Regarding a Stay. ..................................................................................................15

  C.     THIS COURT SHOULD DECLINE GOOGLE'S INVITATION TO OPINE ON THE MERITS OF TRANSFER, PARTICULARLY SINCE GOOGLE OMITTED RELEVANT TRANSFER EVIDENCE AND BRIEFING FROM THE RECORD. ......................................................................17

     1.   Google Relies on Incorrect and Incomplete Facts. ..................................19

     2.   Plaintiff's Ties to Texas are Sufficient to Deny Transfer. .......................21

  D.     THIS COURT SHOULD ALLOW THE DISTRICT COURT DEFERENCE IN MANAGING ITS DOCKET. .................................................22

     1.   Google Has Not Shown Any Concrete Prejudice. ...................................22

     2.   Google's Imprudent Strategies Should Be Discouraged..........................22

V.     CONCLUSION .......................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980) ....................................6

*Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004)..................................4, 15

*Colburn v. Bunge Towing, Inc.*, 883 F.2d 372 (5th Cir. 1989)................................14

*Gregg v. Linder*, 349 F.3d 860 (5th Cir. 2003)........................................................14

*In re Apple, Inc.*, 743 F.3d 1377 (Fed. Cir. 2014) ...................................................22

*In re Calmar, Inc.*, 854 F.2d 461 (Fed. Cir. 1988) ....................................................6

*In re Fibreboard Corp.*, 893 F.2d 706 (5th Cir. 1990) .............................................13

*In re Fusion- IO, Inc.*, 489 F. App'x 465 (Fed. Cir. Dec. 21, 2012) .........................9

*In re Genentech, Inc.*, 556 F.3d 1338 (Fed. Cir. 2009) ...........................................21

*In re Green*, 39 F.3d 582 (5th Cir. 1994)..................................................................17

*In re Horseshoe Entm't*, 337 F.3d 429 (5th Cir. 2003)............................................10

*In re Kyocera*, No. 2010-950, slip op. (Fed. Cir. Nov. 15, 2010) ................4, 14, 15

*In re Nintendo Co.*, 544 F. App'x 934 (Fed. Cir. Sep. 25, 2013) .............................9

*In re Oracle Corp.*, No. 2010-M935, 2010 WL 2076987 (Fed. Cir. May 19, 2010)........................................................................................................................16

*In re Scott*, 163 F.3d 282 (5th Cir. 1998 .................................................................12

*In re Syncora Guarantee Inc.*, 757 F.3d 511 (6th Cir. July 2, 2014) ........................8

*In re Synthes* (U.S.A.), 346 F. App'x 583 (Fed. Cir. 2009)......................................7

*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2009) ............................4, 5, 15

*In re Vistaprint, Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010) ............................................17

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc)...........passim

*In re VTech Commcn's, Inc.*, No. 909, 2010 WL 46332 (Fed. Cir. Jan. 26, 2010) ................................................................................................13

*Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990).................................12

*Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394 (1976) ..............................7

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .............................................18

*Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296 (1989).....................................................................................6, 16

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 11-CV-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012) ...........................................11, 25

*Ryan v. Gonzalez*, 133 S.Ct. 696, 184 L.Ed.2d 528 (2013) ....................18

*Singletary v. B.R.X., Inc.*, 828 F.2d 1135 (5th Cir. 1987)........................15

*SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312 (Fed. Cir. 2006) .......16

*Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988)....................................19

*United States v. Renfro*, 620 F.2d 497 (5th Cir. 1980) ........................4, 14

*Van Buskirk v. Wilkinson*, 216 F.2d 735 (9th Cir. 1954).........................12

*Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662 (1978)................3, 7, 13

**Rules**

Eastern District of Texas Local Rule CV-26(a).......................................17

Fed. R. Civ. P. 72(a)............................................................. 14, 15

## I.    ISSUES PRESENTED

1.    Whether this Court should issue an extraordinary writ of mandamus to direct the District Court to rule on Google's transfer motion, when (a) the delay was only six months in a district court with one of the busiest caseloads in the country; (b) contrary to Google's misrepresentations, the district court has not made any decisions on the merits on any other motions; (c) the facts and circumstances here show no extraordinary delay or obstinate refusal to decide the issue; (d) Google requested leave from the Magistrate Judge for additional briefing on its transfer motion less than one month before filing its petition; and (e) after Google filed its petition, the Magistrate Judge granted Google's request for leave to supplement the briefing on its transfer motion.

2.    Whether this Court should accord deference to the District Court to manage its docket where (1) the District Court is diligently managing a heavy caseload; (2) where the District Court has not refused or even egregiously delayed issuing an order; (3) where the District Court has not undertaken any merits-related actions; and (4) where Google has demonstrated no prejudice.

3.    Whether this Court can and should issue a writ ordering the "district court" to rule and staying the case, where (a) all proceedings have occurred in front of the Magistrate Judge, not the District Court; (b) Google failed to move for a stay

before the Magistrate Judge, let alone the District Court; and (c) in both cases, Google failed to petition the District Court for relief.

4.      Whether this Court should issue an advisory opinion on the merits of transfer in deciding the above issues, where (a) the District Court has not ruled on transfer; (b) Google has omitted key portions of the record relating to the transfer inquiry from its appendix and petition; and (c) Google's relief asks only to order the "district court" to rule and to stay the case until the "district court" rules in order to "effectuate the grant of mandamus."

## II.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff has no objection to the District Court ruling on the motion for transfer.  But Google does not come close to meeting the extraordinarily high bar set for this Court to issue a writ of mandamus ordering the Magistrate Judge or the District Court to rule for at least three reasons.

First, the six-month delay does not warrant mandamus.  Indeed, at Google's own request, briefing has now been re-opened on its transfer motion, and is not due to be complete until June 22, 2015.  (RA1-2.)  For this reason alone, Google's writ should be dismissed.

Where, as here, "the facts and circumstances are rationally capable of providing reasons for what the district court has done," this Court should deny the petition. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en

banc).  Even assuming that the initial briefing on the motion was completed in December 2014, it cannot be an abuse of discretion for a district court with one of the heaviest caseloads in the country to take six months to rule, especially in the absence of other significant action by the court in the case.

Google's petition asks this Court to interfere with the District Court's ordinary management of its own docket and to compel it to decide a motion whose briefing is not complete (and, even according to Google, was at best complete six months ago).  The Supreme Court has refused to permit the writ to be so abused, noting that the writ should not issue where "[t]he delay in adjudicating" a particular motion is "simply a product of the normal excessive load of business in the District Court," but rather may only issue where "a district court <u>obstinately</u> refuses to adjudicate a matter properly before it" and does so "<u>persistently</u> and <u>without reason</u> . . . ."  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662, 666–67 (1978) (emphasis added).  These facts simply do not exist here.

Second, and equally as fundamental, this Court does not have jurisdiction to rule on the petition. In the context of a non-dispositive motion such as a motion to transfer or stay, "'[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates.'"  *In re Kyocera*, No. 2010-950, slip op. at 4 (Fed. Cir. Nov. 15, 2010) (quoting *United States v. Renfro*, 620 F.2d

3

497, 500 (5th Cir. 1980)). The underlying transfer motion is currently pending before Magistrate Judge Payne, not the District Court.

Google intentionally conflates "the district court" with the Magistrate Judge, knowing full well that the case has been referred to Magistrate Judge Payne for pretrial proceedings and that it has never asked the District Court for any relief. It tells this Court only that "the district court has not ruled at all." (Pet. 1.) Because Google has not yet sought relief from the District Court, this Court has no jurisdiction to consider the petition.

At a minimum, Google's failure to seek relief from the District Court demonstrates that a mandamus grant is improper because other means of attaining relief exist besides petitioning for a writ of mandamus from this Court. The remedy of mandamus "'will not be used as a substitute for the regular appeals process.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2009) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004)). And Google has the "burden of proving that it has no other means of obtaining the relief desired." *TS Tech*, 551 F.3d at 1318–19. Moreover, Google has never even filed a motion to stay with the Magistrate Judge.

Third, it is up to the District Court in the first instance—not this Court—to assess the transfer motion. Google's petition misstates the facts and appears to effectively ask this Court to transfer the case in the guise of asking this Court to

order the "district court" to rule.  But the relief the petition actually requests is limited.  And it does not present this Court with anything close to the full picture of the relevant facts, omitting key documents from the record below.  The record actually shows significant ties to the Eastern District, including third parties in the Eastern District.  Google, by contrast, has not been forthright about the location of its own documents or witnesses.  In any event, this Court should not pass on the underlying merits of the transfer motion, as that issue is subject to abuse of discretion review after an Order issues from the District Court (not the Magistrate).

## III.    STATEMENT OF THE CASE

Google's discussion of both the procedural posture and merits of the underlying transfer motion is incomplete and incorrect.  Plaintiff filed this case on July 10, 2014. (A4 at D.I. 1.)  By random assignment after filing, this case was referred to Magistrate Judge Payne for pretrial proceedings.  (*Id*. at D.I. 6.)  On October 24, 2014, Google filed a motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a).  (A6 at D.I. 18.)  Briefing on the original transfer motion was completed on December 1, 2014.  (A8 at D.I. 43.)  On May 7, 2015, Google moved for leave to file further evidence in support of its transfer motion.  (A12 at D.I. 83.)  On June 1, 2015, Google petitioned for a writ of mandamus asking this Court to compel the district court to immediately rule on its motion or otherwise stay the proceedings.  On June 5, 2015, Magistrate Judge

Payne granted Google's motion for leave to file further evidence in support of its transfer motion. (RA1-2.) The order also gave Brite Smart until June 22, 2015 to file a responsive brief. (*Id*.)

## IV.    ARGUMENT

A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988).

Google has not met its heavy burden of establishing that the "drastic" remedy of mandamus is justified by "extraordinary" circumstances. *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). The Supreme Court has held that "[w]here a matter is committed to the discretion of a district court, it cannot be said that a litigant's right to a particular result is 'clear and indisputable,'" such that a writ of mandamus may issue. *Will*, 437 U.S. at 666. Here, the District Court has not denied Google's motion and not egregiously delayed ruling on it.

This Court has recognized that the "district court has broad discretion in managing its docket," and has refused to issue writs of mandamus on such grounds. *In re Synthes* (U.S.A.), 346 F. App'x 583, 584 (Fed. Cir. 2009) (denying mandamus petition seeking to direct the district court to vacate its order staying proceedings pending reexamination). Google's petition asks this Court to micromanage the District Court's docket, ordering it to rule on a motion where (1) no orders on the merits have yet issued, and (2) briefing on the underlying motion itself is no longer complete due to Google's own desire for more briefing on the matter. Google further asks this Court to step in and order that the District Court stay the case <u>without first filing a motion to stay in the District Court</u>. Granting Google's petition would not only invite any litigant displeased with the District Court's delay in issuing a ruling on a pending motion to seek extraordinary writs, but it would also encourage litigants to seek relief from this Court that they have not even requested from the trial court below.

### A.    NO COURT HAS EVER GRANTED MANDAMUS TO ORDER A DISTRICT COURT TO RULE ON A TRANSFER MOTION WHOSE BRIEFING IS NOT EVEN COMPLETE.

Just days ago, Magistrate Judge Payne granted Google's motion for leave to file further evidence in support of its transfer motion. (RA1-2.) The order also gave Brite Smart until June 22, 2015 to file a response. (*Id.*) Google has not cited a single case where a Court of Appeals has issued a writ of mandamus to require

the District Court to rule on a motion whose briefing was not complete. Google cites *In re Syncora Guarantee Inc.*, 757 F.3d 511, 514 (6th Cir. July 2, 2014), a case in which the Sixth Circuit directed the district court to rule on a bankruptcy appeal where (1) the parties had "finished briefing the appeal in November 2013;" (2) once briefing was complete, the district court "never adjudicated the appeal" for seven months and later sua sponte stayed the appeal pending the Sixth Circuit's resolution of other issues; and (3) Syncora sought reconsideration of the stay and only petitioned for mandamus after it was denied in June 2014. Here, by contrast, briefing on the transfer motion is not yet complete. Moreover, Google has not even filed a properly-noticed motion for a stay in the District Court, yet asks this Court through mandamus for that very relief.

Google cites certain decisions of this Court, but those cases do not help its cause either. The Court in *In re Nintendo Co.*, 544 F. App'x 934, 936 (Fed. Cir. Sep. 25, 2013), for example, faulted the district court for using its holdings on joinder to deny transfer without meaningfully considering the 28 U.S.C. § 1404(a) factors. That situation is readily distinguishable. Unlike in *Nintendo*, the District Court has not ruled on other substantive questions thereby mooting or disposing of Google's transfer motion without considering transfer on the merits. Google states that the District Court "moved forward with merits-related issues." (Pet. at 1.) Yet Google points to no order related to the substance of the underlying case and a

search of the docket reveals none either. (A4-A15.) If Google's statement is meant to imply that the entry of an agreed case schedule or protective order is "merits-related," this Court might be equally interested in some oceanfront property located in Marshall, Texas.

Similarly, as part of a consolidation order, the district court in *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. Dec. 21, 2012), denied a transfer motion in a consolidated case without prejudice to refiling in the newly-identified lead case and subsequently denied reconsideration of that order. Fusion-IO then petitioned for mandamus granting transfer. *Id.* This Court denied that petition as an improper request "to bypass the district court's weighing of the facts and considerations relevant to its transfer motion, which we decline to do." *Id.* at 465–66. Nor did this Court – as Google now requests – order a stay before the district court had ruled on the issue or direct the district court to rule on a pending transfer motion. Instead, the Court indicated that the burden was on the petitioner to seek transfer and a stay before the district court. In sum, Google has chosen to disregard the instructions set forth in the precedent cited in Google's *own* Petition. (*See* Pet. at 2 citing *Fusion IO*.)

Google cites other cases for the proposition that transfer motions ought to take "top priority." *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). But nothing in this case remotely suggests that the District Court has failed to

afford top priority to the transfer motion.  Indeed, Google in unable to point to a single merits-related order issued in the case.  The District Court has not proceeded to rule on any motion on the merits of the action.  The only orders issued by the Magistrate Judge involved joint motions, unopposed motions, and ministerial items.  (*See* A4-A15.)  The District Court simply has not taken substantial action on the case -- and is not indisputably on the verge of doing anything that Google suggests to be improper.

Filing a transfer motion has become a regular part of a defendant's playbook, regardless of the underlying merits. For example, in *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, Chief Judge Davis of the Eastern District of Texas noted the "considerable" and "enormous amount of time and resources the Court and the parties invest in" transfer issues.  No. 11-CV-495, 2012 WL 3307942, at *5 & n. 4–5 (E.D. Tex. Aug. 10, 2012) (emphasis added) (listing cases).  The Magistrate Judge has not prioritized other motions over the transfer motion, but rather is managing its own docket in light of its heavy caseload.  To the extent that there has been a delay, it is the product of a heavy docket, hardly the sign of delinquency requiring a writ of mandamus from this Court.[1]  Moreover, a

---

[1] The most recent CJRA report shows that there have been no transfer motions before Magistrate Judge Payne—and no motions at all before District Judge Gilstrap—pending for more than six months. *See* U.S. Courts Admin. Office, CJRA Report of Motions Pending Over Six Months for Period Ending Sep. 30, 2014, at p. 830 (Gilstrap, D.J.), 837-38 (Payne, M.J.), available at

delay of over six months for a transfer motion may not be that unusual. Transfer

motions have been pending before other courts for more than six months.[2]

Finally, Google cites inapposite cases involving the "special remedy" of

habeas corpus, which is "entitled by statute to special, preferential consideration to

insure expeditious hearing and determination." *Van Buskirk v. Wilkinson*, 216 F.2d

735, 737–38 (9th Cir. 1954); see Pet. 16-18 (citing *In re Scott*, 163 F.3d 282 (5th

Cir. 1998); *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990). The

rationale in those cases is inapplicable here, where Google's sole complaint is

apparently that the District Court has not ruled on the briefing in this case.

In the Fifth Circuit's words, the writ cannot be granted "to correct a mere

abuse of discretion, even though such might be reversible on a normal appeal."

*Volkswagen*, 545 F.3d at 310. And it also "cannot be used as a substitute for

appeal even when hardship may result from delay or from an unnecessary trial." *In*

*re Fibreboard Corp.*, 893 F.2d 706, 707 (5th Cir. 1990). This Court "will deny a

petition if the facts and circumstances are rationally capable of providing reasons

---

http://www.uscourts.gov/statistics/table/cjra-8/civil-justice-reform-act-
cjra/2014/09/30 (accessed June 8, 2015).

[2] The most recent CJRA report shows that many other district courts have had
motions to transfer pending for more than six months. *See* U.S. Courts Admin.
Office, CJRA Report of Motions Pending Over Six Months for Period Ending Sep.
30, 2014, at p. 282 (Batts, D.J.); 361 (Sleet, D.J.) (two transfer motions pending);
452 (Surrick, D.J.); 548 (Lewis, D.J); 567 (Canon, M.J.); 962 (Hood, D.J.); 1723
(Acosta, M.J.); 1800 (Rogers, D.J.); 1908 (Stewart, D.J.) available at
http://www.uscourts.gov/statistics/table/cjra-8/civil-justice-reform-act-
cjra/2014/09/30 (accessed June 8, 2015).

for what the district court has done." *In re VTech Commcn's, Inc.*, No. 909, 2010 WL 46332, at *1 (Fed. Cir. Jan. 26, 2010) (internal citations and quotation marks omitted).  Rather, mandamus is reserved only for those egregious situations where "it is clear that the facts and circumstances are without any basis for a judgment of discretion" and are not "rationally capable of providing reasons for what the district court has done."  *Id*. at *1 (emphasis added).  District courts may be reversed on mandamus only if they are "clear abuses of discretion that produce patently erroneous results." *Volkswagen*, 545 F.3d at 312.

Where, as here, the petition complains of a district court's inaction, the Supreme Court has held that mandamus may be granted only "where a district court persistently and without reason refuses to adjudicate a case properly before it."  *Will*, 437 U.S. at 661–62 (emphasis supplied).  These facts do not exist here.  Even in view of the date of the filing of Google's original transfer motion, "the facts and circumstances are rationally capable" of explaining the Magistrate Judge's delay.  *Volkswagen*, 545 F.3d at 315. For that reason alone, this Court should deny the petition.

**B.    THIS COURT DOES NOT HAVE JURISDICTION TO DIRECT THE MAGISTRATE JUDGE TO ACT, WHERE GOOGLE FAILED TO SEEK RELIEF FROM THE MAGISTRATE JUDGE OR THE DISTRICT COURT.**

### 1. Google Failed to Seek Relief from the District Court Regarding Transfer.

In the Eastern District of Texas and elsewhere, Motions to Transfer and Stay are non-dispositive motions governed by Rule 72(a) of the Federal Rules of Civil Procedure. *See, e.g., Kyocera*, slip op. at 4. As the *Kyocera* court explained, in the Fifth Circuit "'[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates.'" *Id*. (quoting *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980)). *Accord Gregg v. Linder*, 349 F.3d 860 (5th Cir. 2003) ("We dismiss this appeal, No. 03-30412, for lack of appellate jurisdiction. The district court's docket sheet indicates that no objection was made by plaintiffs to the entry of the magistrate judge's order and the district judge has not reviewed and considered the magistrate judge's order."); *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989) ("At a pretrial conference, a magistrate denied Colburn's motion to amend his counterclaim to include the 'arbitrary and capricious' termination issue. Colburn did not appeal the magistrate's denial of his motion to the trial court, thus we are without jurisdiction to consider it."); *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) ("Singletary did not appeal to the district court the ruling of the magistrate denying

13

such discovery as is required by Federal Rule of Civil Procedure 72(a). . . . We therefore cannot now address the issue of whether the magistrate's granting of the protective order was error.").

While *Kyocera* and other cases involve seeking relief from an order, this case involves seeking relief from a non-order. The first step in seeking relief from a Magistrate Judge is not a writ of mandamus to the circuit court. 28 U.S.C. § 636(b)(1)(a) allows the Magistrate to hear non-dispositive pre-trial matters in the first instance, not in lieu of the District Court. To allow appellate courts the power to grant writs of mandamuses when a litigant has not first sought relief from the District Court turns the statute on its head. A writ of mandamus is no "substitute for the regular appeals process.'" *TS Tech*, 551 F.3d at 1322 (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. at 380–81).

At a minimum, even if this issue is not jurisdictional, Google's failure to first seek relief from the District Court dooms its petition. A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired. *See e.g., Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989). This Court has held that "[i]t would be inappropriate for this court to consider the matter while it remains pending before the district court." *In re Oracle Corp.*, No. 2010-M935, 2010 WL 2076987, at *1 (Fed. Cir. May 19, 2010). Google has not even attempted to explain why it chose not to ask the

14

District Court for relief first on this administrative matter. *Cf. SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived.").

### 2. Google Failed to Seek Relief from the District Court Regarding a Stay.

Google not only asks this Court to order the District Court to rule on the pending transfer motion, but to further order that the case be stayed pending resolution of the transfer issue. (Pet. 3.) This argument is jurisdictionally barred for the reason set forth above—Google never asked the District Court for relief. Google's request suffers an additional problem: Google has never even filed a motion to stay before the Magistrate Judge, instead moving for a stay for the first time on mandamus.

The Fifth Circuit has refused to order a stay on mandamus where the petitioner failed to first properly move for a stay in the lower court. In *In re Green*, 39 F.3d 582, 583 n.3 (5th Cir. 1994), the petitioner "moved [the Fifth Circuit] for a stay of the Northern District proceedings pending [its] ruling on the mandamus petitions." The Fifth Circuit denied the stay "on the ground that it had not been presented, in the first instance, to the district court." *Id*. Only after the petitioner "moved for a stay in the Northern District" and that motion was denied did the Fifth Circuit entertain the issue of a stay. *Id*. This Court, too, has refused to simply order that a case be stayed pending a decision on transfer, instead holding

that it is incumbent on the petitioner to file such a motion in the District Court and for the District Court to rule on that motion. *Fusion-IO*, 489 F. App'x at 466.

The presumption under Local Rule CV-26(a) is that cases will proceed during the pendency of a motion to transfer. L.R. CV-26(a). And this Court has recognized that the District Court's ability to assess the facts as the case develops is crucial to proper evaluation of transfer motions under § 1404(a). *See, e.g., In re Vistaprint, Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010) ("[A] trial judge has superior opportunity to familiarize himself or herself with the nature of the case and the probable testimony at trial, and ultimately is better able to dispose of these motions."). Whether a stay pending disposition of the transfer motion is appropriate in this case is committed to the District Court's discretion, as it must exercise its "judgment" and "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The Supreme Court has recently unanimously cautioned against usurping the district court's discretion in deciding the propriety of a stay: "We do not presume that district courts need unsolicited advice from us on how to manage their dockets. Rather, the decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzalez*, 133 S.Ct. 696, 708, 184 L.Ed.2d 528 (2013) (citation omitted).

If Google wishes to seek a stay, it should file a properly-noticed motion requesting that relief in the lower court. The Magistrate Judge and the District Court are best situated to evaluate the competing interests in this case, exercise judgment in balancing those interests, and decide whether a stay is appropriate. This Court has not ordered a stay previously without the petitioner having sought that relief below. *Fusion-IO*, 489 F. App'x at 466. It should not do so here.

**C.    THIS COURT SHOULD DECLINE GOOGLE'S INVITATION TO OPINE ON THE MERITS OF TRANSFER, PARTICULARLY SINCE GOOGLE OMITTED RELEVANT TRANSFER EVIDENCE AND BRIEFING FROM THE RECORD.**

Finally, although Google's petition does not ask this Court to direct the District Court to transfer the action, Google devotes a substantial portion of its briefing to arguing the merits of transfer. (Pet. 18–28.) Google no doubt does so in an effort to invite this Court to comment on the transfer issue even if it ultimately denies the petition. This Court should not do so for several reasons.

As an initial matter, this Court has refused to "bypass the district court's weighing of the facts and considerations relevant" to the question of transfer. *Fusion-IO*, 489 F. App'x at 466. That is entirely appropriate in light of the Supreme Court's acknowledgement that § 1404(a) "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). While mandamus review is available

as a "limited means to test the district court's discretion," the Fifth Circuit has emphasized that "in no case will we replace a district court's exercise of discretion with our own." *Volkswagen*, 545 F.3d at 309, 312.

Furthermore, even if it were appropriate for this Court to pass upon the question of transfer in the first instance—and it is not—Google has omitted from the record the very evidence and briefing on which the Court would need to base any merits determination. Google's voluminous appendix includes nearly all of Google's declarations and exhibits submitted in support of its transfer motion. (A45–201). And yet, tellingly, Google failed to include declarations from the inventor and three individuals who prosecuted the patents-in-suit, or information regarding the locations of numerous other witnesses. Indeed, Google failed to include almost all of Brite Smart's exhibits. (*See* A7, D.I. 27.)

Plaintiffs discuss below some of the contrary evidence in the record. This discussion is by no means comprehensive, nor does it analyze the transfer factors, as Google's petition does not actually request that the Court order transfer. Rather, Plaintiff provides this fuller version of the record to underscore that (1) Google does not include all the facts in its petition and appendix, and (2) the District Court should weigh these facts and issues before this Court addresses them.

### 1. Google Relies on Incorrect and Incomplete Facts.

While Google argues for the "strength of the merits of Google's transfer motion," it failed to discuss or even include in its appendix the reasons why transfer is not appropriate here. (Pet. 11.) Plaintiff declines to supplement the record regarding the initial briefing on the transfer motion because, as explained above, Google is not asking this Court for a decision on the merits of its motion. However, Plaintiff sets forth facts below to illustrate Google's overstatement in its Petition of the merits of its transfer motion.

First, Google argued that its relevant documents are "in, or accessible from, its Mountain View offices" while its employees who developed accused products also work there. (A135–36.) (emphasis added). Plaintiff called into question Google's assertions regarding the location of its own evidence and witnesses. (A214-217.) For example, while Google claimed that its documents were either "in, or accessible from" California, it was careful never to say that all its relevant documents or witnesses are actually located there. (A32, A47, A48 (emphasis added).) Indeed, the declaration on which it relied was even more circumspect, stating only that the documents "are accessible from Google's headquarters in Mountain View." (A47 (emphasis added).) Google never discussed where it actually created or stored those documents—or indeed whether other Google offices (including offices in Texas) can "access" those same documents. The

relevant inquiry for transfer is where documents are kept, not accessed. *See, e.g., In re Genentech, Inc.*, 556 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Volkswagen*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience than it might have absent recent developments does not render this factor [physical location] superfluous."). This Court has not looked favorably on parties who, like Google, attempt to obscure such facts in an effort to bolster their transfer position. *See, e.g., In re Apple, Inc.*, 743 F.3d 1377, 1378–79 (Fed. Cir. 2014) (noting due to "Apple's vague assertions and unknown relevance and location of potential sources, the district court was unable to weigh the relative ease of access to sources of proof factor") (quotation marks and citation omitted).

Google also incorrectly states that Brite Smart relied on an argument that the Eastern District of Texas is centrally located for witnesses located across the country. (Pet. 12.) While Brite Smart provided substantial evidence that Texas was *closer and more convenient* than California for many potential witnesses, Brite Smart has *not* made a "*centrally located*" argument. Brite Smart identified the following numbers of potential non-party witnesses: (1) three persons who prosecuted the patents-in-suit (one in Maryland, one in Virginia, One in Michigan); (2) four witnesses (two in Texas and two in New York) having knowledge of the state of the art of click fraud detection techniques at the time of the invention; (3) three organizations and one professor (Texarkana, Arkansas; Fort Collins,

20

Colorado; Fayetteville, North Carolina; and New York City) having knowledge of Google's implementation of click fraud techniques, if any, at the time of the invention; and (4) five providers of Internet advertising optimization and analytics (within the Eastern District of Texas) and five AdWords users (also within the Eastern District of Texas) with knowledge of facts involving the *Georgia-Pacific* factors relating to damages.  (A208-211.)

## 2. Plaintiff's Ties to Texas are Sufficient to Deny Transfer.

Google argued below—and again before this Court—that Plaintiffs' ties to the Eastern District are recent and "litigation-driven."  (Pet. 3.)  But once again, Google omitted from its appendix significant evidence Plaintiff submitted to the District Court to the contrary.

The above is hardly the full record on the pending transfer motion. Rather, this discussion demonstrates the serious errors and omissions in Google's petition and appendix, underscoring the reasons why the lower court should consider the transfer issue in full in the first instance. Google's petition is little more than an invitation for this Court to either micromanage the District Court's docket or else improvidently comment on the merits of transfer without having the full record before it. Neither is an appropriate exercise of the extraordinary writ of mandamus.

### D.    THIS COURT SHOULD ALLOW THE DISTRICT COURT DEFERENCE IN MANAGING ITS DOCKET.

#### 1. Google Has Not Shown Any Concrete Prejudice.

Putting aside the procedural issues involving how Google bypassed the District Court, Google also has not identified any concrete prejudice that it has suffered or will suffer that requires this extraordinary relief. Indeed, Google acknowledges that the third party witnesses in the Northern District of California can be subpoenaed for deposition there. Thus, there is no reason to impose artificial deadlines on when the District Court must rule on a motion to transfer.

#### 2. Google's Imprudent Strategies Should Be Discouraged.

Google's petition is a poster child for everything a party and its attorneys should not do when the District Court does not move fast enough for it, and this Court should not reward such behavior. The following are a short summary:

- Google did not attempt to address its issues before the Magistrate Judge.

- Google likewise did not attempt to address its issues before the District Judge.

- Google did not ask the court below for a stay.

- Google did not present a basis in law for the relief it seeks.

- Google filed its petition less than one month after it sought to re-open briefing on its transfer motion.

- Google misrepresented the proceedings below by stating that "the district court has continued to take up and resolve merits-related matters in this case without ruling on Google's transfer motion." (Pet. at 12.)

Judge Davis, former Chief Judge of the Eastern District of Texas, summarized some of the challenges regarding transfer motions in this way:

> This Court currently has approximately forty pending motions to transfer venue. If the average cost of discovery and briefing for each of these transfer motions is only $300,000, then approximately $12 million is being spent by the parties on an issue that does not move the ball down the field, but only seeks a new field upon which to play. Finally, some parties have even called courts in this district to essentially "threaten" mandamus if a venue ruling is not issued within the timeframe desired by the parties. This Court manages a very busy docket—as do all courts in this district—with pending motions of varying levels of priority. Criminal cases take first priority because individuals' freedom is at stake. In the patent context, trials and *Markman* hearings are a high priority. Venue motions are important, but not any more important than everything else this court has to do. The court rules on these motions as soon as it can.

*Norman IP Holdings, LLC v. Lexmark Intern., Inc.*, No. 6:12-cv-508-LED, 2012 WL 3307942, *5 (E.D. Tex. Aug. 10, 2012). Judge Davis goes on to explain how the Civil Justice Reform Act of 1990 was intended to provide checks on long-pending motions and cases. *Id.*

Likewise, Judge Gilstrap, the District Judge assigned to this case – noted the

heavy caseload he manages, and asked for patience by those who practice before

the court:

> The Court notes that on May 15, 2015, while it had decided and
> was drafting this Order and Opinion, the Court received electronic
> notice that Defendants had filed an Application for a Writ of
> Mandamus with the Fifth Circuit seeking to compel this court to grant
> this Motion. Defendants' Application for Writ also seeks a ruling on
> an Emergency Motion to Stay All Proceedings and Deadlines and
> Request for Expedited Briefing (Dkt. No. 29) that was filed at 4:38
> p.m. on Wednesday, May 6, 2015, less than seven business days ago.
> The Applicants for mandamus (Defendants here) say they are being
> denied the benefits of a transfer and the stay because this Court has
> either ignored their motion or intentionally elected to disregard it.
> Neither scenario is true.
>
> Trinity's Application for a Writ accurately sets forth that the
> Motion to Transfer only became fully briefed and ripe for
> consideration by this court on March 11, 2015, roughly two months
> ago. Trinity fails to consider that this court has other pending cases
> and motions besides their own. In fact, this court routinely carries a
> weighed case load more than twice that of the average district court in
> this circuit. Pursuant to the Circuit's own reports for the twelve
> month period ending December 31, 2014, this court had terminated
> 1236 civil cases and had 854 active civil cases on its docket--many
> with pending motions to transfer as well. This compares, during the
> same period, with the heaviest individual civil case loads (not
> counting MDL cases) in this court's sister districts as follows: In the
> EDLA – 320 cases, in the MDLA – 221 cases, in the WDLA – 276
> cases, in the SDMS 296, in the NDMS – 181, in the NDTX - 550
> cases; in the SDTX - 369; and in the WDTX - 554 civil cases. Since
> the first of this year there have been well over 500 motions filed with
> this Court, several of them styled as emergency matters. For Trinity
> to complain (by way of the extraordinary remedy of mandamus) when
> its motion has only been briefed and ripe for two months is woefully
> premature. For Trinity to effectively seek an "endrun" around the
> District Court by seeking a "first instance" transfer analysis and

decision from the Circuit Court visa vie its mandamus application is clearly unjustifiable.

      This Court has often heard it said, from the most learned members of its bar, that lawsuits are a race for credibility, first with the court and ultimately with the jury. If that maxim is correct, as this Court believes it to be, then Trinity has stumbled in its race for credibility, in the misplaced hope of transforming the circuit court into its trial court of choice, through the premature use of a historically exceptional remedy.

      Going forward, this Court recommends a modicum of patience coupled with a fair and realistic appreciation of the workloads of our district courts.

*Washington v. Trinity Indus., Inc.*, No. 2:13-CV-1041-JRG-RSP, Dkt. 30, Addendum at *6-8 (E.D. Tex. May 15, 2015). If this Court subscribes to the maxim cited by Judge Gilstrap, then Google has stumbled not once, but twice in its race for credibility. Google first stumbled by filing its petition which was, as aptly described by Judge Gilstrap, an attempted "endrun" around the District Court, in this case by attempting to circumvent the District Court's ability to manage its docket vis-a-vis Google's mandamus application. Google's second stumble was its misconduct before this Court, including (1) its repeated and wholly unsupported allegations that the District Court had "continued to take up and resolve merits-related matters" while ostensibly leaving Google's transfer motion languishing; and (2) its presentation to this Court of an incomplete and one-sided record.

## V.   CONCLUSION

For the foregoing reasons, this Court should deny Google's petition.

Dated:  June 9, 2015                    Respectfully submitted,

                                        /s/*Robert D. Katz*
                                        Robert D. Katz
                                        KATZ PLLC
                                        6060 N. Central Expressway, Suite 560
                                        Dallas, TX 75206
                                        (214) 865-8000
                                        rkatz@katzlawpllc.com

                                        **ATTORNEY FOR PLAINTIFF / RESPONDENT
                                        BRITE SMART CORP.**

# SUPPLEMENTAL APPENDIX

**SUPPLEMENTAL APPENDIX**
<u>**TABLE OF CONTENTS**</u>

| FILE DATE | DOCKET NO. | TITLE | PAGE NO. |
|---|---|---|---|
| JUNE 5, 2015 | 118 | ORDER | RA1 |

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

Brite Smart Corporation,

               Plaintiff,

v.

Google Inc.,

               Defendant.

**Civil Action No. 2:14-cv-00760-JRG-RSP**

## <u>ORDER</u>

Currently before the Court is Google's Opposed Motion for Leave to File Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District of California (Dkt. No. 83, the "Motion", filed May 7, 2015).  Briefing on this Motion completed on May 27, 2015 ("Briefing on Google's Motion for Leave is now completed, and the Motion for Leave is ripe for decision.")

Google asks this Court to permit it to reopen briefing on the currently pending transfer motion to submit additional evidence. Plaintiff Brite Smart opposes, noting that Google's request comes after the traditional close of briefing. The Court observes that although it is clear that Google's new request will slightly delay a ruling on its Motion to Transfer, the availability of a complete and accurate record upon which to base its transfer decision is of paramount importance, especially with the serious concerns implicated by Google's arguments in support of the Motion. (*See* Mot. at 2.)

Brite Smart alternatively requests that the Court permit it to respond to the new evidence provided by Google, a request that the Court believes is reasonable.

Accordingly, Google's Motion is **GRANTED** and the Court also **GRANTS** leave to Brite Smart to file a responsive brief no later than June 22, 2015.

**SIGNED this 5th day of June, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**RA2**

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that, on this the 9th day of June, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered users:

David A. Perlson
Michelle A. Clark
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davidperlson@quinnemanuel.com
michelleclark@quinnemanuel.com

*Counsel for Petitioner*

Five copies have been sent to the Court via U.S. Postal Service Priority Mail, by causing the copies to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service.

Additionally a copy will be sent to these U.S. District Judges:

| | |
|---|---|
| The Honorable Rodney Gilstrap | The Honorable Roy Payne |
| Sam B. Hall, Jr. Federal Building | Sam B. Hall, Jr. Federal Building |
| and United States Courthouse | and United States Courthouse |
| 100 East Houston Street | 100 East Houston Street |
| Marshall, Texas 75670 | Marshall, Texas 75670 |

via the U.S. Postal Service Priority Mail, by causing a true copy of each to be deposited, enclosed in a properly addressed wrapper, in an official depository of the U.S. Postal Service.

By: */s/ Robert D. Katz*
    Robert D. Katz