Miscellaneous Docket No. 2015-138

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

IN RE GOOGLE INC.

*Petitioner*.

*Reply in Support of Petition for a Writ of Mandamus to the U.S. District Court for the Eastern District of Texas in Case No. 2:14-cv-00760-JRG-RSP, Magistrate Judge Roy S. Payne*

David A. Perlson
Michelle A. Clark
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
415-875-6600
415-875-6700 facsimile

*Attorneys for Petitioner Google Inc.*

June 12, 2015

**CERTIFICATE OF INTEREST FOR GOOGLE INC.**

Pursuant to Federal Circuit Rule 47.4(a) and Federal Rule of Appellate Procedure 26.1, counsel for Petitioner Google Inc. certifies the following:

1. The full name of every party represented by the undersigned is Google Inc.

2. There are no other real parties in interest represented by the undersigned.

3. There are no parent corporations or publicly held companies that own 10 percent or more of the stock of the party represented by the undersigned.

4. The names of all law firms and the partners or associates that appeared for the party now represented by the undersigned in the trial court or agency, or are expected to appear in this Court, are:

Quinn Emanuel Urquhart & Sullivan LLP: David A. Perlson, Michelle A. Clark, Antonio Sistos, Miles D. Freeman, and William O. Cooper;

Potter Minton: Michael E. Jones, Allen F. Gardner, and Patrick C. Clutter IV;

Mayer Brown LLP: John P. Mancini, Amr O. Aly, Ann Marie Duffy, and Saqib J. Siddiqui.

DATED: June 12, 2015

/s/ *David A. Perlson*
Counsel of Record for Petitioner Google Inc.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................... 1

I. GOOGLE'S PETITION IS TIMELY BECAUSE PROCEEDINGS ON THE MERITS IN THE DISTRICT COURT ARE WELL UNDERWAY .... 2

II. GOOGLE PROPERLY SEEKS RELIEF FROM THIS COURT FOR THE DISTRICT COURT'S DELAY ............................................................. 6

III. THE CASE SHOULD BE STAYED PENDING A RULING ON THE TRANSFER ORDER ........................................................................ 10

IV. THE STRONG MERITS OF GOOGLE'S TRANSFER MOTION SUPPORT ITS MANDAMUS PETITION .................................................. 12

V. "DEFERENCE" TO THE DISTRICT COURT DOES NOT JUSTIFY DENIAL OF GOOGLE'S PETITION ........................................................ 14

CONCLUSION ........................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## Cases

*In re Apple, Inc.*,
743 F.3d 1377 (Fed. Cir. 2014) ....................14, 15

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004)....................9

*Colburn v. Bunge Towing, Inc.*,
883 F.2d 372 (5th Cir. 1989) ....................9

*Gregg v. Linder*,
349 F.3d 860 (5th Cir. 2003) ....................9

*In re Green*,
39 F.3d 582 (5th Cir. 1994) ....................12

*In re Fusion-IO Inc.*,
489 Fed. App'x 465 (Fed. Cir. Dec. 21, 2012)....................12

*In re Hoffman-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009) ....................6

*Hormel v. Helvering*,
312 U.S. 552 (1941)....................11

*Hudson v. Parker*,
156 U.S. 277 (1895)....................16

*In re Kyocera*,
No. 2010-950 (Fed. Cir. Nov. 15, 2010) ....................9

*Mallard v. United States Dist. Ct. for S. Dist. of Iowa*,
490 U.S. 296 (1989)....................10

*Ninestar Tech. Co. v. Int'l Trade Comm'n*,
667 F.3d 1373 (Fed. Cir. 2012) ....................11, 12

*In re Nintendo Co.*,
544 F. App'x 934 (Fed. Cir. 2013)....................16

*In re Oracle Corp.*,
No. 2010-M935, 2010 WL 2076987 (Fed. Cir. May 19, 2010)....................10

*Singletary v. B.R.X., Inc.*,
828 F.2d 1135 (5th Cir. 1987) ....................9

*In re TS Tech USA Corp.*,
551 F.3d 1315 (Fed. Cir. 2009) ....................9

*United States. v. Renfro*,
620 F.2d 497 (5th Cir. 1980) ........................................................................9

**Statutes**

28 U.S.C. § 636(b)(1)(A)..............................................................................8

Fed. R. Civ. P. 59 ........................................................................................7

Fed. R. Civ. P. 72(a) (1983)......................................................................7, 8, 9, 10

## INTRODUCTION

Brite Smart agrees that the district court should rule on the transfer motion (Opp., 2), but argues only that there is no urgency in Google's obtaining a transfer ruling. That is incorrect. Seven months have elapsed since Google moved for transfer and it is now less than three weeks before the *Markman* hearing. And Brite Smart is incorrect that Google filed its mandamus petition too early.

As Brite Smart admits (Opp., 5), principal briefing on Google's transfer motion was complete on December 1, 2014, over six months ago. A full five months later Google filed a one-page Motion for Leave to File Further Evidence in Support of Google's Motion for Transfer ("Motion for Leave") that highlighted seven lines of deposition testimony. The Motion for Leave cannot possibly justify the prolonged delay in ruling on Google's transfer motion.

Brite Smart is incorrect that, before petitioning this Court, Google should have first sought relief from the district judge for the magistrate judge's delay. Brite Smart cites no authority—not one statute, local rule, or case—that provides for such relief, let alone requires it. Brite Smart identifies no form of motion that Google could bring before the district judge. Rather than waste time and resources pursuing a remedy in the district court that does not exist, Google rightly petitioned for a writ of mandamus in this Court directing the district court to rule on Google's transfer motion and to stay the case until it does so.

Further, Brite Smart is incorrect to criticize Google for introducing the merits of its transfer motion.  Google made clear that it introduced the merits only to show that they make timely resolution of Google's mandamus petition all the more compelling. (Pet., 18.)  Brite Smart's argument to the contrary wrongly presumes that Brite Smart's litigation driven connection to the Eastern District of Texas outweighs the overwhelming balance of party and non-party sources of proof in the Northern District of California.  This Court's precedents uniformly support timely transfer in these circumstances.

Finally, Brite Smart claims that Google has not identified any prejudice if forced to continue to litigate this case in an inconvenient jurisdiction.  (Opp., 22.) That is not credible, and not supported by this Court's precedents.  Google filed its transfer motion seven months ago, yet is being required to litigate the merits of this case in an inconvenient forum, potentially entrenching the case in a forum where it does not belong.  Claim construction briefing has ended, and the *Markman* hearing is less than three weeks away.  The time for a ruling on transfer is now.

## I.     GOOGLE'S PETITION IS TIMELY BECAUSE PROCEEDINGS ON THE MERITS IN THE DISTRICT COURT ARE WELL UNDERWAY

Brite Smart mischaracterizes the state of briefing on Google's Motion to Transfer.  Eastern District Local Rule CV-7(f) provides that a "court need not wait for the reply or sur-reply before ruling on the motion."  As Brite Smart admits in its

opposition, briefing on Google's original transfer motion was complete on December 1, 2014, when Brite Smart filed its sur-reply. (Opp., 5; A243–51.)

On May 7, 2015, Google filed its one-page Motion for Leave seeking to bring to the Court's attention subsequent evidence relevant to Google's transfer motion. (A286–87.) Specifically, eight days earlier, on April 29, Google took the deposition of Patrick Zuili, the sole named inventor of the patents-in-suit and the owner and CEO of Brite Smart. (A286.) Mr. Zuili testified that he had never been to Marshall, Texas—he did not even know where it is. (A286–87.) This was in direct contradiction to (1) the Declaration that Mr. Zuili filed as part of Brite Smart's Opposition to the Motion to Transfer where Mr. Zuili stated "Marshall, Texas is a much more convenient venue for me to attend trial than San Francisco, CA" (SA19)[1], and (2) Brite Smart's representation to the District Court in its Opposition to the Motion to Transfer that "Marshall, Texas is also a far more convenient venue for Mr. Zuili than NDCA." (A208.) Mr. Zuili, Brite Smart's CEO and owner, further testified that he had never been to Brite Smart's office in Tyler, Texas because "there is no reason for me to be there." (A287; SA28.) This again contradicted Brite Smart's argument that the existence of its "principal office" in Tyler supported a connection with the Eastern District in its transfer Opposition. (A207; A287.) The

[1] Citations to "SA" refer to Google's supplemental appendix attached below.

total testimony at issue was a mere seven lines in the deposition transcript.  (A286–87.)

As noted in Google's Petition, Google explicitly requested that the court deny Google's motion to file further evidence "[i]f the Court believes that consideration of this additional evidence would delay resolution of Google's Motion to Transfer." (Pet., 6 n.5; A287 n.1.)  Google also filed a Motion to Expedite briefing on its Motion for Leave.  (SA31.)  In its Motion to Expedite, which Brite Smart opposed, Google agreed to waive its reply and requested an expedited briefing schedule "because Google's Transfer Motion has been fully briefed since December 1, 2014 (Dkt. No. 43), and the parties have imminent claim construction and other deadlines."  (SA32.) The magistrate judge did not rule on Google's Motion to Expedite before Brite Smart's opposition to Google's underlying Motion for Leave was due under the default briefing schedule, so Google withdrew its Motion to Expedite as moot.  (A015, Dkt. 104.)

Four days after Google filed its Petition, on June 5, the magistrate judge granted Google's Motion for Leave.  (RA[2]1–2.)  The court also granted Brite Smart's request for leave for further briefing if Google's motion were granted, giving Brite Smart until June 22—over two weeks—to file a responsive brief in reference to the seven lines of testimony and one-page brief Google filed on May 7.  (RA1–2.)

[2] Citations to "RA" refer to the supplemental appendix attached to Brite Smart's Opposition brief.

Contrary to Brite Smart's suggestion (Opp., 7–8), it cannot be the case that the clock resets on the court's duty to resolve a transfer motion without undue delay each time a party files a motion to file further evidence in support of the underlying transfer motion. Otherwise, by Brite Smart's logic, a plaintiff opposing transfer could repeatedly file motions to file further evidence or requests for supplemental briefing and thereby ensure that the transfer motion is never resolved.

Moreover, in arguing that Google's writ was premature, Brite Smart ignores the current posture of this case (Pet., 6–8), including the substantial merits-related briefing to date. Brite Smart omits any reference to the now-passed claim construction deadlines detailed in the Petition, as well as the fact that the *Markman* hearing is scheduled for June 30, 2015. Brite Smart also ignores that (1) the deadline for the parties to have substantially completed document productions has already passed (A239); (2) that fact discovery closes in less than two months on August 10, 2015 (*Id.*); (3) that both parties have filed two motions to compel (A010, Dkt. 57; A011, Dkt. 78; A012, Dkt. 80; SA16, Dkt. 116); (4) that Google has filed a motion to dismiss willfulness allegations (A012, Dkt. 79); and (5) that both parties have filed motions to amend Local Patent Rule Contentions (A012, Dkts. 81–82). The upcoming merits briefs and deadlines show that Google is being required to litigate the merits of this case in a forum it deems inappropriate, and is thus being deprived of the benefits that transfer is intended to provide. *See, e.g.*, *In re Hoffman-La Roche*

*Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (stating that § 1404(a) is "design[ed] to protect litigants, witnesses and the public against unnecessary inconvenience and expense").

Further, Brite Smart's allegations that Google has misrepresented the district court's rulings to date are without merit. For example, Brite Smart ignores the district court's Order granting the parties' Motion for Entry of an Order Focusing Patent Claims and Prior Art to Reduce Costs. (Opp., 10.) While the court may not have resolved an issue regarding the underlying "merits" of the parties' positions, the Order resolved a substantive dispute between the parties concerning the deadline by which Brite Smart was required to serve a Final Election of Asserted Claims. (A271; SA22 ; SA34–35.) Resolution of this disputed issue was important because Brite Smart's proposal would allow for the possibility that Google would be required to make its Final Election of Prior Art before Brite Smart's Final Election of Asserted Claims. (SA23, n.4.) And again, not only are several other motions currently pending, but the June 30 claim construction hearing remains set just over two weeks away.

## II.    GOOGLE PROPERLY SEEKS RELIEF FROM THIS COURT FOR THE DISTRICT COURT'S DELAY

Brite Smart argues that the proper remedy for the district court's delay in ruling on the transfer motion lies with the district judge, not this Court. (Opp., 13–17.) Brite Smart, however, fails to identify a single statute, local rule of the Eastern District of Texas, or case providing that Google should have asked the district judge to direct the

magistrate judge to rule before filing its mandamus petition. (Opp., 14.) Brite Smart instead appears to argue that Rule 72(a) of the Federal Rules of Civil Procedure, which governs filing objections with the district judge to magistrate orders on non-dispositive motions, dooms Google's petition. (Opp., 13–14.) It does not.

As Brite Smart admits, under the Local Rules of the Eastern District of Texas, a motion to transfer is a non-dispositive motion.[3] (L.R. CV-7(a)(2).) The text of Rule 72(a), conspicuously absent from Brite Smart's brief, states that, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." (emph. added.) Rule 72(a) further provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy," and that, after receiving these objections, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." To take advantage of the procedure set out in Rule 72(a), there must actually be a magistrate order to which a party can file its objections. Here, there is no such order; instead, as Brite Smart admits (Opp., 14), there is a failure to rule. Had the magistrate judge "promptly conduct[ed] . . . proceedings" on Google's transfer motion and then issued an order, Google would have had the opportunity to file objections with the district

[3] L.R. CV-7(a)(2) states that "[n]on-dispositive motions include, among others, motions to transfer venue . . . ."

judge under Rule 72(a). Here, however, neither the magistrate judge nor the district judge has conducted a hearing on Google's transfer motion, nor has either ruled on Google's motion. Rule 72(a) does not provide a mechanism for seeking district judge review of a magistrate judge's failure to rule, and Brite Smart offers no interpretation of Rule 72(a) to the contrary.

And while Brite Smart cites several cases (Opp., 13–15), not a single one of them addresses a situation where a magistrate judge has failed to rule on a motion. Rather, in several of Brite Smart's cited cases, a party sought relief from a magistrate judge's order. In *In re Kyocera*, for example, the defendant petitioned this Court for a writ of mandamus after a magistrate judge in the Eastern District of Texas denied the defendant's motions to transfer and sever. No. 2010-950, slip op. at 2–3 (Fed. Cir. Nov. 15, 2010). The Court denied the petition because the defendant did not first file a timely petition with the district judge, pursuant to Rule 72(a). *Id.*, slip op. at 4–5; *see also United States. v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) (dismissing appeal of magistrate's discovery order because defendant delayed raising objections to order with the district court until post-trial motion); *Gregg v. Linder*, 349 F.3d 860, 862 (5th Cir. 2003) (dismissing appeal because plaintiffs failed to raise objections to magistrate's order before bringing appeal); *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 379 (5th Cir. 1989) (same); *Singletary v. B.R.X., Inc.*, 828 F.2d 1135, 1137 (5th Cir. 1987) (same). Brite Smart also cites two cases for the proposition that mandamus

is "no 'substitute for the regular appeals process'" (Opp., 14), but those cases involved orders by district judges, and are thus inapposite. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 376 (2004) (party filed mandamus petition seeking, *inter alia*, to vacate district court's discovery orders); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318 (Fed. Cir. 2009) (party filed mandamus petition seeking to direct district court to transfer venue after district court denied transfer motion).

Brite Smart further argues that, "even if this issue is not jurisdictional," Google did not meet its burden of proving that it has no other means of obtaining the relief desired. (Opp., 14.) But again, Brite Smart cites inapposite cases—where parties received adverse orders from a magistrate judge to which they could file objections with the district court[4]—rather than identifying an alternative remedy Google could have sought in this situation where the court has failed to rule on Google's time-sensitive transfer motion.

Unable to find any legal support for its position, Brite Smart argues that "Google has not even attempted to explain why it chose not to ask the District Court for relief first on this administrative matter." (Opp., 14–15.) Not so. Google argued that it "has no choice but to seek relief from this Court" because "[e]ven were the

[4] In *Mallard v. U.S Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298–300 (1989), petitioner appealed the district court's affirmance of a magistrate's order denying its motion to withdraw as counsel. In *In re Oracle Corp.*, No. 2010-M935, 2010 WL 2076987 (Fed. Cir. May 19, 2010), Oracle improperly petitioned for mandamus before the district court ruled on its objections to a magistrate's order denying transfer. *Id.* at *1.

magistrate judge to issue an order on Google's transfer motion soon, the parties would file objections pursuant to Federal Rule of Civil Procedure 72(a) before seeking any relief from this Court." (Pet., 2–3.) Absent such an order by the magistrate judge, there is simply no mechanism, including under Rule 72(a), under which Google could ask the district court to order the magistrate to rule. Seeking a writ of mandamus is an appropriate path for Google to use to seek to remedy the prejudice it faces.

## III. THE CASE SHOULD BE STAYED PENDING A RULING ON THE TRANSFER ORDER

Should this Court grant Google's mandamus petition and direct the district court to rule on Google's transfer motion, Google respectfully requests that this Court stay all proceedings until the district court rules. As compared to imposing a hard deadline by which the district court must rule, ordering a stay would afford the district court the flexibility both to account for its current case load and to fully evaluate Google's motion, while eliminating further prejudice to Google through entrenchment in a forum with no significant connection to this litigation. A stay is especially warranted here because the *Markman* hearing is less than 3 weeks away.

Despite the clear advantages of a stay, Brite Smart argues that a stay is procedurally improper because Google has not separately moved for a stay in the district court. As an initial matter, this Court has broad discretion to order a stay to effectuate a ruling on the transfer motion, regardless of whether Google sought a stay below. *Ninestar Tech. Co. v. Int'l Trade Comm'n*, 667 F.3d 1373, 1382 (Fed. Cir.

2012) ("Courts of appeal have the discretion to consider issues not raised below 'as justice may require.'" (quoting *Hormel v. Helvering*, 312 U.S. 552, 555–59 (1941))). Moreover, it is unclear what good a motion for a stay would have done in the district court given, as Brite Smart admits, that "[t]he presumption under Local Rule CV-26(a) is that cases will proceed during the pendency of a motion to transfer." (Opp., 16.) Indeed, the Docket Control Order in this case indicates that the June 30 *Markman* hearing date, as well as the deadline to file letter briefs regarding dispositive motions (July 27), "cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed." (A239–41.)

Brite Smart cites *In re Fusion-IO, Inc.*, 489 Fed. App'x 465, 466 (Fed. Cir. Dec. 21, 2012) for the proposition that this Court should not grant a stay. (Opp., 15–16.) However, in *In re Fusion-IO*, after denying a mandamus petition seeking to direct transfer in a consolidated action, this Court simply stated that it expected the petitioner would file for a stay if it chose to re-file the transfer motion in the first-filed case. 489 Fed. App'x at 466. It did not state that if the petitioner did not seek a stay at that time, the petitioner could not properly seek a stay thereafter. *Id.*[5]

[5] *In re Green*, 39 F.3d 582 (5th Cir. 1994), cited by Brite Smart (Opp., 15), relates to a jurisdictional dispute pertaining to a criminal habeas petition where mandamus was denied and is inapposite to this case.

Thus, while a district court may generally be "best situated" to determine whether a case should be stayed (Opp., 16–17), Brite Smart has failed to rebut that this Court has the authority to issue a stay to prevent prejudice to Google "as justice may require." *Ninestar Tech.*, 667 F.3d at 1382. Absent a stay, Google will be forced to litigate this case through the *Markman* hearing without a determination of whether the Eastern District of Texas court conducting that hearing is, in fact, the proper venue. For the foregoing reasons, if the Court directs the district court to rule on the transfer motion, it should order a stay of all proceedings until the district court complies.

## IV. THE STRONG MERITS OF GOOGLE'S TRANSFER MOTION SUPPORT ITS MANDAMUS PETITION

Contrary to Brite Smart's suggestion (Opp., 2, 17), Google did not request an advisory ruling on transfer. Instead, as Google explained (Pet., 18–19), the strong merits of Google's transfer motion underscore that the district court has improperly delayed ruling on a time-sensitive motion that will cause prejudice to Google and the public interest.[6]

Brite Smart does not dispute that Google is headquartered and has its principal place of business in the Northern District of California, that the accused products were

[6] Brite Smart's claim that Google "omitted from the record the very evidence <u>and briefing</u> on which the Court would need to base any merits determination" is incorrect. (Opp., 19 (emph. added).) Google included all of the transfer motion briefing in its Appendix. (A025–44; A202–21; A226–35; A243–51.) Not all of the parties' exhibits attached to the briefing were included because Google is not asking this Court to rule on the merits.

principally developed—and today are principally maintained—there, and that Google engineers and other key employees involved with technical, business, and financial aspects of these products are principally based there today.  Brite Smart does not dispute that key prior art witnesses, including most of the search engine and search advertising industry, and one of the prosecuting attorneys are located in the Northern District of California.  (Pet., 9–10, 22; A061–63, ¶ 14.)

Rather, Brite Smart claims that "Google never discussed where it actually created or stored [its] documents."  (Opp., 19.)  Not so.  Google's transfer motion clearly stated that "most click-fraud related documents are created and maintained at the Mountain View headquarters, though some were created in Zurich."  (A032.) Brite Smart also argues that Google's transfer briefing "attempt[ed] to obscure [the facts regarding where Google's documents are actually created or stored] in an effort to bolster [Google's] transfer position."[7]  (Opp., 20) (citing *In re Apple, Inc.*, 743 F.3d 1377, 1378–79 (Fed. Cir. 2014)).  Wrong again.  Google stated transparently that "[a]ll or nearly all of [Google's records regarding the relevant technology] are hosted on Google's various secure servers, which are accessible from anywhere, as long as one has proper login credentials and a secure network connection."  (A032.)  Despite this fact, Google argued that all of the relevant documents "hosted on Google's servers are ultimately managed by the Mountain View headquarters. . . . Plus, given

that most, if not all, of the employees with relevant knowledge of the accused instrumentalities are based in Mountain View, any hard copies of documents and employee notebooks that might exist would be located in Mountain View." (*Id.*) In contrast, Brite Smart itself has "attempt[ed] to obscure . . . facts in an effort to bolster [its] transfer position" by submitting a false affidavit to the district court from Brite Smart's CEO. (A286–87; *supra* pg. 3–4.)[8]

Further, Brite Smart concludes that it has significant ties to the Eastern District of Texas. (Opp., 21.) Brite Smart states: "The above is hardly the full record on the pending transfer motion. Rather, this discussion demonstrates the serious errors and omissions in Google's petition and appendix . . . ." (*Id.*) But Brite Smart does not even attempt to provide such "discussion" of ties to the Eastern District.[9] (*Id.*) Nor could it given the superficial, litigation-driven nature of Brite Smart's alleged connection (Pet., 26–28), and its CEO's admissions. (A286–87; *supra* pp. 3–4.)

## V. "DEFERENCE" TO THE DISTRICT COURT DOES NOT JUSTIFY DENIAL OF GOOGLE'S PETITION

Google agrees that district courts are entitled to deference when it comes to management of their dockets. But the writ of mandamus procedure exists to address

[8] Brite Smart contends it is not using the "central location" of the Eastern District of Texas to oppose transfer. (Opp., 20 (citing Pet., 12).) While Brite Smart may not have used that *phrase,* it argued Marshall, Texas was more convenient for non-party witnesses scattered around the country on the East Coast and Midwest without regard for how long it actually takes to travel to Marshall, Texas as opposed to the Northern District of California. (A217–18; Pet., 28.)

situations, as here, where a district court "'declines to exercise [its] discretion, or to act at all, when it is [its] duty to do so . . . .'" *In re Nintendo Co.*, 544 F. App'x 934, 942 (Fed. Cir. 2013) (quoting *Hudson v. Parker*, 156 U.S. 277, 288 (1895)). Because the district court's failure to rule on Google's transfer motion amounts to an effective pocket veto and denial of transfer, this Court should grant Google's petition and direct the district court to rule on Google's transfer motion. And Brite Smart's rhetoric regarding Google's supposed lack of credibility rings particularly hollow given the contradictions between its CEO's deposition testimony and his own and Brite Smart's representations to the Court when trying to manipulate venue in opposing Google's motion to transfer. (A286–87; *supra* pp. 3–4.)

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court issue a writ of mandamus directing that the district court rule on Google's transfer motion, and that the Court order that all other proceedings in the district court be stayed until the district court rules on the pending transfer motion.

Respectfully submitted,

DATED: June 12, 2015

By /s/ *David A. Perlson*

David A. Perlson
Michelle A. Clark
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
415-875-6600
415-875-6700 facsimile

*Attorneys for Petitioner Google Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**
***In Re Google Inc.*, 2015-138**

**CERTIFICATE OF SERVICE**

I, Miles Freeman, being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

On the 12th Day of June, 2015, counsel of record has authorized me to electronically file the foregoing Reply to the Opposition to Petition for Writ of Mandamus with the Clerk of Court using the CM/ECF System, which will serve, via e-mail notice of such filing, to all counsel registered as CM/ECF users, including any of the following:

Robert D. Katz
KATZ PLLC
6060 N. Central Expressway, Suite 560 Dallas, TX 75206
Phone: (214) 865-8000
Email: rkatz@katzlawpllc.com

Stafford Davis
THE STAFFORD DAVIS FIRM, PC
305 South Broadway
Suite 406
Tyler, TX 75702
Phone: (903) 593-7000
Fax: (903) 703-7369
Email: sdavis@stafforddavisfirm.com

Additionally, a copy will be sent to these U.S. District Judges via Fedex:

The Honorable Roy Payne
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, TX 75670

The Honorable Rodney Gilstrap
Sam B. Hall, Jr. Federal Building
and United States Courthouse
100 East Houston Street
Marshall, Texas 75670

June 12, 2015

/s/ Miles Freeman
Miles Freeman
QUINN EMANUEL URQUHART & SULLIVAN, LLP

# SUPPLEMENTAL APPENDIX

**SUPPLEMENTAL APPENDIX**
**TABLE OF CONTENTS**

| File date | Docket No. | Descriptions | Apx. No. |
|---|---|---|---|
| -- | -- | Updated Docket Sheet | SA1 |
| 11/10/2014 | 27-1 | Exhibit A to Brite Smart's Opposition to Google's Motion to Transfer Venue (Declaration of Patrick Zuili) | SA18 |
| 04/13/2015 | 76-1 | Exhibit A to the parties' Joint Motion for Entry of an Order Focusing Patent Claims and Prior Art to Reduce Costs | SA21 |
| 05/07/2015 | 83-1 | Exhibit A to Google's Motion for Leave to Supplement the Record with Further Evidence in Support of Google's Motion to Transfer Venue | SA25 |
| 05/07/2015 | 84 | Google's Motion for Expedited Briefing Schedule on Google's Motion for Leave to Supplement the Record with Further Evidence in Support of Google's Motion to Transfer Venue | SA31 |
| 05/22/2015 | 97 | Order granting Motion for Entry of Model Order (Dkt. 76) | SA34 |

CASREF,JURY,MEDIATION,PATENT/TRADEMARK,PROTECTIVE-ORDER

# U.S. District Court [LIVE]
# Eastern District of TEXAS (Marshall)
# CIVIL DOCKET FOR CASE #: 2:14-cv-00760-JRG-RSP

Brite Smart Corp. v. Google Inc.
Assigned to: Judge Rodney Gilstrap
Referred to: Magistrate Judge Roy S. Payne
Cause: 28:1338 Patent Infringement

Date Filed: 07/10/2014
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Mediator**

**David Folsom** represented by **David Folsom**
Jackson Walker, LLP
6002-B Summerfield Drive
Texarkana, TX 75503
Email: dfolsom@jw.com
PRO SE

**Plaintiff**

**Brite Smart Corp.** represented by **Robert David Katz**
Katz PLLC
2908 Rosedale Avenue
Dallas, TX 75205
469-278-5999
Fax: 888-231-5775
Email: rkatz@katzlawpllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stafford Grigsby Helm Davis**
The Stafford Davis Firm
305 South Broadway Ave
Ste 406
Tyler, TX 75702
903-593-7000
Fax: 903-705-7369
Email: sdavis@stafforddavisfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Google Inc.** represented by **A John P Mancini**
Mayer Brown LLP - New York
1675 Broadway
New York, NY 10019-5820

212/506-2500
Fax: 212/262-1910
Email: jmancini@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amr O Aly**
Mayer Brown LLP - New York
1675 Broadway
New York, NY 10019-5820
212-506-2304
Fax: 212-849-5788
Email: aaly@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Perlson**
Quinn Emanuel Urquhart & Sullivan
LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415/875-6600
Fax: 415/875-6700
Email: davidperlson@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Ann Clark**
Quinn Emanuel Urquhart & Sullivan
LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415/875-6600
Fax: 415/875-6700
Email:
michelleclark@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Allen Franklin Gardner**
Potter Minton, a Professional
Corporation
110 N College Avenue
Suite 500
Tyler, TX 75702
903/597-8311
Fax: 903-593-0846
Email: allengardner@potterminton.com

*ATTORNEY TO BE NOTICED*

**Ann Marie Duffy**
Mayer Brown, LLP - Washington
1999 K Street, NW
Washington, DC 20006-1101
202.263.3000
Fax: 202.263.3300
Email: aduffy@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**Antonio Sistos**
Quinn Emanuel Urquhart & Sullivan LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415/875-6600
Fax: 415/875-6700
Email: antoniosistos@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
Potter Minton, a Professional Corporation
110 N College Avenue
Suite 500
Tyler, TX 75702
903-597-8311
Fax: 903-593-0846
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*

**Miles Davenport Freeman**
Quinn Emanuel Urquhart & Sullivan LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415.875.6600
Fax: 415.875.6700
Email: milesfreeman@quinnemanuel.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patrick Colbert Clutter , IV**
Potter Minton, a Professional Corporation

110 N College Avenue
Suite 500
Tyler, TX 75702
903/597-8311
Email: patrickclutter@potterminton.com
*ATTORNEY TO BE NOTICED*

**Saqib Javaid Siddiqui**
Mayer Brown, LLP - Washington
1999 K Street, NW
Washington, DC 20006-1101
202.263.3167
Fax: 202.263.5367
Email: ssiddiqui@mayerbrown.com
*ATTORNEY TO BE NOTICED*

**William O Cooper**
Quinn Emanuel Urquhart & Sullivan LLP - San Francisco
50 California Street
22nd Floor
San Francisco, CA 94111
415-875-6426
Fax: 415-875-6700
Email: willcooper@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/10/2014 | 1 | COMPLAINT *for Patent Infringement* against Google Inc. ( Filing fee $ 400 receipt number 0540-4739057.), filed by Brite Smart Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet)(Davis, Stafford) (Entered: 07/10/2014) |
| 07/10/2014 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Davis, Stafford) (Entered: 07/10/2014) |
| 07/10/2014 | 3 | SUMMONS Issued as to Google Inc. (nkl, ) (Entered: 07/10/2014) |
| 07/10/2014 | 4 | NOTICE of Attorney Appearance by Robert David Katz on behalf of Brite Smart Corp. (Katz, Robert) (Entered: 07/10/2014) |
| 07/10/2014 | 5 | CORPORATE DISCLOSURE STATEMENT filed by Brite Smart Corp. (Katz, Robert) (Entered: 07/10/2014) |
| 07/10/2014 | | Case assigned to Judge Rodney Gilstrap. (ch, ) (Entered: 07/10/2014) |
| 07/10/2014 | 6 | ORDER REFERRING CASE to Magistrate Judge Roy S. Payne. Signed by Judge Rodney Gilstrap on 7/10/2014. (ch, ) (Entered: 07/10/2014) |
| 07/10/2014 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct |

| | | |
|---|---|---|
| | | any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (ch, ) (Entered: 07/10/2014) |
| 07/16/2014 | 7 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Google Inc..( Jones, Michael) (Entered: 07/16/2014) |
| 07/16/2014 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Google Inc. to 9/3/2014. 30 Days Granted for Deadline Extension.( nkl, ) (Entered: 07/16/2014) |
| 07/22/2014 | 8 | SUMMONS Returned Executed by Brite Smart Corp.. Google Inc. served on 7/14/2014. (ch, ) (Entered: 07/22/2014) |
| 08/29/2014 | 9 | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint re Google Inc.( Jones, Michael) (Entered: 08/29/2014) |
| 09/02/2014 | | Defendant's Unopposed Second Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Google Inc. to 9/8/2014. 3 Days Granted for Deadline Extension.( nkl, ) (Entered: 09/02/2014) |
| 09/08/2014 | 10 | ANSWER to 1 Complaint, *and Defenses* by Google Inc..(Jones, Michael) (Entered: 09/08/2014) |
| 09/08/2014 | 11 | DEMAND for Trial by Jury by Google Inc.. (Jones, Michael) (Entered: 09/08/2014) |
| 09/08/2014 | 12 | CORPORATE DISCLOSURE STATEMENT filed by Google Inc. identifying Corporate Parent None for Google Inc.. (Jones, Michael) (Entered: 09/08/2014) |
| 09/08/2014 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge*. (nkl, ) (Entered: 09/08/2014) |
| 09/09/2014 | 13 | NOTICE of Readiness for Scheduling Conference by Brite Smart Corp. (Davis, Stafford) (Entered: 09/09/2014) |
| 09/16/2014 | 14 | NOTICE of Attorney Appearance by Amr O Aly on behalf of Google Inc. (Aly, Amr) (Entered: 09/16/2014) |
| 09/19/2014 | 15 | NOTICE of Attorney Appearance by Patrick Colbert Clutter, IV on behalf of Google Inc. (Clutter, Patrick) (Entered: 09/19/2014) |
| 09/19/2014 | 16 | NOTICE of Attorney Appearance by A John P Mancini on behalf of Google Inc. (Mancini, A) (Entered: 09/19/2014) |
| 10/15/2014 | 17 | ORDER - ( Scheduling Conference set for 11/3/2014 10:00 AM before Judge the Honorable Rodney Gilstrap and the Honorable Roy Payne.). Signed by Magistrate Judge Roy S. Payne on 10/15/2014. (nkl, ) (Entered: 10/15/2014) |

| | | |
|---|---|---|
| 10/24/2014 | 18 | MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum* by Google Inc.. (Attachments: # 1 Ex A - Decl of Abeer Dubey ISO mot to transfer [SIGNED] (711696266_1), # 2 Ex B - Decl of David Turner ISO mot to transfer [SIGNED] (711638962_1), # 3 Ex C - Tekell Declaration, # 4 Ex D - Decl of Joy Lee ISO mot to transfer [SIGNED] (711669323_1), # 5 Ex E - Tex. Sec. of St. Rpts, # 6 Ex F - Dkt. Rpts of S Davis, # 7 Ex G - Accurint Rpts. and LinkedIn Profilespdf, # 8 Ex H - S&P Capital IP Co Profiles, # 9 Ex I - IAB Press Release, # 10 Ex J - PW Patent Litigation Study, # 11 Ex K - Time to Disposition, # 12 Text of Proposed Order) (Jones, Michael) (Entered: 10/24/2014) |
| 10/28/2014 | 19 | Opposed MOTION for Leave to File *Amended Complaint* by Brite Smart Corp.. (Katz, Robert) (Additional attachment(s) added on 10/28/2014: # 1 Text of Proposed Order) (nkl, ). (Entered: 10/28/2014) |
| 10/28/2014 | 20 | **DEFICIENT DOCUMENT - FILED IN ERROR**<br><br>AMENDED COMPLAINT against Google Inc., filed by Brite Smart Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Katz, Robert) Modified on 10/28/2014 (nkl, ). (Entered: 10/28/2014) |
| 10/28/2014 | 21 | AMENDED COMPLAINT against Google Inc., filed by Brite Smart Corp.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Katz, Robert) (Entered: 10/28/2014) |
| 10/28/2014 | 22 | **DEFICIENT DOCUMENT - FILED IN ERROR**<br><br>Additional Attachments to Main Document: 19 Opposed MOTION for Leave to File *Amended Complaint*.. (Katz, Robert) Modified on 10/28/2014 (nkl, ). (Entered: 10/28/2014) |
| 10/28/2014 | | NOTICE of Deficiency regarding the Amended Complaint submitted document 20 does not contain a Certificate of Service. Correction should be made by one business day. (nkl, ) (Entered: 10/28/2014) |
| 10/28/2014 | | NOTICE of Deficiency regarding the Additional Attachment to Main Document submitted document 22 a proposed order that should not be filed on the docket as a separate entry. Correction should be made by one business day. (nkl, ) (Entered: 10/28/2014) |
| 10/31/2014 | 23 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Google Inc. (Gardner, Allen) (Entered: 10/31/2014) |
| 11/03/2014 | 24 | NOTICE by Brite Smart Corp. *of Compliance Regarding P.R. 3-1 and P.R. 3-2* (Katz, Robert) (Entered: 11/03/2014) |
| 11/03/2014 | | Minute Entry for proceedings held before Judge Rodney Gilstrap: Scheduling Conference held on 11/3/14. Counsel for the parties appeared and were asked if they consented to a trial before Judge Payne. The Court then gave Markman and Jury Selection dates; deadlines for submitting Mediator names (3 days); and deadlines for submitting Agreed Scheduling and Discovery Orders (14 days). (Court Reporter Shelly Holmes, CSR-TCRR.)(jml) (Entered: 11/04/2014) |
| 11/05/2014 | 25 | NOTICE of Designation of Mediator, Hon. David Folsom, filed by Brite Smart |

| | | |
|---|---|---|
| | | Corp.. (Katz, Robert) (Entered: 11/05/2014) |
| 11/06/2014 | 26 | ORDER REFERRING CASE to Mediator. Hon. David Folsom is hereby appointed as mediator in the above referenced case. Signed by Magistrate Judge Roy S. Payne on 11/06/2014. (nkl, ) (Entered: 11/06/2014) |
| 11/10/2014 | 27 | RESPONSE in Opposition re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum filed by Brite Smart Corp.*. (Attachments: # 1 Exhibit A - Declaration of Patrick Zuili, # 2 Exhibit B - Declaration of Michael J. Collins, # 3 Exhibit C - Declaration of John R. Kasha, # 4 Exhibit D - Declaration of Dr. Gregory J. Gonsalves, # 5 Exhibit E - Declaration of Robert D. Katz, # 6 Exhibit F - Documents relating to other relevant click fraud litigation, # 7 Exhibit G - Documents containing website pages and witness location information from Tracers Information Specialists, # 8 Text of Proposed Order)(Katz, Robert) (Entered: 11/10/2014) |
| 11/12/2014 | 28 | Joint MOTION for Entry of Docket Control Order by Brite Smart Corp.. (Attachments: # 1 Exhibit A - Proposed Docket Control Order)(Katz, Robert) (Entered: 11/12/2014) |
| 11/17/2014 | 29 | RESPONSE in Opposition re 19 Opposed MOTION for Leave to File *Amended Complaint filed by Google Inc.*. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 11/17/2014) |
| 11/17/2014 | 30 | Joint MOTION for Entry of Discovery Order by Brite Smart Corp.. (Attachments: # 1 Text of Proposed Order Proposed Discovery Order)(Katz, Robert) (Entered: 11/17/2014) |
| 11/17/2014 | 31 | Joint MOTION for Entry of E-Discovery Order by Brite Smart Corp.. (Attachments: # 1 Text of Proposed Order Proposed E-Discovery Order, # 2 Appendix Appendix 1 to Proposed E-Discovery Order)(Katz, Robert) (Entered: 11/17/2014) |
| 11/19/2014 | 32 | REPLY to Response to Motion re 19 Opposed MOTION for Leave to File *Amended Complaint filed by Brite Smart Corp.*. (Attachments: # 1 Exhibit A - Declaration of Robert D. Katz, # 2 Exhibit B - Email thread regarding amendment of complaint, # 3 Exhibit C - Brite Smart's P.R. 3-1 & 3-2 Disclosures, # 4 Exhibit D - Email transmittal of P.R. 3-1 & 3-2 Disclosures, Infringement Contentions, and Appendices)(Katz, Robert) (Entered: 11/19/2014) |
| 11/20/2014 | 33 | REPLY to Response to Motion re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum filed by Google Inc.*. (Attachments: # 1 Lee Supplemental Declaration, # 2 Ex A - LinkedIn Profiles)(Jones, Michael) (Entered: 11/20/2014) |
| 11/21/2014 | 34 | Joint MOTION for Extension of Time to File *Proposed Protective Order* by Brite Smart Corp., Google Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 11/21/2014) |
| 11/24/2014 | 35 | DOCKET CONTROL ORDER re 28 Joint MOTION for Entry of Docket Control Order filed by Brite Smart Corp.., SCHEDULING ORDER:( Pretrial Conference |

| | | |
|---|---|---|
| | | set for 12/1/2015 09:00 AM in Mag Ctrm (Marshall) before Magistrate Judge Roy S. Payne., Amended Pleadings due by 4/14/2015., Joinder of Parties due by 11/10/2014., Jury Selection set for 1/11/2016 09:00 AM in Ctrm 106 (Marshall) before Judge Rodney Gilstrap., Mediation Completion due by 7/28/2015., Markman Hearing set for 6/30/2015 09:00 AM in Mag Ctrm (Marshall) before Magistrate Judge Roy S. Payne., Motions in Limine due by 11/9/2015., Proposed Pretrial Order due by 11/23/2015.). Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 36 | DISCOVERY ORDER re 30 Joint MOTION for Entry of Discovery Order filed by Brite Smart Corp. Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 37 | E-DISCOVERY ORDER re 31 Joint MOTION for Entry of E-Discovery Order filed by Brite Smart Corp. Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 38 | ORDER granting 34 Motion for Extension of Time to File Proposed Protective Order. Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 39 | NOTICE of Discovery Disclosure by Google Inc. *regarding Compliance with Initial Disclosures* (Jones, Michael) (Entered: 11/24/2014) |
| 11/24/2014 | 40 | NOTICE of Discovery Disclosure by Brite Smart Corp. *regarding Compliance with Initial Disclosures* (Katz, Robert) (Entered: 11/24/2014) |
| 11/26/2014 | 41 | Joint MOTION for Entry of Agreed Protective Order by Brite Smart Corp., Google Inc.. (Attachments: # 1 Text of Proposed Order Protective Order)(Jones, Michael) (Entered: 11/26/2014) |
| 12/01/2014 | 42 | SUR-REPLY to Reply to Response to Motion re 19 Opposed MOTION for Leave to File *Amended Complaint filed by Google Inc.*. (Jones, Michael) (Entered: 12/01/2014) |
| 12/01/2014 | 43 | SUR-REPLY to Reply to Response to Motion re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum filed by Brite Smart Corp.*. (Katz, Robert) (Entered: 12/01/2014) |
| 12/02/2014 | 44 | PROTECTIVE ORDER. Signed by Magistrate Judge Roy S. Payne on 12/02/2014. (nkl, ) (Entered: 12/02/2014) |
| 12/15/2014 | 45 | NOTICE by Google Inc. *Notice of Subpoenas* (Attachments: # 1 Exhibit A-1, Ask.com Document Subpoena, # 2 Exhibit A-2, Ask.com Deposition Subpoena, # 3 Exhibit B-1, LookSmart Document Subpoena, # 4 Exhibit B-2, LookSmart Deposition Subpoena, # 5 Exhibit C-1, Yahoo Document Subpoena, # 6 Errata C-2, Yahoo Deposition Subpona, # 7 Exhibit D-1, Microsoft Document Subpoena, # 8 Exhibit D-2, Microsoft Deposition Subpoena, # 9 Exhibit E-1, TravelClick Document Subpoena, # 10 Exhibit E-2, TravelClick Deposition Subpoena, # 11 Exhibit F-1, Zinman Document Subpoena, # 12 Exhibit D-2, Zinman Deposition Subpoena, # 13 Exhibit G-1, Strober Document Subpoena, # 14 Exhibit G-2, Strober Deposition Subpoena, # 15 Exhibit H-1, Conru Document Subpoena, # 16 Exhibit H-2, Conru Deposition Subpoena, # 17 Exhibit I-1, NetGravity Document |

| | | |
|---|---|---|
| | | Subpoena, # 18 Exhibit I-2, NetGravity Deposition Subpoena)(Jones, Michael) (Entered: 12/15/2014) |
| 12/15/2014 | 46 | Additional Attachments to Main Document: 45 Notice (Other),,,.. (Attachments: # 1 Exhibit J-1, Seligman Document Subpoena, # 2 Exhibit J-2, Seligman Deposition Subpoena, # 3 Exhibit K-1, AdForce Document Subpoena, # 4 Exhibit K-2, AdForce Deposition Subpoena, # 5 Exhibit L-1, Mathers Document Subpoena, # 6 Exhibit L-2, Mathers Deposition Subpoena, # 7 Exhibit M-1, eBayu Document Subpoena, # 8 Exhibit M-2 eBay Deposition Subpoena, # 9 Exhibit N-1, Business.com Media Document Subpoena, # 10 Exhibit N-2, Business.com Deposition Subpoena, # 11 Exhibit O-1, Amazon Document Subpoena, # 12 Exhibit O-2 Amazon Deposition Subpoena, # 13 Exhibit P-1, Expedia Document Subpoena, # 14 Exhibit P-2, Expedia Deposition Subpoena, # 15 Exhibit CJ Affiliate Document Subpoena, # 16 Exhibit Q-2, CJ Affiliate Deposition Subpoena, # 17 Exhibit R-1, Adknowledge Document Subpoena, # 18 Exhibit R-2, Adknowledge Deposition Subpoena, # 19 Exhibit S-1, Schultz Document Subpoena, # 20 Exhibit S-2, Schultz Deposition Subpoena)(Jones, Michael) (Entered: 12/15/2014) |
| 12/15/2014 | 47 | NOTICE of Attorney Appearance - Pro Hac Vice by Ann Marie Duffy on behalf of Google Inc.. Filing fee $ 100, receipt number 0540-4968146. (Duffy, Ann) (Entered: 12/15/2014) |
| 12/16/2014 | 48 | NOTICE of Attorney Appearance by Saqib Javaid Siddiqui on behalf of Google Inc. (Siddiqui, Saqib) (Entered: 12/16/2014) |
| 12/31/2014 | 49 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - Adknowledge, Inc.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 12/31/2014 | 50 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - eBay Inc.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 12/31/2014 | 51 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - Expedia, Inc.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 12/31/2014 | 52 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service - Microsoft Corp.* (Attachments: # 1 Exhibit A - Production Subpoena Return, # 2 Exhibit B - Deposition Subpoena Return)(Jones, Michael) (Entered: 12/31/2014) |
| 01/05/2015 | 53 | NOTICE of Discovery Disclosure by Google Inc. *regarding Compliance with PR 3-3 and 3-4* (Jones, Michael) (Entered: 01/05/2015) |
| 01/07/2015 | 54 | NOTICE by Google Inc. re 18 MOTION to Change Venue *to the Northern District of California Pursuant to 28 USC Sec. 1404(A) and Supporting Memorandum Request for Oral Hearing* (Jones, Michael) (Entered: 01/07/2015) |
| 01/14/2015 | 55 | NOTICE by Google Inc. re 45 Notice (Other),,, *Proof of Service* (Attachments: # 1 Exhibit A - Ask.com, # 2 Exhibit B - LookSmart, # 3 Exhibit C - Yahoo, # 4 Exhibit D - TravelClick, # 5 Exhibit E - Zinman, # 6 Exhibit F - Strober, # 7 Exhibit G - Seilgma, # 8 Exhibit H - Business.com Media, # 9 Exhibit I - Amazon.com, # 10 Exhibit J - CJ Affiliate by Conversant, # 11 Exhibit K - |

| | | |
|---|---|---|
| | | Schulz)(Jones, Michael) (Entered: 01/14/2015) |
| 01/28/2015 | 56 | NOTICE by Google Inc. *of Subpoenas* (Attachments: # 1 Gifford, Krass Doc Subpoena Signed, # 2 Possa Depo Subpoena Signed, # 3 Possa Doc Subpoena Signed)(Jones, Michael) (Entered: 01/28/2015) |
| 02/09/2015 | 57 | MOTION to Compel *Answers to Interrogatories* by Brite Smart Corp.. (Attachments: # 1 Affidavit Katz Declaration, # 2 Exhibit A - 1st Set of Interrogatories, # 3 Exhibit B - 2nd Set of Interrogatories, # 4 Exhibit C - Response to 1st Set of Interrogatories, # 5 Exhibit D - Response to 2nd Set of Interrogatories, # 6 Exhibit E - Discovery Dispute Communications, # 7 Exhibit F - Performance Pricing v Google, # 8 Exhibit G - Beneficial Innovations v AOL, # 9 Exhibit H - Round Rock v Dell, # 10 Exhibit I - Personal Audio v Apple, # 11 Exhibit J - LaserDynamics v Asus, # 12 Text of Proposed Order Proposed Order)(Katz, Robert) (Entered: 02/09/2015) |
| 02/12/2015 | 58 | NOTICE of Attorney Appearance by Michelle Ann Clark on behalf of Google Inc. (Clark, Michelle) (Entered: 02/12/2015) |
| 02/12/2015 | 59 | NOTICE of Attorney Appearance by David A Perlson on behalf of Google Inc. (Perlson, David) (Entered: 02/12/2015) |
| 02/12/2015 | 60 | NOTICE of Attorney Appearance by William O Cooper on behalf of Google Inc. (Cooper, William) (Entered: 02/12/2015) |
| 02/12/2015 | 61 | NOTICE of Attorney Appearance by Antonio Sistos on behalf of Google Inc. (Sistos, Antonio) (Entered: 02/12/2015) |
| 02/12/2015 | 62 | NOTICE of Attorney Appearance - Pro Hac Vice by Miles D Freeman on behalf of Google Inc.. Filing fee $ 100, receipt number 0540-5057363. (Freeman, Miles) (Entered: 02/12/2015) |
| 02/24/2015 | 63 | NOTICE of Discovery Disclosure by Brite Smart Corp. *regarding Compliance with P.R. 4-1* (Katz, Robert) (Entered: 02/24/2015) |
| 02/24/2015 | 64 | NOTICE of Discovery Disclosure by Google Inc. *Compliance with Patent Local Rule 4-1* (Sistos, Antonio) (Entered: 02/24/2015) |
| 02/26/2015 | 65 | Unopposed MOTION for Extension of Time to File Response/Reply as to 57 MOTION to Compel *Answers to Interrogatories* by Google Inc.. (Perlson, David) (Additional attachment(s) added on 2/27/2015: # 1 Text of Proposed Order) (nkl, ). (Entered: 02/26/2015) |
| 03/03/2015 | 66 | ORDER granting 65 Motion for Extension of Time to File Response re 57 MOTION to Compel *Answers to Interrogatories*. Responses due by 3/12/2015. Signed by Magistrate Judge Roy S. Payne on 03/02/2015. (nkl, ) (Entered: 03/03/2015) |
| 03/11/2015 | 67 | NOTICE of Designation of Attorney in Charge to Michelle Ann Clark on behalf of Google Inc. (Clark, Michelle) (Entered: 03/11/2015) |
| 03/12/2015 | 68 | SEALED RESPONSE to Motion re 57 MOTION to Compel *Answers to Interrogatories* filed by Google Inc.. (Attachments: # 1 Affidavit Clark Declaration, # 2 Text of Proposed Order [Proposed] Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, |

| | | |
|---|---|---|
| | | # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35)(Clark, Michelle) (Entered: 03/12/2015) |
| 03/18/2015 | 69 | NOTICE of Discovery Disclosure by Brite Smart Corp. *P.R. 4-2 Disclosures* (Katz, Robert) (Entered: 03/18/2015) |
| 03/23/2015 | 70 | REPLY to Response to Motion re 57 MOTION to Compel *Answers to Interrogatories filed by Brite Smart Corp.*. (Attachments: # 1 Affidavit Katz Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Text of Proposed Order Amended Proposed Order)(Katz, Robert) (Entered: 03/23/2015) |
| 04/02/2015 | 71 | SEALED REPLY to Response to Motion re 57 MOTION to Compel *Answers to Interrogatories* filed by Google Inc.. (Attachments: # 1 Affidavit Declaration of Michelle Clark, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9, # 11 Exhibit Exhibit 10, # 12 Exhibit Exhibit 11, # 13 Exhibit Exhibit 12, # 14 Exhibit Exhibit 13)(Clark, Michelle) (Entered: 04/02/2015) |
| 04/06/2015 | 72 | Joint MOTION to Amend/Correct *Docket Control Order* by Brite Smart Corp.. (Attachments: # 1 Text of Proposed Order Proposed Amended Docket Control Order)(Katz, Robert) (Entered: 04/06/2015) |
| 04/09/2015 | 73 | NOTICE by Brite Smart Corp. re 19 Opposed MOTION for Leave to File *Amended Complaint -- Notice of Withdrawal of Motion* (Katz, Robert) (Entered: 04/09/2015) |
| 04/09/2015 | 74 | AMENDED COMPLAINT -- *First Amended Complaint* against Google Inc., filed by Brite Smart Corp.. (Attachments: # 1 Exhibit A - '104 patent, # 2 Exhibit B - '667 patent, # 3 Exhibit C - '763 patent, # 4 Exhibit D - '057 patent)(Katz, Robert) (Entered: 04/09/2015) |
| 04/10/2015 | 75 | Claim Construction and Prehearing Statement by Brite Smart Corp.. (Attachments: # 1 Exhibit A - Brite Smart's Constructions and Evidence, # 2 Exhibit B - Google's Constructions and Evidence)(Katz, Robert) (Entered: 04/10/2015) |
| 04/13/2015 | 76 | Joint MOTION FOR ENTRY OF AN ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE COSTS by Google Inc.. (Attachments: # 1 Exhibit A)(Clark, Michelle) (Entered: 04/13/2015) |
| 04/14/2015 | 77 | AMENDED ANSWER to 1 Complaint, by Google Inc.. (Perlson, David) (Entered: 04/14/2015) |
| 04/22/2015 | 78 | SEALED MOTION *to Compel Discovery* by Google Inc.. (Attachments: # 1 Affidavit Declaration of Michelle Clark, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Text of Proposed Order [Proposed] Order)(Clark, Michelle) (Entered: 04/22/2015) |

| | | |
|---|---|---|
| 04/27/2015 | 79 | SEALED MOTION *to Dismiss* by Google Inc.. (Attachments: # 1 Affidavit Perlson Declaration, # 2 Exhibit 1, # 3 Text of Proposed Order [Proposed] Order) (Perlson, David) (Entered: 04/27/2015) |
| 05/04/2015 | 80 | SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* by Brite Smart Corp.. (Attachments: # 1 Affidavit Katz Declaration, # 2 Exhibit A - Brite Smart's PR3-1 and 3-2 Disclosures, # 3 Exhibit B - Discovery Dispute Letters, # 4 Exhibit C - Exemplary Infringement Contention Chart, # 5 Exhibit D - Brite Smart's 1st 30(b)(6) Notice, # 6 Exhibit E - Turner Transcript, # 7 Exhibit F - Matthews Transcript, # 8 Exhibit G - Brite Smart's 3rd Roggs to Google, # 9 Exhibit H - Google's Obj and Resps to Brite Smart's 3rd Rogs, # 10 Exhibit I - Brite Smart's 1st RFP to GoogleI - Personal Audio v Apple, # 11 Exhibit J - Brite Smart's 3rd RFP to Google, # 12 Exhibit K - Google's Resp to Brite Smart's 3rd RFPs, # 13 Exhibit L - Brite Smart's 4th RFP to Google, # 14 Exhibit M - Google's Resp to Brite Smart's 4th RFPs, # 15 Exhibit N - Mtn containing Rick Woods' requests to Google, # 16 Exhibit O - Surdulescu Transcript, # 17 Text of Proposed Order)(Katz, Robert) (Entered: 05/04/2015) |
| 05/05/2015 | 81 | Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions* by Brite Smart Corp.. (Attachments: # 1 Exhibit Katz Declaration, # 2 Exhibit A - Infringement Contention Chart - Version 2, # 3 Exhibit B - Ltr from Google - March 9, 2015, # 4 Exhibit C - Exemplary Google Production, # 5 Exhibit D - Production Ltr Dated Feb 16, 2015, # 6 Exhibit E - Ltr from Google - April 28, 2015, # 7 Exhibit F - Infringement Contention Chart - Version 3, # 8 Exhibit G - Production Ltr Dated March 24, 2015, # 9 Text of Proposed Order) (Katz, Robert) (Entered: 05/05/2015) |
| 05/05/2015 | 82 | SEALED MOTION *for Leave to Supplement Invalidity Contentions* by Google Inc.. (Attachments: # 1 Affidavit Declaration of L. Yang, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Appendix 1, # 13 Appendix 2, # 14 Appendix 3, # 15 Appendix 4, # 16 Appendix 5, # 17 Appendix 6, # 18 Appendix 7, # 19 Appendix 8, # 20 Appendix 9, # 21 Appendix 10, # 22 Appendix 11, # 23 Appendix 12, # 24 Appendix 13, # 25 Appendix 14, # 26 Appendix 15, # 27 Appendix 16, # 28 Appendix 17, # 29 Appendix 18, # 30 Appendix 19, # 31 Appendix 20, # 32 Appendix 21, # 33 Appendix 22, # 34 Appendix 23, # 35 Appendix 24, # 36 Appendix 25, # 37 Appendix 26, # 38 Appendix 27, # 39 Appendix 28, # 40 Text of Proposed Order [Proposed] Order) (Perlson, David) (Entered: 05/05/2015) |
| 05/07/2015 | 83 | Opposed MOTION for Leave to File *Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District of California* by Google Inc.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order [Proposed] Order) (Perlson, David) (Entered: 05/07/2015) |
| 05/07/2015 | 84 | **WITHDRAWN PER ORDER 106**<br><br>Opposed MOTION to Expedite *Google's Motion For Leave To Supplement The Record With Further Evidence In Support of Google Inc.'s Motion To Transfer Venue To Northern District Of California* by Google Inc.. (Attachments: # 1 Text of Proposed Order [Proposed] Order)(Perlson, David) Modified on 5/28/2015 |

| | | |
|---|---|---|
| | | (nkl, ). (Entered: 05/07/2015) |
| 05/11/2015 | 85 | RESPONSE in Opposition re 78 SEALED MOTION *to Compel Discovery filed by Brite Smart Corp.*. (Attachments: # 1 Affidavit Declaration of Robert D. Katz, # 2 Exhibit A - Discovery Communications, # 3 Exhibit B - Google's Rule 30(b)(6) Deposition Notice to Brite Smart, # 4 Exhibit C - Collins v Nissan - Opinion, # 5 Text of Proposed Order)(Katz, Robert) (Entered: 05/11/2015) |
| 05/11/2015 | 86 | RESPONSE in Opposition re 79 SEALED MOTION *to Dismiss filed by Brite Smart Corp.*. (Attachments: # 1 Text of Proposed Order)(Katz, Robert) (Entered: 05/11/2015) |
| 05/19/2015 | 87 | Sealed Document. (Attachments: # 1 Exhibit 1 - United States Patent No. 7,249,104, # 2 Exhibit 2 - United States Patent No. 7,953,667, # 3 Exhibit 3 - United States Patent No. 8,326,763, # 4 Exhibit 4 - United States Patent No. 8,671,057, # 5 Exhibit 5 - Google Design Document re Fighting Spam, # 6 Exhibit 6 - Google Annual Report Excerpts, # 7 Exhibit 7 - Client Definition from A Dictionary of Computing, # 8 Exhibit 8 - Client Definition from Dictionary of Computer Science, # 9 Exhibit 9 - Cookie Definition from Google's Key Terms, # 10 Exhibit 10 - Excerpts from Surdulescu Transcript, # 11 Exhibit 11 - Google Design Document re Cookie, # 12 Exhibit 12 - Julia Layton - Click Fraud Article, # 13 Exhibit 13 - Wendy Davis - Click Fraud Article, # 14 Exhibit 14 - Jessie Stricchhiola - Click Fraud Article, # 15 Exhibit 15 - Tuzhilin Report, # 16 Exhibit 16 - United States Patent No. 7,523,016 to Google, # 17 Exhibit 17 - File History Excerpt - Patent No. 8,671,057, # 18 Exhibit 18 - Cost-Per-Click Definition from Google's AdWords Help, # 19 Exhibit 19 - Link Definition from Federal Standard, # 20 Exhibit 20 - Search Engine Definition from Glossary of Netspeak, # 21 Exhibit 21 - Excerpts from Matthews Transcript, # 22 Exhibit 22 - Client-side Definition from Wikipedia, # 23 Exhibit 23 - Server-side Definition from Wikipedia, # 24 Exhibit 24 - Identify Definition from Encarta Dictionary, # 25 Exhibit 25 - Concatenate Definition from Encarta Dictionary, # 26 Exhibit 26 - Concatenate Definition from Computer Science Dictionary)(Katz, Robert) (Entered: 05/19/2015) |
| 05/19/2015 | 88 | SEALED ADDITIONAL ATTACHMENTS to Main Document: 87 Sealed Document,,,,,,. (Attachments: # 1 Exhibit 27 - Google Design Documents re Concatenate and Cookie, # 2 Exhibit 28 - Excerpts from Agrawal Transcript, # 3 Exhibit 29 - Google Exemplary Cookie Definition, # 4 Exhibit 30 - ZeroAccess Click-Fraud Article, # 5 Exhibit 31 - Pretermined Definition from Encarta Dictionary, # 6 Exhibit 32 - Website and Webpages Definition from Random House Dictionary, # 7 Exhibit 33 - Website and Webpates Definition from Microsoft Dictionary, # 8 Exhibit 34 - Excerpts from Turner Transcript)(Katz, Robert) (Entered: 05/19/2015) |
| 05/19/2015 | 89 | NOTICE by Brite Smart Corp. *Notice of Technology Tutorial* (Katz, Robert) (Entered: 05/19/2015) |
| 05/20/2015 | 90 | NOTICE by Google Inc. *of Compliance Regarding Technology Tutorial* (Jones, Michael) (Entered: 05/20/2015) |
| 05/20/2015 | 91 | MOTION to Unseal Document 78 SEALED MOTION *to Compel Discovery* filed by Google Inc. by Google Inc.. (Attachments: # 1 Text of Proposed Order)(Clark, Michelle) (Entered: 05/20/2015) |

| | | |
|---|---|---|
| 05/21/2015 | 92 | Unopposed MOTION for Extension of Time to File Response/Reply as to 80 SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* by Google Inc.. (Attachments: # 1 Text of Proposed Order [Proposed] Order)(Perlson, David) (Entered: 05/21/2015) |
| 05/21/2015 | 93 | REPLY to Response to Motion re 79 SEALED MOTION *to Dismiss filed by Google Inc.*. (Perlson, David) (Entered: 05/21/2015) |
| 05/21/2015 | 94 | SEALED REPLY to Response to Motion re 78 SEALED MOTION *to Compel Discovery* filed by Google Inc.. (Attachments: # 1 Affidavit Declaration of Michelle Clark, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Clark, Michelle) (Entered: 05/21/2015) |
| 05/22/2015 | 95 | ORDER granting 92 Motion for Extension of Time to File Response/Reply re 80 SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* Responses due by 5/28/2015. Signed by Magistrate Judge Roy S. Payne on 5/22/2015. (ch, ) (Entered: 05/22/2015) |
| 05/22/2015 | 96 | DOCKET CONTROL ORDER - Pretrial Conference set for 12/1/2015 09:00 AM before Magistrate Judge Roy S. Payne., Amended Pleadings due by 4/14/2015., Jury Selection set for 1/11/2016 09:00AM before Judge Rodney Gilstrap., Mediation Completion due by 7/28/2015., Markman Hearing set for 6/30/2015 09:00 AM before Magistrate Judge Roy S. Payne., Motions due by 11/9/2015., Proposed Pretrial Order due by 11/23/2015. Signed by Magistrate Judge Roy S. Payne on 5/22/2015. (ch, ) (Entered: 05/22/2015) |
| 05/22/2015 | 97 | ORDER granting 76 Motion For Entry of Model Order. Signed by Magistrate Judge Roy S. Payne on 5/22/2015. (ch, ) (Entered: 05/22/2015) |
| 05/22/2015 | 98 | RESPONSE in Opposition re 82 SEALED MOTION *for Leave to Supplement Invalidity Contentions filed by Brite Smart Corp.*. (Attachments: # 1 Text of Proposed Order)(Katz, Robert) (Entered: 05/22/2015) |
| 05/26/2015 | 99 | RESPONSE in Opposition re 83 Opposed MOTION for Leave to File *Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District of California filed by Brite Smart Corp.*. (Attachments: # 1 Exhibit A (emails to David Perlson), # 2 Text of Proposed Order)(Davis, Stafford) (Entered: 05/26/2015) |
| 05/26/2015 | 100 | RESPONSE in Opposition re 84 Opposed MOTION to Expedite *Google's Motion For Leave To Supplement The Record With Further Evidence In Support of Google Inc.'s Motion To Transfer Venue To Northern District Of California filed by Brite Smart Corp.*. (Attachments: # 1 Text of Proposed Order)(Davis, Stafford) (Entered: 05/26/2015) |
| 05/26/2015 | 101 | Unopposed MOTION for Extension of Time to File Response/Reply as to 81 Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions* by Google Inc.. (Attachments: # 1 Text of Proposed Order)(Perlson, David) (Entered: 05/26/2015) |
| 05/27/2015 | 102 | NOTICE by Google Inc. re 83 Opposed MOTION for Leave to File *Further* |

| | | |
|---|---|---|
| | | *Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District of California Notice of Waiver of Reply* (Perlson, David) (Entered: 05/27/2015) |
| 05/27/2015 | 103 | ORDER granting 91 Motion to Unseal Document 78 SEALED MOTION *to Compel Discovery*. Signed by Magistrate Judge Roy S. Payne on 05/27/2015. (nkl, ) (Entered: 05/27/2015) |
| 05/27/2015 | 104 | Unopposed MOTION to Withdraw 84 Opposed MOTION to Expedite *Google's Motion For Leave To Supplement The Record With Further Evidence In Support of Google Inc.'s Motion To Transfer Venue To Northern District Of California* by Google Inc.. (Attachments: # 1 Text of Proposed Order)(Perlson, David) (Entered: 05/27/2015) |
| 05/28/2015 | 105 | ORDER granting 101 Motion for Extension of Time to File Response re 81 Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions*. Responses due by 5/28/2015. Signed by Magistrate Judge Roy S. Payne on 05/28/2015. (nkl, ) (Entered: 05/28/2015) |
| 05/28/2015 | 106 | ORDER withdrawing 84 Motion to Expedite; granting 104 Motion to Withdraw. Signed by Magistrate Judge Roy S. Payne on 05/28/2015. (nkl, ) (Entered: 05/28/2015) |
| 05/28/2015 | 107 | SUR-REPLY to Reply to Response to Motion re 78 SEALED MOTION *to Compel Discovery filed by Brite Smart Corp.*. (Katz, Robert) (Entered: 05/28/2015) |
| 05/28/2015 | 108 | SUR-REPLY to Reply to Response to Motion re 79 SEALED MOTION *to Dismiss filed by Brite Smart Corp.*. (Katz, Robert) (Entered: 05/28/2015) |
| 05/28/2015 | 109 | SEALED RESPONSE to Motion re 80 SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* filed by Google Inc.. (Attachments: # 1 Affidavit Matthews Declaration, # 2 Affidavit Clark Declaration, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Text of Proposed Order) (Perlson, David) (Entered: 05/28/2015) |
| 05/28/2015 | 110 | SEALED RESPONSE to Motion re 81 Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions* filed by Google Inc.. (Attachments: # 1 Perlson Declaration, # 2 Duffy Declaration, # 3 Friesen Declaration, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Text of Proposed Order)(Perlson, David) (Entered: 05/28/2015) |
| 06/01/2015 | 111 | USCA-FEDERAL CIRCUIT NOTICE OF DOCKETING: A petition for writ of mandamus has been filed. USCA-FEDERAL CIRCUIT Case No. 15-138. (dlc, ) |

| | | |
|---|---|---|
| | | (Entered: 06/02/2015) |
| 06/02/2015 | 112 | USCA-FEDERAL CIRCUIT ORDER directing Brite Smart Corp to respond to the petition for writ of mandamus no later than seven days after the issuance of this order. Any reply by Google is due not later than three days from the date of service of that response.(dlc, ) (Entered: 06/02/2015) |
| 06/02/2015 | 113 | Unopposed MOTION for Extension of Time to File Response/Reply as to 80 SEALED MOTION *to Compel the Production of Source Code, Documents, Interrogatory Responses and De-Designation of Protected Materials* by Brite Smart Corp.. (Attachments: # 1 Text of Proposed Order)(Katz, Robert) (Entered: 06/02/2015) |
| 06/02/2015 | 114 | Unopposed MOTION for Extension of Time to File Response/Reply as to 81 Opposed SEALED MOTION *for Leave to Amend/Supplement Infringement Contentions* by Brite Smart Corp.. (Attachments: # 1 Text of Proposed Order) (Katz, Robert) (Entered: 06/02/2015) |
| 06/02/2015 | 115 | SEALED RESPONSIVE CLAIM CONSTRUCTION BRIEF by Google Inc. to 87 Sealed Document (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Declaration of Antonio Sistos)(Sistos, Antonio) (Entered: 06/02/2015) |
| 06/03/2015 | 116 | SEALED MOTION *to Compel Responses to Interrogatories and Production of Documents* by Google Inc.. (Attachments: # 1 Clark Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Text of Proposed Order)(Perlson, David) (Entered: 06/03/2015) |
| 06/04/2015 | 117 | REPLY to Response to Motion re 82 SEALED MOTION *for Leave to Supplement Invalidity Contentions filed by Google Inc.*. (Attachments: # 1 Affidavit Yang Declaration, # 2 Exhibit 1)(Perlson, David) (Entered: 06/04/2015) |
| 06/05/2015 | 118 | ORDER granting 83 Motion for Leave to File. Signed by Magistrate Judge Roy S. Payne on 06/05/2015. (nkl, ) (Entered: 06/05/2015) |
| 06/09/2015 | 119 | CLAIM CONSTRUCTION REPLY BRIEF filed by Brite Smart Corp.. (Katz, Robert) (Entered: 06/09/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/11/2015 11:25:06 | | | |
| **PACER Login:** | qe0001:2618656:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:14-cv-00760-JRG-RSP |
| **Billable** | | | |

6/11/2015 CM/ECF LIVE - U.S. District Court:txed

| Pages: | 13 | Cost: | 1.30 |
|---|---|---|---|

https://ecf.txed.uscourts.gov/cgi-bin/DktRpt.pl?475797369284214-L_1_0-1 17/17

SA17

# EXHIBIT A

## Declaration of Patrick Zuili

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BRITE SMART CORP.** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civ. Action No. 2:14-cv-760** |
| | § | |
| **GOOGLE INC.** | § | **JURY DEMANDED** |
| | § | |
| ***Defendant*.** | § | |
| | § | |

**DECLARATION OF PATRICK ZUILI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO GOOGLE INC.'S MOTION TO TRANSFER**

I, Patrick Zuili, declare as follows:

1. I am President of Brite Smart Corp. ("Brite Smart"), the plaintiff in this action. I submit this declaration in support of Plaintiff's Response to Google's Motion to Transfer Venue, which is filed herewith. I have relevant knowledge regarding the instant suit, including knowledge regarding the patents-in-suit and the technology surrounding the patents-in-suit. I make this declaration based upon my own personal knowledge unless otherwise indicated herein, and if called as a witness, I could and would competently testify thereto.

2. I have lived in Boca Raton, Florida from 2002 until the present day.

3. Marshall, Texas is a much more convenient venue for me to attend trial than San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5th day of November, 2014, at Boca Raton, Florida.

Patrick Zuili

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Brite Smart Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Google Inc.,<br><br>Defendant. | **Civil Action No. 2:14-cv-00760-JRG-RSP**<br><br>**Jury Trial Demanded** |

The Court ORDERS[1] as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

***Phased Limits on Asserted Claims and Prior Art References***

2. By the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. Not later than 14 days after service of the Preliminary Election of Asserted Claims, the patent defendant shall

[1] The parties are encouraged to discuss limits lower than those set forth in this Model Order based on case-specific factors such as commonality among asserted patents, the number and diversity of accused products, the complexity of the technology, the complexity of the patent claims, and the complexity and number of other issues in the case that will be presented to the judge and/or jury. In general, the more patents that are in the case, the lower the per-patent limits should be. In cases involving several patent families, diverse technologies, disparate claims within a patent, or other unique circumstances, absent agreement of the parties, the court will consider flexibly whether circumstances warrant expanding the limits on asserted claims or prior art references. The parties shall jointly submit any proposed modifications by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures.

serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[2]

3. No later than **[Plaintiff's Position: the later of 10 days after issuance of the Court's *Markman* order or]** [3] 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference. **[Defendants propose the Model Order be entered without amendment.[4]]**

---

[2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

[3] **Brite Smart's rationale**: The commentary to the Order emphasizes that the parties be provided "sufficient information" to make a meaningful election. Order, cmt. ¶ 3. No guidance is offered by Google as for its P.R. 3-3 disclosures. In its invalidity contentions, Google failed to identify any obviousness combinations except to state that any reference could be combined with any other reference. Crucially, Google identified a large number of prior art references. Hence, the **only** guidance upon which Brite Smart may rely is going to be the Court's claim construction order. Indeed, the text of the Model Order does not even appear to explicitly require that Google count each of its obviousness *combinations* until the final narrowing. Thus, Brite Smart is forced to rely on the Court's claim construction order.

[4] **Google's rationale**: Google requests entry of the original deadlines for Final Elections of Asserted Claims and Prior Art provided by this Court's Model Order, as written. Brite Smart fails to articulate any special circumstances or facts that would justify deviating from the Model Order, because none exist. While Brite Smart apparently agrees that this matter would benefit from Final Elections in accordance with the limits provided by the Model Order, it's proposal leaves open the possibility that a Final Election of Claims occur *after* the parties have undertaken the burden and costs associated with expert discovery (and potentially beyond). This violates the

4. If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

---

"principle object" of the Final Election. Local Rules Advisory Committee Commentary Regarding Model Order at 4 ("The principal object of the final narrowing is lessening the costs associated with expert witnesses and final preparation of the case for trial.")

Moreover, Brite Smart's proposal, while appearing minor, introduces an unsupportable inconsistency into the narrowing process that greatly prejudices Google. Under Brite Smart's proposal, Plaintiff's Final Election of Claims depends on the issuance of the Court's *Markman* order, while Defendant's Final Election of Prior art remains pegged to the date set for opening expert reports. If the Court's *Markman* order issues after opening expert reports, Defendant would be required to make its Final Election of Prior Art *before* Plaintiff's Final Election of Claims. Google would be left with the untenable task of reducing its prior art to 20 references despite facing 32 asserted claims.

Brite Smart alleges that in order to make its Final Election, the "**only**" guidance upon which Brite Smart may rely is going to be the Court's claim construction order." *See* fn. 3 (emphasis in original). It is mistaken. Google has already produced hundreds of documents and approximately 100,860 lines of source code related to the Accused Products. Moreover, by the deadline for Final Elections of Claim under the existing Model Order schedule, claim construction discovery will have completed, the parties' claim construction positions will have been fully briefed, and the *Markman* hearing will have concluded, giving the parties the benefit of each other's claim construction positions in making their Final Elections. Brite Smart's allegation regarding Google's allegedly "large number of prior art references" is simply a red herring. The prior art references and claim construction disputes at this stage in the litigation—which are necessitated by Brite Smart's original assertion of over *60* claims—are irrelevant. After the Preliminary Election of Prior Art (to which both parties have agreed), Google will have narrowed its references to "no more than twelve prior art references against each patent and not more than a total of 40 references." Thus, Brite Smart will have ample information to make a meaningful election.

Finally, Brite Smart's apparent concern that the *Markman* order might issue after the deadline for the Final Election of Asserted Claims under the Model Order has already been addressed by the Advisory Committee. The Advisory Committee noted that "should the court's claim construction order be delayed, the parties may need to seek an extension of the deadline to make their final election until some period after the issuance of the order" and the Model Order already takes into account that "many judges set deadlines for expert reports which are not tied to the issuance of the claim construction order." Local Rules Advisory Committee Commentary Regarding Model Order at 4-5. Indeed, the Advisory Committee expressly rejected "tethering of the deadline [of the Final Elections of Asserted Claims] to the issuance of the claim construction order." *Id.* at 4. Thus, no credible reason exists for adopting Brite Smart's proposal to set aside the well-reasoned deadlines of the Model Order.

***Modification of this Order***

5. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[5]

[5] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

BRITE SMART CORP. )
)
v. ) CIVIL ACTION NO.
) 2:14-cv-760-JRG-RSP
GOOGLE INC. )

CONFIDENTIAL

ORAL DEPOSITION OF PATRICK ZUILI, produced as a witness at the instance of the Defendant, and duly sworn, taken in the above-styled and numbered cause on April 29, 2015, from 11:01 a.m. to 7:36 p.m., before Joseph D. Hendrick, Notary Public and Certified Shorthand Reporter No. 947 in and for the State of Texas, reported by machine shorthand, in the offices of Nix Patterson & Roach LLP, 5215 N. O'Connor Blvd., Williams Square - Suite 1900, Irving, Texas, pursuant to Notice and the Federal Rules of Civil Procedure and any provisions stated on the record or attached hereto.

Job No. SF 2058651

PAGES 1 - 278

Q. Do you know what his -- his title is in Brite Smart Corporation? I'm sorry. Brite Smart Corp.? 12:10:41 12:10:48 12:10:52
A. I can tell you what -- it's the day-to-day operation, but the title, specific title, no. 12:10:52 12:10:57
Q. Do you have a title with Brite Smart Corp.? 12:11:00
A. I think I am on the paper as the CEO. 12:11:05
Q. Okay. You're not sure? 12:11:08
A. I'm the CEO of Brite Smart Corp. 12:11:09
Q. Do you have any other titles with Brite Smart Corp.? 12:11:13 12:11:16
A. No. 12:11:19
Q. Does Brite Smart Corp. have a secretary? 12:11:20
MR. KATZ: Objection to form. 12:11:25
BY MR. PERLSON: 12:11:26
Q. In terms of an officer? 12:11:26
A. Oh, officer on the -- I don't -- I don't know. I don't know. 12:11:28 12:11:32
Q. Does Brite Smart Corp. have a -- have a treasurer? 12:11:32 12:11:34
A. I don't think so. 12:11:39
Q. Does Brite Smart Corp. have a vice president? 12:11:40 12:11:47
A. No, I don't think so. I don't know. I -- again, I don't recall the exact title of Mike because 12:11:47 12:11:50

he's taking care of the licensing, but that's all I -- 12:11:54
I know what is his day-to-day operation and job to -- 12:11:58
performance, but besides that, the specific title, you 12:12:00
know, you talk with -- you know, it's not Google, you 12:12:03
talk with a company with two guys here. So ... 12:12:05

Q. Okay. But the -- well, you said there's 12:12:11
three guys, though, isn't there? I mean, you said 12:12:14
Mr. Atlan is an employee. 12:12:16

A. Three guy. Yeah. Yeah. But Serge Atlan, 12:12:17
again, as I said before, he's taking care of his mother 12:12:22
so his action is very limited in what the purpose of 12:12:25
what he's doing. 12:12:27

Q. Do you know what Brite Smart Corp.'s 12:12:32
address is? 12:12:35

A. You gave it to me, so I guess I can read it 12:12:40
to you. 12:12:44

Q. Would you know it separate and apart from 12:12:45
seeing it on a piece of paper? 12:12:46

A. No. 12:12:51

Q. Have you ever been to that office? 12:12:54

MR. KATZ: Objection to form. 12:12:58

A. There is no reason for me to be there. 12:13:04

BY MR. PERLSON: 12:13:06

Q. But you've never been to the Brite Smart 12:13:06
Corp. offices -- 12:13:09

CONFIDENTIAL

A. Office -- 12:13:10

Q. -- in Tyler, Texas, correct? 12:13:12

A. Correct. 12:13:14

Q. Have you ever been to Tyler, Texas? 12:13:15

A. Not from what I recall, no. 12:13:20

Q. Have you ever been to Marshall, Texas? 12:13:22

A. I've never been, no. 12:13:24

Q. Do you know where it is? 12:13:26

A. No. 12:13:27

Q. The -- do you know, are there any employees 12:13:30 who work in the Tyler, Texas, Brite Smart Corp. office? 12:13:43

MR. KATZ: Objection to form. 12:13:54

A. I don't know, besides Michael G. Collins. 12:13:58

BY MR. PERLSON: 12:14:01

Q. You don't know whether anyone else works 12:14:01 there? 12:14:03

A. I've never been there, so I can't ... 12:14:05

Q. So you don't know. 12:14:08

A. I don't. 12:14:09

Q. Does Brite Smart Corp. have its own 12:14:11 computer at the Tyler, Texas, office? 12:14:18

MR. KATZ: Objection to form. 12:14:21

A. I guess they do because they run a website, 12:14:30 but it's just a guess. 12:14:36

BY MR. PERLSON: 12:14:37

CONFIDENTIAL

Q. If I wanted to call the Brite Smart Corporation office in Tyler, what number would I call? 12:14:38 12:14:42
A. I don't know. 12:14:47
Q. If I wanted to email Brite Smart Corporation, what address would I email? 12:14:51 12:14:59
A. I guess you would go to the website and send a -- send an email. 12:15:03 12:15:07
Q. Do you have an email address through Brite Smart Corporation -- 12:15:08 12:15:12
MR. KATZ: Objection. 12:15:13
BY MR. PERLSON: 12:15:14
Q. -- Brite Smart Corp.? 12:15:15
MR. KATZ: Objection to form. 12:15:17
A. I don't recall. It's possible. I have multiple emails. So ... 12:15:18 12:15:19
BY MR. PERLSON: 12:15:22
Q. But you don't know. 12:15:22
A. I don't know. 12:15:23
Q. And do you personally have a phone number through Brite Smart Corp.? 12:15:24 12:15:26
A. No. 12:15:31
Q. So would I be able to contact, if I was able to discover what the phone number was at the Tyler, Texas, office of Brite Smart Corp., would I be able to contact you through that office? 12:15:32 12:15:36 12:15:39 12:15:43

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BRITE SMART CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:14-CV-0760 |
| | § | |
| GOOGLE INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**GOOGLE INC.'S MOTION FOR EXPEDITED BRIEFING SCHEDULE ON GOOGLE'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH FURTHER EVIDENCE IN SUPPORT OF GOOGLE INC.'S MOTION TO TRANSFER VENUE TO NORTHERN DISTRICT OF CALIFORNIA**

Defendant Google Inc. moves for an expedited briefing schedule for Google's Motion For Leave To Supplement The Record With Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District Of California ("Motion for Leave"), filed concurrently herewith. In its Motion for Leave, Google seeks leave to bring to the Court's attention subsequent evidence that is relevant to Google's Motion to Transfer ("Transfer Motion"), specifically testimony of Patrick Zuili, the sole named inventor of the patents-in-suit and the owner and CEO of Plaintiff Brite Smart Corp., from his April 29, 2015 deposition. Google proposes that the following expedited schedule be entered for the briefing on Google's Motion for Leave:

- Brite Smart's Opposition shall be due on Monday, May 11, 2015.

Google agrees to waive any reply (unless Plaintiff's Opposition goes beyond the scope of Google's Motion for Leave).

An expedited briefing schedule is warranted here because Google's Transfer Motion has been fully briefed since December 1, 2014 (Dkt. No. 43), and the parties have imminent claim construction and other deadlines. As noted in Google's Motion for Leave, Google does not wish to delay resolution of Google's Transfer Motion, which should be given "top priority in the handling of th[e] case." *In re Fusion-IO, Inc.*, No. 12-139, 489 Fed. Appx. 465, 466 (Fed. Cir. 2012) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). And granting an expedited schedule should pose no prejudice to Brite Smart to respond to Google's one-page motion. A quicker resolution of the Motion for Leave and the Transfer Motion will also benefit both parties given the upcoming deadlines in the case.

Google proposed the above schedule to Brite Smart, but Brite Smart refused to agree to an expedited briefing schedule.

For the foregoing reasons, the Court should enter an order granting Google's proposed expedited briefing schedule on Google's Motion for Leave.

DATED: May 7, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *\/s/ David A. Perlson*

David A. Perlson
Michelle A. Clark
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidperlson@quinnemanuel.com
michelleclark@quinnemanuel.com

*Attorneys for Google Inc.*

Michael E. Jones, SNB: 10929400
POTTER MINTON LLP
110 N College Avenue, Suite 500
Tyler, TX 75702
903-597-8311
mikejones@potterminton.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 7, 2015.

/s/ *Miles Freeman*
Miles Freeman

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have met and conferred telephonically pursuant to Local Rule CV-7(h) on May 7, 2015, and counsel for Brite Smart opposed Google's request for an expedited briefing schedule on Google's Motion For Leave To Supplement The Record With Further Evidence In Support Of Google Inc.'s Motion To Transfer Venue To Northern District Of California. Participants in the conference included Robert Katz and Stafford Davis, counsel for Brite Smart, and David A. Perlson, Lance Yang and Michael Jones on behalf of Google. No agreement could be reached.

/s/ *David A. Perlson*
David A. Perlson

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Brite Smart Corporation,<br>Plaintiff,<br>v.<br>Google Inc.,<br>Defendant. | **Civil Action No. 2:14-cv-00760-JRG-RSP** |

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

***Phased Limits on Asserted Claims and Prior Art References***

2. By the date set for completion of claim construction discovery pursuant to P.R. 4-4, the patent claimant shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. Not later than 14 days after service of the Preliminary Election of Asserted Claims, the patent defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[1]

3. No later than the later of 10 days after issuance of the Court's *Markman* order or 28 days before the service of expert reports by the party with the burden of proof on an issue, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. By the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference. If the patent claimant asserts infringement of only one patent, all per-patent limits in this order are increased by 50%, rounding up.

***Modification of this Order***

4. Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[2]

**SIGNED this 22nd day of May, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

[2] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.